IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

|  |  |
|---|---|
| WILHEN HILL BARRIENTOS, MARGARITO VELAZQUEZ GALICIA, and SHOAIB AHMED individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> CORECIVIC, INC., <br><br> Defendant. | Civil Action No.  4:18-cv-00070-CDL |

## SCHEDULING ORDER AND DISCOVERY PLAN

Pursuant to the Court's May 13, 2020 Order (Doc. 55), Federal Rules of Civil Procedure 16 and 26, and Local Rules 16 and 26, the Parties conferred via teleconference on June 9, 2020. The Parties developed the following Proposed Scheduling Order and Discovery Plan:

### I. Nature of the Case

Plaintiffs Wilhen Hill Barrientos, Margarito Velazquez Galicia, and Shoaib Ahmed (collectively "Plaintiffs") in this putative class action were formerly detained at Stewart Detention Center ("SDC") in Lumpkin, Georgia. SDC is owned and operated by Defendant CoreCivic, Inc. ("CoreCivic"). Plaintiffs allege that CoreCivic maintains a scheme intended to force detained immigrants to work for as little as one dollar per day in SDC's "Voluntary Work Program" ("VWP"), which violates the forced labor and attempt provisions of the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1589, 1594, and 1595, and results in Defendant's unjust enrichment under Georgia state law. Plaintiffs seek injunctive and declaratory relief and damages.

CoreCivic denies any wrongdoing, and affirmatively alleges that it operates the VWP at SDC as required by its detention services agreement with U.S. Immigration and Customs Enforcement ("ICE"), and in accordance with ICE's Performance-Based National Detention Standards ("PBNDS"). CoreCivic denies that it forces detainees to work, either in the VWP or otherwise, and denies that its actions either violate the TVPA or constitute unjust enrichment. CoreCivic denies that Plaintiffs are entitled to any relief.

1

**II. Lead Counsel of Record**

For Plaintiffs

Meredith B. Stewart
La Bar No. 34109 (admitted *pro hac vice*)
SOUTHERN POVERTY LAW CENTER
201 Saint Charles Avenue, Suite 2000
New Orleans, LA 70170
Telephone: (504) 526-1497
Facsimile: (504) 486-8947
meredith.stewart@splcenter.org


For Defendant

Daniel P. Struck (*pro hac vice*)
AZ Bar No. 012377
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com


**III. Complaint and Answer Filing Dates**

      A. Plaintiffs filed their Complaint on April 17, 2018.

      B. Defendant filed its Answer on June 17, 2020.

**IV. Discovery Plan and Deadlines**

      A.  Initial Disclosures

      The Parties will exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) by **July 10, 2020**.

      B.  Time for Discovery

      *1.  Plaintiffs' Position*

      The Parties disagree on the order and timeline of discovery. Plaintiffs assert that class and merits discovery can be accomplished simultaneously and within a timeframe that hews closely to the Court's preferred six-month period. This case is not a sprawling, multi-facility class action that often requires years of discovery. Rather, this case involves CoreCivic's conduct related to the work program at a single detention center, and how that conduct violates the TVPA and Georgia common law. Plaintiffs bring these two, related claims on a class-wide

2

basis. For both claims, there will be substantial overlap of individual and class discovery. For that reason, Plaintiffs oppose Defendant's request that the Court require the Parties to sequence class discovery before merits discovery. This proposal will effectively bifurcate discovery, resulting in a protracted discovery period as evidenced by CoreCivic's proposed 15-month plus timeframe. The sequencing of discovery will also result in duplicative discovery because the Parties will be effectively deprived of deposing witnesses and Parties about merits-related issues and documents during the class discovery phase. The Parties would then be forced to revisit many of the same depositions and written discovery after class certification. This result will waste the Parties' resources, particularly when, as here, class and merits discovery are substantially intertwined. *See Lakeland Reg'l Med. Ctr., Inc. v. Astellas US, LLC*, No. 8:10-CV-2008-T-33TGW, 2011 WL 486123, at *2 (M.D. Fla. Feb. 7, 2011) (denying bifurcation because merits and class issues were substantially intertwined). Finally, even if the Court declines to certify the class, the Plaintiffs' individual claims could still proceed on the merits, meaning CoreCivic's proposed sequencing will not necessarily serve the interest of judicial economy or result in CoreCivic avoiding merits discovery all together.[1]

