**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

|  |  |
|---|---|
| WILHEN HILL BARRIENTOS, MARGARITO VELAZQUEZ GALICIA, and SHOAIB AHMED individually and on behalf of all others similarly situated, | Civil Action No. 4:18-cv-00070-CDL |
| Plaintiffs, | |
| v. | |
| CORECIVIC, INC., | |
| Defendant. | |
| CORECIVIC, INC., | |
| Counter-Claimant, | |
| v. | |
| WILHEN HILL BARRIENTOS, MARGARITO VELAZQUEZ GALICIA, and SHOAIB AHMED individually and on behalf of all others similarly situated, | |
| Counter-Defendants. | |

**JOINT MOTION FOR PROTECTIVE ORDER AND ORDER CONTROLLING**
**DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

Pursuant to the June 19, 2020 Scheduling Order and Discovery Plan (Doc. 63), Plaintiffs

and Defendant have met and conferred, and jointly request that the Court enter the attached

proposed Protective Order. (Exhibit 1.) The parties largely agree on the terms of the attached

proposed Order Controlling Discovery of Electronically Stored Information ("ESI Order"), except for the bracketed language in ¶¶ 36 and 39. (Exhibits 2 and 3.)[1]

### A.    Defendant's Position

The exemption of attorney-client privileged communications from the Parties' privilege logs set forth in ¶ 39(d) of Defendant's proposed ESI Order is limited to communications "involving either Party's outside legal counsel," and as such is narrowly tailored to protect Defendant's attorney-client privilege and avoid imposing an undue discovery burden on Defendant. (Exhibit 2.) *See* Fed. R. Civ. P. 1 (the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action"); Fed. R. Civ. P. 26(b)(1) (parties may obtain discovery that is "relevant to any party's claim or defense and proportional to the needs of the case, considering … whether the burden or expense of the proposed discovery outweighs its likely benefit").

In addition to this lawsuit, Defendant faces similar claims regarding the use of the Voluntary Work Program in three other lawsuits in California and Texas, and has been defending these lawsuits since 2017.[2] During that time, Defendant has exchanged countless emails with undersigned outside counsel about these lawsuits.[3] There can be no reasonable argument that these

---

[1] Defendant's proposed ESI Order is attached as Exhibit 2. Plaintiffs' proposed ESI Order is attached as Exhibit 3. The proposed ESI Orders are identical except for the bracketed language in ¶¶ 36 and 39.

[2] The furthest along of these other lawsuits is *Owino v. CoreCivic, Inc.*, No. 3:17-cv-1112-JLS-NLS (S.D. Cal.). The Order Regarding Discovery of Electronically Stored Information As Modified by the Court entered in that case exempts from the parties' privilege logs "any attorney-client privileged communication or attorney work product created on or after May 31, 2017 [the date *Owino* was filed] and involving either Party's outside legal counsel in this litigation." (No. 3:17-cv-1112-JLS-NLS, S.D. Cal. Doc. 63.)

[3] The burden that will be imposed on Defendant is not hypothetical. In *Owino*, Defendant performed a test search of ESI running the parties' proposed search terms against the user accounts

communications are not protected by the attorney-client privilege and/or the work product doctrine, and there is nothing to be gained by requiring Defendant's counsel to not only log each and every one that hits on one or more search terms (which will likely be most of them), but to review each entry to ensure that no privileged information is divulged in the original subject lines, revising those that do and indicating the revisions to Plaintiff's counsel. (Exhibit 2 at ¶ 35.) Such a requirement would impose an unreasonable burden on Defendant that is disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1); *see also Schueneman v. Arena Pharmaceuticals, Inc.*, No. 10cv1959-CAB (BLM), 2017 WL 3118738, at *3 (S.D. Cal. July 21, 2017) ("The party seeking to compel discovery has the burden of establishing that its request satisfies the requirements of Rule 26."). For these reasons, Defendant respectfully requests that the Court enter Defendant's proposed ESI Order attached as Exhibit 2. To the extent the Court decides to remove the language in ¶ 39(d) as requested by Plaintiffs, Defendant requests that the Court extend the period for the parties to serve their privilege logs in ¶ 36 to 45 calendar days.[4]

### B.      Plaintiffs' Position

All discovery, including ESI, that the Producing Party believes to be attorney-client or work product privileged should be documented in a privilege log consistent with Federal Rule of Civil Procedure 26(b)(5).

---

of only six individuals for a period of only two years. A total of 1,498 files that involved a communication between undersigned counsel and Defendant resulted. As Plaintiffs note, there are no discovery requests yet, so Defendant cannot estimate the total number of privileged communications that would have to be logged, but the collection will undoubtedly come from more than six individuals and two years.

[4] During the parties' meet and confer efforts, Plaintiffs proposed a period of 30 calendar days, but this will be insufficient if Defendant's counsel are required to log every (or nearly every) email communication they have had and continue to have with Defendant about these matters.

