UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WILHEN HILL BARRIENTOS, *et al.*, | | |
| Plaintiffs, | | |
| vs. | | Civ. Action No. 4:18-cv-00070-CDL<br>HON. CLAY D. LAND |
| CORECIVIC, INC., *et al.*, | | |
| Defendants. | | |

## TRINITY SERVICES GROUP, INC.'S MOTION TO QUASH SUBPOENA

Trinity Services Group, Inc. ("**Trinity**"), a non-party to this action, moves the Court under Rules 26(b) and 45(d)(3) of the Federal Rules of Civil Procedure (the "**Federal Rules**") to quash the Subpoena to Produce Documents (the "**Subpoena**") served on Trinity by the Southern Poverty Law Center and states as follows:

### INTRODUCTION

Plaintiffs' Complaint seeks to require CoreCivic, a private entity that contracts to operate correctional facilities and detention centers, to provide minimum wage to detainees who voluntarily enroll in the Work Program[1] at the Stewart Detention Center ("**Stewart**"). Trinity contracted with CoreCivic to provide food services at Stewart, which includes the use of voluntary detainee labor within the kitchen. Plaintiffs' subpoena seeks the production of documents from Trinity that, on their face, are not relevant to this action and could be just as easily obtained from CoreCivic, without involving a third party like Trinity. It is likely that this is an

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Complaint.

attempt to get around this Court's limitations placed upon discovery. Plaintiffs' attempts to go around this Court's rulings is inappropriate and should be quashed.

## PROCEDURAL POSTURE

Plaintiffs' suit alleges that the voluntary work program at Stewart is not, in fact, voluntary. *See* Complaint, ¶ 1. This purported class of individuals claims they are forced into labor by CoreCivic, the private entity that operates the detention center where they are detained. *See id*. Plaintiffs claim that they are paid well-under minimum wage for their labor and that CoreCivic is unjustly enriched by this practice. *Id* at ¶ 3. Trinity contracted with CoreCivic to provide food services at Stewart. A small number of Trinity employees oversee food production, which is completed by participants of Stewart's work program.

Counsel for Plaintiffs reached out to in-house counsel for Trinity, advising that they were having difficulties effectuating proper service of the subpoena for records they sought to serve. As a matter of professional courtesy, rather than forcing counsel for Plaintiffs to re-serve the subpoena through a registered agent in Georgia, in-house counsel for Trinity agreed to receive the subpoena directly via email. *See* Subpoena, attached hereto as <u>Exhibit A</u>, and incorporated herein by this reference. This Subpoena did not seek any information regarding the inmate work program at Stewart, which is the basis of this lawsuit: Plaintiffs seek only private information on Trinity's employees that work at Stewart, confidential negotiations with CoreCivic, and other irrelevant documents that all could have been obtained directly from CoreCivic, an actual party to this suit. *See* Subpoena, at 5-7.

This Court's Scheduling and Discovery Order [Dkt. No. 63] limited Interrogatories, Requests for Production, and Requests for Admissions to a maximum of thirty per side directed to any other party. *See* Dkt. No. 63, p. 3-5. These amounts exceed the presumptive limits put in place by the Federal Rules and Local Rules. Additionally, Plaintiffs advised that they plan to depose a 30(b)(6) representative of Trinity, along with Stewart's kitchen supervisor(s). *Id.* at 5.

## ARGUMENT

All requests by Plaintiffs in their Subpoena are improper, irrelevant, and could be directly obtained by a party to this suit, rather than overly burdening a third party. The Complaint alleges that CoreCivic paid detainees at Stewart rates less than minimum wage. The Subpoena does not reflect this.

Under Rule 26 of the Federal Rules of Civil Procedure, the discovery requested must be relevant to the claim and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). *See also Castleberry*, *v. Camden Cty.,* 331 F.R.D. 559, 562 (S.D. Ga. 2019) ("Rule 45 must be read in conjunction with Federal Rule of Civil Procedure 26 because the latter rule 'clearly defines the scope of discovery for all discovery devices.'"). "[D]istrict courts have broad discretion to limit discovery where the information sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Pinehaven Plantation Prop., LLC v. Mountcastle Family LLC*, No. 1:12-CV-62, 2013 WL 6734117, * 4 (M.D. Ga. Dec. 19, 2013) (quoting Fed. R. Civ. P. 26(b)(2)(C). "In short, a district court may limit discovery when the burden of compliance outweighs

its likely benefit or relevance." *Id.* (citing *Cent. Ga. Anesthesia Servs., P.C. v. Equitable Assurance Soc'y of U.S.*, No. 5:06-cv-25 (CAR), 2007 WL 2128184, *4 (M.D. Ga. Jul. 25, 2007)). Courts will consider "non-party status" when analyzing whether a subpoena is unduly burdensome. *Id.* at 5. It is a generally accepted rule that standards for non-party discovery require a stronger showing of relevance than for party discovery." *Zukoski v. Philadelphia Elec. Co.*, No. CIV. A. 93-4780, 1994 WL 637345, at *3 (E.D. Pa. Nov. 14, 1994). "The burden on the non-party is particularly great when the party issuing the subpoena seeks private information . . . . [E]ven if the discovery may be relevant for impeachment purposes, the court may nonetheless limit non-party discovery when the information is available through less-intrusive avenues. *Pinehaven Plantation Prop.,* 2013 WL 6734117, * 5. A subpoena to a third-party must meet a higher standard of relevance than a request to a party to the suit, as the burden placed on a non-party is seen as something to avoid whenever possible. A court has explained,

> It is also noteworthy that the respondents are strangers to the [] litigation; insofar as [] they have no dog in that fight. Although discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.

*Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st. Cir. 1998).

