**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| WILHEN HILL BARRIENTOS, GONZALO BERMUDEZ GUTIÉRREZ, and KEYSLER RAMÓN URBINA ROJAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CORECIVIC, INC.,<br><br>Defendant. | Civil Action No. 4:18-cv-00070-CDL |
| CORECIVIC, INC.,<br><br>Counter-Claimant,<br><br>v.<br><br>WILHEN HILL BARRIENTOS, GONZALO BERMUDEZ GUTIÉRREZ, and KEYSLER RAMÓN URBINA ROJAS, individually and on behalf of all others similarly situated,<br><br>Counter-Defendants. | |

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**

**AND COUNTERCLAIM**

Defendant, CoreCivic, Inc. ("Defendant" or "CoreCivic"), submits its Answer to

Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief and Damages ("Amended

Complaint") and admits, denies, and alleges as follows:

CoreCivic denies each and every allegation in the Amended Complaint and each and every claim for relief that is not expressly admitted or otherwise pled.

## PRELIMINARY STATEMENT

1. In answering Paragraph 1 of Plaintiffs' Amended Complaint, CoreCivic admits only that it owns and operates Stewart Detention Center ("SDC") in Lumpkin, Georgia. CoreCivic denies depriving detainees of basic necessities, threatening detainees with serious harm (including segregation), forcing detainees to accept less desirable housing, or otherwise coercing or forcing detainees to work at SDC. CoreCivic denies the remaining allegations in Paragraph 1.

2. In answering Paragraph 2 of Plaintiffs' Amended Complaint, CoreCivic denies depriving detainees of basic necessities, threatening detainees, forcing detainees to accept less desirable housing, or otherwise coercing or forcing detainees to work at SDC. CoreCivic affirmatively alleges that it operates a Voluntary Work Program ("VWP") at SDC as required by its detention services agreements with United States Immigration and Customs Enforcement ("ICE") and consistent with ICE's Performance-Based National Detention Standards ("PBNDS"). CoreCivic denies the remaining allegations in Paragraph 2, and specifically denies that it is required to pay detainees in the VWP the federal minimum wage.

3. In answering Paragraph 3 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations, and specifically denies all allegations of wrongdoing.

## JURISDICTION AND VENUE

4. In answering Paragraph 4 of Plaintiffs' Amended Complaint, CoreCivic admits that this Court has subject matter jurisdiction over Plaintiffs' claims. By so admitting, CoreCivic does not admit the sufficiency of the allegations or the validity of the claims, both of which are

specifically denied. CoreCivic denies all remaining allegations in Paragraph 4, and specifically denies violation of the Trafficking Victims Protection Act ("TVPA").

5. In answering Paragraph 5 of Plaintiffs' Amended Complaint, CoreCivic admits that this Court has subject matter jurisdiction over Plaintiffs' claims. By so admitting, CoreCivic does not admit the sufficiency of the allegations or the validity of the claims, both of which are specifically denied. CoreCivic denies all remaining allegations in Paragraph 5.

6. In answering Paragraph 6 of Plaintiffs' Amended Complaint, CoreCivic admits that venue is proper in this Court. By so admitting, CoreCivic does not admit the sufficiency of the allegations or the validity of the claims, both of which are specifically denied. CoreCivic denies all remaining allegations in Paragraph 6.

7. In answering Paragraph 7 of Plaintiffs' Amended Complaint, CoreCivic admits only that this Court has specific personal jurisdiction over it because the events giving rise to Plaintiffs' claims occurred in Georgia. By so admitting, CoreCivic does not admit the sufficiency of the allegations or the validity of the claims, both of which are specifically denied. CoreCivic denies that the Court has general personal jurisdiction over it and denies all remaining allegations in Paragraph 7.

8. In answering Paragraph 8 of Plaintiffs' Amended Complaint, CoreCivic admits that this Court has supplemental jurisdiction over the state law claims alleged in the Amended Complaint. By so admitting, CoreCivic does not admit the sufficiency of the allegations or the validity of the claims, both of which are specifically denied. CoreCivic denies all remaining allegations in Paragraph 8.

