# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

|  |  |
|---|---|
| **WILHEN HILL BARRIENTOS, et al.**, | |
| Plaintiffs, | |
| v. | |
| **CORECIVIC, INC.,** | **Civil Action No.  4:18-cv-00070-CDL** |
| Defendant. | |
| | |
| **CORECIVIC, INC.,** | |
| Counter-Claimant, | |
| v. | |
| **WILHEN HILL BARRIENTOS, et al.**, | |
| Counter-Defendants. | |

## JOINT STATUS REPORT

Plaintiffs and Trinity Services Group, Inc. (collectively, "the Parties") respectfully submit this Joint Status Report regarding their efforts to resolve Plaintiffs' document subpoena to Trinity Services Group, Inc. ("Trinity").  Plaintiffs served the subpoena on Trinity on August 28, 2020. Trinity filed a Motion to Quash on September 26, 2020.  Doc. 83.[1]  On December 8, 2020, the Court terminated the Motion to Quash and ordered the Parties to resolve the subpoena or refile the Motion to Quash within 30 days.  Doc. 112.  On January 7, 2021, the Parties filed a Joint Motion to Extend the Deadline for the Parties to Resolve Plaintiffs' Document Subpoena to Trinity.  On

---

[1] The procedural history related to the subpoena and Trinity's Motion to Quash are more thoroughly laid out in Docs. 113 and 116.

January 8, 2021, the Court granted the motion and ordered the Parties to resolve Plaintiffs' subpoena or seek Court intervention no later than thirty days after entry of the order.  Doc. 117.

The Parties have worked diligently and in good faith to resolve their disputes, meeting and conferring on numerous occasions, and they have reached a resolution on all but three of Plaintiffs' document requests.[2]  Due to a delay in the production of Trinity's ESI, the Parties have not yet reached an impasse (or a resolution) on one request.  The Parties file this Joint Status Report to apprise the Court of the remaining disputes related to the subpoena and to request leave to file discovery motions or, alternatively, a status conference to present the issues to the Court for adjudication.

Request for Production 2:  Plaintiffs' request number two seeks all documents and communications from Trinity related to the Work Program at Stewart Detention Center ("SDC") during the Relevant Period.[3]  In response to this request, on December 29, 2020, Trinity informed Plaintiffs it had discovered 10,707 potentially responsive emails to a subset of Plaintiffs' proposed search terms. On January 7, 2021, Trinity received a $10,000 payment from Plaintiffs to cover Trinity's requested costs, reserving its rights to further cost-sharing.  In the early stages of review, Trinity notified Plaintiffs that approximately 7,150 of the 10,707 potentially responsive emails were from vendor domains or were calendar invites (the "Deprioritized Production").  The Parties agreed to deprioritize these emails to first produce more substantive documents.  Trinity maintains that the Deprioritized Documents will be produced if they are not privileged.  The Parties continue to negotiate production of documents containing what Trinity alleges is personally identifiable or protected health information.   Therefore, as of this filing, Trinity has produced 105 of the 10,707

---

[2] The Parties consider Requests 1, 3, 5, and 7 to be substantially resolved.
[3] For purposes of the subpoena, "Relevant Period" is defined as the period from December 23, 2008 through the present for all requests.  Doc. 84-1 at 3 (Subpoena).

total emails to the Plaintiffs.  Trinity continues to review the remaining emails for responsiveness. Trinity has not yet produced a privilege log of withheld documents responsive to request 2.  Due to the delay in the production, Plaintiffs are unable to assess whether Trinity's email production will satisfy request 2 or whether there will be additional issues to bring to the Court's attention. For example, Plaintiffs cannot yet assess whether they need to litigate the search terms to which Trinity has objected in full or Trinity's withholding of certain emails as privileged. The Parties expect to have those issues clarified by the proposed date for briefing or argument on the subpoena.

Request for Production 4:  Plaintiffs' request number four seeks all documents that identify Trinity employees who worked at SDC during the Relevant Period, including payroll records, records of hours worked, job descriptions, and job assignments. Doc. 84-1, at 6.  Trinity has objected to this request in full.

**Trinity's Position:** Trinity objects to the production of the identities, job assignments, and payroll information of the Trinity SDC staff on the grounds that the information sought is not relevant to establishing a baseline for compensation or unjust enrichment as set forth in the Complaint. The three to six Trinity employees working at SDC maintain food service director and/or supervisory roles. They are paid by Trinity as Trinity employees. Their pay is not relevant to establishing the damages of detainees who would, in no circumstances, be placed in a supervisory position over other detainees. Moreover, Trinity has produced to Plaintiffs the job descriptions of both Trinity civilians and detainees evidencing that detainees do not perform the same tasks as Trinity employees.

