# Exhibit 3



Fighting Hate
Teaching Tolerance
Seeking Justice

Southern Poverty Law Center
PO Box 57089
New Orleans, LA 70157
www.splcenter.org

*Sent via Email*

December 21, 2020

Aleia Hornsby
Alston & Bird
One Atlantic Center
1201 W. Peachtree St., Suite 4900
Atlanta, Georgia 30309
Aleia.Hornsby@alston.com

**Re: *Barrientos v. CoreCivic, Inc.*, 4:18-cv-00070-CDL (M.D. Ga.), Document Subpoena to Trinity Services Group, Inc.,**

Dear Aleia,

We are in receipt of Trinity Services Group, Inc.'s ("Trinity") production of documents in partial response to Plaintiffs' Document Subpoena.  This letter addresses significant deficiencies in Trinity's search for Electronically Stored Information ("ESI").  Due to these deficiencies in Trinity's Phase 1 production, we request that Trinity articulate its process for running the Phase 1 search, run the Phase 1 search strings again, and produce the responsive emails to us by December 30.

Background

On August 28, 2020, Plaintiffs served a subpoena for documents on Trinity.  The subpoena directed Trinity to produce documents to Plaintiffs by September 28, 2020.  On September 24, Trinity filed a Motion to Quash the Subpoena.  Doc. 83.  On October 9, Trinity served on Plaintiffs objections to the Subpoena.

We conferred on October 13, October 20, and November 13 about Trinity's objections to the subpoena and the Motion to Quash.  As a result of those conferrals, Trinity agreed to produce documents in partial response to Requests 1-3 and 5, and Plaintiffs agreed to pay the reasonable costs of production of documents.  The Parties agreed to confer about costs once Trinity ascertained whether document retrieval expenses would exceed $1,000.  *See* J. Edwards' Oct. 28, 2020 Ltr., at 4.

In response to Request 2, Trinity agreed to produce the emails responsive to the first seven search strings on Plaintiffs' Proposed ESI Search Terms, as well as the eleventh search string, which begins with "pay." *See* Attached Plaintiffs' Proposed ESI Search Terms (Revised).  In an email dated November 16, you again confirmed you would provide all emails responsive to those search strings.

On November 18, Trinity produced 24 documents in partial response to Requests 1, 3 and 5.  However, Trinity declined to produce the emails it had already agreed to produce until the Parties reached agreement on costs. You noted that there was a total of 17,489 emails in the SDC Trinity email account, and that the account only preserved emails back to 2015.  Trinity subsequently submitted a cost demand for $10,000, and on December 4, further specified that amount would cover "Phase 1" production, defined as:

1. All documents produced by Trinity as of the date of this email—i.e. the (24) documents uploaded to the FTP site on November 18, 2020;
2. Production of ESI responsive to the agreed-upon search strings (rows 1-7 and 11), to be produced within the next week;
3. A privilege log;
4. Production of the CoreCivic Food Service Agreement pending final approval from CoreCivic early the next week; and
5. Menus and nutritional statements for formulary diets only. For the avoidance of doubt, this will not include any "underlying documents for the nutritional adequacy statements," nor will Trinity provide every medical diet that has been approved.

We agreed to pay the demanded cost amount and your definition of Phase 1, while also reserving our right to challenge, *inter alia*, Trinity's apparent attempt to seek costs to which it was not entitled, including for attorneys' fees for preparing the Motion to Quash. Plaintiffs agreed to the cost demand in a good faith attempt to relieve in large part the claimed burden on Trinity and to move the ball forward on resolving the Subpoena.

On December 10, Trinity produced a redacted copy of its contract with CoreCivic in response to Request 6. On December 16, we inquired about production of the Phase 1 ESI. Mr. Chosid replied that Trinity would no longer be producing those emails until it had received the payment for costs. We responded that this was an unjustified change in position, citing your December 4 email promising the emails "within the next week," particularly because we had agreed to Trinity's cost proposal and taken prompt steps to process the payment, including requesting Trinity's W-9 form. Nevertheless, we confirmed the check would be mailed the coming Friday. Mr. Chosid then replied that Trinity would produce the emails when we confirmed the check had been cut. We again confirmed it would be cut and mailed by Friday.

On Friday, December 18, you required yet another confirmation that the check had been mailed in order to transmit the Phase 1 production. Approximately 1 hour after we confirmed the check had been mailed, Trinity produced 13 documents, purportedly additional formulary diet menus and nutritional statements, and stated that the search for the Phase 1 terms produced zero responsive emails and that the search took two weeks. To date, Trinity has produced 37 total documents to the Plaintiffs and no ESI, for which Plaintiffs have paid $10,000.

ESI Production

In your December 18 email, you stated: "[w]ith regard to the production of the phase 1 emails, the search took over two weeks and no responsive emails were found." Not only is this claim not credible on its face, but Trinity's Phase 1 ESI search was demonstrably deficient.

