# Exhibit 6

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER OWINO, JONATHAN GOMEZ, on behalf of themselves, and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC, INC.,<br><br>Defendants. | Case No.: 3:17-cv-1112-JLS-NLS<br><br>**ORDER GRANTING JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**<br><br>**[ECF No. 59]** |

The Court having read the parties' Joint Motion for Entry of Protective Order in this matter, finding no objection and good cause appearing, **IT IS HEREBY ORDERED** that this motion is **GRANTED**, and the following protective order is entered.

## PROTECTIVE ORDER

1. Disclosure and discovery in this action may involve the production of information and materials that the Parties contend may contain confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").

1

2. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, including third-party discovery, and that the protection the Order affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that, without separate Court order, this Stipulated Protective Order and the Parties' stipulation does not change, amend, or circumvent any Court rule or local rule.

3. For purposes of this Order, "discovery" means all information, documents, and things subject to discovery and that may be used as evidence in this action (including items that are reasonably calculated to lead to the discovery of evidence in this action), whether produced by any party or a third party, including but not limited to, documents and information produced pursuant to Rule 26, testimony adduced at depositions pursuant to Rule 30 or 31, answers to interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, and answers to requests for admissions pursuant to Rule 36. The term "documents" includes but is not limited to, correspondence, memoranda, interoffice and/or intra-corporate communications, letters, statements, contracts, invoices, drafts, charts, work sheets, logs, transcripts, summaries, notes, abstracts, drawings, diagrams, maps, specifications, sketches, drawings, data, reports, work assignments, instructions, bulletins, blueprints, customer lists or other material that identify customers or potential customers, price lists or schedules or other matter identifying pricing, minutes, telegrams, cancelled checks, books of account, notes of conversations, desk diaries, appointment books, expense accounts, recordings, photographs, compilations from which information can be obtained and translated into reasonably usable form through detection devices, disclosures, models and prototypes and other physical objects, and other writings.

4. For purposes of this Order, CONFIDENTIAL INFORMATION means any document, information, or tangible thing, electronic recording or transcript of oral testimony, whether or not made under oath, or any portion of such a document, thing, recording, or transcript, designated by any party as "CONFIDENTIAL INFORMATION"

because the party making the designation avers in good faith that the document or information contains CONFIDENTIAL INFORMATION, that the designating party can and would make a showing to the Court sufficient to justify the filing of the document or information under seal in accordance with Federal Rule of Civil Procedure 26(c) and/or controlling federal case law, including the following: (a) proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26), (b) security-sensitive information (information that if released to the public or inmate/detainee population would have a high likelihood to compromise the safety and security of a correctional or detention facility), (c) confidential personal information, or (d) information reasonably believed to be protected from disclosure pursuant to state or federal law.

5. CONFIDENTIAL INFORMATION shall not include information contained in the public domain at the time of disclosure in this action (including but not limited to public files of any Federal or State court or agency that has been disclosed or is otherwise subject to disclosure under relevant law). Should CONFIDENTIAL INFORMATION become part of the public domain during the pendency of this action, the Parties will meet and confer on the information's confidential designation.

6. Each party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies for protection under appropriate legal standards, again in good faith that the designated material is confidential, proprietary, or private information. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify (so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order).

7. Only documents and information marked as "CONFIDENTIAL" will be subject to this Order. Documents and information subject to this Order will be used by non-producing parties only in this lawsuit, including any appeals. CONFIDENTIAL

1  INFORMATION will not be disseminated or produced except in accordance with this Order.

8. No party will be responsible to another party for disclosure of CONFIDENTIAL INFORMATION under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

    a. If a party receives a document or information that the party knows or has reason to believe may constitute CONFIDENTIAL INFORMATION, but which was not designated as such by the producing party, the receiving party shall promptly notify the producing party so that the parties may meet and confer as to whether the document should have been designated as confidential. The receiving party shall treat the document or information as if it had been designated as CONFIDENTIAL INFORMATION until the parties have met and conferred and the producing party has either designated the document or information as confidential and produced a copy of the document or information marked as "CONFIDENTIAL," at which point all other provisions of this Order will apply, including the receiving party's right to challenge the designation, or informed the receiving party that it will not do so.

    b. If a party discovers that it has inadvertently produced CONFIDENTIAL INFORMATION without designating it as such, it shall promptly inform the receiving party that the document or information is confidential and produce a copy of the document or information marked as "CONFIDENTIAL." Upon receiving such notice, the receiving party shall treat the document as if it had been originally designated as CONFIDENTIAL INFORMATION.

    c. At any time a party is notified that a document or information was inadvertently produced without being marked as "CONFIDENTIAL," and the document or information is already part of a filing with the Court, the filing party shall either withdraw the document or information or the parties shall agree to brief the issue for the Court pursuant to applicable law, including Civ. L.R. 79.2, ECF Administrative Policies

and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.

