IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

WILHEN HILL BARRIENTOS *et al.*,   *
individually and on behalf of
all others similarly situated,   *

     Plaintiffs,   *

vs.   *

CORECIVIC, INC.,   *

     Defendant.   *

       CASE NO. 4:18-CV-70 (CDL)

_____

CORECIVIC, INC.,   *

     Counter Claimant,   *

vs.   *

WILHEN HILL BARRIENTOS *et al.*,   *
individually and on behalf of
all others similarly situated,   *

     Counter Defendants.   *

_____

O R D E R

Plaintiffs are former detainees at the Stewart Detention Center and brought this class action, alleging claims against CoreCivic, Inc. under the Trafficking Victims Protection Act, 18 U.S.C. §§ 1589, 1594-95, and Georgia law.  After the Eleventh Circuit affirmed the Court's denial of CoreCivic's motion to dismiss, *see Barrientos v. CoreCivic, Inc.*, 951 F.3d 1269, 1275 (11th Cir. 2020), CoreCivic filed its answer and counterclaims for unjust enrichment against Plaintiffs.  Plaintiffs now move to

dismiss CoreCivic's counterclaims, arguing that they are not ripe and that CoreCivic has failed to state a claim.  For the following reasons, that motion (ECF No. 96) is granted.

DISCUSSION

CoreCivic administers a "Detainee Voluntary Work Program" at Stewart Detention Center.  In addition to its other claims, Plaintiffs allege state law claims under Georgia law for unjust enrichment against CoreCivic.  They allege that they and putative class members performed work for CoreCivic for between $1 and $8 a day and that this labor "significantly and materially increase[ed] CoreCivic's profits and unjustly enrich[ed] CoreCivic at the expense of and detriment to Plaintiffs and Unjust Enrichment Class Members."  Am. Compl. ¶ 130, ECF No. 87.

In its counterclaims, CoreCivic alleges that Plaintiffs would be unjustly enriched if they are able to recover on their claims. It alleges that it provided Plaintiffs with "basic necessities, including but not limited to housing, food, clothing, and recreation" and that Plaintiffs did not pay for these services. Counterclaim ¶ 19, ECF No. 94.  CoreCivic contends that Plaintiffs "would unjustly benefit from the receipt of damages under Georgia law, including but not limited to damages for unjust enrichment, if they were permitted to keep the benefit of these services without offsetting such damages with the costs and expenses associated with their detention."  *Id.* ¶ 20.  It further alleges

2

that "[i]n the event [Plaintiffs] and the putative class members prevail on their theory that CoreCivic has been unjustly enriched by their participation in the Detainee Voluntary Work Program, CoreCivic is equitably entitled to recover its costs and expenses associated with detaining [Plaintiffs] and the putative class members," including the costs associated with administering its work program.  *Id.* ¶ 21.

Plaintiffs argue that the Court lacks subject matter jurisdiction over CoreCivic's counterclaims because they are not ripe.  To determine whether a claim is sufficiently ripe to be adjudicated, the Court must consider "whether there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decision-making by the court."  *Elend v. Basham*, 471 F.3d 1199, 1211 (11th Cir. 2006) (quoting *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997)).  "Ripeness analysis involves the evaluation of two factors: the hardship that a [party] might suffer without court redress and the fitness of the case for judicial decision."  *Id.*  The Eleventh Circuit has "noted that claims are less likely to be considered 'fit' for adjudication . . . when they require 'speculation about contingent future events.'"  *Pittman v. Cole*, 267 F.3d 1269, 1278 (11th Cir. 2001) (quoting *Cheffer v. Reno*, 55 F.3d 1517, 1524 (11th Cir.

1995)).  Courts "do not have subject matter jurisdiction to address
unripe claims."  *Cheffer*, 55 F.3d at 1523.

Although CoreCivic's counterclaims, which are in the nature
of set-off, are contingent upon whether Plaintiffs prevail on their
claims against CoreCivic in this action, this contingency does not
make them unripe for adjudication.  The Court finds that it has
subject matter jurisdiction over CoreCivic's counterclaims.  But
that does not resolve Plaintiffs' motion to dismiss.  They also
seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)
for failure to state a claim upon which relief may be granted.

Quite  frankly,  CoreCivic's  audacity  in  claiming  that  it
should be compensated for providing basic necessities to detainees
who it contracted to detain is astonishing.  These allegations do
not state claims under Georgia law.  Under Georgia law, "[a] claim
for unjust enrichment exists where a plaintiff asserts that the
defendant induced or encouraged the plaintiff to provide something
of value to the defendant; that the plaintiff provided a benefit
to the defendant with the expectation that the defendant would be
responsible for the cost thereof; and that the defendant knew of
the benefit being bestowed upon it by the plaintiff and either
affirmatively chose to accept the benefit or failed to reject it."
*Campbell v. Ailion*, 790 S.E.2d 68, 73 (Ga. Ct. App. 2016); *see
also Crook v. Foster,* 775 S.E.2d 286, 289 (Ga. Ct. App. 2015)
(quoting *Reidling v. Holcomb*, 483 S.E.2d 624, 626 (Ga. Ct. App.

4

1997)) ("The concept of unjust enrichment in law is premised upon the principle that a party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received; otherwise the party has been unjustly enriched at the expense of another and, in fairness and good conscience, must reimburse the other to the extent of the value conferred.").

"For unjust enrichment to apply, 'the party conferring the labor and things of value must act with the expectation that the other will be responsible for the cost.'" *Morris v. Britt*, 620 S.E.2d 422, 424 (Ga. Ct. App. 2005) (quoting *Hollifield v. Monte Vista Biblical Gardens,* 553 S.E.2d 662, 670 (Ga. Ct. App. 2001)). CoreCivic fails to allege that it had any expectation that Plaintiffs would be responsible for the costs of the basic necessities that CoreCivic provided while Plaintiffs were detained. Instead, CoreCivic only alleges that it did not expect to pay the costs of those necessities *in addition to* yet-to-be-awarded damages in a future lawsuit. These allegations are insufficient to support an unjust enrichment claim under Georgia law. *See Morris*, 620 S.E.2d at 424 (finding no unjust enrichment claim existed where plaintiffs did not expect that defendant would be responsible for cost of services).[1]

---

[1] The Court hastens to add that any benefits Defendant provided to Plaintiffs beyond basic necessities that it provided to other detainees

CONCLUSION

Plaintiffs' motion to dismiss CoreCivic's counterclaims (ECF No. 96) is granted because they fail to state a claim upon which relief may be granted under Georgia law.

IT IS SO ORDERED, this 10th day of March, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

who did not participate in the work program may be relevant in determining the amount of Plaintiff's damages, if any.