**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

WILHEN HILL BARRIENTOS,
GONZALO BERMUDEZ GUTIÉRREZ,
and KEYSLER RAMÓN URBINA ROJAS
individually and on
behalf of all others similarly situated,

               Plaintiffs,

v.

CORECIVIC, INC.,

               Defendant.

Civil Action No. 4:18-cv-00070-CDL

## JOINT PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), the following joint confidentiality and protective order ("Protective Order") is entered to govern the dissemination of documents and information produced by non-party Trinity Services Group, Inc. ("Trinity") in this matter.

**1.    Disclosure**

Disclosure in this action may involve the production of information and materials that the Parties contend contain highly confidential, confidential, proprietary, or private information for which special protection from public disclosure, and from use for any purpose other than prosecuting and defending against this litigation, may be warranted.

For purposes of this Protective Order, "disclosure" means all information, documents, and things subject to discovery that may be used as evidence in this action, whether produced by any party or third party, including but not limited to, documents and information produced pursuant to Rule 26, testimony adduced at depositions pursuant to Rule 30 or 31, answers to interrogatories

pursuant to Rule 33, information and documents produced pursuant to Rule 34, and answers to requests for admissions pursuant to Rule 36.

**2.        Confidential Information**

CONFIDENTIAL INFORMATION means any information of any type, kind, or character that is designated as CONFIDENTIAL by Trinity (whether it be a document, information, or tangible thing), including information contained in a document, information revealed during a deposition or other testimony (whether or not made under oath), information revealed in answers to discovery, or otherwise, because the party making the designation avers that it can and would make a showing to the Court sufficient to justify the filing of the document or information under seal in accordance with Fed. R. Civ. P. 26(c) and/or controlling case law.

The following are examples of information that is not CONFIDENTIAL INFORMATION:

  i.    Any information that is or, after its disclosure to a Receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

  ii.   Any information that the Receiving Party can show was already publicly known prior to the disclosure;

  iii.  Any information that the Receiving Party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to Trinity; and

  iv.   Any information which the Receiving Party can show was independently developed by it after the time of disclosure by personnel who did not have access to Trinity's CONFIDENTIAL INFORMATION.

HIGHLY CONFIDENTIAL INFORMATION means any information of any type, kind, or character that is designated as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY by Trinity (whether it be a document, information, or tangible thing), including information contained in a document, information revealed during a deposition or other testimony (whether or not made under oath), information revealed in answers to discovery, or otherwise, because the party making the designation avers that it can and would make a showing to the Court sufficient to justify the filing of the document or information under seal in accordance with Fed. R. Civ. P. 26(c) and/or controlling case law. HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY material is designated as such because it contains Protected Health Information ("PHI"), [1] Personally Identifiable Information ("PII"), [2] Confidential Business Information ("CBI"), [3] Other Customer Information ("OCI") [4], or includes the names and corresponding payroll information of certain Trinity employees working at Stewart Detention Center during the Relevant Time

### 3.    Designation Criteria

Information    and    documents    that    may    be    designated    as    HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL are those which Trinity

---

[1] As defined under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

[2] Defined as information: (i) that directly identifies an individual (e.g., personal address, social security number or other identifying number or code, personal telephone number, and/or personal email address) or (ii) by which an agency intends to identify specific individuals in conjunction with other data elements, i.e., indirect identification. (These data elements may include a combination of gender, race, birth date, geographic indicator, and other descriptors).

[3] Defined as any non-public or proprietary information, or information that if disclosed publicly, might provide an entity with a competitive advantage against a non-party. CBI may also include information belonging to third-party vendors, such as documentation of application or software architecture, or other copyrighted material generated by the owner of the material's subject.

[4] Defined as information belonging to any non-party customer, other than the named Defendant.

considers in good faith to contain highly confidential, confidential, commercially sensitive, and/or proprietary information not otherwise available or known to the public. This includes: (a) proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Fed. R. Civ. P. 26), (b) security-sensitive information (information that if released to the public or detainee population poses a legitimate risk to the safety and security of a detention facility), (c) confidential personal information (including, information listed in Federal Rule of Civil Procedure 5.2(a), personal healthcare information, and information relevant to immigration proceedings), or (d) information reasonably believed to be protected from disclosure pursuant to state or federal law.

