# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **WILHEN HILL BARRIENTOS, MARGARITO VELAZQUEZ GALICIA, and SHOAIB AHMED** individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**CORECIVIC, INC.,**<br><br>Defendant. | **Civil Action No.  4:18-cv-00070-CDL** |
| **CORECIVIC, INC.,**<br><br>Counter-Claimant,<br><br>v.<br><br>**WILHEN HILL BARRIENTOS, MARGARITO VELAZQUEZ GALICIA, and SHOAIB AHMED** individually and on behalf of all others similarly situated,<br><br>Counter-Defendants. | |

**PLAINTIEFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Wilhen Hill Barrientos, et al. ("Plaintiffs") by and through their undersigned counsel hereby request and demand that Defendant CoreCivic, Inc. (Defendant) produce within thirty (30) days of service hereof all of the documents, electronically stored information (including all metadata described herein), and tangible things in their possession, custody, or control reflecting, evidencing, constituting, supporting, referring or relating in any way, directly or indirectly, to those matters addressed below (the "Requests for Production").  All hard copy documents, electronically stored information, and tangible things in Defendant's possession, custody, or control should be

1

produced at the office of Perkins Coie LLP, located at 1155 Avenue of the Americas, New York, New York 10036-2711, or by email transmitting the relevant FTP site instructions to Plaintiffs' counsel consistent with the Order for Data Preservation and Production (Doc. 68).

## DEFINITIONS AND INSTRUCTIONS

A. All applicable definitions and rules of construction set forth in the Federal Rules of Civil Procedure are hereby incorporated by reference.

B. "Litigation" shall mean the litigation bearing Civil Action No. 4:18-cv-00070-CDL and pending in the United States District Court for the Middle District of Georgia.

C. The "Complaint" shall mean the Complaint filed in the Action and any amendments thereto.

D. "CoreCivic" shall refer to CoreCivic, Inc., the Defendant in the Litigation. Any reference to CoreCivic is also a reference to CoreCivic's officers, directors, employees, partners, corporate parents, subsidiaries, agents, attorneys, consultants, and affiliates, and any other persons acting for it or on its behalf. Any reference to CoreCivic also encompasses any prior company name or corporate predecessor, including but not limited to Corrections Corporation of America ("CCA"), as well as the officers, directors, employees, partners, corporate parents, subsidiaries, and affiliates of any prior company or corporate predecessor including but not limited to CCA, and any other persons acting for it or on its behalf.

E. The terms "named Plaintiffs" and "Plaintiffs" shall refer to any Plaintiffs named in the Complaint or any amended complaints the Plaintiffs file during the course of the Litigation.

F. The term "Stewart County" refers to Stewart County, Georgia, and any entity or agency thereof.

G. The term "SDC" refers to Stewart Detention Center, located at 146 CCA Road, Lumpkin, Georgia, 31815, and operated by Defendant pursuant to contracts with U.S. Immigration and Customs Enforcement ("ICE") and/or Stewart County, Georgia.

H. The term "DHS" shall mean the U.S. Department of Homeland Security.

I. The term "ICE" shall mean the U.S. Immigration Customs Enforcement.

J. The term "OIG" shall mean DHS Office of the Inspector General.

K. The Term "OCRCL" shall mean the DHS Office of Civil Rights and Civil Liberties.

L. The term "Work Program" is defined as any program CoreCivic operates at SDC involving labor performed by detained individuals of any kind that includes tasks other than the four tasks enumerated in Section 5.8.V.C. of the 2011 ICE Performance-Based National Detention Standard ("PBNDS") (rev. 2016).

M. The term "Work Program Participant" is defined as any individual who participated or is participating in the Work Program in any way and for any amount of time.

N. The term "Detained Individual" means any individual who was or is being detained at SDC.

O. The term "Compensation" means all monies and benefits, including: salaries, hourly wages, overtime wages, commissions, raises, bonuses, or any other benefits given in return for work, tasks, and/or duties.

