# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| WILHEN HILL BARRIENTOS, MARGARITO VELAZQUEZ GALICIA, and SHOAIB AHMED individually and on behalf of all others similarly situated, | Civil Action No. 4:18-cv-00070-CDL |
| Plaintiffs, | |
| v. | |
| CORECIVIC, INC., | |
| Defendant. | |
| CORECIVIC, INC., | |
| Counter-Claimant, | |
| v. | |
| WILHEN HILL BARRIENTOS, MARGARITO VELAZQUEZ GALICIA, and SHOAIB AHMED individually and on behalf of all others similarly situated, | |
| Counter-Defendants. | |

**CORECIVIC'S RESPONSE TO PLAINTIFFS' FIRST REQUEST**
**FOR PRODUCTION OF DOCUMENTS**

Defendant/Counter-Claimant, CoreCivic, Inc. Defendant/Counter-Claimant CoreCivic, Inc. ("CoreCivic"), through counsel, responds to Plaintiffs' First Request for Production of Documents, pursuant to Rules 26 and 34, Federal Rules of Civil Procedure. CoreCivic reserves the right to supplement these responses as necessary.

**GENERAL OBJECTIONS AND PREFATORY NOTES**

1.      The information supplied in the following Responses to Plaintiffs' First Request for Production of Documents is not based upon personal knowledge of the individual signing this

document, but upon information resulting from inquiry made of the person(s) with personal knowledge. The word use and sentence structure may be that of the attorney(s) assisting in the preparation of the Responses to the Request for Production and thus does not necessarily purport to be the precise language of the executing party.

2.      CoreCivic objects to Plaintiffs' failure to narrowly tailor the requested discovery to the claims against it, which essentially seeks production of every document and communication generated by CoreCivic at or about SDC at any time during the past 12 years. As a result of this failure—including repeated requests for information that are not within CoreCivic's custody or control—CoreCivic has been forced to incur unnecessary fees. As a result, CoreCivic reserves the right to request reimbursement of its fees pursuant to 28 U.S.C. § 1927.

3.      By responding or providing any information in response to Plaintiffs' First Request for Production of Documents, CoreCivic does not concede materiality or relevancy of the subject to which it refers.

4.      CoreCivic objects to each Document Request to the extent that the instructions/definitions purport to impose obligations greater than those created by the Rules of Civil Procedure and the Court's July 17, 2020 Order for Data Preservation and Production (ECF 68).

5.      CoreCivic objects to each Document Request to the extent that it seeks information in documents that are public records and available through Plaintiffs' own efforts, or have already been requested and/or obtained by Plaintiffs through a Public Records Request or third-party subpoena, as well as those documents previously disclosed and produced by any party in this matter.

6.      CoreCivic objects to each Document Request to the extent that Plaintiffs define "CoreCivic" to include its attorneys, and thereby seeks production of documents in the possession of CoreCivic's in-house counsel and/or any outside counsel retained by CoreCivic who assisted or provided legal counsel, advice, or defense in any matter related to the Stewart

Detention Center. Such a construction is overbroad, unduly burdensome, invades the attorney-client privilege and attorney work product protection, and is disproportional to the needs of the case.

7.      CoreCivic objects to each Document Request as vague, ambiguous, and overbroad to the extent that they can be construed to include any detainee as an "employee" or "agent" within the definition of CoreCivic. Such a construction would also be unduly burdensome and require the production of documents in the physical possession and custody of third parties over which CoreCivic has no legal control to obtain aside from a subpoena.

8.      CoreCivic objects that these requests are vague, ambiguous, unduly burdensome, and not proportional to the needs of the case to the extent that Plaintiffs define the term "Plaintiffs" to include prospective future "Plaintiffs named … in any amended complaints the Plaintiffs may file during the course of the litigation." Plaintiffs have not identified any person who may be added as an additional party, and at the time of preparing these responses and objections, CoreCivic cannot fairly provide a response to any request with respect to any individual Plaintiff (currently unknown to CoreCivic in both name and number) aside from the three named in the operative Complaint, to wit, Wilhen Hill-Barrientos (A# 208280127), Roberto Valazquez (A# 216402915, a/k/a Margarito Velazquez Garcia), and Shoaib Ahmed (A# 209292097).

9.      CoreCivic objects that the defined term "Work Program" is vague, ambiguous, and overbroad to the extent that it includes any activity beyond the scope of the Voluntary Work Program as described in ICE PBNDS 5.8. Similarly, CoreCivic objects that the defined "Work Program Participant" is vague, ambiguous, and overbroad to the extent that it can be construed to include any detainee who did not receive monetary compensation in accord with ICE PBNDS 5.8 V.K. Any construction of these terms beyond these limitations (specifically including but not limited to allegations that detainees at SDC cleaned any areas of the facility beyond the personal housekeeping tasks enumerated in PBNDS 5.8 V.C. under threat of discipline and where the work was unpaid) are overbroad, unduly burdensome, not relevant, and not proportional to the

needs of the case, where such claims have already been certified as a nationwide class of ICE detainees at CoreCivic facilities, during an identical time period (the National Forced Labor Class, in *Owino v. CoreCivic,* S.D. Cal. No. 3:17-cv-01112-JLS-NLS), and where no Plaintiff has opted out of that separate action. Further, such an expansive construction of the request is neither relevant nor proportional, where the forced labor claims alleged in the operative Complaint here are that detainees were coerced to accept compensated positions in the VWP in order to have money in their accounts to purchase commissary and other items, *not* to provide uncompensated cleaning. Based upon this objection, CoreCivic limits its construction of the terms "Work Program" and "Work Program Participant" to those described above.

10.     In addition to the general objections set forth above, CoreCivic will also state other specific objections to Document Requests where appropriate, including objections that are not generally applicable to all the Document Requests. By setting forth such specific objections, CoreCivic does not intend to limit the general objections set forth above. To the extent that CoreCivic responds to Document Requests to which it objects, such response is to the non-objectionable portion of the request as required by Fed. R. Civ. P. 34(b)(2)(C), and should not be construed as a general waiver of all objections to a request as propounded.

11.     To the extent that CoreCivic identifies any relevant, responsive, and non-objectionable items that are privileged, such items will not be produced, but will be identified pursuant to Fed. R. Civ. P. 26(b)(5). In addition, the inadvertent disclosure of privileged information or release of privileged documents shall not constitute a waiver of any applicable privilege. (*See* Doc. 67.)

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION No. 1:**

Please provide any and all DOCUMENTS RELATING TO CORECIVIC POLICIES AND PROCEDURES, trainings for CORECIVIC'S employees and agents, and/or COMMUNICATIONS by or directed to CORECIVIC employees and agents RELATING TO the WORK PROGRAM during the RELEVANT PERIOD.

**RESPONSE:**

CoreCivic objects that this request is compound and contains three separate and distinct subparts, specifically requests for: (1) policies and procedures relating to the Voluntary Work Program; (2) employee training related to the Voluntary Work Program; and, (3) communications involving CoreCivic employees relating to the Voluntary Work Program. With respect to all subparts, this request is also vague, ambiguous, and overbroad as to scope, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that this request is not limited to SDC but encompasses all CoreCivic facilities. Further, with respect to all subparts, this request is overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period. The following additional separate objections and responses are provided for each subpart.

With respect to Subpart 1, CoreCivic objects that this request is overbroad, unduly burdensome, not relevant, and is not proportional to the needs of the case to the extent it seeks production of "documents relating to CoreCivic policies and procedures", rather than the actual policies and procedures applicable at SDC relating to the Voluntary Work Program during the relevant period. Further, to the extent that the first subpart seeks actual policies and procedures implemented and approved at SDC, this request is duplicative of documents previously disclosed and produced by CoreCivic.

With respect to Subpart 2, CoreCivic objects that this request is overbroad, not relevant, and not proportional to the needs of the case since Plaintiffs' claims relate to CoreCivic's policies, and Plaintiffs do not assert a cause of action for failure to train.

