# Exhibit 4

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| WILHEN HILL BARRIENTOS, MARGARITO VELAZQUEZ GALICIA, and SHOAIB AHMED individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CORECIVIC, INC., <br><br> Defendant. | Civil Action No. 4:18-cv-00070-CDL |
| CORECIVIC, INC., <br><br> Counter-Claimant, <br><br> v. <br><br> WILHEN HILL BARRIENTOS, MARGARITO VELAZQUEZ GALICIA, and SHOAIB AHMED individually and on behalf of all others similarly situated, <br><br> Counter-Defendants. | |

**DEFENDANT CORECIVIC'S RESPONSE TO PLAINTIFFS'**
**FIRST SET OF INTERROGATORIES**

Defendant/Counter-Claimant, CoreCivic, Inc. Defendant/Counter-Claimant CoreCivic, Inc. ("CoreCivic"), through counsel, responds to Plaintiffs' First Set of Interrogatories, pursuant to Rules 26 and 33, Federal Rules of Civil Procedure. CoreCivic reserves the right to supplement these responses as necessary.

**<u>GENERAL OBJECTIONS AND PREFATORY NOTES</u>**

1.     The information supplied in the following Responses to Plaintiffs' First Set of Interrogatories is not based upon personal knowledge of the individual signing this document,

but upon information resulting from inquiry made of the person(s) with personal knowledge. The word use and sentence structure may be that of the attorney(s) assisting in the preparation of the Responses to those Interrogatories and thus does not necessarily purport to be the precise language of the executing party.

2.      CoreCivic objects to each Interrogatory to the extent that the instructions/definitions purport to impose obligations greater than those created by the Rules of Civil Procedure.

3.      CoreCivic objects that each Interrogatory is overly broad as to time, not relevant, and not proportional to the needs of the case, in that the earliest time any of the named Plaintiffs was detained at SDC was July 2015, and no class has been certified which might justify an additional 6-1/2 years for which CoreCivic must identify responsive information, which may be outside the scope of CoreCivic's document retention period.

4.      CoreCivic further objects that the scope of each interrogatory is so broad that it is outside the scope of personal knowledge of any one person, such that it cannot be reasonably be verified as required by Fed. R. Civ. P. 33.

5.      CoreCivic objects to each Interrogatory to the extent that it seeks information that can be found in public records that are available through Plaintiffs' own efforts, or have already been requested and/or obtained by Plaintiffs through a Public Records Request or third-party subpoena, as well as those documents previously disclosed and produced by any party in this matter.

6.      CoreCivic objects that the defined term "Work Program" is vague, ambiguous, and overbroad to the extent that it includes any activity beyond the scope of the Voluntary Work Program as described in ICE PBNDS 5.8. Similarly, CoreCivic objects that the defined "Work Program Participant" is vague, ambiguous, and overbroad to extent that it can be construed to include any detainee who did not receive monetary compensation in accord with ICE PBNDS 5.8 V.K. Any construction of these terms beyond these limitations (specifically including but not limited to allegations that detainees at SDC cleaned any areas of the facility beyond the personal

housekeeping tasks enumerated in PBNDS 5.8 V.C. under threat of discipline and where the work was unpaid) are overbroad, unduly burdensome, not relevant, and not proportional to the needs of the case, where such claims have already been certified as a nationwide class of ICE detainees at CoreCivic facilities, during an identical time period (the National Forced Labor Class, in *Owino v. CoreCivic,* S.D. Cal. No. 3:17-cv-01112-JLS-NLS), and where no Plaintiff has opted out of that separate action. Further, such an expansive construction of the Interrogatory is neither relevant nor proportional, where the forced labor claims alleged in the operative Complaint here, are that detainees were coerced to accept compensated positions in the Voluntary Work Program in order to have money in their accounts to purchase commissary and other items, *not* to provide uncompensated cleaning. Based upon this objection, CoreCivic limits its construction of the terms "Work Program" and "Work Program Participant" to those described above.

7.      In addition to the general objections set forth above, CoreCivic will also state other specific objections to Interrogatories where appropriate, including objections that are not generally applicable to all the Interrogatories. By setting forth such specific objections, CoreCivic does not intend to limit the general objections set forth above. To the extent that CoreCivic responds to Interrogatories to which it objects, such response is to the non-objectionable portion of the request as required by Fed. R. Civ. P. 33(b)(3), and should not be construed as a general waiver of all objections to a request as propounded.

