# Exhibit 5



Fighting Hate
Teaching Tolerance
Seeking Justice

Southern Poverty Law Center
PO Box 57089
New Orleans, LA 70157
www.splcenter.org

*Sent via Email*

November 19, 2020

Jacob B. Lee
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 W. Ray Road, Suite 300
Chandler AZ 85226
Tel: 480.420.1601
jlee@strucklove.com

**Re: *Barrientos v. CoreCivic, Inc.*, 4:18-cv-00070-CDL (M.D. Ga.), Plaintiffs' First Set of Discovery Requests and Conferral Requests**

Dear Jacob,

This letter concerns Defendant's failure to provide the agreed-upon documents and information in response to Plaintiffs' First Discovery Requests ("Requests"). If you are unwilling to provide these documents by December 7, we intend to seek Court intervention to compel your discovery responses pursuant to Federal Rule of Civil Procedure 37(1)(a) and Local Rule 37. Furthermore, should Defendant fail to produce the information by December 7, we reserve our right to seek Court approval to file supplemental expert reports after the December 17 disclosure deadline for Plaintiffs' experts to account for the delayed production.

We are willing to work toward a reasonable solution to the timing issues you have raised, but your delay, lack of responsiveness, and refusal to communicate with us about estimated timelines for production is prejudicing our ability to gather evidence and meet the Court ordered deadlines. Your email late in the day yesterday communicating that you are not available to meet and confer further until after Thanksgiving only exacerbates the situation. Again, we are prepared to work with you to avoid the need for Court intervention and to keep the case progressing, but we are not prepared to sit idly by if you are going to continue not to honor commitments and unilaterally delay proceedings and prioritize other cases in direct contravention of this Court's direction.

Background

On August 21, 2020, Plaintiffs served on Defendant their First Requests for Production ("RFPs") and Interrogatories. Defendant served objections and responses on September 21. On October 14 and 19, the Parties conferred about the Requests and Defendant's objections and responses. During those conferrals, you agreed to provide to the Plaintiffs certain documents and information, including information we need to develop solutions to the Parties' discovery disputes and potentially narrow Plaintiffs' Requests. On October 22 and November 2, we emailed you with the information we agreed to provide you to help streamline your review and production of documents, including the A Numbers of the new Plaintiffs, a narrowed list of policies we are requesting, and a substantially narrowed list of intake and orientation forms we need.

On November 4, the Parties conferred about Electronically Stored Information ("ESI").  During that call you informed us that you were unable to process ESI for our case simultaneously with the discovery for the *Owino v. CoreCivic* litigation.  You also declined to provide us a timeline for when you will be able to produce ESI here.  You were similarly unable to provide a timeline for production of the documents you agreed to produce during the October 14 and 19 conferrals.

On November 12, we sent you Plaintiffs' proposed ESI search terms with a request to confer about those terms and the other outstanding discovery matters. We also requested the status of the documents you agreed to produce during the October 14 and 19 conferrals.  On November 16, we served Defendant with Plaintiffs' Rule 34 Notice of Inspection and, via email, renewed our request to confer with you about discovery.  After not receiving any communications from you since our last conferral on November 4, we received your email late in the day yesterday notifying us that, due to other matters -- which you are obviously prioritizing over ours notwithstanding the Court ordered schedule in this case -- you would be unable to meet and confer further until after Thanksgiving.

Outstanding Documents and Information

On October 14 and 19 you agreed to produce the following documents and information in partial response to Plaintiffs' Requests.[1]  You have not provided any of the below information in full or in part since the initial conferral, nor have you responded to our requests for clarity on the timing of the production of this information.

General:  You agreed to provide us with the following general information in response to the Requests: (1) CoreCivic's document retention policy; (2) CoreCivic's video retention policy; (3) and detailed information on the *Owino* sample selection criteria.  The latter is particularly critical given that CoreCivic's position is that Plaintiffs should accept the Stewart Detention Center (SDC) detention files produced in *Owino* in satisfaction of Plaintiffs' Requests 12, 15, and 18.

RFP 1: You agreed to provide us with the policy documents listed on the Table of Contents of Policies (CCBVA0000004649) that Plaintiffs identified as responsive to RFPs 1, 7, 14. We provided you with our list of responsive policies on November 2, 2020.  You also agreed to produce any previous versions of the 2020 Work Program Plan Guidelines/ 18-100C (CCBVA000000464).

RFP 3: You agreed to produce all organizational charts for the relevant period.

RFP 5:  You agreed to search for and produce the proposed staffing plan referenced in the May 23, 2006 Letter re: Request for Proposal to Establish Inter-Governmental Services Agreement (IGSA) with Immigration and Customs Enforcement (CCBVA0000004714).

RFP 6: You agreed to produce the ICE/CoreCivic/Stewart County invoices and Billing Summaries for the relevant period.

RFP 8:  You agreed to inquire about whether commissary purchase and sales data is available in aggregate form.

RFP 9: You agreed to produce handwritten documents that would include information related to the hours worked by detained workers.  You stated you were already in the process of making that supplemental production.

---

[1] This information is more thoroughly laid out in Plaintiffs' October 20, 2020 Letter to CoreCivic Summarizing the Conferral re: Plaintiffs' First Discovery Requests.

RFP 10: You agreed to send us the Bates numbers of the IGSAs and/or modifications that include staffing plans.  In the alternative, if you discovered you did not produce those IGSAs or modifications, you agreed to produce them.

RFP 11: You agreed to inquire into what information is contained on employee scheduling documents.

RFP 13: You agreed to produce Office of Detention Oversight reports and Nakamoto Group audits for the relevant period.  You also agreed to provide information regarding what SDC audits and inspections have been performed during the relevant period and whether CoreCivic is willing to produce the Quality Assurance Division's audits.

RFP 17: You agreed to produce the Housing Plan Guidelines and Unit Plans for the relevant period.

RFP 19:  You agreed to produce documents responsive to this request that are related to the new Plaintiffs.

RFP 20: You agreed to produce purchase orders for personal hygiene items, clothes, and related purchases for the relevant period. You also said you would check on whether that data is available in aggregate form.

We are available to confer about these issues this week or early next week.  If you absolutely cannot make yourself available by next week for a substantive call about the Requests, we need to at least discuss adjustments to the case schedule necessitated by your delays to date.  Please let us know times that work for you between now and Tuesday, and we will make ourselves available.

Kind regards,

Meredith B. Stewart
Senior Supervising Attorney
Southern Poverty Law Center
(334) 531.6807
meredith.stewart@splcenter.org

CC:

CJ Sandley, Counsel for Plaintiffs, CJ.Sandley@splcenter.org
Alan Howard, Counsel for Plaintiffs, AHoward@perkinscoie.com
John Gray, Counsel for Plaintiffs, JHGray@perkinscoie.com
Jessica Hasen, Counsel for Plaintiffs, JHasen@perkinscoie.com
Vidhi Bamzai, Counsel for Plaintiffs, Vidhi.Bamzai@splcenter.org
Jessica Everett-Garcia, Counsel for Plaintiffs, JEverettGarcia@perkinscoie.com

Rachel Love, Counsel for Defendant, rlove@strucklove.com
Dan Struck, Counsel for Defendant, dstruck@strucklove.com
Ashley Hesman, Counsel for Defendant, ahesman@strucklove.com
Nick Acedo, Counsel for Defendant, nacedo@strucklove.com
Steve Curry, Counsel for Defendant, securry@currylawfirm.com