# Exhibit 6



Fighting Hate
Teaching Tolerance
Seeking Justice

Southern Poverty Law Center
PO Box 57089
New Orleans, LA 70157
www.splcenter.org

*Sent via Email*

April 1, 2021

Jacob Lee
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 W. Ray Road, Suite 300
Chandler AZ 85226
Tel: 480.420.1601
jlee@strucklove.com

**Re: *Barrientos v. CoreCivic, Inc.*, 4:18-cv-00070-CDL (M.D. Ga.), Status of Plaintiffs' First Set of Discovery Requests**

Jacob,

We write to follow up on Plaintiffs' First Discovery Requests in response to CoreCivic's March 9, 2021 Letter and March 10, 2021 Second Supplemental Responses to Plaintiffs' First Requests for Production. While we have made progress on resolving some of the outstanding disputes, CoreCivic's responses remain incomplete and CoreCivic continues to withhold relevant and responsive documents that are in its possession. We would like to confer with you about these issues as soon as possible in light of upcoming depositions and the June 25, 2021 close of fact discovery. Please let us know your availability to confer next week.

**Plaintiffs' First Requests for Production**

CoreCivic has made two document productions in response to Plaintiffs' First Requests for Production – on December 7, 2020 and March 10, 2021.[1] These responses are incomplete in the following ways.

***Electronically Stored Information (ESI)***

During our conferral on March 30, 2021, Mike Giardina provided an update on the production of ESI. He stated he would submit a hit count report to Plaintiffs on Thursday, April 1. He could not provide a timeline for completion of the robustness testing or for production of sample batches. Plaintiffs served Requests for Production ("Requests") on CoreCivic that included requests for ESI eight months ago. Plaintiffs have provided CoreCivic a more than reasonable amount of time to produce the ESI; however, CoreCivic's continued delay in producing this information or even providing a clear timeline for production is unacceptable, particularly given that fact discovery closes in less than three months. Please confirm that CoreCivic will begin a rolling production of ESI no later than April 15, 2021. If you are not able to confirm this timeline, Plaintiffs will need to seek Court intervention on this issue.

---

[1] CoreCivic first produced the documents to Plaintiffs on March 3, 2021, but Plaintiffs were not able to access the production until March 10, 2021 when CoreCivic re-sent the production with a functional link.

**Documents**

Request 1:  Request 1 seeks, *inter alia*, polices related to the Work Program. CoreCivic has produced several policy documents, but has withheld others that are relevant. Specifically, and without waiving our right to request production of additional policy documents beyond those listed here, Plaintiffs request CoreCivic produce the following policies:  01-22, Audits, Inspections, Corrective Actions; Policy 5-1, Incident Reporting; and 16-1, Access to Telephones.  These policies are relevant to Plaintiffs' claims on their face and should be produced.  Additionally, CoreCivic is withholding policies governing the preservation of Milestone video on the grounds that the video retention policy is included in Policy 01-15, Retention of Records, which CoreCivic has already produced.  However, while 01-15 generally governs retention of Milestone video and states that incident reports are retained for three years, we cannot verify that the complete incident report packet includes Milestone video without reviewing Policy 5-1, Incident Reporting.  Please produce Policy 5-1 so we can confirm whether it requires inclusion of Milestone video in any incident report packet.  CoreCivic's documents and video retention policies are central to Plaintiffs' ability to gather evidence to prove their claims.  If there is any security sensitive information in Policy 5-1, then that information is covered by the Protective Order (Doc. 67).

Request 2: Request 2 seeks orientation materials provided to detained individuals.  You previously stated you would supplement your prior production of Form 11-1E with previous versions. Thus far, CoreCivic has only produced the 2014 version of that form.  Please produce all versions from the relevant period.

Request 3: Request 3 seeks CoreCivic organizational charts at SDC.  CoreCivic has produced organizational charts from 2014 and 2020.  In your March 9 letter, you state that you will produce more charts, but only those relating to individuals involved in overseeing and administering the Work Program or who could have knowledge of Plaintiffs' allegations regarding CoreCivic's coercive schemes.  Plaintiffs agree to limit this request further to only those such organizational charts for now; however, Plaintiffs do not agree that the SORT has no relevance to their claims, particularly if the SORT team ever participated in disciplining or threatening discipline of detained workers. Therefore, Plaintiffs reserve their right to seek SORT team organizational charts should they discover that the SORT team – or other staff – engaged in work relevant to Plaintiffs' claims.  Please provide a timeline for the production of the additional organizational charts.

