# Exhibit 8

| | |
|---|---|
| **From:** | Jacob Lee <JLee@strucklove.com> |
| **Sent:** | Tuesday, May 4, 2021 2:28 PM |
| **To:** | Meredith Stewart |
| **Cc:** | Nick Acedo; Ashlee Hesman; Rachel Love; Dan Struck; dbmullens@olivermaner.com; jmassee@olivermaner.com; Jessica Hasen; Alan Howard; Jessica Everett-Garcia; John Gray; Rebecca Cassler; Vidhi Bamzai; Andrew Free; CJ Sandley; Mike Giardina; Owino Team |
| **Subject:** | RE: Barrientos v. CoreCivic - Summary of April 27 Conferral re: Plaintiffs' RFPs |

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Meredith,

See comments in blue below.

Jacob

---

**From:** Meredith Stewart <Meredith.Stewart@splcenter.org>
**Sent:** Friday, April 30, 2021 3:33 PM
**To:** Jacob Lee <JLee@strucklove.com>
**Cc:** Nick Acedo <NAcedo@strucklove.com>; Ashlee Hesman <ahesman@strucklove.com>; Rachel Love <RLove@strucklove.com>; Dan Struck <DStruck@strucklove.com>; dbmullens@olivermaner.com; jmassee@olivermaner.com; Jessica Hasen <JHasen@perkinscoie.com>; Alan Howard <AHoward@perkinscoie.com>; Jessica Everett-Garcia <JEverettGarcia@perkinscoie.com>; John Gray <JHGray@perkinscoie.com>; Rebecca Cassler <rebecca.cassler@splcenter.org>; Vidhi Bamzai <vidhi.bamzai@splcenter.org>; Andrew Free <andrew@immigrantcivilrights.com>; CJ Sandley <cj.sandley@splcenter.org>; Mike Giardina <MGiardina@strucklove.com>; Owino Team <OwinoTeam@strucklove.com>
**Subject:** RE: Barrientos v. CoreCivic - Summary of April 27 Conferral re: Plaintiffs' RFPs

Jacob,

We've considered CoreCivic's proposal to request a six-month extension of the discovery schedule. As discussed on Tuesday, Plaintiffs prefer that there not be any extension, and in any event six months is excessive given that we've been in discovery for nearly a year and the primary reason we aren't near completion is CoreCivic's delay in producing the ESI and other written discovery that Plaintiffs requested nine months ago. Because CoreCivic has not yet produced the bulk of the ESI and CoreCivic will not meet the agreed-upon May 1 date for substantial completion of production of non-ESI written discovery, Plaintiffs have no choice but to recognize the need for some extension of the discovery schedule. However, a three-month extension should be more than sufficient especially since, as mentioned in our email yesterday, we intend to move the Court to compel CoreCivic to adhere to concrete production deadlines and to produce the documents discussed on Tuesday's conferral that CoreCivic is withholding. If CoreCivic does not agree to the three-month extension, we will provide our position to the Court in our motion to compel. We intend to file the motion on May 7, so please provide your position on Plaintiffs' three-month counter proposal prior to May 7.

Will Plaintiffs agree to 4 months instead? We are concerned that 3 months will not be enough, given that the parties are still finalizing search terms. The Court entered the original Scheduling Order on 6/19/20, just over 10 months ago. Plaintiffs didn't serve their first RFPs and ROGs until 2 months later, on 8/21/20. As you know, this case stretches back 13 years to April 2008, and Plaintiffs have demanded a broad range of documents covering a wide variety of topics over that timeframe. The last extension put the close of fact discovery at 12 months from the start of discovery; another 4-

1

month extension would put fact discovery at 14 months, which is not unreasonable in a case this size. Although we continue to think that 6 months would not be unreasonable under the circumstances, we're hoping Plaintiffs will be willing to compromise at 4 months.

I would also point out that the parties agreed that the 5/1/21 date was only ever an informal target. Indeed, the Court did not enter that deadline in the order granting the last extension.