Though Plaintiffs are willing to apply the resources necessary to comply with the Court's preferred six-month period for discovery, Plaintiffs propose a slightly longer discovery schedule as a reasonable solution to the Parties' disagreement on the discovery period. Plaintiffs propose that discovery close nine (9) months after filing of responsive pleadings on **March 17, 2021**.

Plaintiffs further propose the following discovery deadlines:

i. Time to Join Other Parties and Amend the Pleadings: **October 17, 2020**.
**ii.** Experts: Plaintiffs will disclose the identity of any expert witnesses by **December 17, 2020**. Defendant will disclose the identity of any expert witnesses by **January 17, 2021.** Plaintiffs shall designate any rebuttal expert by **February 16, 2021.**
iii. **Motions Deadlines:** Plaintiffs class certification motion and any dispositive motions must be filed by **May 3, 2021**.

Plaintiffs additionally propose the following modifications to the discovery limitations imposed by the Federal and Local Rules:

i. **Interrogatories**: Max. 30 per side directed to any other party;
ii. **Requests for Production**: Max. 30 per side directed to any other party;
iii. **Requests for Admission**: Max. 30 per side directed to any other party;
iv. **Depositions**: Max. 15 per side directed to any other party (not including depositions of the Parties' experts).

---

[1] CoreCivic's claim that class-wide merits discovery will be more onerous because the TVPA class definition extends to December 2008 is also not a reason to informally bifurcate discovery. The Parties will need discovery into CoreCivic's historical policies to establish or oppose class certification and, like the other discovery in the case, that discovery will overlap substantially with the merits.

For good cause shown, the Plaintiffs may need to modify the proposed limitations on discovery. Should such modification be required, the Parties agree to work, in good faith, to minimize discovery beyond that allowed under the Federal Rules of Civil Procedure, while maintaining the ability to appropriately litigate the case, and to request any such modification from the Court.

### 2. *Defendant's Position*

Although Plaintiffs claim this is a relatively simple case involving two claims at one detention center, they seek to certify two broad classes—one of which extends from 2008 to the present. CoreCivic further anticipates that Plaintiffs will seek expansive discovery—the burden of which would fall primarily on CoreCivic—as evidenced by their proposed modifications to the discovery limits set by the Federal and Local Rules (which Plaintiffs state they may need to expand further "[f]or good cause shown"). Such expansive discovery cannot be completed within the default six-month period, or even within Plaintiffs' proposed nine-month schedule. CoreCivic therefore objects to Plaintiffs' proposed discovery schedule and proposed the following alternative schedule.

CoreCivic requests that the Court require the parties to focus their initial efforts (to the extent possible) on discovery required to support or oppose class certification, leaving the remainder for post-certification discovery, if necessary. CoreCivic recognizes that there will necessarily be some overlap, but not to the extent Plaintiffs claim. For example, CoreCivic agrees that discovery into CoreCivic's policies will be necessary to establish or oppose class certification, but extensive production of individual detainee files and ESI is more relevant to proving or disproving the merits of Plaintiffs' claims, the scope of which would be narrowed—perhaps extensively—by the Court's ruling on the class certification motion. For this reason, CoreCivic proposes the following schedule:[2]

    **i.**    Deadline to Joint Parties and Amend Pleadings: **September 18, 2020**

    **ii.**    Experts:
        **a.** Plaintiffs' Experts: **December 18, 2020**
        **b.** Defendant's Experts: **January 29, 2021**
        **c.** Rebuttal Experts: **February 19, 2021**

    **iii.**    Initial Discovery Cut-Off Date: **March 19, 2021**[3]

---

[2] Plaintiffs state they may decide to proceed with their individual claims if the Court denies their class certification motion. If they did, significantly less discovery would be required. CoreCivic therefore proposes a two-part discovery schedule in order to conserve the parties' resources to the extent possible and avoid a situation in which the parties conduct full class-wide discovery only to have the Court deny the class certification motion.