Privilege logs are the default. The Federal Rules of Civil Procedure require a party withholding information on the basis of privilege to expressly assert the privilege and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). The advisory committee's note to Rule 26 "indicates that withholding materials on the basis of privilege without providing notice 'is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection.'" *Pensacola Firefighters' Relief & Pension Fund Bd. of Directors. V. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:09-cv-53, 2010 WL 11519376, at *3 (N.D. Fla. June 28, 2010). Furthermore, the party resisting production bears the burden of demonstrating its resistance is valid, and blanket assertions of privilege are insufficient to satisfy that burden. *Cavanaugh v. Sprint/United Mgmt. Co.*, No. 1:04-cv-3418, 2006 WL 8431797, at *10 (N.D. Ga. Mar. 20, 2006).

Defendant's blanket claim of undue burden is purely hypothetical at this point. No requests for production have been served in this matter, so the number of potentially privileged responsive documents in Defendant's possession is not yet known.[5] Moreover, the Parties have already agreed to an exchange of objective privilege logs, the creation of which does not require Defendant to individually draft privilege descriptions for each document. Rather, Defendant may generate a privilege log based on readily available metadata values.

---

[5] Plaintiffs' counsel are not counsel in the *Owino* matter and are unaware of the details related to Defendant's representations regarding "test searches" performed in *Owino*. *See supra* n.3. Nevertheless, this is a separate matter about a single facility, with different plaintiffs and different putative class definitions. *Compare* Doc. 1, *with* Doc. 52-2.

The default rule that privileges must be asserted and described sufficiently to allow the other party to assess them should apply in this matter unless and until Defendant can prove that producing a privilege log for a specific request for production is unduly burdensome. *See* Fed. R. Civ. P. 26(c) (allowing a party to seek a protective order on the basis of undue burden). Without a concrete discovery dispute in mind, neither Plaintiffs nor the Court can assess the validity of Defendant's assertion of undue burden. Nevertheless, given the parties' overall agreement to the production of objective privilege logs, the burden of logging the category of communications at issue would appear nominal at most.

**C.      Conclusion**

The parties therefore respectfully request that the Court rule on this issue and enter the proposed orders with any necessary modifications to govern further proceedings in this matter.

/ / /

/ / /

/ / /

/ / /

/ / /

Dated:  July 15, 2020

Respectfully submitted,

s/ Jacob B. Lee
Daniel P. Struck *(pro hac vice)*
     Lead Counsel
Rachel Love *(pro hac vice)*
Nicholas D. Acedo *(pro hac vice)*
Ashlee B. Hesman *(pro hac vice)*
Jacob B. Lee *(pro hac vice)*
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com

Stephen E. Curry (GA Bar No. 202500)
CURRY LAW FIRM
3508-C Professional Circle
Augusta, Georgia 30907-8232
Phone: (706) 724-0022
Fax:  (866) 337-3859
securry@currylawfirm.com

Attorneys for Defendant and Counter-Claimant
CoreCivic, Inc.

s/ Caitlin J. Sandley (with authority)
Caitlin J. Sandley (GA Bar No. 610130)
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
Phone: (334) 303-6822
Fax: (334) 956-8481
cj.sandley@splcenter.org

Meredith B. Stewart *(pro hac vice)*
SOUTHERN POVERTY LAW CENTER
201 Saint Charles Avenue, Suite 2000
New Orleans, LA 70170
Phone: (504) 486-8982
Fax: (504) 486-8947
meredith.stewart@splcenter.org

Laura Rivera (GA Bar No. 143762)
Rebecca Cassler (GA Bar No. 487886)
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Avenue, Suite 340
Decatur, GA, 300030
Phone: (404) 521-6700
Fax: (404) 221-5857
laura.rivera@splcenter.org
rebecca.cassler@splcenter.org

R. Andrew Free *(pro hac vice)*
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
Phone: (844) 321-3221x1
Faxe: (615) 829-8959
andrew@immigrantcivilrights.com

- 7 -

Azadeh Shahshahani (GA Bar No. 509008)
Priyanka Bhatt (GA Bar No. 307315)
PROJECT SOUTH
9 Gammon Avenue SE
Atlanta, GA 30315
Phone: (404) 622-0602
Fax: (404) 622-4137
azadeh@projectsouth.org
priyanka@projectsouth.org

Korey A. Nelson *(pro hac vice)*
Lydia A. Wright *(pro hac vice)*
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Phone: (504) 799-2845
Fax: (504) 881-1765
knelson@burnscharest.com
lwright@burnscharest.com

Warren T. Burns *(pro hac vice)*
Daniel H. Charest *(pro hac vice)*
BURNS CHAREST LLP
900 Jackson St., Suite 500
Dallas, Texas 75202
Phone: (469) 904-4550
Fax: (469) 444-5002
wburns@burnscharest.com
dcharest@burnscharest.com

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of July, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Priyanka Bhatt | priyanka@projectsouth.org |
| Laura Rivera | laura.rivera@splcenter.org |
| Meredith B. Stewart | meredith.stewart@splcenter.org |
| Rebecca M. Cassler | rebecca.cassler@splcenter.org |
| Caitlin J. Sandley | cj.sandley@splcenter.org |
| Warren T. Burns | wburns@burnscharest.com |
| Daniel H. Charest | dcharest@burnscharest.com |
| Lydia A. Wright | lwright@burnscharest.com |
| Korey A. Nelson | knelson@burnscharest.com |
| R. Andrew Free | andrew@immigrantcivilrights.com |
| Azadeh Shahshahani | azadeh@projectsouth.org |

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

N/A

s/ Jacob B. Lee

3739546.1

- 9 -