In this case, Trinity is a non-party with no dog in this fight, and all of the requested documents are available through CoreCivic, the Defendant and the party to whom Trinity provides food services. The burden placed upon Trinity becomes even

more significant considering that the requests made by Plaintiffs have nothing to do with the allegations stated in the Complaint. "A subpoena, to be enforceable, must have a reasonable scope and thus must be reasonably related to the issues in the litigation for which the information is sought." *Circle Grp., L.L.C. v. Se. Carpenters Reg'l Council*, No. 1:09-CV-3039-WSD, 2011 WL 13214349, at *6 (N.D. Ga. Apr. 22, 2011). All requests made by Plaintiff, as outlined below, fail this test: none are related to the suit itself and all could be obtained from CoreCivic, rather than unduly burdening Trinity.

1) *Requests One, Four, and Seven seek Personal and Private Information About Trinity Employees.*

The individual identity of Trinity workers, documentation regarding disciplinary actions brought against Trinity workers or other inmate workers, and pay information of trinity workers, among other information requested, is wholly irrelevant to the claims brought against CoreCivic. There are simply no grounds for the release of this private information unrelated to the suit: Plaintiffs can—and apparently plan to—take a 30(b)(6) deposition of a Trinity representative, which removes their need to know the identity of all Trinity employees. There is zero justification for the release of their personal information or pay information beyond harassment.

Additionally, the discipline against inmate workers is irrelevant because it has nothing to do with the alleged wage issues stated in the Complaint. If it is relevant, such request could be more easily obtained through CoreCivic, the Defendant and party that oversees the Work Program and handles such discipline through its

classification processes. Plaintiffs must show that the requested information is relevant and could not easily be obtained from a party without relying on a third-party subpoena to receive it. They have not done so; thus, these requests should be quashed.

2) *Request Three Requests Information Relating to the Nutritional Information of the Food Served at Stewart.*

The allegations set forth in the Complaint are not related to the nutritional content of the food Trinity provides or what is prepared by inmate workers. Instead, the Complaint alleges that the workers at SCF are paid improperly low wages. Therefore, the information requested in Request Three is irrelevant under Fed. R. Civ. P. 26 and 45. Moreover, even if this request is permissible, this information can be obtained directly from CoreCivic. But as an end-around to the amount of requests for production allowed by this Court, Plaintiffs have chosen to seek this information from Trinity. Plaintiffs must show that the requested information is relevant and could not easily be obtained from a party without relying on a third party subpoena to receive it. They have not done so; thus, this request should be quashed.

3) *Requests Two and Five, if Discoverable, Could Have Been Discovered Through Requests Made to CoreCivic.*

This information sought in Requests Two and Five is obtainable directly from CoreCivic, as Plaintiffs note that CoreCivic are a participant in these alleged communications. Plaintiffs must show that the requested information is relevant and could not easily be obtained from a party without relying on a third-party subpoena to receive it. They have not done so; thus, these requests should be quashed.

4) *Request Six Requests Confidential Information Which, if Disclosed, Would Harm Trinity.*

Trinity's agreement with CoreCivic to provide food services at Stewart is not related to the allegations in this suit. Production of the negotiations between Trinity and CoreCivic would expose confidential information and privileged trade secrets and should be barred: Trinity competed in a competitive bidding process to secure the CoreCivic contract, and its competitors would be aided by disclosure of that process and the result thereof. CoreCivic, too, would be harmed by disclosure of these confidential negotiations between private entities. Plaintiffs must show that the requested information is relevant and could not easily be obtained from a party without relying on a third-party subpoena to receive it. They have not done so; thus, this request should be quashed.

5) *The Court Should Award Trinity's Costs if it Must Comply with the Subpoena.*

The Federal Rules require the Court to "protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii). Because the subpoena is overbroad at every point, the cost to comply with the subpoena would be significant by any definition. Rules 45(d)(1) and 45(d)(2)(B)(ii) require the district court to shift a non-party's costs of compliance with a subpoena if those costs are significant. *In re Modern Plastics Corp.,* 890 F.3d 244, 250 (6th Cir. 2018) (affirming award of "significant and reasonable costs" under Rule 45(d)(2)(B)); *Legal Voice v. Stormans Inc.,* 738 F.3d 1178, 1184 (9th Cir. 2013) ("we have no trouble concluding that $20,000 is 'significant'"); *Linder v. Calero-Portocarrero,* 251 F.3d 178, 182 (D.C. Cir. 2001) ("The [plaintiffs] claim the court

erred in concluding that fee shifting was mandatory. But Rule 45 requires precisely that—the district court 'shall protect' a non-party from 'significant expense.'"). Trinity respectfully requests that the Court enter an order requiring Plaintiffs to reimburse Trinity, a non-party, for those significant costs.

C<small>ONCLUSION</small>

Plaintiffs' Subpoena is, on its face, irrelevant to the allegations set forth in the Complaint. Moreover, the burden of compliance with these requests outweighs its likely benefit or relevance. Much of the requested information could be received directly from CoreCivic, but Plaintiffs have sought, instead, to burden Trinity. Therefore, the Subpoena should be quashed in its entirety.

WHEREFORE non-party Trinity Services Group, Inc. respectfully requests that this Court quash Plaintiffs' Subpoena and grant such other and further relief as this Court deems just in the circumstances.

[**Signature Block on Next Page**]

Respectfully submitted this 28th day of September 2020.

**ALSTON & BIRD LLP**

*/s/ Jonathan T. Edwards*
Jonathan T. Edwards
GA Bar No. 134100
Aleia M. Hornsby
GA Bar No. 536096
1201 West Peachtree Street
Atlanta, GA 30309-3424
T: 404-881-7000
F: 404-881-7777
jonathan.edwards@alston.com
aleia.hornsby@alston.com

*Attorneys for non-party Trinity Services Group, Inc.*