## PARTIES

### A.    Plaintiffs

9.    In answering Paragraph 9 of Plaintiffs' Amended Complaint, CoreCivic admits only that Plaintiff Barrientos reported being a Guatemalan citizen and was an ICE detainee at SDC at various times from July 2015 to June 2018. CoreCivic is without sufficient knowledge or information to form a belief regarding the remaining allegations in Paragraph 9, and on that basis denies them.

10.    In answering Paragraph 10 of Plaintiffs' Amended Complaint, CoreCivic admits only that Plaintiff Bermudez Gutierrez reported being a Mexican citizen and was an ICE detainee at SDC from May 2019 to January 2020. CoreCivic is without sufficient knowledge or information to form a belief regarding the remaining allegations in Paragraph 10, and on that basis denies them.

11.    In answering Paragraph 11 of Plaintiffs' Amended Complaint, CoreCivic admits only that Plaintiff Urbina Rojas reported being a Nicaraguan citizen and was an ICE detainee at SDC from May 2015 to June 2016. CoreCivic denies that he was detained at Stewart at any point after June 2016. CoreCivic is without sufficient knowledge or information to form a belief regarding the remaining allegations in Paragraph 11, and on that basis denies them.

### B.    Defendant

12.    In answering Paragraph 12 of Plaintiffs' Amended Complaint, CoreCivic admits the allegations.

13.    In answering Paragraph 13 of Plaintiffs' Amended Complaint, CoreCivic admits the allegations, and affirmatively alleges that the IGSA between ICE and Stewart County specifically provides for the detention of ICE detainees at SDC, which is, and has been at all

relevant times, owned and operated by CoreCivic (formerly Corrections Corporation of America).

## FACTUAL ALLEGATIONS

### A.    Immigration Detention is Civil, Not Criminal.

14.    The allegations in Paragraph 14 of Plaintiffs' Amended Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

15.    The allegations in Paragraph 15 of Plaintiffs' Amended Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

16.    The allegations in Paragraph 16 of Plaintiffs' Amended Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

17.    The allegations in Paragraph 17 of Plaintiffs' Amended Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

### B.    The Privatization of Immigration Detention and CoreCivic's Economic Windfall.

18.    The allegations in Paragraph 18 of Plaintiffs' Amended Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

19.    In answering Paragraph 19 of Plaintiffs' Amended Complaint, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies them.

20. In answering Paragraph 20 of Plaintiffs' Amended Complaint, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies them.

21. In answering Paragraph 21 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

22. In answering Paragraph 22 of Plaintiffs' Amended Complaint, CoreCivic admits only that its 2019 revenues were approximately $1.981 billion. CoreCivic is without sufficient knowledge or information to form a belief regarding the remaining allegations, and on that basis denies them.

23. In answering Paragraph 23 of Plaintiffs' Amended Complaint, CoreCivic admits only that CoreCivic's detention services agreements with ICE accounted for 29% of CoreCivic's total revenues in 2019. CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies them.

24. In answering Paragraph 24 of Plaintiffs' Amended Complaint, CoreCivic admits only that it owns and operates SDC. CoreCivic denies the remaining allegations in Paragraph 24.

25. In answering Paragraph 25 of Plaintiffs' Amended Complaint, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies them.

26. In answering Paragraph 26 of Plaintiffs' Amended Complaint, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies them.

27. In answering Paragraph 27 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

**C.      CoreCivic Uses Detained Immigrants to Clean, Maintain, and Operate Stewart.**

27.      In answering Paragraph 27 of Plaintiffs' Amended Complaint, CoreCivic admits only that it operates a VWP at SDC as required by its detention services agreements with ICE and consistent with the PBNDS. CoreCivic denies the remaining allegations in Paragraph 27.

28.      In answering Paragraph 28 of Plaintiffs' Amended Complaint, CoreCivic admits only that the PBNDS: require CoreCivic to provide detainees the opportunity to participate in a VWP; provide that work assignments are voluntary, except that all detainees are responsible for personal housekeeping; provide that compensation for work completed in the VWP is at least $1.00/day; and provide that detainees shall not be permitted to work more than eight hours per day and 40 hours per week. CoreCivic denies the remaining allegations in Paragraph 28.