Finally, Plaintiffs' reliance on documents produced by Trinity in *Owino v. CoreCivic*—a matter handled by a different Trinity representative and counsel—is without merit.  Plaintiffs have

provided no authority to suggest that Trinity is bound by the actions of a different lawyer in a different case.

*Plaintiffs' Position*:   Request 4 is relevant to Plaintiffs' claims.   Trinity's payroll information at SDC is the only evidence of the labor costs required to run the SDC kitchen.   This information is needed to show how much CoreCivic saves in labor costs by relying on forced, detained labor rather than paying its own employees or a subcontractor like Trinity.   CoreCivic's labor costs and savings are relevant to calculating disgorgement damages for Plaintiffs' unjust enrichment claim.   CoreCivic's labor costs and savings will also establish that CoreCivic receives a financial benefit from its forced labor scheme, which is an element of Plaintiffs' Trafficking Victims Protection Act claim.   *See* 18 U.S.C § 1598(b).

Trinity's argument that its staff do not perform the same tasks as the detained workers, and therefore their pay is not relevant, is without merit.   Plaintiffs understand that Trinity staff at SDC do occasionally perform non-supervisory tasks in the kitchen.   Trinity's publicly available job postings for employment at SDC also confirm this fact.[4]

Trinity's privacy concerns are also unfounded.   First, Plaintiffs are willing to accept the payroll data in an aggregate and anonymized format, such as a report generated by Trinity's payroll system that includes initials versus full names of the employees.   Second, Plaintiffs have asked for a list of the Trinity staff at SDC that is identical to the list Trinity produced in another forced labor case, *Owino v. CoreCivic*, No. 3:17-cv-01112-JLS-NLS (S.D. Cal.), for another detention center. This list includes names and job titles but not personally identifiable information, and, even if it did include personally identifiable information, Trinity's response is covered by Federal Rule of

---

[4] *See* Indeed.com, https://www.indeed.com/jobs?q=Trinity%20Services%20Group&l=Georgia&vjk=9243951e90fb0fd1 (last visited Feb. 5, 2021).

Civil Procedure 5.2 and by the Protective Order (Doc. 67). *See D.R. v. Grant*, No. 1:10-CV-24 (WLS), 2011 WL 13323638, at *3 (M.D. Ga. Feb. 18, 2011) (denying motion to quash when requested confidential information at issue will be protected by legal safeguards); *Sams v. GA W. Gate*, LLC, 316 F.R.D. 693, 698 (N.D. Ga. 2016) (holding that a non-party did not show undue burden and that a confidentiality provision addressed any concerns about proprietary and confidential information); *Cf. Ojeda-Sanchez v. Bland Farms, LLC*, 6:08-cv-096, 2009 WL 2365976, at *2-3 (S.D. Ga. July 31, 2009) (holding that company's payroll records did not constitute confidential, commercially sensitive, and proprietary information and compelling production). Finally, this information is only in the custody and control of Trinity. Trinity pays its employees directly, and Trinity's employees are not paid a publicly available, government-mandated rate. Plaintiffs can only get this information from Trinity.

Request for Production 6: Plaintiffs' request number six seeks all documents and communications relating to Trinity's contract with CoreCivic at SDC. Doc. 84-1 at 6. Trinity has produced a redacted copy of its contract with CoreCivic through June 30, 2020. Trinity has declined to produce a key financial term of the contract – the price per meal rate for SDC, which is the flat rate that Trinity charges CoreCivic for its services. Trinity has also declined to produce the current version of the contract that it negotiated with CoreCivic in late 2020.

***Trinity's Position:*** As an initial matter, Trinity has complied with Plaintiffs' request for production of the CoreCivic contract by producing the contract through June 30, 2020 despite the fact that CoreCivic is a party to the suit and the contract is clearly equally available from them. *See e.g.*, *Castleberry v. Camden Cty.*, 331 F.R.D. 559, 564 (S.D. Ga. 2019) (explaining that the requesting party could have obtained the relevant information from the named counterparty in the litigation, rather than through a third-party subpoena). Moreover, it is Trinity's understanding that

the most recent CoreCivic 2020 contract will be produced by CoreCivic, and Trinity has expressed this to Plaintiffs' counsel. The contracts produced by Trinity contained redactions required by CoreCivic including the price per meal rate for SDC.  This information is proprietary and Plaintiffs' Protective Order is overly broad with regard to the characterization of "qualified persons." *See* Doc. 67 at 4.  Therefore, the Protective Order is inadequate to ensure the protection of this information.  And as explained above, Trinity is not bound by the decisions and actions of a different lawyer in a different case.