On December 7, 2020, Defendant CoreCivic, Inc. produced documents in response to Plaintiffs First Set of Requests for Production. That production contained ESI related to the named Plaintiffs in this matter, which was gathered using the Plaintiffs' A Numbers and names. The ESI that CoreCivic produced includes 139 emails to or from the Trinity Stewart Detention Center ("SDC") email account (Unit17720@trinityservicesgroup.com). Of the 139 Trinity emails in that production, 43 contain search terms included in the Trinity Phase 1 search strings, including:

- 208280127 = 36 emails
- wilhen w/2 (hill or barrientos) = 5 emails

- pay* OR paid = 2 emails[1]

An appropriate and relatively simple ESI search of these terms would have turned up these responsive emails and possibly others not in CoreCivic's possession, custody, or control.  Trinity's failure to produce any emails in response to the Phase 1 search strings casts serious doubt on the search you purportedly ran.  The deficiency of the search coupled with Trinity's repeated demands to secure the payment prior to informing us it intended to produce zero emails raises further concerns about Trinity's good faith effort to honor our agreement with respect to Phase 1 production.  Refusing even to inform Plaintiffs that the search yielded no emails prior to ensuring the check had been mailed was pure gamesmanship after months of what we thought was a collegial attempt to resolve our disputes.

Plaintiffs have worked diligently throughout this process to reach reasonable solutions to our disputes, including exploring ways to lessen any alleged burden on Trinity.  We would like to continue to work collaboratively with you, but we need some assurances from you that you will honor the agreements we reach.  To that end, we request that you articulate your process for running the Phase 1 search terms, including whether those terms were run across a fully indexed copy of the relevant Trinity Services inbox or in a review platform such as Relativity, re-run the Phase 1 search string, and produce the responsive emails by December 30.  We are available to confer with you, along with our ESI specialist, Jessica Hasen, about the Phase 1 search and the Phase 2 search strings on December 22, 23, and 28.

Kind regards,

Meredith B. Stewart
Senior Supervising Attorney
Southern Poverty Law Center
(334) 531.6807
meredith.stewart@splcenter.org

CC:

CJ Sandley, Counsel for Plaintiffs, CJ.Sandley@splcenter.org
Alan Howard, Counsel for Plaintiffs, AHoward@perkinscoie.com
Jessica Everett-Garcia, Counsel for Plaintiffs, JEverettGarcia@perkinscoie.com
Jessica Hasen, Counsel for Plaintiffs, JHasen@perkinscoie.com

Jonathan Edwards, Counsel for Trinity, Jonathan. Edwards @altson.com
Alex Chosid, In-House Counsel for Trinity, Alex.Chosid@tkcholdings.com

Enclosure:

Plaintiffs' Proposed ESI Search Terms (Revised)

---

[1] Pursuant to the Protective Order in this matter, we are unable to share these emails with you.  *See* Doc. 67.  However, we can confirm the emails include the Unit17720@trinityservicesgroup.com email address and are all sent or received between 2015 and the present.  If we receive consent from CoreCivic to share the emails with you, we will promptly do so.  We will also file them under seal and seek an in-camera review of them, should this dispute proceed to Court.

3

**Plaintiffs' Proposed Search Terms**
*Document Subpoena to Trinity Services Group, Inc.*

Custodian: trinityservicesgroup.com email box at Stewart Detention Center

| Search Prefix | Search String |
|---|---|
| | 201-906-061 OR 201906061 |
| | 208-167-091 OR 208167091 |
| | 208-280-127 OR 208280127 |
| | wilhen w/2 (hill or barrientos) |
| | keysler w/2 (urbina or rojas) |
| | gonzalo w/2 (bermudez or gutierrez) |
| | ("Work Program" OR VWP) AND (money OR pay* OR paid OR salary) |
| | disciplin* OR sanction* OR punish* |
| | job* OR labor* OR detail* OR assign* OR clean* OR supervis* OR shift* |
| | seg* OR solitary OR SHU OR "secure housing" OR "restrictive housing" OR RH* |
| | pay* OR paid |
| | weight |
| | water |
| | kitchen OR breakfast OR lunch OR din* OR food OR "food service" OR chow* |
| | clean* OR sanit* |
| | detainee OR inmate OR resident OR ICE |
| | stor* |
| | (strik* OR stoppage OR fire* or terminat* OR refus* OR forc* OR quit*) AND work* |
| | meal* OR nutri* OR menu* OR diet* OR calori* |
| | griev* OR kite* OR kyte* OR complain* OR violen* |
| | contract* OR negotiat* OR pric* OR guidelin* OR nutri* OR standard* OR PBNDS OR "Performance Based National Detention Standards" |

Custodians: Trinity employees involved in negotiation or renewal of contract with CoreCivic at Stewart Detention Center

| Search Prefix | Search String[1] |
|---|---|
| (Stewart OR SDC) AND | contract* OR negotiat* OR pric* OR guidelin* OR nutri*OR standard* OR PBNDS OR "Performance Based National Detention Standards" |

---

[1] An additional set of parentheses should be included around search strings intended to be run with a prefix.