9. Whenever a deposition or court proceeding involves the disclosure of a party's CONFIDENTIAL INFORMATION to another party, the following procedure will apply:

a. The court reporter will be directed to bind those portions of the transcript containing CONFIDENTIAL INFORMATION separately. This request will be made on the record whenever possible. However, a party may designate portions of depositions as containing CONFIDENTIAL INFORMATION after transcription of the proceedings provided that the designating party make such designation within fourteen (14) days after receipt of the deposition transcript.

b. The cover of any portion of a deposition or court proceeding transcript that contains testimony or documentary evidence that has been designated CONFIDENTIAL INFORMATION will be prominently marked with the legend: CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER.

c. All portions of deposition transcripts designated as CONFIDENTIAL INFORMATION will be sealed and will not be disseminated except to the persons identified below.

10. If counsel for any party wishes to file CONFIDENTIAL INFORMATION on the public docket or otherwise make it publicly available, counsel shall notify opposing counsel of their intent to file or distribute such material at least three business days before doing so. Upon such notice, counsel for both parties shall confer in good faith to determine whether redactions are necessary and to agree on appropriate redactions. All pleadings that contain CONFIDENTIAL INFORMATION shall be filed in the public record in redacted form, with as few redactions as possible. An unredacted version will be filed under seal with the clerk of the court.

11. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice

to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.

12. Subject to the Federal Rules of Evidence, CONFIDENTIAL INFORMATION may be offered in evidence at trial or any court hearing in this matter, provided that the proponent of the evidence gives reasonable notice to counsel for any party or other person who designated the information as confidential. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and what protection, if any, may be afforded to the information at trial.

13. Unless otherwise provided in this Order, access to CONFIDENTIAL INFORMATION will be restricted to: the Court and its officers; attorneys in this action and their support staff, including paralegals, legal interns, and legal assistants; testifying or consulting experts; any person noticed for deposition or designated as a trial witness to the extent reasonably necessary to prepare such person to testify, except as prohibited by this Order; U.S. agency officials who are decision makers related to this litigation; where production is required by the Federal Rules of Civil Procedure; or where production is ordered by the Court. Any person to whom disclosure is made will be furnished with a copy of this Order and will be subject to the Order.

14. The parties recognize that CONFIDENTIAL INFORMATION containing the address, identifying information (does not include last names of current and former CoreCivic employees and contractors), dependent information, or contact information concerning current or former CoreCivic employees or contractors, as well as CONFIDENTIAL INFORMATION containing policies, protocols, practices, and directives specifically relating to security procedures utilized by any CoreCivic employee or contractor or at any CoreCivic facility, may contain particularly sensitive information relating to the safety and security of CoreCivic facilities and its personnel. Such

1 information will be disclosed only to those individuals authorized above. Moreover, should the need arise to disclose this information beyond those authorized in this Order, including to any current or former detainee or member of the general public, the parties shall meet and confer regarding the need for such disclosure and seek guidance from the Court if necessary.

15. If any party, or that party's counsel, expert, or agent, is required by law or court order to disclose a designating party's CONFIDENTIAL INFORMATION to any person or entity not identified above, the name of that person or entity will be furnished to the designating party as far in advance of disclosure as is reasonably possible (ideally, not less than two weeks), so that the designating party may object and seek further protection as necessary. Once an objection has been made, there will be no disclosure until the matter is resolved, unless disclosure is required by law or court order. Any person not listed above who is then entitled to receive CONFIDENTIAL INFORMATION must be furnished with a copy of this Order.

16. The parties retain the right to challenge the designation of a particular document as CONFIDENTIAL INFORMATION. If a party to this Order who has received material marked CONFIDENTIAL in accordance with this Order disagrees with the designation, in full or in part, the party shall notify the producing party in writing, and the parties will confer in good faith as to the status of the material at issue. If the recipient and the producing party are unable to agree upon the status of the material at issue, any party may raise the issue with the Court for resolution. Any disputes regarding designations must be brought to the Court's attention within 45 days of the event giving rise to the dispute, as defined in these chambers' rules. The burden of proof with respect to the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION will rest on the designating party. No party, by treating designated material as CONFIDENTIAL INFORMATION in accordance with this Order, shall be deemed to have conceded that the material actually is confidential.

17. Upon completion of this litigation, counsel and their experts shall return, or by agreement of the parties may provide a Certificate of Destruction, to the producing party any CONFIDENTIAL INFORMATION produced in this action. Legal memoranda and briefs containing protected information and any work product materials containing protected information may be retained if such documents shall be kept in the possession of a private litigant's counsel, and shall not in the future be disclosed contrary to the provisions of this Order. Nothing herein shall restrict the parties' use of their own records for official business or for other purposes consistent with other applicable laws and regulations.

18. Nothing in this Agreement precludes the parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or relief from the Order.

19. Each person designated above, by receiving a copy of this Order, agrees to abide by its provisions and to see that its provisions are known and adhered to by those under his or her supervision or control, and to submit to the jurisdiction of the Court in the event the Order is breached.

20. The Court may modify the Order in the interests of justice or for public policy reasons.

**IT IS SO ORDERED.**

Dated: August 13, 2018

*/s/ Nita L. Stormes*

Hon. Nita L. Stormes
United States Magistrate Judge