Information designated as CONFIDENTIAL will be disclosed only to those individuals listed in Paragraph 4. Information designated as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY will be disclosed only to those individuals listed in Paragraph 5. The parties recognize that CONFIDENTIAL INFORMATION containing the address, identifying information (not including last names of current and former CoreCivic employees and contractors), dependent information, or contact information concerning current or former CoreCivic employees or contractors, as well as CONFIDENTIAL INFORMATION containing policies, protocols, practices, and directives specifically relating to security procedures utilized by any CoreCivic employee or contractor or at any CoreCivic facility, may contain particularly sensitive information relating to the safety and security of CoreCivic facilities and its personnel. Such information will be disclosed only to those individuals authorized below. Should the need arise to disclose this information beyond those authorized in this Order, including to any current or former detainee or member of the general public, the parties shall meet and confer regarding the need for such disclosure and seek guidance from the Court if necessary.

**4.** **Persons Qualified to Receive Information Marked as CONFIDENTIAL Subject to This Protective Order**

    a) the Court and its officers;

    b) attorneys in this action and their support staff, including paralegals, legal interns, and legal assistants;

    c) testifying or consulting experts and their support staff;

    d) any person noticed for deposition or designated as a trial witness to the extent reasonably necessary to prepare such person to testify, or to examine such person, except as prohibited by this Order;

    e) court-reporters and court-reporting companies engaged to transcribe depositions in this action;

    f) U.S. agency officials who are decision-makers with respect to this litigation;

    g) persons to whom production is required by the Federal Rules of Civil Procedure; or

    h) persons to whom production is ordered by the Court.

For records regarding an individual plaintiff, putative class member, or deponent, including but not limited to personnel records or records reflecting sick-call requests, medical treatment, or transfer information, that particular plaintiff, putative class member, or deponent shall be considered a "Qualified Person" with respect to the records regarding that individual plaintiff, putative class member, or deponent.

Any person listed in Paragraphs 4(c)-(h) to whom disclosure is made will be required to sign an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A.

**5.   Persons Qualified to Receive Information Marked as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY Subject to This Protective Order**

Material designated as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY may be disclosed only to:

a. The attorneys of record in this action and their respective associates, clerks, legal assistants, stenographic, and support personnel, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations;

b. Any other outside attorneys employed by the Parties to provide legal advice in this case, including in-house counsel, and their respective associates, clerks, legal assistants, stenographic, and support personnel, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations;

c. Independent experts and consultants retained in this action by the attorneys of record and the employees of such experts and consultants who are assisting them;

d. The Court and its administrative staff (including law clerks), any special master or discovery referee the court appoints, trial witnesses while testifying during trial and the jury at trial, subject to the procedures set forth in Paragraph 4;

e. Court reporters employed in connection with this action; and

f. Such other persons as may be designated by written agreement of all Parties in this action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow).

**6. Marking of Documents**

Documents provided in this litigation may be designated as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL by marking each page of the document with HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL or. In lieu of marking the original of a document if the original is not provided, the designating party may mark copies. Originals shall be preserved for inspection.

HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY material shall be conspicuously marked as such and shall be watermarked across each page in a manner that does not render the document illegible but ensures the material cannot be used in any other proceeding.

**7. Required Disclosure of Highly Confidential Information or Confidential Information**

HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION shall not be disclosed or made available to persons other than "Qualified Persons" except as necessary to comply with applicable law or court order. If any party, or that party's counsel, expert, or agent, is required by law or court order to disclose HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL INFORMATION to any person or entity not identified in Paragraphs 4 or 5, the party, party's counsel, expert, or agent who is being required to disclose HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION shall advise counsel for Trinity as far in advance of disclosure as is reasonably possible (not less than two weeks, in the absence of good cause), so that Trinity may object and seek further protection

as necessary. Any objection to production must be made within five days of such notification. It shall be the obligation of Trinity to interpose and defend any objection to production of the HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION. Once an objection has been made, no disclosure may occur until the matter is resolved.

Any person or entity not listed in Paragraph 4 or 5 who is subsequently entitled to receive HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION must be furnished with a copy of this Protective Order.