P. The term "Hours" includes full hours and partial hour(s).

Q. The term "Segregation" includes special management units, restrictive housing, protective custody, administrative segregation, disciplinary segregation, and any other housing

placement in which Detained Individuals are confined to a cell for 22 hours or more per day for any purpose other than medical isolation, mental health observation, and suicide watch.

R. "Policies and Procedures" mean each rule, order, directive, procedure, practice, guideline, guidance, common understanding, or course of conduct, whether formal or informal, written or unwritten, or recognized or unrecognized by CoreCivic or persons acting or purporting to act on CoreCivic's behalf, that has been in effect at any time during the period covered by these Requests for Production. These terms include any changes to Policies and Procedures.

S. "Relevant period" means the period from December 23, 2008 through the present for all requests.

T. "You" and "Your" shall mean CoreCivic, as defined above.

U. The term "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present officers, directors, employees, and agents, along with all others acting or purporting to act on such Person's behalf.

V. The term "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including, but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, text message, instant message, internet posting, letter, electronic mail ("email"), WhatsApp, or other written, verbal or digital medium.

W. The term "Document" shall have the broadest meaning possible under the

Federal Rules of Civil Procedure, including, but not limited to, all originals, non-identical copies and drafts of any written, printed, handwritten, recorded or graphic matter of any kind, however produced or reproduced, and regardless of where located, including, but not limited to, any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communication, email message, text message, instant message, WhatsApp message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, video file or motion picture, and electronic, mechanical, or electrical record or representation of any kind, including, but not limited to, tape, cassette, disc, magnetic card, or recording.  "Document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

   X. The terms "relating to" and "referring to" shall be read and applied as interchangeable and shall be construed in the broadest sense to mean discussing, supporting, describing, concerning, relating to, referring to, pertaining to, containing, analyzing, evaluating, studying, recording, memorializing, reporting on, commenting on, reviewed in connection or conjunction with, evidencing, setting forth, contradicting, refuting, considering, recommending, or constituting, in whole or in part.

   Y. The words "and" and "or" shall be construed to be either conjunctive or disjunctive as the context requires so that each Request for Production shall be construed broadly rather than narrowly.

Z. Each Request for Production seeks production of each Document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each Document.

AA. The plural shall include the singular and the singular shall include the plural as the context requires so that each Request for Production shall be construed broadly rather than narrowly.

BB. If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be redacted from the Document and the rest shall be produced.

CC. If any Document requested herein, or any portion thereof, is withheld on the basis of any claim of privilege, you are requested to submit, in lieu of any such Document or redacted portion, a privilege log consistent with the Order for Data Preservation and Production (Doc. 68).

DD. All Documents are to be produced in accordance with the Order for Data Preservation and Production (Doc. 68) and organized and labeled to correspond with the categories in this Request for Production.

EE. Each Request for Production shall be deemed continuing so as to require prompt supplemental responses, in accordance with the Federal Rules of Civil Procedure, if you obtain or discover additional Documents between the time of initial production and the time of deposition, settlement or trial.

**DOCUMENT REQUESTS**

**DOCUMENT REQUEST #1**

Please provide any and all DOCUMENTS RELATING TO CORECIVIC POLICIES AND PROCEDURES, trainings for CORECIVIC'S employees and agents, and/or

COMMUNICATIONS by or directed to CORECIVIC employees and agents RELATING TO the WORK PROGRAM during the RELEVANT PERIOD.

**DOCUMENT REQUEST #2**

Please provide every handbook, rulebook, code of conduct, orientation packet, orientation video, or similar COMMUNICATION from CORECIVIC to DETAINED INDIVIDUALS at SDC during the RELEVANT PERIOD.

**DOCUMENT REQUEST #3**

Please provide any and all DOCUMENTS, including but not limited to organization charts, sufficient to show CORECIVIC'S organizational structure of all individuals whose responsibilities or conduct relate(d) in any way to SDC during the RELEVANT PERIOD.