With respect to Subpart 3, CoreCivic objects that it is overbroad, unduly burdensome, not relevant, and not proportional to the extent it seeks production of ESI which can only be discovered through an email or system search and where the parties

have not conferred or even attempted to reach agreement on an iterative search protocol, including appropriate search terms and queries, file type and date restrictions,  and data sources, and custodians, as required by Paragraph 14 of the Court's July 17, 2020 Order for Data Preservation and Production (Doc. 68). CoreCivic further objects that any communications relating to the specific Voluntary Work Program participation of any individual detainee aside from the three currently named individual Plaintiffs, as opposed to communications relating generally to the operation and functioning of the program at a facility level, are not relevant, and efforts to identify and produce them are not proportional to the needs of the case, as a class has not yet been certified. Moreover, to the extent it relates to communications relating to the three current individually named Plaintiffs' participation in the Voluntary Work Program, is it duplicative of Subpart 1 of Request for Production No. 19.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), foregoing general objections 5-9, and the preceding specific objections, responsive materials are being withheld as to those objectionable parts (and subparts) of the request. With respect to each subpart, CoreCivic responds as follows:

Subpart 1 – CoreCivic believes that it has previously disclosed and produced every known available iteration of the policies approved and implemented at SDC relating to the Voluntary Work Program during the relevant period. *See* CCBVA0000003929 through CCBVA0000003952).  Additionally, CoreCivic is producing every known version of the attachments (forms) and appendices to SDC Policy 19-100 (CCBVA0000004609 through CCBVA00004640), copies of the approved SDC Work/Program Plan Guidelines (CCBVA0000004641 through CCBVA0000004648), and an Index of Facility Policies for SDC (CCBVA0000004649) during the relevant period and will meet and confer with Plaintiffs' counsel regarding any additional policies which they contend may be relevant for possible supplemental production.

Subpart 2 – CoreCivic has not yet identified any training it provides to CoreCivic employees at SDC which relates to the Voluntary Work Program. Should any such training be identified, CoreCivic will produce the training materials used in any such training course.

Subpart 3 – CoreCivic has not yet identified any responsive communications involving its employees which relate to the Voluntary Work Program, (aside from those responsive to Subpart 1 of Request for Production No. 19). Such documents would be most efficiently located through an email search, and CoreCivic anticipates producing responsive ESI once the parties have agreed to an iterative search protocol which covers this and other document requests which similarly can be most efficiently located through an email search.

<u>REQUEST FOR PRODUCTION No. 2</u>:

Please provide every handbook, rulebook, code of conduct, orientation packet, orientation video, or similar COMMUNICATION from CORECIVIC to DETAINED INDIVIDUALS at SDC during the RELEVANT PERIOD.

<u>RESPONSE</u>:

CoreCivic objects that this request is vague, ambiguous, overbroad as to subject, and not relevant, to the extent it seeks detainee orientation materials which have no nexus to the claims in the Complaint, such as, for example, health services orientation, information regarding facility PREA procedures, or information provided by the Legal Orientation Program. This request is also overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period. CoreCivic further objects that this request is unduly burdensome and not proportional to the extent that it can be construed to require production of the individual detainee files for each of the more than

145,000 ICE bookings detained at SDC at any time since December 23, 2008, where each paper detainee file contains each detainee's individual acknowledgment of orientation and acknowledgment of certain policies and procedures. Finally, this request is duplicative of documents previously disclosed and produced by CoreCivic; with respect to the three Plaintiffs individually named in the Complaint, it is also duplicative of Request for Production No. 19.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the foregoing general objections 5-9, and the preceding specific objections, responsive materials are being withheld as to those objectionable parts of the request.

CoreCivic believes it has previously produced all known available iterations of the Detainee Handbook and Detainee Handbook Supplement utilized at SDC during the relevant period, which contain information relating to the Voluntary Work Program, Telephone Services, Commissary Operations, and ICE Code of Conduct. *See* CCBVA0000000001 through CCBVA0000000339). Further, CoreCivic has previously produced all known available facility detention files for the three named Plaintiffs, which contain any orientation and policy acknowledgments used during their detention. *See* CCBVA0000003977 through CCBVA0000004100; CCBVA0000004308 through CCBVA0000004348; and, CCBVA0000004398 through CCBVA0000004526. Nevertheless, CoreCivic is also producing copies of CoreCivic-generated postings related to the Voluntary Work Program on the detainee bulletin boards in each housing unit (CCBVA0000004650 through CCBVA0000004654), a copy of the forms included in the current detainee Intake Packet (CCBVA0000004655 through CCBVA0000004675), and a copy of the forms used for the Voluntary Work Program job application and position descriptions currently used at SDC (CCBVA0000004676 through CCBVA0000004710).

/ / /

/ / /

**REQUEST FOR PRODUCTION No. 3:**

Please provide any and all DOCUMENTS, including but not limited to organization charts, sufficient to show CORECIVIC'S organizational structure of all individuals whose responsibilities or conduct relate(d) in any way to SDC during the RELEVANT PERIOD.

**RESPONSE:**

**CoreCivic objects that this request is vague, ambiguous, overbroad as to subject and area of responsibility, and not relevant, to the extent it seeks information pertaining to individuals and positions which have no nexus to the claims in the Complaint. CoreCivic also objects that this request is vague and ambiguous, overbroad as to time and location, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that this request seeks production of prior and subsequent organizational charts for any other CoreCivic facility, simply because an individual who at one time worked at SDC either transferred from or to another CoreCivic facility. CoreCivic also objects that this request is vague and ambiguous to the extent that the phrase "sufficient to show" is undefined by Plaintiffs and is inherently subjective. This request is also overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period. Finally, it is likely that some job titles and positions relevant to the claims alleged in the Complaint may not be official job titles, but rather designated areas of responsibility and therefore will not appear on CoreCivic's organizational charts or human resources records systems; therefore, this request is not proportional as such information may be more easily obtained through other avenues of discovery.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the foregoing general objections 5-9, and the preceding specific objections, responsive materials are being withheld as to those objectionable parts of the request.**

**Without waiving those objections, CoreCivic is producing a copy of the known SDC facility organizational chart (CCBVA0000004711).**

## REQUEST FOR PRODUCTION No. 4:

Please provide any and all DOCUMENTS summarizing, constituting or recording any agreements, contracts, or subcontracts governing performance of any function or provision of any service related to the WORK PROGRAM during the RELEVANT PERIOD.

## RESPONSE:

**CoreCivic objects that this request is vague and ambiguous as to the phrase "any agreements, contracts, or subcontracts governing performance of any function or provision of any service related to" the Voluntary Work Program. This request is also vague, ambiguous, and overbroad as to scope, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that this request is not limited to SDC but encompasses all CoreCivic facilities. Further, this request is overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period. Further to the extent that this request is limited to SDC, this request seeks the production of documents which CoreCivic has already disclosed and produced; and is duplicative of Request for Production Nos. 2 and 5, the separate objections to which are incorporated by reference as if set forth fully herein.**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the foregoing general objections 5-9, and the preceding specific objections, responsive materials are being withheld as to those objectionable parts of the request.**

**Without waiving those objections, CoreCivic previously produced a complete copy of the IGSA relating to the operation of SDC, all modifications, task orders, and task order modifications thereto in its possession, and all applicable INS and ICE standards**

incorporated therein. *See* **CCBVA0000000340 through CCBVA0000003771. In addition, CoreCivic is producing a copy of the forms used for the Voluntary Work Program and detainee detail position descriptions (CCBVA0000004609 through CCBVA0000004640; and, CCBVA0000004676 through CCBVA0000004710).**

**REQUEST FOR PRODUCTION No. 5:**

Please provide any and all DOCUMENTS related to CORECIVIC'S bid for and procurement of any contract with ICE and/or STEWART COUNTY to operate SDC in effect during the RELEVANT PERIOD.