**<u>INTERROGATORIES</u>**

**<u>INTERROGATORY No. 1</u>:**

Please identify each and every CORECIVIC employee, contractor, subcontractor, or other agent who supervise(d) WORK PROGRAM PARTICIPANTS while they participate(d) in the WORK PROGRAM during the RELEVANT PERIOD.

**<u>ANSWER</u>:**

**In addition to foregoing general objections 3-6, CoreCivic objects that this Interrogatory is vague, ambiguous, and overbroad to the extent that it can be construed to**

include any detainee as an "employee" or "agent" within the definition of CoreCivic. Such a construction would also be unduly burdensome and require the production of documents in the physical possession and custody of third parties over which CoreCivic has no legal control to obtain aside from a subpoena. CoreCivic also objects that this request is vague and ambiguous with respect to the meaning of the term "supervise(d)," and therefore could potentially include every CoreCivic employee who has worked at SDC for any portion of the relevant period. It also is vague, ambiguous, and overbroad as to scope, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that this request is not limited the SDC but encompasses all CoreCivic facilities. CoreCivic also objects that this request is overbroad and unduly burdensome to the extent it seeks personal information, including but not limited to first names, home addresses, home telephone numbers, and personal email addresses of former and current CoreCivic employees, the release of which not only poses a risk to the physical safety and security of those employees and their dependents, but also to the safe and orderly operation of a secure detention facility, and where the release of such information is also prohibited by the Omnibus and Consolidated Emergency Appropriation Action of 1999, Pub. L. 105-277, Sec. 101(b) [Title I, Sec. 127] 112 Stat. 2681-74 (Oct. 21, 1998). Finally, this request is not relevant, unduly burdensome, and not proportional to the needs of the case to the extent that Plaintiffs' allegations are limited only to supervisors of the named Plaintiffs – any other class claims arise from the allegation of a common policy and practice in effect at SDC during the relevant time period, rather than the actions of individual supervisors. Further, CoreCivic objects that this request appears to be an improper request for production which is duplicative, unduly burdensome, and disproportional to the needs of the case, since it essentially seeks creation of a summary document reiterating information contained in separate Requests for Production already propounded by Plaintiffs and/or exceeds the Court's limit of 30 requests for production which may be propounded by Plaintiffs to CoreCivic. (Doc. 63.)

Without waiving and subject to those objections, and pursuant to Fed. R. Civ. P. 33(d), please see documents produced by CoreCivic in response to Plaintiffs' Request for Production No. 9, from which such relevant information can be just as easily compiled by Plaintiffs as by CoreCivic.

**INTERROGATORY No. 2:**

Please identify each and every entity, agent, contractor, and/or subcontractor that has performed any function or provided any service at SDC during the RELEVANT PERIOD. For each entity, agent, contractor, and/or subcontractor please provide the function or service that was provided, the amount charged to and paid by CORECIVIC, and the dates of the agreement, performance of the function, or provision of the service.

**ANSWER:**

**In addition to foregoing general objections 3-6, CoreCivic objects that this Interrogatory is vague, ambiguous, and overbroad to the extent that it can be construed to include any detainee as an "employee" or "agent" within the definition of CoreCivic. Such a construction would also be unduly burdensome and require the production of documents in the physical possession and custody of third parties over which CoreCivic has no legal control to obtain aside from a subpoena. CoreCivic also objects that to the extent that Plaintiffs define "CoreCivic" to include its attorneys, this interrogatory seeks disclosure of privileged and confidential information relating to outside counsel retained by CoreCivic who assisted or provided legal counsel, advice, or defense in any matter related to the Stewart Detention Center—such a construction is overbroad, unduly burdensome, invades the attorney-client privilege and attorney work product protection, and is disproportional to the needs of the case. Further, CoreCivic objects that this request appears to be an improper request for production which is duplicative, unduly burdensome, and disproportional to the needs of the case, since it essentially seeks creation of a summary document reiterating information contained in separate Requests for Production already**

propounded by Plaintiffs and/or exceeds the Court's limit of 30 requests for production which may be propounded by Plaintiffs to CoreCivic. (Doc. 63.)