Request 4:  Request 4 seeks CoreCivic's contracts related to the Work Program.  In your March 9 letter, you state that the only contract with outside vendors that is relevant is CoreCivic's contract with Trinity Services Group, Inc. ("Trinity").  We are unable to evaluate that assertion, or to conclude that CoreCivic's obligations with respect to Request 4 are complete, because CoreCivic has declined to provide Plaintiffs with even a list of its outside contractors at SDC.  At a minimum, please confirm whether CoreCivic has any contracts with Keefe Company and/or any contracts with entities providing maintenance, housekeeping, and/or janitorial services at SDC during the relevant period.  This information will help us determine the status of this Request. As for the Trinity contract, you state you will not produce the versions that Trinity has already produced to Plaintiffs. We were not intending to request a duplicative production from CoreCivic; however, circumstances have changed. As you know, the versions that Trinity (and CoreCivic) produced redact the price per meal rate contract term and, as a result, Plaintiffs have had to move the Court to compel production of that term (Docs. 122, 122-1, 129). Trinity has recently taken the position that Plaintiffs should obtain that term from CoreCivic (Doc. 127). In light of that position, we expect CoreCivic to produce the 2020 and the pre-2020 versions of the contract with the price per meal rate term unredacted.

Request 9: Request 9 seeks Work Program participant payroll documents, work schedules, and documents reflecting actual hours worked. This information is central to Plaintiffs' damages calculations. Interrogatory 3 also requests this information. CoreCivic has produced sample electronic and paper reports used at SDC to verify Work Program participation and eligibility for compensation (*see, e.g.*, CCBVA0000106554 and CCBVA0000104597 through CCBVA0000105879).  For the most part, these

documents do not include actual hours worked or work schedules for Work Program participants. In CoreCivic's Second Supplemental Response to Plaintiffs' First Requests for Production, it indicated it is willing to confer about which of these forms Plaintiffs would like to obtain because they show substantially the same information. Plaintiffs are seeking the full set of the paper reports for the relevant period (*e.g.*, CCBVA0000104597 through CCBVA0000105879). Plaintiffs would also like all versions (completed and/or blank) of Form 19-100AA "Pay Sheet" (CCBVA0000004622) from the relevant period. If there are any other documents showing actual hours worked by Work Program participants, CoreCivic should produce those documents in response to this request. Additionally, CoreCivic should produce any documents showing work schedules for Work Program participants. In lieu of work schedule documents, Plaintiffs are willing to accept a response to Interrogatory 3 stating typical work schedules for the various Work Program jobs at SDC.

Request 10: Request 10 seeks payroll information for CoreCivic employees and contractors who perform work related to the Work Program. In your March 9 letter, you state that SDC has maintenance workers but, because those workers allegedly do not perform tasks also performed by Work Program participants, you are unwilling to produce payroll records for those workers. Plaintiffs disagree that this payroll information is not relevant. For one, the evidence indicates that SDC has employed not only maintenance workers, but also housekeepers (*e.g.*, CCBVA0000000364) and other janitorial staff (*e.g.*, CCBVA0000000392) during the relevant period. These jobs obviously overlap with Work Program tasks. Second, even if they do not overlap, the jobs performed by CoreCivic staff are still relevant to Plaintiffs' claims. Plaintiffs are entitled to know how much CoreCivic spends in total to operate SDC to calculate damages for their unjust enrichment claim, and its labor costs are an important data point in that calculation. Please confirm whether you intend to maintain your objection to producing this payroll information so that we can raise this issue with the Court.