With respect to the other issues raised in your email, thank you clarifying your position on those points.  Below are a few responses.  Please let us know if there is anything you want to discuss further; otherwise we will be raising all of these matters as well as those discussed during our conferral in our motion to compel.

- ESI Timeline – Our position is that CoreCivic should have already completed the search, robustness testing, and production of ESI particularly given that 2,094 of the total 2,272 search strings were proposed <u>by CoreCivic</u> based on an order entered in *Owino* in July 2020.  We are willing to review Plaintiffs' 178 proposed search strings and the corresponding hit count report, but that should not hold up or justify any additional delay on CoreCivic's part.  As stated above, we intend to move the Court for ESI production deadlines in our motion.

The original set of search strings was proposed in the abstract, without the benefit of having actually applied them to any set of documents. Now that we have done so, it is clear that they are too broad, which is why we are working to find ways to narrow them so that relevant, responsive, and useful ESI is produced without imposing an undue burden on CoreCivic, which bears the entirety of the burden. Instead of stubbornly insisting that CoreCivic produce everything without limitation, we would appreciate efforts by Plaintiffs to work with us to ensure that discovery is proportional to the actual needs of the case consistent with Rule 26. We appreciate Plaintiffs' stated willingness to work with us to narrow the search terms, even though Plaintiffs waited to do so until we specifically asked them to.

- FSC custodians – We do not agree to a phased approach to the search and production of the FSC custodians' data.  Phasing was not what we agreed to when we agreed to adopt the *Owino*-specific custodians at CoreCivic's behest.  Additionally, Plaintiffs' proposed search terms specifically state that any searches of the FSC custodians' data should be accompanied by a SDC or Stewart prefix, meaning any responsive files will be narrowly tailored to SDC. We intend to include this issue in our motion.

Again, custodians were proposed in the abstract, without the benefit of having actually collected ESI from any of them. Now that we have done so, it is clear that even the facility-level custodians will generate massive amounts of ESI that must be processed and reviewed (a discovery dispute motion seeking to narrow the custodians at issue in Owino is pending). Our proposal of a phased approach is our attempt to ensure that relevant, responsive, and useful ESI is produced without imposing an undue burden on CoreCivic, which bears the entirety of the burden. Instead of stubbornly insisting that CoreCivic produce everything without limitation, we would appreciate efforts by Plaintiffs to work with us to ensure that discovery is proportional to the actual needs of the case consistent with Rule 26.

- Staffing Plans – We appreciate you confirming that you are not aware of any staffing plans outside of the IGSAs.  Plaintiffs are also seeking the SDC monthly staffing and vacancy reports sent to the Contracting Officer's Technical Representative. Our understanding is that CoreCivic is opposed to producing those documents.  Please clarify if that is incorrect.

We disagree that staffing plans are relevant at all, but as stated previously, we will produce any that are part of the IGSA and modifications. We object to producing any monthly staffing and vacancy reports sent to the COTR.

- Audit Reports – We note your position and, as discussed, we disagree about what audit reports are relevant to our claims.
- SDC financial information – We note your position and, as discussed, we disagree that SDC financial information is not relevant to our claims and damages calculations, including disgorgement, as discussed in Plaintiffs' Supplemental Initial Disclosures.
- SDC Employee Payroll information – We appreciate your willingness to compromise on the SDC janitor payroll data.  However, your proposal does not provide us with adequate information for our damages calculations.  The Court has already ruled that this information is relevant to Plaintiffs' claims with respect to non-party Trinity.  Similar to what Trinity will be producing, we would like the names and payroll data of SDC maintenance and janitorial employees.  CoreCivic can designate this information confidential under the Protective Order, which should assuage any privacy concerns.  Additionally, CoreCivic can anonymize the payroll

data by using the employees' initials.  Please let us know before May 7 if CoreCivic is willing to produce this information.

We agree to produce payroll information for the janitors and maintenance workers employed by CoreCivic at SDC. While we cannot confirm it will be "[s]imilar to what Trinity is producing," as we haven't seen Trinity's production, we envision this being a report that shows dates worked, hours worked, and pay rates for each such employee.