[3] Per the Court's May 13, 2020 Rules 16 and 26 Order (Doc. 55), discovery requests must be served sufficiently in advance of the discovery cut-off date that "the due date for the response to the request under the rules occurs prior to the expiration of the discovery period."

    iv.    Class Certification Briefing:
- **a.** Plaintiffs' Motion: **April 30, 2021**
- **b.** Defendant's Response: **June 11, 2021**
- **c.** Plaintiffs' Reply: **July 2, 2021**

    v.    Final Discovery Cut-Off Date: **180 days after ruling on Class Certification Motion**

    vi.    Dispositive Motions: **225 days after ruling on Class Certification Motion[4]**

CoreCivic objects to Plaintiffs' proposed modifications to the discovery limits as overbroad and unduly burdensome. Plaintiffs provide no justification for their request to exceed the presumptive limits for interrogatories and depositions, or any explanation as to why they would require so many requests for production and admissions. CoreCivic instead proposes the following modifications to the discovery limitations imposed by the Federal and Local Rules. These are not intended to be applied to each separate discovery period, but to apply to discovery as a whole, such that the parties would be required to make judicious use of their requests before and after class certification briefing.

    i.    **Interrogatories:** Max. 25 per side to any party.
    ii.    **Requests for Production:** Max. 20 per side to any party.
    iii.    **Requests for Admissions:** Max. 10 per side to any party.
    iv.    **Depositions:** Max. 10 per side.

THE COURT ADOPTS PLAINTIFFS' POSITION WITH REGARD TO LENGTH AND SCOPE OF DISCOVERY.  CDL  6/19/2020

C. Witnesses to Be Deposed

At this time the Parties anticipate deposing the following witnesses:

By Plaintiffs:

1. CoreCivic's Rule 30(b)(6) representatives, contacted through Defendant's counsel
2. Trinity Services Group's Rule 30(b)(6) representatives, contacted through Trinity's counsel
3. Russell Washburn, SDC Warden, contacted through Defendant's counsel
4. Jimmy Garcia, SDC Chief of Security, contacted through Defendant's counsel
5. Current and former SDC Assistant Wardens
6. Former SDC Wardens
7. Former SDC Chiefs of Unit Management
8. SDC Classification Supervisor(s)
9. SDC Kitchen Supervisor(s)
10. Defendant's expert(s)

[4] CoreCivic objects to Plaintiffs' proposal to brief class certification and dispositive motions simultaneously. Briefing dispositive motions after class certification will allow the parties to tailor their briefing to the claims and parties still at issue, conserving both the parties' and the Court's time and resources.

The Plaintiffs intend to supplement this list if/when discovery reveals the identities of the categories of deponents proposed above and/or the need for additional depositions.

By Defendants:

1. Wilhen Hill Barrientos
2. Margarito Velazquez Galicia
3. Shoaib Ahmed
4. Plaintiffs' experts

CoreCivic intends to supplement this list should the need arise during discovery.

The Parties will confer to agree on the times and locations of the depositions. The Parties will also supplement the list should additional depositions become necessary.

E. Estimated Cost of Discovery and Attorneys' Fees

*1. Plaintiffs' Position*

It is difficult to estimate the cost of discovery at this early stage. Therefore, Plaintiffs reserve the right to revise this estimate based upon changes and updates in the case. However, based on available information and assuming the Court orders the nine-month discovery period for class and merits discovery that Plaintiffs propose, Plaintiffs estimate their discovery costs (including attorneys' fees) to be $80,000 - $100,000.