29.      In answering Paragraph 29 of Plaintiffs' Amended Complaint, CoreCivic admits the allegations.

30.      In answering Paragraph 30 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

31.      In answering Paragraph 31 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations, and specifically denies that it is required to pay VWP participants the federal minimum wage, Service Contract Act wages, or any other minimum wage.

32.      In answering Paragraph 32 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations. CoreCivic affirmatively alleges that the intent of the VWP is to reduce the negative impacts of confinement through decreased detainee idleness, improved morale, and fewer disciplinary incidents, while at the same time promoting institutional maintenance and efficiency, just as similar programs in ICE facilities and other correctional and detention

facilities nationwide do. (*See* https://www.ice.gov/doclib/detention-standards/2011/pbnds2011r 2016.pdf, § 5.8(II), last accessed October 28, 2020.)

33.     The allegations in Paragraph 33 of Plaintiffs' Amended Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies them.

34.     In answering Paragraph 34 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

35.     In answering Paragraph 35 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

### D.     CoreCivic Withholds Necessary Care from Detained Immigrants at Stewart.

36.     In answering Paragraph 36 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

37.     In answering Paragraph 37 of Plaintiffs' Amended Complaint, CoreCivic admits only that it owns and operates the commissary at SDC, and that any profits remaining after payment of the commissary's operating expenses are placed in the Inmate Welfare Fund and are used for the benefit of all detainees in the facility. CoreCivic denies the remaining allegations in Paragraph 37.

38.     In answering Paragraph 38 of Plaintiffs' Amended Complaint, CoreCivic admits only that it contracts with Trinity Services Group, Inc. to provide food services at SDC. CoreCivic denies the remaining allegations.

39.     In answering Paragraph 39 of Plaintiffs' Amended Complaint, CoreCivic admits the allegations.

40. In answering Paragraph 40 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

41. In answering Paragraph 41 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

42. In answering Paragraph 42 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

43. In answering Paragraph 43 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

44. In answering Paragraph 44 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

45. In answering Paragraph 45 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

46. In answering Paragraph 46 of Plaintiffs' Amended Complaint, CoreCivic admits only that SDC is located in Lumpkin, Georgia, and that detainees generally are allowed up to one hour of non-contact visitation per week. CoreCivic denies the remaining allegations in Paragraph 46.

47. The allegations in Paragraph 47 of Plaintiffs' Amended Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations.

48. In answering Paragraph 48 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

**E.      CoreCivic Threatens to Put Detained Immigrants in Solitary Confinement, Among Other Sanctions, for Refusing to Work.**

49.      In answering Paragraph 49 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

50.      In answering Paragraph 50 of Plaintiffs' Amended Complaint, CoreCivic admits the allegations, and affirmatively alleges that this is consistent with the PBNDS. (*See* https://www.ice.gov/doclib/detention-standards/2011/pbnds2011r2016.pdf, § 3.1.A(II)(A) and (B), last accessed October 28, 2020.)

51.      In answering Paragraph 51 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

52.      In answering Paragraph 52 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

53.      In answering Paragraph 53 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

54.      In answering Paragraph 54 of Plaintiffs' Amended Complaint, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies them. CoreCivic affirmatively alleges that it does not place detainees in "solitary confinement."

55.      In answering Paragraph 55 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

56.      In answering Paragraph 56 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

57.      In answering Paragraph 57 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

58.     In answering Paragraph 58 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

59.     In answering Paragraph 59 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

60.     In answering Paragraph 60 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

61.     In answering Paragraph 61 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

**F.      Plaintiff Barrientos' Labor at Stewart.**

62.     In answering Paragraph 62 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

63.     In answering Paragraph 63 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

64.     In answering Paragraph 64 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

65.     In answering Paragraph 65 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

66.     In answering Paragraph 66 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

67.     In answering Paragraph 67 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

68.     In answering Paragraph 68 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

69.     In answering Paragraph 69 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

70.     In answering Paragraph 70 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

71.     In answering Paragraph 71 of Plaintiffs' Amended Complaint, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies them. CoreCivic affirmatively alleges that there is no area of the facility known as the "Chicken Coup."