***Plaintiffs' Position***: Trinity should produce the 2020 contract and copies of contracts previously produced with the price per meal rate unredacted.  The price per meal rate is relevant to CoreCivic's labor costs and savings, as discussed above.  Trinity already produced the contract with that term unredacted in *Owino v. CoreCivic*, which belies any stated confidentiality concerns here.  In any event, that term, like all other documents that Trinity marks as confidential, will be covered by the Protective Order.  *See D.R.*, 2011 WL 13323638, at *3; *Sams*, 316 F.R.D. at 698. Trinity has already produced the earlier version of the contract over previous objections; thus, it is not clear why Trinity will not do the same with the 2020 contract.  Finally, the fact that CoreCivic also has custody of the contract is not a valid basis for withholding it here; a party is not limited to requesting documents from only one source.  *See In re Subpoena Issued to OneSource Orthopedics*, Inc., No. 110CV01782JECGGB, 2010 WL 11508011, at *3 (N.D. Ga. Aug. 3, 2010).[5]

---

[5] Plaintiffs requested CoreCivic's contracts with Trinity from CoreCivic in August 2020. CoreCivic objected to that request.  CoreCivic has recently agreed to review the 2020 contract and to consider whether to produce it to the Plaintiffs.  Should CoreCivic produce the 2020 contract, Plaintiffs will withdraw their request to Trinity for the contract.

The Parties have worked collegially to make progress on overcoming Trinity's objections to Plaintiffs' subpoena and to narrow the disputes requiring Court intervention.  The Parties hereby request leave to file discovery motions on the above-mentioned disputes by February 22, 2021 when they anticipate having more clarity on the scope of any disputes related to Request 2 (ESI).  Alternatively, the Parties request that the Court set a status conference at which the Parties will be prepared to present the issues to the Court.

Dated: February 8, 2021                                     Respectfully submitted,


/s/ Meredith B. Stewart                                    **ALSTON & BIRD LLP**
Meredith B. Stewart*                                       _/s/ Jonathan T. Edwards_
**SOUTHERN POVERTY LAW CENTER**        Jonathan T. Edwards
201 Saint Charles Avenue, Suite 2000              GA Bar No. 134100
New Orleans, LA 70170                                   Aleia M. Hornsby
Telephone: (504) 486-8982                             GA Bar No. 536096
Facsimile: (504) 486-8947                               1201 West Peachtree Street
meredith.stewart@splcenter.org                      Atlanta, GA 30309-3424
                                                                       T: 404-881-7000
Caitlin J. Sandley (GA Bar No. 610130)         F: 404-881-7777
**SOUTHERN POVERTY LAW CENTER**        jonathan.edwards@alston.com
400 Washington Ave.                                      aleia.hornsby@alston.com
Montgomery, AL 36104
Telephone: (334) 303-6822                             _Attorneys for non-party Trinity Services_
Facsimile: (334) 956-8481                               _Group, Inc._
cj.sandley@splcenter.org

Rebecca Cassler (GA Bar No. 487886)
**SOUTHERN POVERTY LAW CENTER**
150 E. Ponce de Leon Avenue, Suite 340
Decatur, GA, 300030
Telephone: (404) 521-6700
Facsimile: (404) 221-5857
rebecca.cassler@splcenter.org

Vidhi Bamzai*
**SOUTHERN POVERTY LAW CENTER**
111 East Capitol St., Suite 280
Jackson, MS 39201
Telephone: (601) 948-8882
Facsimile: (601) 948-8885
vidhi.bamzai@splcenter.org

R. Andrew Free*
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221x1
Facsimile: (615) 829-8959
andrew@immigrantcivilrights.com

Azadeh Shahshahani (GA Bar No. 509008)
Priyanka Bhatt (GA Bar No. 307315)
**PROJECT SOUTH**
9 Gammon Avenue SE
Atlanta, A 30315
Telephone: (404) 622-0602
Facsimile: (404) 622-4137
azadeh@projectsouth.org
priyanka@projectsouth.org

Alan B. Howard*
John T. Dixon*
Emily B. Cooper*
**PERKINS COIE LLP**
1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711
Telephone: (212) 262-6900
Facsimile: (212) 977-1649
AHoward@perkinscoie.com
JohnDixon@perkinscoie.com
ECooper@perkinscoie.com

Jessica Tseng Hasen*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-3293
Facsimile: (206) 359-9000
jhasen@perkinscoie.com

Jessica L. Everett-Garcia*
John H. Gray*
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
jeverettgarcia@perkinscoie.com
jhgray@perkinscoie.com

Daniel H. Charest*
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
dcharest@burnscharest.com

*Admitted *pro hac vice*
***Attorneys for Plaintiffs***