**8.      Challenging Designations**

*Highly Confidential/Attorney's Eyes Only or Confidential*: The Parties retain the right to challenge the designation of a particular document as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL. If a party to this Protective Order who has received material marked HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL or disagrees with the designation (in full or in part), it shall notify  Trinity in writing. Trinity must respond in no less than five business days stating whether or not they will agree to lower the designation as requested, and the parties will confer in good faith as to the status of the material at issue. If the recipient and Trinity are unable to agree upon the status of the material at issue, or if Trinity fails to respond within five business days, the recipient may raise the issue with the Court for resolution by filing an appropriate motion. Until the Court has resolved any such motion, the material   and/or   information   in   question   shall   retain   its   HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL designation and be treated accordingly. The burden of proof with respect to the propriety or correctness of the designation of information as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL will rest on the designating party. No party, by treating designated material as HIGHLY

CONFIDENTIAL/ATTORNEY'S EYES ONLY INFORMATION or CONFIDENTIAL in accordance with this Protective Order, shall be deemed to have conceded that the material actually is highly confidential/Attorney's eyes only or confidential. The failure of a party to challenge a designation at any particular time shall not preclude that party from challenging the designation at a later time.

*Qualified Person*: In the event that any party in good faith disagrees with the designation of a person as a "Qualified Person" or the disclosure of particular HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION to such person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION is requested to be disclosed to a "Qualified Person", 14 days from service of the request, to move the Court for an order denying the designated person (a) status as a "Qualified Person", or (b) access to particular HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure shall be made to the disputed person unless and until the Court enters an order preserving the designation.

9.     **Disclosure at Inspections, Depositions, Hearings, and Trial**

*During any Physical Plant Inspection of SDC:* Information gathered and/or disclosed in connection with or during a physical plant inspection may be designated as CONFIDENTIAL, including but not limited to, photos and video of the physical plant of the facility and the electronic data associated with the same. This information will be subject to the same requirements for

designation laid out above, including that the designating party shall have the burden of proving that the information is entitled to protection under this order. The Parties shall have the right to exclude from an inspection any person who is not authorized to receive CONFIDENTIAL INFORMATION pursuant to this Protective Order and/or require such person to sign an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A.

*At Deposition:* Information disclosed at a deposition taken in this litigation may be designated by any party as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL by indicating on the record at the deposition that the testimony is highly confidential or confidential and subject to the protections of this Protective Order. Additionally, any party may designate information disclosed at a deposition as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL by notifying all parties in writing (no later than 30 days after receipt of the transcript) of the specific pages and lines of the transcript that should be treated as such. Each party shall attach a copy of this written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as CONFIDENTIAL for 30 days after initial receipt of the transcript.

Once information has been designated as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL:

a) The court reporter shall segregate information designated HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL with blank, consecutively numbered pages, in the main transcript. A separate transcript containing HIGHLY CONFIDENTIAL/ATTORNEY'S EYES

ONLY or CONFIDENTIAL INFORMATION shall have page numbers that correspond to the blank pages in the main transcript.

b) All portions of deposition transcripts which contain CONFIDENTIAL INFORMATION or are designated as CONFIDENTIAL will be sealed and shall not be disseminated except to those "Qualified Persons" identified in Paragraph 4.

c) All portions of deposition transcripts which contain HIGHLY CONFIDENTIAL INFORMATION or are designated as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY will be sealed and shall not be disseminated except to those "Qualified Persons" identified in Paragraph 5.

A witness who is not listed in Paragraph 4 may be shown materials designated as CONFIDENTIAL upon the agreement of the parties, provided that the witness signs an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A. The parties agree that they will not unreasonably withhold consent that CONFIDENTIAL INFORMATION be viewed in this manner.

A witness who is not listed in Paragraph 5 may not be shown materials designated as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY unless by written agreement of all Parties to this Orderor by order of the Court. The Parties agree that they will not unreasonably withhold consent that HIGHLY CONFIDENTIAL INFORMATION be viewed in this manner.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION pursuant to this Protective Order, but such right of exclusion

is applicable only during periods of examination or testimony where HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION is used or discussed.

*At hearings or trial:* Subject to the Federal Rules of Evidence, HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION may be offered in evidence at trial or any court hearing in this matter, provided that the proponent of the evidence gives reasonable notice to counsel for any party or other person who designated the information as CONFIDENTIAL. Inclusion of a document on the tendering party's exhibit list with a notation that the proposed exhibit contains information designated CONFIDENTIAL constitutes sufficient notice. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as CONFIDENTIAL and what protection, if any, the information may be afforded at the hearing or trial.

### 10.    Use of Highly Confidential Information or Confidential Information

All HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms herein.