**DOCUMENT REQUEST #4**

Please provide any and all DOCUMENTS summarizing, constituting or recording any agreements, contracts, or subcontracts governing performance of any function or provision of any service related to the WORK PROGRAM during the RELEVANT PERIOD.

**DOCUMENT REQUEST #5**

Please provide any and all DOCUMENTS related to CORECIVIC'S bid for and procurement of any contract with ICE and/or STEWART COUNTY to operate SDC in effect during the RELEVANT PERIOD.

**DOCUMENT REQUEST #6**

Please provide any and all DOCUMENTS summarizing, constituting or recording the amount of COMPENSATION or other consideration received by CORECIVIC from STEWART COUNTY and/or ICE related to the operation of SDC during the RELEVANT PERIOD.

**DOCUMENT REQUEST #7**

Please provide any and all DOCUMENTS RELATING TO any CORECIVIC POLICIES AND PROCEDURES for providing DETAINED INDIVIDUALS food, clothing, blankets, toilet paper, shampoo, soap, toothbrushes, or any other hygiene or personal items in effect during the RELEVANT PERIOD.

**DOCUMENT REQUEST #8**

Please provide any and all DOCUMENTS reflecting the type, inventory, volume, and price of goods sold at the SDC commissary during the RELEVANT PERIOD.

**DOCUMENT REQUEST #9**

Please provide all WORK PROGRAM PARTICIPANT payroll DOCUMENTS, including, but not limited to, invoices to ICE, commissary account records, and any DOCUMENTS reflecting or recording jobs or positions worked and work schedules for and HOURS worked during the RELEVANT PERIOD.

**DOCUMENT REQUEST #10**

Please provide all payroll DOCUMENTS for all CORECIVIC employees, contractors, subcontractors, or other agents who performed or are performing any service at SDC of the type that is or was performed by any WORK PROGRAM PARTICIPANT during the RELEVANT PERIOD.

**DOCUMENT REQUEST #11**

Please provide any and all DOCUMENTS RELATING TO staffing plans and/or vacancies of CORECIVIC employees or agents at SDC during the RELEVANT PERIOD, including but not limited to daily, weekly, and monthly staffing plans, as well as CORECIVIC'S monthly reports submitted to the Contracting Officer's Technical Representative reflecting staff vacancy rates and individual vacancies at SDC during the RELEVANT PERIOD.

**DOCUMENT REQUEST #12**

Please provide all commissary purchase logs and summaries for all DETAINED INDIVIDUALS during the RELEVANT PERIOD.

**DOCUMENT REQUEST #13**

Please provide any and all DOCUMENTS RELATING TO, constituting, or recording the findings of any inspections or audits of SDC by DHS, ICE, OIG, OCRCL, STEWART COUNTY, and/or any other private or public entity during the RELEVANT PERIOD.

**DOCUMENT REQUEST #14**

Please provide any and all DOCUMENTS that refer or relate to any CORECIVIC POLICIES AND PROCEDURES for conducting disciplinary or corrective action against DETAINED INDIVIDUALS related to the WORK PROGRAM during the RELEVANT PERIOD. This request includes but is not limited to any DOCUMENTS related to training by ICE or ANY CORECIVIC POLICIES AND PROCEDURES for conducting disciplinary or corrective action during the RELEVANT PERIOD.

**DOCUMENT REQUEST #15**

Please provide any and all DOCUMENTS summarizing, constituting, recording or referencing any disciplinary or corrective action – or proposal to implement such action – including loss of commissary access or other privileges, change in housing placement, SEGREGATION placement and/or initiation of criminal proceedings, against DETAINED INDIVIDUALS taken during the RELEVANT PERIOD which arise from, reference or concern the WORK PROGRAM.

**DOCUMENT REQUEST #16**

Please provide any and all DOCUMENTS summarizing, constituting, recording or

referencing any disciplinary or corrective action – or proposal to implement such action – against CORECIVIC employees or agents taken during the RELEVANT PERIOD which arise from, reference or concern the WORK PROGRAM.