**RESPONSE:**

**CoreCivic objects that this request is overbroad, unduly burdensome, not relevant, and is not proportional to the needs of the case to the extent it seeks production of "documents relating to CoreCivic's bid for and procurement of any contract", rather than the actual contract documents and proposals applicable to SDC. Further, this request is overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that it seeks documents relating to the "operation" of SDC, which includes information with no nexus to the allegations of the complaint, such as the extension of facility fence lines, medical services, and parking for ICE and Executive Office of Immigration Review employees. This request is also overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that it seeks any information relating to any prospective contracts which were cancelled, not agreed, or not awarded, including but not limited to proposals for use of the facility with non-ICE government partners to house sentenced prisoners. CoreCivic also objects that this request is overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period.**

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the foregoing general objections 5-9, and the preceding specific objections, responsive materials are being withheld as to those objectionable parts of the request.

Without waiving those objections, CoreCivic previously produced a complete copy of the IGSA relating to the operation of SDC, all modifications, task orders, and task order modifications thereto in its possession, and all applicable INS and ICE standards incorporated therein. *See* CCBVA0000000340 through CCBVA0000003771. In addition, CoreCivic is producing additional pre-award documents it has in its possession related to the IGSA entered between Stewart County and ICE in 2006 (CCBVA0000004712 through CCBVA0000004716).

<u>REQUEST FOR PRODUCTION No. 6</u>:

Please provide any and all DOCUMENTS summarizing, constituting or recording the amount of COMPENSATION or other consideration received by CORECIVIC from STEWART COUNTY and/or ICE related to the operation of SDC during the RELEVANT PERIOD.

<u>RESPONSE</u>:

CoreCivic objects that this request is overbroad, unduly burdensome, not relevant, and is not proportional to the needs of the case to the extent it seeks multiple documents and forms containing duplicative information, and where there is no good cause to justify efforts necessary to collect and produce duplicative evidence from myriad sources. Furthermore, documents relating to the compensation received by CoreCivic for the operation of SDC to house ICE detainees are not relevant and bear no rational nexus to the claims at issue, where CoreCivic does not receive direct reimbursement for detainee VWP compensation, receives compensation for providing additional outside guard hours while a detainee is outside the secure perimeter of the facility, receives compensation for transportation of detainees between other facilities, and may be subject to adjustments in

payment for matters unrelated to any claims raised in the Complaint. [1] Rather, compensation received by CoreCivic is set forth in the applicable contract documents, CCBVA0000000340 through CCBVA0000001316, at a fixed per diem rate. Further, this request is overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the foregoing general objections 5-9, and the preceding specific objections, responsive materials are being withheld as to those objectionable parts of the request.

Without waiving and subject to those objections, Plaintiffs may wish to view CoreCivic's audited financial statements and reports which are publicly available and are currently posted at: http://ir.corecivic.com/financial-information/sec-filings. Further, CoreCivic is producing a sample of its recent invoices submitted to ICE, with complete supporting documentation related to the per diem rate calculation, (CCBVA0000004717 through CCBVA0000005460). CoreCivic is willing to meet and confer with Plaintiffs' counsel following this production as to whether the probative value of invoices for any other months are relevant or proportional to the needs of the case, and whether, if relevant, such information can be more easily obtained from other sources, particularly in light of some of Plaintiffs' other discovery requests.

---

[1] CoreCivic further notes and objects that to the extent that Plaintiffs contend this request is relevant to CoreCivic's counter-claim, it is premature, as Plaintiffs have a pending motion to dismiss the counter-claim.

**REQUEST FOR PRODUCTION No. 7:**

Please provide any and all DOCUMENTS RELATING TO any CORECIVIC POLICIES AND PROCEDURES for providing DETAINED INDIVIDUALS food, clothing, blankets, toilet paper, shampoo, soap, toothbrushes, or any other hygiene or personal items in effect during the RELEVANT PERIOD.

**RESPONSE:**

**CoreCivic objects that this request is vague and ambiguous, overbroad, unduly burdensome, not relevant, and is not proportional to the needs of the case to the extent it seeks production of "documents relating to" policies and procedures, rather than the actual policies and procedures applicable to SDC. CoreCivic also objects that this request is vague, ambiguous, not relevant, and not proportional to the needs of the case with respect to the undefined phrase "other … personal items," which would include individual detainees' property received at the facility during each detainee's intake (which is stored in accordance with the PBNDS) or items received during detention such as personal and legal mail, which have no nexus to any claims in this matter. Further, this request is overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that it is not limited to operations at SDC but encompasses all other CoreCivic facilities. CoreCivic also objects that this request is overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period. CoreCivic further objects that this request is unduly burdensome, and not proportional to the needs of the case the extent that it is construed to require production of individual detainee files for each of the more than 145,000 ICE bookings detained at SDC at any time since December 23, 2008, where each paper detainee file contains documentation relating to the clothing, blankets, and hygiene items issued to each detainee at SDC.**

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the foregoing general objections 5-9, and the preceding specific objections, responsive materials are being withheld as to those objectionable parts of the request.

Without waiving and subject to those objections, Plaintiffs are directed to the detainee handbooks, contract documents, relevant SDC policies and detainee records previously disclosed and produced. *See* CCBVA0000000001 through CCBVA0000003781; CCBVA0000003898 through CCBVA0000003928; CCBVA0000003977 through CCBVA0000004100; CCBVA0000004308 through CCBVA0000004348; and CCBVA0000004398 through CCBVA0000004526. CoreCivic is also producing photographs of items issued at intake and a sample of recent purchase orders and invoices for some of the materials provided to detainees at SDC (CCBVA0000005461 through CCBVA0000005656). CoreCivic is willing to meet and confer with Plaintiffs' counsel following this production as to the probative value of these documents and whether the effort to identify and produce them is relevant or proportional to the needs of the case.

## REQUEST FOR PRODUCTION No. 8:

Please provide any and all DOCUMENTS reflecting the type, inventory, volume, and price of goods sold at the SDC commissary during the RELEVANT PERIOD.

## RESPONSE:

CoreCivic objects that this request is vague, ambiguous, overbroad, unduly burdensome, not relevant, and is not proportional to the needs of the case to the extent it seeks multiple documents and forms containing duplicative information, and there is no good cause to justify efforts necessary to collect and produce duplicative evidence from myriad sources. CoreCivic also objects that this request is unduly burdensome and not proportional to the needs of the case to the extent it calls for the individual generation of Commissary Summary by Receipt Number Reports and individually submitted commissary orders which may exist for each of the more than 145,000 ICE detainee bookings for individuals held at SDC at any time from December 23, 2008 to the present,

regardless of whether such detainees participated in the Voluntary Work Program. Further, this request is overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period. CoreCivic also objects that this request is duplicative in part of Request for Production No. 19.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the foregoing general objections 5-9, and the preceding specific objections, responsive materials are being withheld as to those objectionable parts of the request.

Without waiving those objections, Plaintiffs are directed to the previously produced contract documents, standards, relevant policies, commissary order history reports for the individual named Plaintiffs, and Commissary Inventory Item Listing. *See,* CCBVA0000000340 through CCBVA0000003781; CCBVA0000003965 through CCBVA0000003976; CCBVA0000004117 through CCBVA0000004126; CCBVA0000004355 through CCBVA0000004357; CCBVA0000004550 through CCBVA0000004559; and, CCBVA0000004606 through CCBVA0000004608. CoreCivic is also producing a sample of recent monthly SDC Commissary Physical Inventory Reports; invoices for commissary items ordered at SDC; an updated Commissary price list; and a copy of the SDC Commissary Guide. (CCBVA0000005657 through CCBVA0000006055). CoreCivic is willing to meet and confer with Plaintiffs' counsel following this production as to the identification of which form of these substantially duplicative materials will best balance the burden of production with Plaintiffs' need for the information requested.

<u>**REQUEST FOR PRODUCTION No. 9:**</u>

Please provide all WORK PROGRAM PARTICIPANT payroll DOCUMENTS, including, but not limited to, invoices to ICE, commissary account records, and any

DOCUMENTS reflecting or recording jobs or positions worked and work schedules for and HOURS worked during the RELEVANT PERIOD.