CoreCivic also objects that this request is vague and ambiguous as to the meaning of the phrase "performed any function". CoreCivic also objects that this request is overbroad, unduly burdensome, not relevant and not proportional to the needs of the case, to the extent that it seeks information relating to contracted services with minimal, if any, nexus to the allegations in the Complaint, including but not limited to licensed independent medical, mental health, or dental services providers, entities who maintain the facility driveway and parking lot, key and lock repair and maintenance, and outside ambulance service agreements—none of which are relevant in any way to the claims and defenses at issue in this lawsuit. CoreCivic also objects that this request is unduly burdensome to the extent it includes contractors who provided services at SDC on behalf of non-parties to this lawsuit, including but not limited to ICE, the Immigration Health Services Corps, the U.S. Public Health Service, and the Executive Office of Immigration Review. CoreCivic was not necessarily a party to any such agreements, and therefore likely does not have such documents in its possession, control, or custody. To the extent that Plaintiffs seek aggregate data which may be able to be discovered and extracted through a system search of structured data, however, the parties have not conferred or even attempted to reach agreement on an iterative search protocol or data to be extracted, as required by the Court's July 17, 2020 Order for Data Preservation and Production (Doc. 68). Further, CoreCivic objects that this request is duplicative, unduly burdensome, and disproportional to the needs of the case, since it seeks information contained in separate discovery requests already propounded by Plaintiffs, including but not limited to subpoenas issued by Plaintiffs to relevant third parties for copies of the contracts and related documents, indicating that Plaintiffs can obtain such through means less burdensome than requiring CoreCivic to collect, gather, review, and prepare a summary of every contractor or other

service provider invoice, contract, and statement of work for any service provided by any third party at SDC during the relevant period.

**INTERROGATORY No. 3:**

Please identify each and every individual who participated in the WORK PROGRAM during the RELEVANT PERIOD. For each individual please provide their wage rate(s), job assignment(s), housing assignment(s), dates and HOURS worked on each job assignment, and the last three digits of their Alien Registration Number.

**ANSWER:**

CoreCivic objects that this Interrogatory is vague, ambiguous, and overbroad as to scope, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent that this request is not limited to SDC but encompasses all CoreCivic facilities. CoreCivic also objects that this request is overbroad and unduly burdensome to the extent it seeks housing history information which frequently changes and would require individually generating a screenshot of OMS Housing History Data for each detainee who participated in the Voluntary Work Program at SDC. CoreCivic also objects that this request is unduly burdensome and not proportional to the needs of the case to the extent it would seek identifying information for potential class members, the accuracy of which depends upon the information provided by individual detainees during intake and where CoreCivic does not record subsequent detainee location and contact information following ICE decisions for detainees to be discharged from SDC. Further, CoreCivic objects that this request appears to be an improper request for production which is duplicative, unduly burdensome, and disproportional to the needs of the case, since it essentially seeks creation of a summary document reiterating information contained in separate Requests for Production already propounded by Plaintiffs and/or exceeds the Court's limit of 30 requests for production which may be propounded by Plaintiffs to CoreCivic. (Doc. 63.)

Without waiving and subject to those objections, and pursuant to Fed. R. Civ. P. 33(d), please see documents produced by CoreCivic in response to Plaintiffs' Request for

**Production No. 9, from which such relevant information can be just as easily compiled by Plaintiffs as by CoreCivic. CoreCivic will also provide in a supplemental production data extracted from its Offender Management System, which contains dates of detention and all available contact information for all individuals detained at SDC during the relevant time period, and which Plaintiffs can cross-reference and compare to the other Voluntary Work Program records to identify the participants in the Voluntary Work Program at SDC just as easily as can CoreCivic.**

**INTERROGATORY No. 4:**

Please state the quarterly and annual profit CORECIVIC received from revenue generated as a result of its operations at SDC for each quarter during the RELEVANT PERIOD, and provide all expenditure and revenue data upon which YOU relied on or consulted in stating these amounts. This includes, but is not limited to, the expenditures associated with providing food, shelter, clothing, bedding, utilities, recreation, entertainment, medical health services, optical health services, dental services, and mental health services to DETAINED INDIVIDUALS.