Request 11: Request 11 seeks documents related to staffing plans and vacancies at SDC. In your March 9 letter, you state that CoreCivic has produced IGSAs and modifications that include staffing plans. CoreCivic has only produced one staffing plan attached to a 2018 IGSA modification (CCBVA0000105880–105886). The other modifications, including the ones you cite to in your March 9 letter (CCBVA0000000340–1316), do not include staffing plans. Please produce all SDC staffing plans from the relevant period. If the only staffing plan in existence is the 2018 plan, please confirm that in writing. Plaintiffs also request any SDC monthly staffing and vacancy reports sent to the Contracting Officer's Technical Representative (COTR). CoreCivic previously objected to the production of those reports. *See* Oct. 20, 2020 Ltr. to CoreCivic. Plaintiffs maintain that those reports are directly relevant to our claims. Please confirm whether CoreCivic continues to object to production of those reports so that Plaintiffs can raise that issue with the Court. Relatedly, CoreCivic has not produced all IGSA modifications from the relevant period – CoreCivic has failed to produce modifications 30-43. Please produce those modifications.

Request 13: Request 13 seeks documents related to any inspections or audits of SDC during the relevant period. CoreCivic has only produced two audits in response to this request – a 2019 Nakamoto Group audit report and a 2019 Office of Detention Oversight audit report. During the Parties' first conferral about Plaintiffs' First Discovery Requests, Plaintiffs raised CoreCivic's deficient production in response to Request 13. CoreCivic agreed to produce all Office of Detention Oversight reports and Nakamoto Group audits for the relevant period and to provide information regarding what SDC audits and inspections have been performed during the relevant period and whether CoreCivic is willing to produce the Quality Assurance Division's audits. *See* Oct. 20, 2020 Ltr. to CoreCivic, at 4. CoreCivic still has not produced those additional documents or information. Please respond in writing whether you intend to produce that information and, if so, the timeline for production.

Requests 15/16/18: We have reached an agreement regarding grievance and discipline document sample productions. Plaintiffs reserve their right to seek Court intervention should CoreCivic ultimately fail to produce the agreed-upon documents in time for use at depositions.

3

Request 20: CoreCivic is objecting in full to producing its financial revenue data for SDC. As discussed in previous conferrals and in Plaintiffs' March 12, 2021 letter, CoreCivic's SDC financial information is directly relevant to Plaintiffs' claims and damages calculations. Interrogatory 4 also requests this information in aggregate form. Please confirm whether you intend to maintain that objection so that we can raise this issue with the Court.

**Plaintiffs' First Set of Interrogatories**

CoreCivic responded to Plaintiffs' First Set of Interrogatories on September 9, 2020. CoreCivic has not filed a supplemental response since that time. CoreCivic's responses are deficient for similar reasons as its responses to Plaintiffs' Requests for Production, discussed above. Plaintiffs issued Interrogatories 2, 3, and 4 to provide CoreCivic with a less burdensome mechanism to produce Plaintiffs with documents sought in Requests 4, 9, and 20, respectively. Plaintiffs are willing to confer about how best to obtain the information requested in their First Set of Interrogatories in conjunction with the Requests discussed above. If CoreCivic intends to maintain its overly broad objections to Plaintiffs' Interrogatories, and does not intend to supplement those responses, please confirm that in writing.

Plaintiffs would like to confer about the status of Plaintiffs' First Discovery Responses as soon as possible. We are hopeful we can reach resolution about many of these issues but, to the extent we cannot, we intend to seek Court intervention promptly. Please let us know when you are available to confer next week, and we will make ourselves available.

Sincerely,

Meredith B. Stewart
Senior Supervising Attorney
Southern Poverty Law Center
(334) 531.6807
meredith.stewart@splcenter.org

CC:

CJ Sandley, Counsel for Plaintiffs, CJ.Sandley@splcenter.org
Alan Howard, Counsel for Plaintiffs, AHoward@perkinscoie.com
John Gray, Counsel for Plaintiffs, JHGray@perkinscoie.com
Jessica Hasen, Counsel for Plaintiffs, JHasen@perkinscoie.com
Vidhi Bamzai, Counsel for Plaintiffs, Vidhi.Bamzai@splcenter.org
Rebecca Cassler, Counsel for Plaintiffs, Rebecca.Cassler@splcenter.org

Rachel Love, Counsel for Defendant, rlove@strucklove.com
Jacob Lee, Counsel for Defendant, jlee@strucklove.com
Daniel Struck, Counsel for Defendant, dstruck@strucklove.com
Mike Giardina, mgiardina@strucklove.com