Thank you,



**Meredith Stewart** She/her/ella
Senior Supervising Attorney  |  Legal
Southern Poverty Law Center
T  504.526.1497

meredith.stewart@splcenter.org  |  www.splcenter.org
Admitted in Louisiana

This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify The Southern Poverty Law Center immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

**From:** Jacob Lee <JLee@strucklove.com>
**Sent:** Thursday, April 29, 2021 6:11 PM
**To:** Meredith Stewart <Meredith.Stewart@splcenter.org>
**Cc:** Nick Acedo <NAcedo@strucklove.com>; Ashlee Hesman <ahesman@strucklove.com>; Rachel Love <RLove@strucklove.com>; Dan Struck <DStruck@strucklove.com>; dbmullens@olivermaner.com; jmassee@olivermaner.com; Jessica Hasen <JHasen@perkinscoie.com>; Alan Howard <AHoward@perkinscoie.com>; Jessica Everett-Garcia <JEverettGarcia@perkinscoie.com>; John Gray <JHGray@perkinscoie.com>; Rebecca Cassler <rebecca.cassler@splcenter.org>; Vidhi Bamzai <vidhi.bamzai@splcenter.org>; Andrew Free <andrew@immigrantcivilrights.com>; CJ Sandley <cj.sandley@splcenter.org>; Mike Giardina <MGiardina@strucklove.com>; Owino Team <OwinoTeam@strucklove.com>
**Subject:** RE: Barrientos v. CoreCivic - Summary of April 27 Conferral re: Plaintiffs' RFPs

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Meredith,

For the most part, your email accurately captures our discussion, with a few caveats:

- A timeline for the production of all ESI cannot be determined until we have reached a final agreement on search terms and applied them to the collected ESI in order to get a final count of items to be reviewed and produced. We will diligently work to complete our robustness review, and appreciate any input you can provide as to proposed search terms that can be withdrawn based on the hit-count reports.
- Regarding the ESI custodians from FSC, as we stated yesterday, we have not taken the position that we will not produce ESI from the FSC custodians, but only that it makes sense to approach ESI in phases, dealing with the facility-level ESI first, and then determining whether and to what extent it remains necessary to deal with FSC-level ESI, as any questions from the facility to FSC, as well as any directives from FSC to the facility, related to the issues in the case will be captured in the facility-level ESI.
- Regarding staffing plans, we are not aware of any that exist outside of those that are part of the IGSA and applicable modifications. Although you are correct that we do not believe the staffing plans are relevant, we have already agreed to produce any staffing plans that are part of the IGSA and applicable modifications, so there really is no dispute here.
- Regarding the audit reports, CoreCivic's position more specifically is that the only mention of conditions in the Amended Complaint are in the context of alleging that CoreCivic threatened segregation, provided "inadequate"

3

- food, etc. in order to force/coerce detainees into participating in the VWP. There are no claims that conditions in any part of SDC violate the 5th, 8th, 14th, or any other Amendment or constitutional provision or requests for relief based on such violations. As such, audits that broadly discuss topics such as segregation without reference to its use to force detainees into participating in the VWP are not relevant to the claims at issue.
- Regarding SDC financial information, CoreCivic's position more specifically is that if CoreCivic was unjustly enriched, it was only unjustly enriched in the amount of the difference between what it actually paid detainees to participate in the VWP and either (1) what it would have paid detainees if it had paid them the applicable minimum wage for the time they actually spent engaged in VWP-related tasks, or (2) what it would have paid regular employees to complete the tasks performed by VWP participants. The entirety of the profit derived by CoreCivic from its operation of SDC is not somehow tainted, and therefore fair game, simply because CoreCivic paid detainees less than minimum wage and/or did not have to pay regular employees to complete the same tasks (please note this is all hypothetical—we are not conceding that any of these things actually happened; CoreCivic continues to vigorously dispute both liability and damages). Damages under the VWP boil down to the same amounts.