*2. Defendant's Position*

Based on its own proposed discovery schedule and limitations, CoreCivic estimates its discovery costs (including attorneys' fees) could range from $300,000 to $400,000. If, however, the Court were to allow Plaintiffs to conduct the expansive discovery they propose, CoreCivic's costs and attorneys' fees related to discovery would likely increase significantly.

## VII. Other Issues

A. Electronically Stored Information (ESI)

The Parties agree an ESI protocol is required in this case to govern the disclosure and production of information from electronic or computer-based data in native format. The Parties will file a proposed joint ESI protocol that defines production formats, processing specifications, rules for identification and collection of documents, preservation, assertions of privilege, and other related topics, with the Court by **July 15, 2020**.

B. Protective Orders

Defendant anticipates moving the Court for entry of a protective order. The Parties agree to meet and confer about the contents of any protective orders, and will file any proposed orders, or disagreements thereon, with the Court by **July 15, 2020**.

7

Dated: June 17, 2020

s/ Meredith B. Stewart
Meredith B. Stewart*
**SOUTHERN POVERTY LAW CENTER**
201 Saint Charles Avenue, Suite 2000
New Orleans, LA 70170
Telephone: (504) 486-8982
Facsimile: (504) 486-8947
meredith.stewart@splcenter.org

Laura Rivera (GA Bar No. 143762)
Rebecca Cassler (GA Bar No. 487886)
**SOUTHERN POVERTY LAW CENTER**
150 E. Ponce de Leon Avenue, Suite 340
Decatur, GA, 300030
Telephone: (404) 521-6700
Facsimile: (404) 221-5857
Rebecca.cassler@splcenter.org

Caitlin J. Sandley (GA Bar No. 610130)
**SOUTHERN POVERTY LAW CENTER**
400 Washington Ave.
Montgomery, AL 36104
Telephone: (334) 303-6822
Facsimile: (334) 956-8481
cj.sandley@splcenter.org

R. Andrew Free*
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221x1
Facsimile: (615) 829-8959
andrew@immigrantcivilrigimm.com

Respectfully submitted,

s/ Daniel P. Struck
Daniel P. Struck *(pro hac vice)* Lead
Counsel
Jacob B. Lee *(pro hac vice)*
Nicholas D. Acedo
Rachel Love *(pro hac vice)*
Nicholas D. Acedo *(pro hac vice)*
Ashlee B. Hesman *(pro hac vice)*
**STRUCK LOVE BOJANOWSKI
&ACEDO, PLC**
3100 West Ray Road
Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com

Stephen E. Curry (GA Bar No. 202500)
**CURRY LAW FIRM**
3508-C Professional Circle
Augusta, Georgia 30907-8232
Phone: (706) 724-0022
Fax: (866) 337-3859
securry@currylawfirm.com

*Attorneys for Defendant*

8

Azadeh Shahshahani (GA Bar No. 509008)
Priyanka Bhatt (GA Bar No. 307315)
**PROJECT SOUTH**
9 Gammon Avenue SE
Atlanta, GA 30315
Telephone: (404) 622-0602
Facsimile: (404) 622-4137
azadeh@projectsouth.org
priyanka@projectsouth.org

Korey A. Nelson*
Lydia A. Wright*
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
knelson@burnscharest.com
lwright@burnscharest.com

Warren T. Burns*
Daniel H. Charest*
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile:  (469)  444-5002
wburns@burnscharest.com
dcharest@burnscharest.com

*Admitted *pro hac vice*

***Attorneys for Plaintiffs***

9

## ORDER


IT IS SO ORDERED, this_ 19th _day of June, 2020.



                          S/Clay D. Land
                         THE HONORABLE CLAY D. LAND
                         U.S. DISTRICT COURT JUDGE