72.     In answering Paragraph 72 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

73.     In answering Paragraph 73 of Plaintiffs' Amended Complaint, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies them. CoreCivic affirmatively alleges that the PBNDS categorizes "[e]ncouraging others to participate in a work stoppage or to refuse to work" as a "high" offense, for which disciplinary segregation is one of many potential sanctions. (*See* https://www.ice.gov/doclib/detention-standards/2011/pbnds2011r2016.pdf, § 3.1.A(II)(A) and (B), last accessed October 28, 2020.)  CoreCivic affirmatively alleges that it does not place detainees in "solitary confinement."

74.     In answering Paragraph 74 of Plaintiffs' Amended Complaint, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies them.

75.     In answering Paragraph 75 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

76. In answering Paragraph 76 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

77. In answering Paragraph 77 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

### G. Plaintiff Bermudez Gutiérrez's Labor at Stewart.

78. In answering Paragraph 78 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

79. In answering Paragraph 79 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

80. In answering Paragraph 80 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

81. In answering Paragraph 81 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

82. In answering Paragraph 82 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

83. In answering Paragraph 83 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

84. In answering Paragraph 84 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

85. In answering Paragraph 85 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

86. In answering Paragraph 86 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

87. In answering Paragraph 86 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

**H. Plaintiff Urbina Rojas's Labor at Stewart.**

88. In answering Paragraph 88 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

89. In answering Paragraph 89 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

90. In answering Paragraph 90 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

91. In answering Paragraph 91 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

92. In answering Paragraph 92 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

93. In answering Paragraph 93 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

94. In answering Paragraph 94 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

95. In answering Paragraph 95 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

96. In answering Paragraph 96 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

97. In answering Paragraph 97 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

98.    In answering Paragraph 98 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

99.    In answering Paragraph 99 of Plaintiffs' Amended Complaint, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies them.

100.    In answering Paragraph 100 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

101.    In answering Paragraph 101 of Plaintiffs' Amended Complaint, CoreCivic is without sufficient knowledge or information to form a belief regarding the allegations, and on that basis denies them.

102.    In answering Paragraph 102 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

103.    In answering Paragraph 103 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

## CLASS ACTION ALLEGATIONS

104.    In answering Paragraph 104 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

### A.    Class Definition.

105.    The allegations in Paragraph 105 of Plaintiffs' Amended Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to

assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

106. The allegations in Paragraph 106 of Plaintiffs' Amended Complaint are not directed at CoreCivic, such that no response is required and none is given. To the extent a response is required, CoreCivic denies the allegations. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

**B.     Class Certification Requirements under Rule 23(a), (b)(2), and (b)(3).**

107. In answering Paragraph 107 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

108. In answering Paragraph 108 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations, including the allegations in subparagraphs (a)-(d). CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

109. In answering Paragraph 109 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals,

that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

110. In answering Paragraph 110 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

111. In answering Paragraph 111 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

112. In answering Paragraph 112 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

113. In answering Paragraph 113 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

**CAUSES OF ACTION**
**COUNT I**
**THE TRAFFICKING VICTIMS PROTECTION ACT**
Forced Labor (18 U.S.C. § 1589)
Or, in the alternative, Attempt to Commit Forced Labor (18 U.S.C. § 1594(a)).
***On behalf of the Forced Labor Class***

114. In answering Paragraph 114 of Plaintiffs' Amended Complaint, CoreCivic incorporates by references its responses to Paragraphs 1–113, above.

115. In answering Paragraph 115 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

116. In answering Paragraph 116 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

117. In answering Paragraph 117 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

118. In answering Paragraph 118 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

119. In answering Paragraph 119 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations, including the allegations in subparagraphs (a) and (b)(i)-(iv).

120. In answering Paragraph 120 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

121. In answering Paragraph 121 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

122. In answering Paragraph 122 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

123. In answering Paragraph 123 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

124.    In answering Paragraph 124 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

125.    In answering Paragraph 125 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

126.    In answering Paragraph 126 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

127.    In answering Paragraph 127 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

## COUNT II
Unjust Enrichment
Georgia Common Law
### *On behalf of the Unjust Enrichment Class*

128.    In answering Paragraph 128 of Plaintiffs' Amended Complaint, CoreCivic incorporates by references its responses to Paragraphs 1–127, above.