### 11.    Manner of Use in Proceedings

In the event a party wishes to use any HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of Trinity, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for in-camera review; or (3) file

such information under seal with the Court consistent with the sealing requirements of the Court. If the information the filing party seeks to file was designated HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL by any other party, then the designating party automatically consents to the filing party's motion to seal, with respect to the documents it designated HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL. The designating party shall have the burden to demonstrate the necessity of sealing the materials.

12.      **Protected Materials Subpoenaed or Ordered Produced in Other Litigation**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL, that party must:

    a)  promptly notify in writing the designating party, including a copy of the subpoena or court order;

    b)  promptly notify in writing the party who caused the subpoena or court order to issue in the other litigation that some or all of the materials covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    c)  cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose protected material may be affected.[5]

---

[5] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The burden of seeking to quash the subpoena, or otherwise prevent disclosure, on the basis of this Protective Order shall remain with the designating party, not with the party subject to the subpoena or court order.

### 13.    Protected Materials Requested to be Disclosed

The Receiving Party is specifically prohibited from ever disclosing HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION outside of this litigation in response to a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, or similar state laws. This restriction on disclosure applies to all information deemed HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION pursuant to this Protective Order. This Order shall be considered an injunction prohibiting the disclosure of HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION in satisfaction of the judicial standard articulated in *Morgan v. U.S. Dep't of Justice*, 923 F.2d 195, 197 (D.C. Cir. 1991). A party that receives a request for disclosure of HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION pursuant to 5 U.S.C. § 552, or a similar state law, shall notify the designating party of such request in writing within seven days of receipt of the request.

### 14.    Non-Party's Protected Material Sought to be Produced in This Litigation

The terms of this Order are applicable to information produced by a non-party in this action and designated as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL. Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

In the event that a party is required, by a valid discovery request, to produce a non-party's HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION in its possession, and the party is subject to an agreement with the non-party not to produce the non-

party's HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION, then the party shall:

a) promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

b) promptly provide the non-party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c) make the information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Trinity may produce the non-party's HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION responsive to the discovery request. If the non-party timely seeks a protective order, the Trinity shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court.[6] Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection of its HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION.

This section shall not require any party to provide notice prior to releasing personal identifying information belonging to non-parties that is not subject to a confidentiality agreement. To the extent the disclosure of such information could be prohibited by the Privacy Act, the Privacy

---

[6] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a non-party and to afford the non-party an opportunity to protect its confidentiality interests in this court.

Act provides, as an exception, that such records may be released "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). The entry of this Protective Order qualifies as such an order and provides a basis for the release of such documents and records pursuant to the Privacy Act and insulates the Trinity from liability for improper disclosure. *See* § 552a(g)(1). The Trinity shall designate such materials HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL, as appropriate.

### 15.   Inadvertent Production/Disclosure

No party will be responsible to another party for disclosure of HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

If a party receives a document or information that a party knows or has reason to believe may constitute HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION, but which was not designated as such by Trinity, the Receiving Party shall promptly notify Trinity so that the parties may meet and confer as to whether the document should have been designated as highly confidential/attorney's eyes only or confidential. The Receiving Party shall treat the document or information as if it had been designated as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL until the parties have met and conferred and Trinity has either designated the document or information as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL and produced a copy of the document or information marked as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL, at which point all other provisions of this Protective Order will apply, including the Receiving Party's right to challenge the designation; or informed the Receiving Party

that it does not intend to do so. The Receiving Party is under no obligation to search or review Trinity's production to identify documents or information that may be confidential.

If a party discovers that it has inadvertently produced HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION without designating it as such, it shall promptly inform the Receiving Party that the document or information is HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL and produce a copy of the document or information marked HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL. Upon receiving such notice, the Receiving Party shall treat the document as if it had been originally designated as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL.

If a party is notified that a document or information was inadvertently produced without being marked HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL and the document or information is already part of a filing with the Court, the filing party shall either withdraw the document or information or the parties shall agree to brief the issue for the Court pursuant to applicable law, including Local Rule 79 ("Files and Exhibits and Removal Thereof"); ECF Administrative Policies and Procedures, Section 5.4 ("Privacy Protection for Filings Made With the Court"); and the Chamber's Rules, with respect to filing documents under seal.