**DOCUMENT REQUEST #17**

Please provide any and all DOCUMENTS that refer or relate to any guidelines, rules, CORECIVIC POLICIES AND PROCEDURES, or regulations RELATING TO the housing of DETAINED INDIVIDUALS, including but not limited to classification of DETAINED INDIVIDUALS and housing assignments in effect during the RELEVANT PERIOD.

**DOCUMENT REQUEST #18**

Please provide any and all DOCUMENTS RELATING TO, constituting or recording grievances filed or presented in any manner, either formally or informally, by DETAINED INDIVIDUALS during the RELEVANT PERIOD.

**DOCUMENT REQUEST #19**

Please provide any and all DOCUMENTS that refer or relate to the NAMED PLAINTIFFS' detention at SDC. This includes, but is not limited to: (i) all DOCUMENTS that refer or relate to HOURS spent by PLAINTIFFS performing work in the WORK PROGRAM, tasks and/or the duties performed, and COMPENSATION received; (ii) all documents reflecting commissary account balances, purchases, withdrawals, and deposits; (iii) all DOCUMENTS that refer or relate to any disciplinary or corrective action taken against or threatened to be taken against PLAINTIFFS during the RELEVANT PERIOD; (iv) all DOCUMENTS reflecting PLAINTIFFS' bed and/or housing assignments at SDC; (v) all DOCUMENTS YOU provided to, received from, or that were signed by PLAINTIFFS; (vi) PLAINTIFFS' detention files; and (vii) PLAINTIFFS' medical records.

**DOCUMENT REQUEST #20**

Please provide any and all DOCUMENTS YOU relied on and/or consulted in preparing YOUR responses to Interrogatories served upon YOU by PLAINTIFFS.

| | |
|---|---|
| Dated: August 21, 2020 | Respectfully submitted, |

/s/ Meredith B. Stewart
Meredith B. Stewart*
**SOUTHERN POVERTY LAW CENTER**
201 Saint Charles Avenue, Suite 2000
New Orleans, LA 70170
Telephone: (504) 486-8982
Facsimile: (504) 486-8947
meredith.stewart@splcenter.org

Caitlin J. Sandley (GA Bar No. 610130)
**SOUTHERN POVERTY LAW CENTER**
400 Washington Ave.
Montgomery, AL 36104
Telephone: (334) 303-6822
Facsimile: (334) 956-8481
cj.sandley@splcenter.org

Laura Rivera (GA Bar No. 143762)
Rebecca Cassler (GA Bar No. 487886)
**SOUTHERN POVERTY LAW CENTER**
150 E. Ponce de Leon Avenue, Suite 340
Decatur, GA, 300030
Telephone: (404) 521-6700
Facsimile: (404) 221-5857
laura.rivera@splcenter.org
rebecca.cassler@splcenter.org

R. Andrew Free*
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221x1
Facsimile: (615) 829-8959
andrew@immigrantcivilrights.com

Azadeh Shahshahani (GA Bar No. 509008)
Priyanka Bhatt (GA Bar No. 307315)
**PROJECT SOUTH**
9 Gammon Avenue SE
Atlanta, A 30315
Telephone: (404) 622-0602
Facsimile: (404) 622-4137
azadeh@projectsouth.org
priyanka@projectsouth.org

Alan B. Howard*
John T. Dixon*
Emily B. Cooper*
**PERKINS COIE LLP**
1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711
Telephone: (212) 262-6900
Facsimile: (212) 977-1649
AHoward@perkinscoie.com
JohnDixon@perkinscoie.com
ECooper@perkinscoie.com

Jessica Tseng Hasen*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-3293
Facsimile: (206) 359-9000
jhasen@perkinscoie.com

Korey A. Nelson*
Lydia A. Wright*
**BURNS CHAREST LLP**
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
knelson@burnscharest.com
lwright@burnscharest.com

Warren T. Burns*
Daniel H. Charest*
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com
dcharest@burnscharest.com

*Admitted *pro hac vice*
**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this date I served this document on all Counsel for Defendant via email.

Dated:  August 21, 2020                                      s/ Meredith B. Stewart