**RESPONSE**:

CoreCivic objects that this request is vague, ambiguous, overbroad, unduly burdensome, not relevant, and is not proportional to the needs of the case to the extent it seeks multiple documents and forms containing duplicative information, and there is no good cause to justify efforts necessary to collect and produce duplicative evidence from myriad sources. This request is also vague, ambiguous, and overbroad as to scope, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that this request is not limited the SDC but encompasses all CoreCivic facilities. Further, this request is overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period. CoreCivic also objects that this request is vague and ambiguous with respect to the term "commissary account records" and further inaccurately assumes that CoreCivic's Commissary Summary by Receipt Number Reports reflects amounts of compensation provided to Voluntary Work Program participants.[2] CoreCivic also objects that this request is unduly burdensome and not proportional to the needs of the case to the extent it calls for the individual generation of Account Summary Reports which may exist for each of the more than 145,000 ICE detainee bookings from December 23, 2008 to the present, regardless of whether such detainees participated in the Voluntary Work Program. CoreCivic further objects that this request is unduly

---

[2] For purposes of this response, CoreCivic presumes that Plaintiffs instead intended to seek production of CoreCivic's Account Summary Reports, which are based upon the individual inmate trust accounts maintained pursuant to PBNDS 2.5 and 5.1.

burdensome and not proportional to the extent that it can be construed to require production of individual detainee files for each of the more than 145,000 ICE bookings at SDC since December 23, 2008, where each paper detainee file may or may not contain documentation relating to any single detainee's placement in a job position while detained at SDC, and any such review would require a manual review of each SDC detention file in existence.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the foregoing general objections 5-9, and the preceding specific objections, responsive materials are being withheld as to those objectionable parts of the request.

CoreCivic directs Plaintiffs to the previously disclosed and produced Account Summary Reports and detention files for the three named Plaintiffs. *See* CCBVA0000003953 through CCBVA0000003964; CCBVA0000003977 through CCBVA0000004100; CCBVA0000004102 through CCBVA0000004116; CCBVA0000004308 through CCBVA0000004348; CCBVA0000004351 through CCBVA0000004354; CCBVA0000004398 through CCBVA0000004526; and CCBVA0000004529 through CCBVA0000004559, and additional documents produced in the ESI identified in response to Request for Production No. 19. In addition, CoreCivic is producing a set of extracted data from CoreCivic's Offender Management System, which details the deposit transactions to SDC detainees for their participation in the Voluntary Work Program (CCBVA0000006056 through CCBVA0000006059). CoreCivic will supplement and produce a sample of the paper reports used at SDC to verify Voluntary Work Program participation and eligibility for compensation, and is willing to meet and confer with Plaintiffs' counsel following that supplemental production as to the identification of which forms of these substantially duplicative materials will best balance the burden of production with Plaintiffs' need for relevant information.

**REQUEST FOR PRODUCTION No. 10:**

Please provide all payroll DOCUMENTS for all CORECIVIC employees, contractors, subcontractors, or other agents who performed or are performing any service at SDC of the type that is or was performed by any WORK PROGRAM PARTICIPANT during the RELEVANT PERIOD.

**RESPONSE:**

CoreCivic objects that this request is vague and ambiguous as to the meaning of the phrase "type that is or was performed by any WORK PROGRAM PARTICIPANT". CoreCivic objects that this request is overbroad and unduly burdensome to the extent it seeks production of documents that would include personal information, including but not limited to first names, home addresses, and telephone numbers, about facility staff, the release of which not only poses a risk to the physical safety and security of those employees and their dependents, but also to the safe and orderly operation of a secure detention facility. The release of such information, as well as salary and financial account information, is also prohibited by the Omnibus and Consolidated Emergency Appropriation Action of 1999, Pub. L. 105-277, Sec. 101(b) [Title I, Sec. 127] 112 Stat. 2681-74 (Oct. 21, 1998). This request is also unduly burdensome and not proportional to the extent it seeks payroll information from employees of third-party "contractors, subcontractors, and other agents" which is not in the possession, control, or custody of CoreCivic. Moreover, this request is overbroad, unduly burdensome, not relevant, and is not proportional to the needs of the case, as the SDC staffing plan is incorporated into the IGSA documents previously disclosed and produced by CoreCivic (CCBVA0000000340 through CCBVA0000001316), and wage rates for CoreCivic employees are subject to the Service Contract Act and are set forth in the Wage Determination Orders that are also included with those IGSA documents. Further, this request is overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which

might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the foregoing general objections 5-9 and the preceding specific objections, CoreCivic is withholding responsive documents from production.

## REQUEST FOR PRODUCTION No. 11:

Please provide any and all DOCUMENTS RELATING TO staffing plans and/or vacancies of CORECIVIC employees or agents at SDC during the RELEVANT PERIOD, including but not limited to daily, weekly, and monthly staffing plans, as well as CORECIVIC'S monthly reports submitted to the Contracting Officer's Technical Representative reflecting staff vacancy rates and individual vacancies at SDC during the RELEVANT PERIOD.

## RESPONSE:

CoreCivic objects that this request is vague, ambiguous, and is premised on a misconception that CoreCivic has daily, weekly, or monthly staffing plans. Further, CoreCivic objects that this request is not relevant and is not proportional to the needs of the case, since Voluntary Work Program participants are neither qualified, authorized, nor permitted to fill the functional equivalent of any CoreCivic employee position on the ICE-approved facility staffing plan. Further, this request is not relevant, since the IGSA permits CoreCivic to seek an equitable adjustment and change in the per diem rate for ICE detainees assigned to SDC due to any necessary changes in the ICE-approved staffing plan. Further, this request is overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period. Moreover, this request is duplicative, as the SDC staffing plan is incorporated into the IGSA documents previously disclosed and produced by CoreCivic (CCBVA0000000340 through CCBVA0000001316).

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the foregoing general objections 5-9 and the preceding specific objections, CoreCivic is withholding all other documents responsive to this request, except for those identified in the objections.

**REQUEST FOR PRODUCTION No. 12:**

Please provide all commissary purchase logs and summaries for all DETAINED INDIVIDUALS during the RELEVANT PERIOD.

**RESPONSE:**

CoreCivic objects that this request is vague, ambiguous, overbroad, unduly burdensome, duplicative of Request for Production No. 8, not relevant, and is not proportional to the needs of the case to the extent it seeks multiple documents and forms containing duplicative information, and there is no good cause to justify efforts necessary to collect and produce duplicative evidence from myriad sources, particularly since any relevant information can much more easily be obtained from other sources and means. This request is also vague and ambiguous as to the meaning of the phrase "commissary purchase logs and summaries," which are not defined, and are not terms used by CoreCivic. This request is also vague, ambiguous, and overbroad as to scope, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that this request is not limited the SDC but encompasses all CoreCivic facilities. It is also overbroad, unduly burdensome, not relevant and not proportional to the needs of the case to the extent that it is not limited to those individuals who participated in the Voluntary Work Program at SDC, but instead includes all individuals detained at the facility. Further, this request is overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period. CoreCivic also objects that this request is unduly burdensome and not proportional to the needs of the case to the extent it calls for

the individual generation of Commissary Summary by Receipt Report Number reports for each of the more than 145,000 ICE bookings at SDC since December 23, 2008, regardless of whether such detainees participated in the Voluntary Work Program. Finally, to the extent that Plaintiffs seek aggregate data which may be able to be discovered and extracted through a system search, the parties have not conferred or even attempted to reach agreement on an iterative search protocol or data to be extracted, as required by the Court's July 17, 2020 Order for Data Preservation and Production (Doc. 68).

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the foregoing general objections 5-9, and the preceding specific objections, responsive materials are being withheld as to those objectionable parts of the request.

CoreCivic directs Plaintiffs to the previously disclosed and produced Commissary Summary by Receipt Number reports for the three named Plaintiffs. *See* CCBVA0000003965 through CCBVA0000003976; CCBVA0000004117 through CCBVA0000004126; and CCBVA0000004355 through CCBVA0000004357. CoreCivic also directs Plaintiffs to those documents produced in response to foregoing Request for Production No. 8.