**ANSWER:**

**CoreCivic objects that this request appears to be an improper request for production which is duplicative, unduly burdensome, and disproportional to the needs of the case, since it essentially seeks creation of a summary document regarding expenditure and revenue data, and therefore exceeds the Court's limit of 30 requests for production which may be propounded by Plaintiffs to CoreCivic. (Doc. 63.) CoreCivic incorporates its objections to Subpart 4 of Plaintiffs' Request for Production No. 20 as if set forth fully herein. CoreCivic also objects that this request is overly broad, not relevant, and not proportional to the needs of the case to the extent it seeks expense data unrelated to the claims alleged in the Complaint—specifically, expenses relating to medical services, optical services, dental services, and mental health services provided at SDC. CoreCivic objects that this request is unduly burdensome and not proportional to the needs of the case and**

may be obtained through less burdensome means to the extent that Plaintiffs seek aggregate data which may be able to be discovered and extracted through a system search of structured data, however, the parties have not conferred or even attempted to reach agreement on an iterative search protocol or data to be extracted, as required by the Court's July 17, 2020 Order for Data Preservation and Production (Doc. 68).

Without waiving and subject to those objections, and pursuant to Fed. R. Civ. P. 33(d), please see documents produced by CoreCivic in response to Plaintiffs' Requests for Production Nos. 6-9, from which such relevant information can be just as easily compiled by Plaintiffs as by CoreCivic.

Dated: September 21, 2020          Respectfully submitted,

_____

Daniel P. Struck *(pro hac vice)*
    Lead Counsel
Rachel Love *(pro hac vice)*
Nicholas D. Acedo *(pro hac vice)*
Ashlee B. Hesman *(pro hac vice)*
Jacob B. Lee *(pro hac vice)*
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com

Jacob D. Massee (GA Bar No. 551890)
David Bobo Mullens (GA Bar No. 258029)
OLIVER MANER LLP
PO Box 10186
Savannah, Georgia 31412
Phone: (912) 236-3311
Fax: (912) 236-8725
jmassee@olivermaner.com
dbmullens@olivermaner.com

Attorneys for Defendant/Counter-Claimant
CoreCivic, Inc.

A COPY of the foregoing was sent by email this
21st day of September, 2020 to the following:

Meredith B. Stewart
SOUTHERN POVERTY LAW CENTER
201 Saint Charles Avenue, Suite 2000
New Orleans, LA 70170
meredith.stewart@splcenter.org

Laura Rivera
Rebecca Cassler
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Avenue, Suite 340
Decatur, GA, 300030
laura.rivera@splcenter.org
rebecca.cassler@splcenter.org

Caitlin J. Sandley
SOUTHERN POVERTY LAW CENTER
400 Washington Ave.
Montgomery, AL 36104
cj.sandley@splcenter.org

R. Andrew Free
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
andrew@immigrantcivilrights.com

Azadeh Shahshahani
Priyanka Bhatt
PROJECT SOUTH
9 Gammon Avenue SE
Atlanta, A 30315
azadeh@projectsouth.org
priyanka@projectsouth.org

Korey A. Nelson
Lydia A. Wright
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
knelson@burnscharest.com
lwright@burnscharest.com

Warren T. Burns
Daniel H. Charest
BURNS CHAREST LLP
900 Jackson St., Suite 500
Dallas, Texas 75202
wburns@burnscharest.com
dcharest@burnscharest.com

Jessica Hasen
PERKINS COIE
1201 Third Avenue, Suite 4900
Seattle, WA 98101
jhasen@perkinscoie.com

John T. Dixon
Emily B. Cooper
Alan b. Howard
PERKINS COIE LLP
115 Avenue of the Americas
22nd Floor
New York, NY 10036
johndixon@perkinscoie.com
ecooper@perkinscoie.com
ahoward@perkinscoie.com

*Attorneys for Plaintiffs/Counter-Defendants*

Jacob D. Massee
David Bobo Mullens
OLIVER MANER LLP
PO Box 10186
Savannah, Georgia 31412
jmassee@olivermaner.com
dbmullens@olivermaner.com

*Attorneys for Defendant and Counter-Claimant
CoreCivic, Inc.*

By: _____

3761775.1

- 11 -