Regarding the payroll information for the janitors employed by CoreCivic at SDC, we continue to maintain our position that such information is not relevant and improperly intrudes on the privacy of non-parties who have not consented to the disclosure of their private personal information, and that Plaintiffs can estimate their damages by multiplying (1) the minimum wages stated in the Department of Labor Wage Determinations incorporated into the IGSA and applicable modifications for the relevant positions by (2) the estimated number of hours VWP participants actually spent engaged in VWP-related tasks. Alternatively, Plaintiffs can estimate their damages by multiplying the minimum wages stated in the Wage Determinations by the number of hours a regular CoreCivic employee would have worked completing those same tasks. As Plaintiffs already have the Wage Determinations (and will have any outstanding Wage Determinations when CoreCivic completes its production of the IGSA modifications), there is no need for payroll information of individual CoreCivic employees.

Nevertheless, in the spirit of compromise, would Plaintiffs be willing to accept documents sufficient to show the hourly rate(s) the janitors are paid and whether they are full-time or part-time employees? With this information, Plaintiffs would be able to calculate the amounts stated above without requiring CoreCivic to produce the complete payroll information for non-parties who have not consented to the release of their personal, private information. Please let us know.

Please also let us know Plaintiffs' position as to our proposed extension of the discovery deadlines. Thank you.

Jacob

---

**From:** Meredith Stewart <Meredith.Stewart@splcenter.org>
**Sent:** Wednesday, April 28, 2021 4:09 PM
**To:** Jacob Lee <JLee@strucklove.com>
**Cc:** Nick Acedo <NAcedo@strucklove.com>; Ashlee Hesman <ahesman@strucklove.com>; Rachel Love <RLove@strucklove.com>; Dan Struck <DStruck@strucklove.com>; dbmullens@olivermaner.com; jmassee@olivermaner.com; Jessica Hasen <JHasen@perkinscoie.com>; Alan Howard <AHoward@perkinscoie.com>; Jessica Everett-Garcia <JEverettGarcia@perkinscoie.com>; John Gray <JHGray@perkinscoie.com>; Rebecca Cassler <rebecca.cassler@splcenter.org>; Vidhi Bamzai <vidhi.bamzai@splcenter.org>; Andrew Free <andrew@immigrantcivilrights.com>; Meredith Stewart <Meredith.Stewart@splcenter.org>; CJ Sandley <cj.sandley@splcenter.org>; Mike Giardina <MGiardina@strucklove.com>
**Subject:** Barrientos v. CoreCivic - Summary of April 27 Conferral re: Plaintiffs' RFPs

Jacob,

Thank you for talking with us on Tuesday. Below is a summary of our discussion. If you disagree with anything in the summary, please let me know.

4

**Detention File Sample Selection**

Thank you for providing a template spreadsheet and further clarification on the information CoreCivic needs to collect and produce the detention file sample documents. We will provide a list of the samples that conforms with the template by this Friday. Please provide an estimated production timeline for the detention file sample documents as soon as possible thereafter.

**ESI**

CoreCivic has not produced the ESI responsive to Request 1. You stated that you are still working on the robustness review. You said you would try to produce the ESI related to the named Plaintiffs by the end of May. You declined to provide a date certain for the other ESI production. Your position is that the scope of discovery is too broad in this matter to be completed by the current close of fact discovery with CoreCivic's current case staffing levels. You proposed a six-month extension of the discovery schedule. We said we would get back to you about the extension on Friday. With respect to the custodians whose ESI you are searching, Plaintiffs understood the Parties' ESI agreement to include the searches of Facility Support Center (FSC) – i.e., corporate level – custodians based on the fact that you proposed, and Plaintiffs accepted, the ESI custodians from *Owino v. CoreCivic*, which include the FSC custodians. You stated you no longer agree to search or produce ESI related to the FSC custodians but rather want to revisit those custodians after the production of ESI from the 74 facility-level custodians to determine if there is a basis to search them. This was the first time you've informed us of your desire to pursue a phased approach with regard to custodians. Finally, we agreed to revisit CoreCivic's hit count reports to determine if any of Plaintiffs' terms might be modified, but we noted we need more information from you to evaluate the terms producing the most hits, such as the information revealed by the robustness testing. You can expect an email on the hit count reports shortly.