129.    In answering Paragraph 129 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

130.    In answering Paragraph 130 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

131.    In answering Paragraph 131 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

132.    In answering Paragraph 132 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

133.    In answering Paragraph 133 of Plaintiffs' Amended Complaint, CoreCivic denies the allegations.

## PRAYER FOR RELIEF

In answering the Prayer for Relief, CoreCivic denies that Plaintiffs and the putative class members are entitled to any of the relief they seek. CoreCivic denies that this matter is suitable for class certification. CoreCivic affirmatively alleges that Plaintiffs lack standing to assert claims on behalf of other individuals, that Plaintiffs lack standing to seek declaratory and/or injunctive relief, and that Plaintiffs are not proper class representatives.

## AFFIRMATIVE DEFENSES

1. As a separate defense, and in the alternative, CoreCivic alleges that the Amended Complaint fails to state claims upon which relief can be granted.

2. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs have failed to join a necessary party or parties under Fed. R. Civ. P. 19.

3. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs' and the putative class members' alleged injuries and damages, if any, were caused by the acts of a third party who has not been named a party to this action and over whom CoreCivic had no control.

4. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs' action is not certifiable as a class action pursuant to Fed. R. Civ. P. 23, et. seq.

5. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs lack standing to maintain this action as a class action.

6. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs lack standing to seek declaratory and/or injunctive relief.

7. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs lack standing to bring claims under 18 U.S.C. § 1595.

8.    As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs and the putative class members failed to exhaust administrative remedies prior to filing suit, thereby precluding all claims asserted under federal or state law.

9.    As a separate defense, and in the alternative, CoreCivic alleges that some or all of the named Plaintiffs' and putative class members' claims are barred by the statute of limitations.

10.    As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs have unreasonably delayed their request for relief, to CoreCivic's prejudice, such that their claims are barred by the defense of laches.

11.    As a separate defense, and in the alternative, CoreCivic alleges that it was acting under legal process, with good, sufficient, and probable cause to be so acting, and that the actions of CoreCivic were in good faith and without malice.

12.    As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs' requested relief violates the law and is otherwise impossible to attain in conformance with the law. Neither Plaintiffs nor the putative class members have a legal right to work at minimum or other wage rates because they were not authorized for employment in the United States and/or have not sought approval from ICE for employment with CoreCivic and are not qualified to work for CoreCivic under ICE's contract terms.

13.    As a separate defense, and in the alternative, CoreCivic alleges that its actions were objectively reasonable under the circumstances and that it was acting in good faith and without malice.

14.    As a separate defense, and in the alternative, CoreCivic alleges that, as a federal government contractor, it is entitled to derivative and qualified immunity, including but not

limited to intergovernmental immunity, derivative sovereign immunity, preemption, and the government contractor defense.

15. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs' and the putative class members' injuries, losses, and damages were the result of the assumption of risk by Plaintiffs and the putative class members.

16. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs and the putative class members were responsible for their injuries, losses, and damages and/or were negligent, which would diminish or eliminate Plaintiffs' and the putative class members' right to recover under certain or all claims for relief.

17. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs and the putative class members knowingly waived their claims when they freely elected to participate in the Detainee Voluntary Work Program.

18. As a separate defense, and in the alternative, CoreCivic alleges that there existed no conduct in this case motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiffs and the putative class members.

19. As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs and the putative class members are not human trafficking victims, or victims of any criminal activity specified in Title 18, Chapter 77 of the United States Code, such that the Trafficking Victims Protection Act, 18 U.S.C. § 1595, does not apply.

20. As a separate defense, and in the alternative, CoreCivic alleges that it did not knowingly obtain the labor or services of Plaintiffs or the putative class members in violation of 18 U.S.C. §§ 1589 or 1594.

21.     As a separate defense, and in the alternative, CoreCivic alleges that it did not knowingly benefit from participation in a venture that it knew or should have known was in violation of 18 U.S.C. §§ 1589 or 1594.

22.     As a separate defense, and in the alternative, CoreCivic alleges that, as a federal contractor, it is entitled to require a communal contribution by ICE detainees, including Plaintiffs and the putative class members, in the form of housekeeping tasks under the civic duty exception to the Thirteenth Amendment's prohibition against involuntary servitude.

23.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs and the putative class members were paid all money owed to them under the Detainee Voluntary Work Program pursuant to the law.