**16.    Retention and Return of Documents**

*Retention of Copies During Litigation:* Copies of HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION shall be maintained only in the offices[7]

---

[7] While COVID-19-related shelter-in-place orders (or similar orders) are in effect, the parties acknowledge that an individual's "office" may temporarily include that individual's home.

of counsel for the Receiving Party and, to the extent supplied to experts or other outside attorneys employed by Parties described in Paragraphs 4 and 5, in the offices of those persons. Any documents produced in this litigation, regardless of classification, that are provided to "Qualified Persons" shall be maintained only at the office of such "Qualified Person" and only necessary working copies of any such documents shall be made. For purposes of this provision, maintaining information "in the offices of" an individual shall include maintenance of electronic copies on that individual's computer, appropriately secured network drives, and appropriately secured third party litigation support systems.

*Return of Copies After Litigation:* No later than 120 days after conclusion of this litigation and any appeal related to it, counsel and their experts shall return to the Trinity, or by agreement of the parties, provide a Certificate of Destruction, of any HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION produced in this litigation. Legal memoranda and briefs containing protected information and any work product materials containing protected information may be retained if such documents are kept in possession of counsel, and shall not be disclosed contrary to the provisions of this Protective Order. File copies of deposition transcripts may also be retained by counsel, and file copies of any expert reports produced may be retained by counsel and by the authoring expert, subject to the provisions of this Protective Order.

17.    **Documents Produced for Inspection Prior to Designation**

In the event documents are produced for inspection prior to designation, the documents shall be treated as CONFIDENTIAL during inspection. At the time for disclosure to the receiving parties, information shall be marked HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL, as necessary, by the Trinity.

**18.    Ongoing Obligations**

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the Trinity or order of the Court with respect to dissolution or modification of this, or any other, protective order.

Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if each party designating the information as HIGHLY CONFIDENTIAL/ATTORNEY'S EYES ONLY or CONFIDENTIAL consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure.

**19.    Advice to Clients**

This Protective Order shall not bar any attorney in the course of rendering advice to clients who are parties to this litigation from generally conveying to them the attorney's evaluation of HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION produced or exchanged in this litigation; provided, however, that in rendering such advice or otherwise communicating with the client, the attorney shall not disclose the specific contents of any HIGHLY CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION produced by another party. Information conveyed to a client in this manner may not be used for any purpose outside of this litigation.

**20.    Duty to Ensure Compliance**

Any party designating any person as subject to this Protective Order shall have the duty to reasonably ensure that such person observes the terms of this Protective Order.

**21.    Waiver**

The parties agree to, and the Court orders protection of, privileged and otherwise protected documents against claims of waiver as follows:

a)    The inadvertent disclosure or production of any document in this action shall not result in the waiver of any privilege, evidentiary protection, or other protection associated with such document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

b)    If, during the course of this action, any party or non-party determines that any document produced by another party or non-party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

   i.    the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Trinity in writing that it has discovered documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within 10 days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts, or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document

extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Trinity's documents to identify potentially privileged or work product Protected Documents.

ii. If the Trinity intends to assert a claim of privilege or other protection over documents identified by the Receiving Party as Protected Documents, the Trinity will, within 10 days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure and the ESI Agreement in this matter, if applicable, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Trinity shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Trinity believes is subject to a claim of privilege or other protection.

c) If, during the course of this litigation, a party or non-party determines it has produced a Protected Document:

i. the Trinity may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition,

promptly followed up in writing. The Trinity's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege, and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure and the ESI Agreement in this matter, if applicable, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Trinity shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Trinity believes is subject to a claim of privilege or other protection.

ii.   The Receiving Party must, within 10 days of receiving the Trinity's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

d)   To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Trinity as set forth in paragraphs (c)(ii) and d(i), then the Receiving Party shall

- 22 -

sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

e) The Receiving Party's return, sequestering, or destruction of Protected Documents as provided herein will not act as a waiver of the requesting party's right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that:

   i. the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

   ii. the disclosure of the Protected Documents was not inadvertent;

   iii. the Trinity did not take reasonable steps to prevent the disclosure of the Protected Documents; or

   iv. the Trinity failed to take reasonable or timely steps to rectify the error.

f) Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The Trinity shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's order.

g) Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the

- 23 -

Receiving Party, the Protected Documents shall be returned or destroyed within 10 days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

h)      Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

**22.     Modifications**

The parties may, by stipulation, provide for exceptions to this Protective Order and any party may seek an order of this court modifying this Protective Order.

IT IS SO ORDERED.

Signed:  May 4, 2021.

S/Clay D. Land
CLAY D. LAND
United States District Court Chief Judge