## REQUEST FOR PRODUCTION No. 13:

Please provide any and all DOCUMENTS RELATING TO, constituting, or recording the findings of any inspections or audits of SDC by DHS, ICE, OIG, OCRCL, STEWART COUNTY, and/or any other private or public entity during the RELEVANT PERIOD.

## RESPONSE:

CoreCivic objects that this request is overbroad, unduly burdensome, not relevant, and is not proportional to the needs of the case to the extent it seeks production of "documents relating to" findings of governmental inspections and audits, rather than the actual inspection reports. CoreCivic also objects that this request is overbroad in scope, not relevant, and not proportional to the needs of the case to the extent it seeks reports relating to topics which are not at issue in this case, such as PREA compliance, health services,

environmental systems, operations of the Immigration Court, and/or safety and security practices (the dissemination of which may comprise the safe and orderly operation of a secure detention facility, or endanger the safety of detainees, facility staff, or members of the public at large). Further, this request is overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period. CoreCivic also objects that this request is unduly burdensome and is not proportional to the needs of the case to the extent the requested inspection reports are publicly available; for example, ICE has proactively released annual inspection and Office of Detention Oversight reports of SDC which are posted at **https://www.ice.gov/facility-inspections** and/or **https://www.ice.gov/foia/library**.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the foregoing general objections 5-9, and the preceding specific objections, responsive materials are being withheld as to those objectionable parts of the request.

Without waiving those objections, CoreCivic is producing recent ODO and annual ICE inspection reports (**CCBVA0000006060 through CCBVA0000006256**) and will supplement with additional reports which relate to overall facility compliance with the PBNDS or other applicable standards relating to the Voluntary Work Program.

**REQUEST FOR PRODUCTION No. 14:**

Please provide any and all DOCUMENTS that refer or relate to any CORECIVIC POLICIES AND PROCEDURES for conducting disciplinary or corrective action against DETAINED INDIVIDUALS related to the WORK PROGRAM during the RELEVANT PERIOD. This request includes but is not limited to any DOCUMENTS related to training by ICE or ANY CORECIVIC POLICIES AND PROCEDURES for conducting disciplinary or corrective action during the RELEVANT PERIOD.

**RESPONSE:**

CoreCivic objects that this request is vague, ambiguous, and not relevant to the extent it seeks documents relating to "corrective action" regarding detainees participating in the Voluntary Work Program, such as individual performance evaluations and remedial task instructions which are not at issue in this action. Further, to the extent that this request seeks documents relating to instances where a disciplinary sanction of removal from the Voluntary Work Program is imposed for unrelated disciplinary actions, this request is also overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case. This request is also vague, ambiguous, and overbroad as to scope, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that this request is not limited the SDC but encompasses all CoreCivic facilities. Further, this request is overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period. This request is also overbroad, unduly burdensome, not relevant, and is not proportional to the needs of the case to the extent it seeks production of "documents relating to CoreCivic policies and procedures", rather than the actual policies and procedures applicable at SDC relating to detainee discipline, and where the phrase "refer or relate to" necessarily expands the scope of this request to duplicate the following Request for Production No. 15, the complete objection and response to which is incorporated as if set forth fully herein. CoreCivic also objects that information related to "training" is overbroad, not relevant, and not proportional to the needs of the case, since Plaintiffs' claims relate to CoreCivic's policies, and Plaintiffs do not assert a cause of action for failure to train. Moreover, this request is overbroad, unduly burdensome, not relevant and not proportional to the extent it seeks production of ESI which can only be discovered through an email or system search and where the parties

have not conferred or even attempted to reach agreement on an iterative search protocol, including appropriate search terms and queries, file type and date restrictions, data sources, and custodians, as required by Paragraph 14 of the Court's July 17, 2020 Order for Data Preservation and Production (Doc. 68).

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the foregoing general objections 5-9, and the preceding specific objections, responsive materials are being withheld as to those objectionable parts of the request.

Plaintiffs are directed to the previously disclosed and produced SDC detainee handbooks, ICE guidelines, and CoreCivic policies relating to detainee discipline. *See,* CCBVA0000000001 through CCBVA0000000339; CCBVA0000001323 through CCBVA0000003771; and CCBVA0000003844 through CCBVA0000003897.  Additionally, CoreCivic is producing every known general policy exception to CoreCivic Policy 15-1 and attachments (forms) and appendices to SDC Policy 15-100 (CCBVA0000006257 through CCBVA00006271).

## REQUEST FOR PRODUCTION No. 15:

Please provide any and all DOCUMENTS summarizing, constituting, recording or referencing any disciplinary or corrective action – or proposal to implement such action – including loss of commissary access or other privileges, change in housing placement, SEGREGATION placement and/or initiation of criminal proceedings, against DETAINED INDIVIDUALS taken during the RELEVANT PERIOD which arise from, reference or concern the WORK PROGRAM.

## RESPONSE:

CoreCivic objects that this request is overbroad, unduly burdensome, not relevant, and is not proportional to the needs of the case to the extent it seeks multiple documents and forms containing duplicative information, and there is no good cause to justify efforts necessary to collect and produce duplicative evidence from myriad sources and the information sought by this request can be more easily obtained by other means. This

request is vague, ambiguous, and overbroad as to scope, unduly burdensome, not relevant and not proportional to the needs of the case to the extent that this request is not limited to SDC but encompasses all CoreCivic facilities. It is also overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period. It is also overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that it is not limited to those individuals who participated in the Voluntary Work Program at SDC, but instead includes all individuals detained at the facility. Further, to the extent that this request seeks documents relating to instances where a disciplinary sanction of removal from the Voluntary Work Program is imposed for unrelated disciplinary actions, it is also overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case. CoreCivic further objects that this request is unduly burdensome and not proportional to the extent that it can be construed to require production of the individual detainee files for each of the more than 145,000 ICE bookings at SDC since December 23, 2008, where each paper detainee file would need to be hand-searched to see if it contains disciplinary reports which may have any conceivable relation to the Voluntary Work Program. Finally, this request is duplicative of documents previously disclosed and produced by CoreCivic with respect to the three Plaintiffs individually named in the operative Complaint, as well as Request for Production No. 19. Finally, this request is overbroad, unduly burdensome, not relevant, and not proportional because such information may be more efficiently discovered through an email or system search, but the parties have not conferred or even attempted to reach agreement on an iterative search protocol, including appropriate search terms and queries, file type and date restrictions, data sources, and custodians, as required by Paragraph 14 of the Court's July 17, 2020 Order for Data Preservation and Production (Doc. 68).

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the foregoing general objections 5-9, and the preceding specific objections, responsive materials are being withheld as to those objectionable parts of the request.

Without waiving those objections, CoreCivic is producing its available complete SDC disciplinary report logs (CCBVA0000006272 through CCBVA0000006286). Plaintiffs are also directed to see the previously disclosed SDC detention files for the three named Plaintiffs. *See,* CCBVA0000003977 through CCBVA0000004100; CCBVA0000004308 through CCBVA0000004348; and CCBVA0000004398 through CCBVA0000004526.

## REQUEST FOR PRODUCTION No. 16:

Please provide any and all DOCUMENTS summarizing, constituting, recording or referencing any disciplinary or corrective action – or proposal to implement such action – against CORECIVIC employees or agents taken during the RELEVANT PERIOD which arise from, reference or concern the WORK PROGRAM.