**Other Written Discovery**

You agreed to produce the following information by the end of May or sooner, if possible:
- All versions of Form 11-1E from the relevant period to the extent they exist.
- All facility-wide and Unit organizational charts from the relevant period to the extent they exist.
- All versions of the CoreCivic – Trinity contract with the price per meal rate unredacted that the Court ordered CoreCivic to produce on April 15, 2021.
- All paper records used at SDC to verify Work Program participation and eligibility for compensation and all versions of the Form 19-100A "Pay Sheet."
- All IGSA modifications that CoreCivic has not yet produced (including modifications 30-43).
- All Nakamoto and Office of Detention Oversight audit reports that mention the Work Program.

You objected to the production of the following information:
- Policy 01-22, Audits, Inspections, Corrective Actions; Policy 5-1, Incident Reporting; and 16-1, Access to Telephones. CoreCivic's position is that these policies are not relevant to the Work Program. Plaintiffs' position is that they are relevant to the allegations relating to the Work Program, the provision of basic necessities, discipline and corrective action against detained individuals, housing of detained individuals, and the oversight of those areas.
- Payroll records for the janitors and maintenance workers whom CoreCivic employs at SDC. CoreCivic's position is that their wages are not relevant to Plaintiffs' claims or damages; Plaintiffs can get the wage information from the U.S. Department of Labor wage determinations; and production of employee payroll records implicates privacy concerns. Plaintiffs' position is that these documents are the best evidence of CoreCivic's labor costs and production of payroll records does not implicate privacy concerns. We reminded you that the Court already ordered Trinity to produce its payroll records in this case, rejecting similar arguments related to privacy and relevance.
- Any staffing plans that are not contained within the IGSAs, though you represented that you do not believe there are any others, and the SDC monthly staffing and vacancy reports sent to the Contracting Officer's Technical Representative. CoreCivic's position is that staffing plans are not relevant. Plaintiffs' position is that staffing plans are relevant to (1) CoreCivic's total labor costs; (2) CoreCivic's total profits; and (3) the need for more or fewer detained workers.
- Any audit reports that do not mention the Work Program and any internal CoreCivic audit reports of SDC, including FSC audits and Quality Assurance Division Audits, whether or not they mention the Work Program. CoreCivic's position is that Plaintiffs' claims only encompass the Work Program, so audit reports that do not mention the Work

Program are not relevant.  Plaintiffs' position is that all SDC audit reports discussing the provision of food, housing, discipline, segregation, phone access, basic necessities, commissary access, staffing, or the Work Program are relevant given that Plaintiffs' claims broadly implicate the conditions of confinement at SDC.
- Any CoreCivic financial information for SDC.  CoreCivic's position is that the SDC financials are not relevant to Plaintiffs' claims because the only financial metric that is relevant is how much CoreCivic would have to pay detained workers if it had to pay them the minimum wage.  Plaintiffs' position is that the SDC financials are critical to establishing CoreCivic's forced labor scheme, including by showing the cost of caring for detained individuals, commissary profits, and overall labor costs.

Finally, you informed Plaintiffs for the first time yesterday that CoreCivic is not on track to meet the agreed-upon, May 1 deadline for the substantial completion of document production with respect to the non-ESI documents.  *See* Doc. 114, at 3.  We stated our intention to file a motion to compel regarding the delayed ESI production, the information that CoreCivic is withholding that is responsive to Plaintiffs' discovery requests, and the production timeline for the non-ESI discovery, should the estimated timeline become even more protracted.

Sincerely,

**Meredith Stewart** She/her/ella
Senior Supervising Attorney  |  Legal
Southern Poverty Law Center
T  504.526.1497
meredith.stewart@splcenter.org  |  www.splcenter.org
Admitted in Louisiana

This e-mail and any attachments are confidential and may be protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify The Southern Poverty Law Center immediately by returning it to the sender and delete this copy from your system. Thank you for your cooperation.

This electronic mail transmission contains information from the law firm Struck Love Bojanowski & Acedo, PLC that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (480) 420-1600. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.