24.     As a separate defense, and in the alternative, CoreCivic alleges that it neither unjustly received nor retained any benefits at the expense of Plaintiffs or the putative class members.

25.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs and the putative class members voluntarily participated in the Detainee Voluntary Work Program, such that CoreCivic was not unjustly enriched by their participation.

26.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs and the putative class members understood and agreed to the terms of the Detainee Voluntary Work Program and that they had no reasonable expectation of minimum or prevailing wages, or any other compensation than the monies they received as an allowance for their participation, such that CoreCivic was not unjustly enriched by their participation.

27.     As a separate defense, and in the alternative, CoreCivic alleges that it would be inequitable for Plaintiffs and the putative class members to recover any damages because the

actions of Plaintiff and each putative class member caused him or her to be placed in an immigration detention facility; any work any such individual performed was voluntary and/or minor and consistent with work performed by detainees at ICE facilities throughout the United States, including facilities owned and operated directly by ICE; and Plaintiffs and the putative class members received other material benefits, including but not limited to housing, food, clothing, and recreation, from CoreCivic while detained.

28.     As a separate defense, and in the alternative, CoreCivic alleges that it is entitled to an offset from any award to Plaintiffs and/or the putative class members for costs incurred by CoreCivic in providing material benefits, including but not limited to housing, food, clothing, and recreation, to Plaintiffs and the putative class members while detained, as well as costs incurred in operating the Detainee Voluntary Work Program.

29.     As a separate defense, and in the alternative, CoreCivic alleges that Plaintiffs and/or the putative class members are barred from seeking equitable relief to the extent an adequate remedy exists at law.

30.     As a separate defense, and in the alternative, Plaintiffs and the putative class members are not entitled to attorneys' fees or costs.

31.     As a separate defense, and in the alternative, Plaintiffs and the putative class members failed to mitigate their damages by remaining in the Detainee Voluntary Work Program.

32.     CoreCivic reserves the right to amend its Answer to Plaintiffs' Amended Complaint to assert additional defenses, withdraw defenses, and/or add counter-claims as may become necessary after reasonable opportunity, or discovery has occurred, up through and including trial in this matter.

33.    Although CoreCivic does not have specific facts in support of its remaining defenses at this time, CoreCivic reserves the right to assert the following affirmative defenses pursuant to Fed. R. Civ. P. 8 should subsequent discovery disclose facts in support of them, including, but not limited to: accord and satisfaction, payment, estoppel, release, waiver, illegality, laches, and res judicata.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, CoreCivic prays that the Complaint be dismissed with prejudice, and that CoreCivic be awarded its reasonable attorneys' fees and costs incurred herein and for such other relief as this Court deems just and equitable.

## COUNTERCLAIMS

Defendant/Counter-Claimant CoreCivic ("CoreCivic"), through counsel, and pursuant to Fed. R. Civ. P. 15(a)(1)(B), brings the following counter-claims against Plaintiffs/Counter-Defendants Wilhen Hill Barrientos, Gonzalo Bermudez Gutierrez, and Keysler Ramon Urbina Rojas ("Counter-Defendants").

## JURISDICTION AND VENUE

1.    This Court has original jurisdiction over these counter-claims pursuant to 28 U.S.C. § 1332(a)(2). CoreCivic is a Maryland corporation with its principal place of business in Tennessee. Plaintiff/Counter-Defendant Barrientos is a citizen of Guatemala who was detained at SDC at various times between July 2015 and June 2018. Plaintiff/Counter-Defendant Bermudez Gutierrez is a citizen of Mexico, who was detained at SDC from May 2019 to January 2020. Plaintiff/Counter-Defendant Urbina Rojas is a citizen of Nicaragua who was detained at

SDC from May 2015 to June 2016.[1] The amount in controversy on the counter-claims exceeds $75,000.00.

2.      Alternatively, this Court has supplemental jurisdiction over these counter-claims pursuant to 28 U.S.C. § 1367(a), as these counter-claims form part of the same case or controversy as the claims asserted by Plaintiffs/Counter-Defendants under Article III of the United States Constitution.