## RESPONSE:

CoreCivic objects that this request is overbroad, unduly burdensome, not relevant, and is not proportional to the needs of the case to the extent it seeks documents relating to discipline of individual CoreCivic employees, but Plaintiffs make no allegation regarding any such CoreCivic employee discipline in their Complaint. The request is also overbroad, unduly burdensome, not relevant, and is not proportional to the needs of the case to the extent it seeks multiple documents and forms containing duplicative information, and there is no good cause to justify efforts necessary to collect and produce duplicative evidence from myriad sources and the information sought by this request can be more easily obtained by other means. This request is vague, ambiguous, and overbroad as to scope, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that this request is not limited the SDC but encompasses all CoreCivic facilities. Further, this request is overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC

was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period. CoreCivic further objects that this request is unduly burdensome and not proportional to the extent that it can be construed to require review of individual employee files for each any every individual employed at SDC at any time since December 23, 2008. Finally, this request is overbroad, unduly burdensome, not relevant, and not proportional to the extent it seeks production of ESI which may only be discovered through an email or system search, but the parties have not conferred or even attempted to reach agreement on an iterative search protocol, including appropriate search terms and queries, file type and date restrictions, data sources, and custodians, as required by Paragraph 14 of the Court's July 17, 2020 Order for Data Preservation and Production (Doc. 68).

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the foregoing general objections 5-9 and the preceding specific objections, CoreCivic is withholding responsive documents from production.

## REQUEST FOR PRODUCTION No. 17:

Please provide any and all DOCUMENTS that refer or relate to any guidelines, rules, CORECIVIC POLICIES AND PROCEDURES, or regulations RELATING TO the housing of DETAINED INDIVIDUALS, including but not limited to classification of DETAINED INDIVIDUALS and housing assignments in effect during the RELEVANT PERIOD.

## RESPONSE:

CoreCivic objects that this request is overbroad, unduly burdensome, not relevant, and is not proportional to the needs of the case to the extent it seeks multiple documents and forms containing duplicative information, and there is no good cause to justify efforts necessary to collect and produce duplicative evidence from myriad sources and the information sought by this request can be more easily obtained by other means.  In particular, it is overbroad, unduly burdensome, not relevant, and is not proportional to the

needs of the case to the extent it seeks production of "documents relating to" policies and procedures relating to detainee housing and classification, rather than the actual policies and facility operational housing plans. This request is vague, ambiguous, and overbroad as to scope, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that this request is not limited the SDC but encompasses all CoreCivic facilities. Further, this request is overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period. Further, this request is vague, ambiguous, overbroad, not relevant, and not proportional to the needs to the case to the extent that the term "housing" includes any other matter, aside from housing changes based upon participation in the Voluntary Work Program, which is the only allegation raised in the Complaint, and includes changes in classification based upon actions taken to ensure the safe and orderly operation of the facility that have nothing to do with the Voluntary Work Program.[3] CoreCivic further objects that this request is unduly burdensome and not proportional to the extent that it can be construed to require production of individual detainee files for each of the more than 145,000 ICE bookings at SDC since December 23, 2008, where each paper detainee file contains initial and subsequent individual detainee classification reviews, and there is no allegation that any Plaintiff had his classification changed simply because of a refusal to participate in the Voluntary Work Program. Finally, this request is duplicative of documents previously disclosed and produced by CoreCivic; with respect to the three Plaintiffs individually named in the Complaint, it is

---

[3] For purposes of this response, CoreCivic construes the term "housing" to be solely limited to decisions to change a detainee's housing assignment between different housing units or pods at SDC, which is the only relevant allegation asserted in the Complaint.

also duplicative of Request for Production No. 19. Finally, this request is overbroad, unduly burdensome, not relevant, and not proportional to the extent it seeks production of ESI which may only be discovered through an email or system search and where the parties have not conferred or even attempted to reach agreement on an iterative search protocol, including appropriate search terms and queries, file type and date restrictions, data sources, and custodians, as required by Paragraph 14 of the Court's July 17, 2020 Order for Data Preservation and Production (Doc. 68).

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the foregoing general objections 5-9, and the preceding specific objections, responsive materials are being withheld as to those objectionable parts of the request.

Without waiving those objections, CoreCivic is producing recent and readily available SDC Housing Plan Guidelines and Unit Plans (CCBVA0000006287 through CCBVA0000006391). Plaintiffs are also directed to see the previously disclosed and produced SDC Policy 18-100. *See,* CCBVA0000003918 through CCBVA0000003928.

**REQUEST FOR PRODUCTION No. 18:**

Please provide any and all DOCUMENTS RELATING TO, constituting or recording grievances filed or presented in any manner, either formally or informally, by DETAINED INDIVIDUALS during the RELEVANT PERIOD.

**RESPONSE:**

CoreCivic objects that this request is overbroad, unduly burdensome, not relevant, and is not proportional to the needs of the case to the extent it seeks multiple documents and forms containing duplicative information, and there is no good cause to justify efforts necessary to collect and produce duplicative evidence from myriad sources where the relevant information sought by this request can be more easily obtained by other means. In particular, it is overbroad, unduly burdensome, not relevant, and is not proportional to the needs of the case to the extent it seeks production of "documents relating to" detainee grievances, rather than the actual grievances and responses thereto. This request is vague,

ambiguous, and overbroad as to scope, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that this request is not limited to SDC but encompasses all CoreCivic facilities. Further, this request is overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period. Further, this request is overbroad as to the subject of the grievance, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent it seeks grievance documents which relate to complaints having no nexus to the allegations raised in the Complaint, including but not limited to actions of ICE employees, legal access, medical care, recreational opportunities, etc. It is also overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that it is not limited to those individuals who participated in the Voluntary Work Program at SDC, but instead includes all individuals detained at the facility. CoreCivic further objects that this request is unduly burdensome and not proportional to the extent that it can be construed to require production of individual detainee files for each of the more than 145,000 ICE bookings at SDC since December 23, 2008, where each paper detainee file would need to be hand-searched to see if it contains disciplinary reports which may have any conceivable relation to the Voluntary Work Program, whether or not such detainee actually participated in the program. Finally, this request is duplicative of documents previously disclosed and produced by CoreCivic; with respect to the three Plaintiffs individually named in the Complaint, it is also duplicative of Request for Production No. 19. Finally, this request is overbroad, unduly burdensome, not relevant, and not proportional to the extent it seeks production of ESI which may only be discovered through an email or system search and where the parties have not conferred or even attempted to reach agreement on an iterative search protocol, including appropriate search terms and queries, file type and date

restrictions, data sources, and custodians, as required by Paragraph 14 of the Court's July 17, 2020 Order for Data Preservation and Production (Doc. 68).

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), the foregoing general objections 5-9 and the immediately preceding specific objections, responsive materials are being withheld as to those parts of the request described in the objections.

Without waiving those objections, CoreCivic is producing its available complete SDC grievance logs (CCBVA0000006392 through CCBVA0000006418). Plaintiffs are also directed to see the previously disclosed SDC detention files for the three named Plaintiffs which have previously been disclosed and produced. *See,* CCBVA0000003977 through CCBVA0000004100; CCBVA0000004308 through CCBVA0000004348; and CCBVA0000004398 through CCBVA0000004526.

## REQUEST FOR PRODUCTION No. 19:

Please provide any and all DOCUMENTS that refer or relate to the NAMED PLAINTIFFS' detention at SDC. This includes, but is not limited to: (i) all DOCUMENTS that refer or relate to HOURS spent by PLAINTIFFS performing work in the WORK PROGRAM, tasks and/or the duties performed, and COMPENSATION received; (ii) all documents reflecting commissary account balances, purchases, withdrawals, and deposits; (iii) all DOCUMENTS that refer or relate to any disciplinary or corrective action taken against or threatened to be taken against PLAINTIFFS during the RELEVANT PERIOD; (iv) all DOCUMENTS reflecting PLAINTIFFS' bed and/or housing assignments at SDC; (v) all DOCUMENTS YOU provided to, received from, or that were signed by PLAINTIFFS; (vi) PLAINTIFFS' detention files; and (vii) PLAINTIFFS' medical records.