3.      Venue is proper in this Court, as the events giving rise to these counter-claims occurred in this district.

## PARTIES

4.      CoreCivic is a Maryland corporation with its principal place of business in Tennessee. During the timeframes relevant to Plaintiffs/Counter-Defendants' claims, CoreCivic owned and operated the Stewart Detention Center ("SDC"), located in Lumpkin, Georgia. CoreCivic currently houses federal immigration detainees at SDC, and did so at the times referenced in Plaintiffs/Counter-Defendants' Amended Complaint, consistent with the terms and conditions of its detention services agreements with United States Immigration and Customs Enforcement ("ICE"), including administration of the Detainee Voluntary Work Program, as well as all applicable state and federal statutes and regulations and detention facility standards.

5.      Wilhen Hill Barrientos is a citizen of Guatemala and was an ICE detainee at SDC at various times from July 2015 to June 2018, during which time he received material benefits, including but not limited to housing, food, clothing, and recreation, at no cost to himself.

---

[1] None of the three named Plaintiffs is currently detained at SDC. CoreCivic does not know their current whereabouts.

6.      Gonzalo Bermudez Gutierrez is a citizen of Mexico and was an ICE detainee at SDC from May 2019 to January 2020, during which time he received material benefits, including but not limited to housing, food, clothing, and recreation, at no cost to himself.

7.      Keysler Ramon Urbina Rojas is a citizen of Nicaragua and was an ICE detainee at SDC from May 2015 to June 2016, during which time he received material benefits, including but not limited to housing, food, clothing, and recreation, at no cost to himself.

## FIRST CAUSE OF ACTION

### Unjust Enrichment

8.      ICE requires all CoreCivic personnel to meet high standards of professionalism and integrity, and set specific requirements that must be met before a CoreCivic employee is hired or permitted to work at the facility, including interviews, criminal history and other background checks, and employment eligibility verification.  ICE is the final approval authority for all CoreCivic personnel who work with federal detainees at CoreCivic facilities, which prohibits the employment of illegal or undocumented aliens by CoreCivic at facilities that house ICE detainees.

9.      CoreCivic's detention services agreements with ICE also require CoreCivic to implement and maintain a voluntary work program for detainees, and require detainees who wish to participate in the program to sign a form acknowledging that participation in the program is voluntary.

10.      CoreCivic operates, and has operated at all times relevant to these counterclaims, the Detainee Voluntary Work Program at SDC as required by its detention services agreements with ICE. Participation in the program is purely voluntary. Detainees are not required, coerced, or forced to participate in the Detainee Voluntary Work Program in any way.

11.     Participation in the Detainee Voluntary Work Program is separate from detainees' responsibility to maintain their immediate living areas in a neat and orderly manner pursuant to ICE's Performance-Based National Detention Standards, which all detainees are required to meet.

12.     The Detainee Voluntary Work Program is critical to the safe and secure operation of the facility. The intent of the program is to reduce the negative impacts of confinement through decreased detainee idleness, improved morale, and fewer disciplinary incidents, while at the same time promoting institutional maintenance and efficiency, just as similar programs in ICE facilities and other correctional and detention facilities nationwide do. (*See* https://www.ice. gov/doclib/detention-standards/2011/pbnds2011r2016.pdf, § 5.8(II), last accessed October 28, 2020).

13.     Pursuant to its detention services agreements with ICE, CoreCivic provides basic necessities to all detainees at SDC, including but not limited to housing, food, clothing, and recreation. Detainees do not pay CoreCivic or ICE for these services, either in whole or in part.

14.     As part of their initial intake paperwork, Plaintiffs/Counter-Defendants each signed an "Inmate/Resident Handbook Acknowledgment" stating that they had received the Handbook, which included a description of the Detainee Work Program, including that participation in the program was voluntary.

15.     Plaintiffs/Counter-Defendants participated in the Detainee Voluntary Work Program at various times while at SDC.

16.     The putative class members, like Plaintiffs/Counter-Defendants, were detained by ICE, housed in SDC, and participated in the Detainee Voluntary Work Program at various times relevant to these counter-claims.

17.     CoreCivic did not require, coerce, or force Plaintiffs/Counter-Defendants or any other putative class members to participate in the Detainee Voluntary Work Program in any way.

18.     Neither Plaintiffs/Counter-Defendants nor any of the putative class members participated in the Detainee Voluntary Work Program for more than eight hours per day or 40 hours per week, and in fact often volunteered significantly fewer hours depending on their work assignment, some of which involved only one to two hours per day.