## RESPONSE:

CoreCivic objects that this request is compound and contains seven separate and distinct subparts, specifically requests for: (1) documents relating to the individual named Plaintiffs' Voluntary Work Program participation; (2) documents reflecting the individual named Plaintiffs' Trust Account transactions; (3) documents reflecting the disciplinary

history of the named individual Plaintiffs; (4) documents reflecting the named Plaintiffs' individual housing assignments; (5) documents provided to, received from, or signed by the named Plaintiffs; (6) the named Plaintiffs' detention files; and, (7) the named Plaintiffs' medical files. Further, to the extent that this request is not limited to the three known individual Plaintiffs, but includes any additional persons who may subsequently be added as a named Plaintiff in any Amended Complaint, CoreCivic objects that this request is unduly burdensome and excessive beyond the Court's limit of 30 requests for production which may be propounded by Plaintiffs to CoreCivic (Doc. 63), and is vague and ambiguous to the extent that CoreCivic has not been advised who such persons of potentially unlimited number are, and therefore preserves all other objections. The following additional separate objections and responses are provided for each subpart.

With respect to Subpart 1, CoreCivic objects that this request is duplicative of Request for Production No. 9, as well as Subparts 2 and 6 of this Request.

With respect to Subpart 2, CoreCivic also objects that this request is overbroad, unduly burdensome, not relevant, and is not proportional to the needs of the case to the extent it seeks multiple documents and forms containing duplicative information, and there is no good cause to justify efforts necessary to collect and produce duplicative evidence from myriad sources, particularly insomuch as CoreCivic has previously disclosed and produced reports of the three named Plaintiffs' Account Summaries, and no Plaintiff has suggested that those business records are inaccurate.

With respect to Subpart 3, CoreCivic objects that this request is duplicative of Request for Production No. 15, as well as Subpart 6 of this Request.

With respect to Subpart 4, CoreCivic objects that this request is duplicative, overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case where CoreCivic has previously produced screenshots of the housing history for each of the three named Plaintiffs, and where housing information is also contained on multiple facility reports which are unrelated to any claims asserted in this matter, including but not limited

to: daily count sheets and facility rosters; ICE detainee movement requests; daily Immigration Court dockets; lists of individuals to be offered opportunities to sign up for Consular meetings; nationality reports; lists of detainees due for subsequent classification reviews; Legal Orientation Program lists; medical appointment lists; daily special medical needs (including diet) reports; keep-on-person medication escort lists; influenza vaccination lists, and medical housing restriction reports.

With respect to Subpart 5, CoreCivic objects that this request is vague and ambiguous as to the meaning and scope of the term "provided to." To the extent it includes orientation materials provided or made available to the individually named Plaintiffs, it is duplicative of the foregoing Request for Production No. 2. CoreCivic also objects that this request is duplicative of Subpart 6 of this request.

With respect to Subpart 6, CoreCivic objects that this request is vague and ambiguous as to "detention files," which is not defined. It is also duplicative of Request for Production No. 2, Subpart 5 of this request. This subpart is also duplicative, overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case where CoreCivic previously produced the SDC detention files for the named Plaintiffs.

With respect to Subpart 7, CoreCivic objects that this request is vague and ambiguous as to the term "medical records". CoreCivic objects that this request is not relevant, unduly burdensome, and not proportional to the needs of the case to the extent it includes information which reflects the fact of a scheduled encounter with any medical personnel or a duplicative and repetitive entry on a report of a medically ordered diet, medical housing, or other special medical need, without providing any unique information regarding the subject's specific encounter with a medical, mental health, dental, or optical services provider.

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), foregoing general objections 5-9, and the preceding specific objections, responsive materials are being withheld as to those

objectionable parts (and subparts) of the request described in the objections to Subparts 2, 4 and 7. CoreCivic further responds as follows:

With respect to all subparts, CoreCivic has conducted an ESI collection during the time period each of the three named Plaintiffs were detained at SDC, using the detainees' A#s or names as the search terms, from custodians at the Administrative Duty Officer level, and expects to soon provide a supplemental production of relevant ESI in accordance with the Court's July 17, 2020 Order for Data Preservation and Production (Doc. 68).

Subpart 1 – CoreCivic has already disclosed and produced all responsive paper documents and generatable reports, relating to the three named Plaintiffs. *See* CCBVA0000003953 through CCBVA0000003964; CCBVA0000003977 through CCBVA0000004100; CCBVA0000004102 through CCBVA0000004116; CCBVA0000004308 through CCBVA0000004348; CCBVA0000004351 through CCBVA0000004354; CCBVA0000004398 through CCBVA0000004526; and CCBVA0000004529 through CCBVA0000004549. CoreCivic expects that additional documents relating to specific dates worked by them in the kitchen will be produced in response to Request for Production No. 9. CoreCivic anticipates that additional relevant materials may be contained in the supplemental production of ESI.

Subpart 2 – CoreCivic has already disclosed and produced both the Account Summary and Commissary Summary by Receipt Number reports for each of the three named Plaintiffs. *See* CCBVA0000003953 through CCBVA0000003976; CCBVA0000004102 through CCBVA0000004126; CCBVA0000004351 through CCBVA0000004357; and CCBVA0000004529 through CCBVA0000004559.

Subpart 3 – All SDC detainee disciplinary reports are filed and maintained in each individual detainee file, which have previously been disclosed and produced for the three named Plaintiffs. *See* CCBVA0000003977 through CCBVA0000004100; CCBVA0000004308 through CCBVA0000004348; and CCBVA0000004398 through

CCBVA0000004526. **CoreCivic anticipates that additional relevant materials may be contained in the supplemental production of ESI.**

**Subpart 4 – CoreCivic has already disclosed and produced screen shots of the OMS Housing History data for each of the three named Plaintiffs.** *See* **CCBVA0000004101; CCBVA0000004349 through CCBVA0000004350; and, CCBVA0000004527 through CCBVA0000004528. CoreCivic anticipates that additional relevant materials discussing specific housing placement of one or more of the three named Plaintiffs may be contained in the supplemental production of ESI.**[4]

**Subpart 5 – All documents individually signed by detainees are maintained in each individual detainee file, which have previously been disclosed and produced for each of the three named Plaintiffs.** *See* **CCBVA0000003977 through CCBVA0000004100; CCBVA0000004308 through CCBVA0000004348; and CCBVA0000004398 through CCBVA0000004526. CoreCivic anticipates that additional relevant materials may be contained in the supplemental production of ESI.**

**Subpart 6 – CoreCivic has already disclosed and produced all responsive documents in its possession, control, or custody.** *See* **CCBVA0000004101; CCBVA0000004349 through CCBVA0000004350; and CCBVA0000004527 through CCBVA0000004528.**

**Subpart 7 – During the period of detention of the three named Plaintiffs, the Immigration Health Services Corps, not CoreCivic, provided all medical, mental health, dental, and optical care at SDC. CoreCivic does not have possession, control, or custody of those detainee medical files. CoreCivic anticipates that there may be email correspondence discussing the medical care of the three current individually named Plaintiffs, in the supplemental production of ESI. (To the extent that any of the three named Plaintiffs were**

---

[4] **CoreCivic anticipates that additional "responsive" materials simply listing housing assignments will be contained in the supplemental production of ESI, but does not concede the relevance of such in light of its objections. Rather, CoreCivic will produce them only to the extent that they are family members of other relevant documents.**

prescribed a medical diet, housing location, or other special need which appeared on daily reports, CoreCivic will agree to produce the email and report for the first day that the Plaintiff appeared.)

**REQUEST FOR PRODUCTION No. 20:**

Please provide any and all DOCUMENTS YOU relied on and/or consulted in preparing YOUR responses to Interrogatories served upon YOU by PLAINTIFFS.

**RESPONSE:**

CoreCivic objects that this request is compound and contains a minimum of four separate and distinct subparts, specifically requests for: (1) documents relating to identification of CoreCivic employees who "supervised" detainees while engaged in Voluntary Work Program activities; (2) documents identifying any and all third parties who provided any function or service at SDC; (3) SDC Voluntary Work Program records and detainee files; and, (4) SDC financial expenditure and revenue data. With respect to each of those subparts, this request is overbroad as to time, not relevant, and not proportional to the needs of the case in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive documents, which may be outside the scope of CoreCivic's document retention period. Further, CoreCivic objects that this request is unduly burdensome to the extent it is actually a four-part document request, and therefore exceeds the Court's limit of 30 requests for production which may be propounded by Plaintiffs to CoreCivic. It is also vague and ambiguous to the extent that it may encompass CoreCivic's responses to future interrogatories that may be served in this matter, as CoreCivic does not know what the incorporated interrogatories may be, let alone what documents may be consulted in preparing any responses, and therefore preserves all other objections. The following additional separate objections and responses are provided for each known subpart.