19.     During their detention at SDC, Plaintiffs/Counter-Defendants and the putative class members were provided basic necessities, including but not limited to housing, food, clothing, and recreation. Neither Plaintiffs/Counter-Defendants nor any other putative class members paid CoreCivic or ICE for these services.

20.     Plaintiffs/Counter-Defendants and the putative class members would unjustly benefit from the receipt of damages under Georgia law, including but not limited to damages for unjust enrichment, if they were permitted to keep the benefit of these services without offsetting such damages with the costs and expenses associated with their detention.

21.     In the event Plaintiffs/Counter-Defendants and the putative class members prevail on their theory that CoreCivic has been unjustly enriched by their participation in the Detainee Voluntary Work Program, CoreCivic is equitably entitled to recover its costs and expenses associated with detaining Plaintiffs/Counter-Defendants and the putative class members, including the administration of the Detainee Voluntary Work Program.

WHEREFORE, CoreCivic prays for the following relief:

A.     In the event Plaintiffs and the putative class members are awarded damages under Georgia law, including but not limited to unjust enrichment, an order awarding CoreCivic all

costs and expenses incurred in providing basic necessities to Plaintiffs and the putative class members, including but not limited to housing, food, clothing, and recreation;

B.     An award of attorney fees, costs, and interest; and

C.     Other and further relief as the Court deems just and equitable.

CoreCivic demands a jury trial as to all triable issues raised in the Amended Complaint and Counterclaims.

Dated:  October 30, 2020                         Respectfully submitted,

                                                 s/ Jacob B. Lee
                                                 Daniel P. Struck *(pro hac vice)*
                                                    Lead Counsel
                                                 Rachel Love *(pro hac vice)*
                                                 Nicholas D. Acedo *(pro hac vice)*
                                                 Ashlee B. Hesman *(pro hac vice)*
                                                 Jacob B. Lee *(pro hac vice)*
                                                 STRUCK LOVE BOJANOWSKI & ACEDO, PLC
                                                 3100 West Ray Road, Suite 300
                                                 Chandler, Arizona 85226
                                                 Phone: (480) 420-1600
                                                 Fax: (480) 420-1695
                                                 dstruck@strucklove.com
                                                 rlove@strucklove.com
                                                 nacedo@strucklove.com
                                                 ahesman@strucklove.com
                                                 jlee@strucklove.com

                                                 Jacob D. Massee (GA Bar No. 551890)
                                                 David Bobo Mullens (GA Bar No. 258029)
                                                 OLIVER MANER LLP
                                                 PO Box 10186
                                                 Savannah, Georgia 31412
                                                 Phone: (912) 236-3311
                                                 Fax: (912) 236-8725
                                                 jmassee@olivermaner.com
                                                 dbmullens@olivermaner.com

                                                 Attorneys for Defendant and Counter-Claimant
                                                 CoreCivic, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of October, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Priyanka Bhatt | priyanka@projectsouth.org |
| Laura Rivera | laura.rivera@splcenter.org |
| Meredith B. Stewart | meredith.stewart@splcenter.org |
| Rebecca M. Cassler | rebecca.cassler@splcenter.org |
| Caitlin J. Sandley | cj.sandley@splcenter.org |
| Vidhi Bamzai | vidhi.bamzai@splcenter.org |
| Warren T. Burns | wburns@burnscharest.com |
| Daniel H. Charest | dcharest@burnscharest.com |
| Lydia A. Wright | lwright@burnscharest.com |
| Korey A. Nelson | knelson@burnscharest.com |
| R. Andrew Free | andrew@immigrantcivilrights.com |
| Azadeh Shahshahani | azadeh@projectsouth.org |
| Jessica Hasen | jhasen@perkinscoie.com |
| Emily B. Cooper | ecooper@perkinscoie.com |
| John T. Dixon | johndixon@perkinscoie.com |
| Alan B. Howard | ahoward@perkinscoie.com |
| John H. Gray | jhgray@perkinscoie.com |
| Jessica L. Everett-Garcia | jeverettgarcia@perkinscoie.com |

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

N/A

s/ Jacob B. Lee