With respect to Subpart 1, CoreCivic also objects that this request is vague and ambiguous with respect to the meaning of the term "supervise(d)," and therefore could potentially include every CoreCivic employee who has worked at SDC for any portion of the relevant period. This request is duplicative of the foregoing Request for Production No. 9. It also is vague, ambiguous, and overbroad as to scope, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that this request is not limited the SDC but encompasses all CoreCivic facilities. CoreCivic also objects that this request is overbroad and unduly burdensome to the extent it seeks personal information, including but not limited to first names, home addresses, home telephone numbers, and personal email addresses of former and current CoreCivic employees, the release of which not only poses a risk to the physical safety and security of those employees and their dependents, but also to the safe and orderly operation of a secure detention facility, and where the release of such information is also prohibited by the Omnibus and Consolidated Emergency Appropriation Action of 1999, Pub. L. 105-277, Sec. 101(b) [Title I, Sec. 127] 112 Stat. 2681-74 (Oct. 21, 1998). Finally, this request is not relevant, unduly burdensome, and not proportional to the needs of the case to the extent that Plaintiffs' allegations are limited only to supervisors of the named Plaintiffs – any other class claims arise from the allegation of a common policy and practice in effect at SDC during the relevant time period, rather than the actions of individual supervisors.

With respect to Subpart 2, CoreCivic also objects that this request is vague and ambiguous as to the meaning of the phrase "performed any function". CoreCivic also objects that this request is overbroad, unduly burdensome, not relevant and not proportional to the needs of the case to the extent that it seeks information relating to contracted services with minimal, if any, nexus to the allegations in the Complaint, including but not limited to licensed independent medical, mental health, or dental services providers, entities who maintain the facility driveway and parking lot, key and lock repair and maintenance, and outside ambulance service agreements—none of which are relevant

in any way to the claims and defenses at issue in this lawsuit. CoreCivic also objects that this request is unduly burdensome to the extent it includes contractors who provided services at SDC on behalf of non-parties to this lawsuit, including but not limited to ICE, the Immigration Health Services Corps, the U.S. Public Health Service, and the Executive Office of Immigration Review. CoreCivic was not necessarily a party to any such agreements, and therefore likely does not have such documents in its possession, control, or custody. To the extent that Plaintiffs seek aggregate data which may be able to be discovered and extracted through a system search of structured data, however, the parties have not conferred or even attempted to reach agreement on an iterative search protocol or data to be extracted, as required by the Court's July 17, 2020 Order for Data Preservation and Production (Doc. 68). Finally, CoreCivic objects that this request is unduly burdensome, duplicative, and not proportional to the needs of the case to the extent that Plaintiffs have already issued subpoenas to relevant third parties for copies of various contracts and related documents implicated by this request, indicating that Plaintiffs can obtain such through means less burdensome to CoreCivic.

With respect to Subpart 3, CoreCivic also objects that this request is duplicative of the foregoing Request for Production No. 9. It also is vague, ambiguous, and overbroad as to scope, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that this request is not limited the SDC but encompasses all CoreCivic facilities. CoreCivic also objects that this request is overbroad and unduly burdensome to the extent it seeks housing history information which frequently changes and would require individually generating a screenshot of OMS Housing History Data for each detainee who participated in the Voluntary Work Program at SDC. CoreCivic also objects that this request is unduly burdensome and not proportional to the needs of the case to the extent it would seek identifying information for potential class members, the accuracy of which depends upon the information provided by individual detainees during intake.

With respect to Subpart 4, CoreCivic objects that this request is overbroad, unduly burdensome, not relevant, and is not proportional to the needs of the case to the extent it seeks multiple documents and forms containing duplicative information, and there is no good cause to justify efforts necessary to collect and produce duplicative evidence from myriad sources. Furthermore, CoreCivic objects that this request is vague, ambiguous, duplicative, unduly burdensome, and not proportional to the needs of the case to the extent it seeks both quarterly and annual facility financial reports, including potentially interim draft reports rather than final confirmed reports and/or supporting invoices and purchase orders. CoreCivic also objects that this request is duplicative of the foregoing Requests for Production 6-9 and incorporates its responses and objection thereto as it set forth fully herein. Finally, to the extent that Plaintiffs seek aggregate data which may be able to be discovered and extracted through a system search of structured data, the parties have not conferred or even attempted to reach agreement on an iterative search protocol or data to be extracted, as required by the Court's July 17, 2020 Order for Data Preservation and Production (Doc. 68).

Pursuant to Fed. R. Civ. P. 34(b)(2)(C), foregoing general objections 5-9, and the preceding specific objections, responsive materials are being withheld as to those objectionable parts (and subparts) of the request.

In addition to the documents identified in the prior responses, with respect to Subpart 3, SDC is producing and will further provide data extracted from its Offender Management System, which contains dates of detention and all available contract information for all individuals detained at SDC during the relevant time period (CCBVA0000006419), from which Plaintiffs can cross-reference and compare to the other Voluntary Work Program records just as easily as CoreCivic.

Dated: September 21, 2020           Respectfully submitted,

Daniel P. Struck *(pro hac vice)*
  Lead Counsel
Rachel Love *(pro hac vice)*
Nicholas D. Acedo *(pro hac vice)*
Ashlee B. Hesman *(pro hac vice)*
Jacob B. Lee *(pro hac vice)*
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com

Jacob D. Massee (GA Bar No. 551890)
David Bobo Mullens (GA Bar No. 258029)
OLIVER MANER LLP
PO Box 10186
Savannah, Georgia 31412
Phone: (912) 236-3311
Fax: (912) 236-8725
jmassee@olivermaner.com
dbmullens@olivermaner.com

Attorneys for Defendant/Counter-Claimant
CoreCivic, Inc.

A COPY of the foregoing was sent by email this 21st
day of September, 2020 to the following:

Meredith B. Stewart
SOUTHERN POVERTY LAW CENTER
201 Saint Charles Avenue, Suite 2000
New Orleans, LA 70170
meredith.stewart@splcenter.org

Laura Rivera
Rebecca Cassler
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Avenue, Suite 340
Decatur, GA, 300030
laura.rivera@splcenter.org
rebecca.cassler@splcenter.org

Caitlin J. Sandley
SOUTHERN POVERTY LAW CENTER
400 Washington Ave.
Montgomery, AL 36104
cj.sandley@splcenter.org

R. Andrew Free
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
andrew@immigrantcivilrights.com

Azadeh Shahshahani
Priyanka Bhatt
PROJECT SOUTH
9 Gammon Avenue SE
Atlanta, A 30315
azadeh@projectsouth.org
priyanka@projectsouth.org

Korey A. Nelson
Lydia A. Wright
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
knelson@burnscharest.com
lwright@burnscharest.com

Warren T. Burns
Daniel H. Charest
BURNS CHAREST LLP
900 Jackson St., Suite 500
Dallas, Texas 75202
wburns@burnscharest.com
dcharest@burnscharest.com

Jessica Hasen
PERKINS COIE
1201 Third Avenue, Suite 4900
Seattle, WA 98101
jhasen@perkinscoie.com

John T. Dixon
Emily B. Cooper
Alan b. Howard
PERKINS COIE LLP
115 Avenue of the Americas
22nd Floor
New York, NY 10036
johndixon@perkinscoie.com
ecooper@perkinscoie.com
ahoward@perkinscoie.com

*Attorneys for Plaintiffs/Counter-Defendants*

Jacob D. Massee
David Bobo Mullens
OLIVER MANER LLP
PO Box 10186
Savannah, Georgia 31412
jmassee@olivermaner.com
dbmullens@olivermaner.com

*Attorneys for Defendant and Counter-Claimant*
*CoreCivic, Inc.*

By:_____

3761772.1