# Exhibit 9



Fighting Hate
Teaching Tolerance
Seeking Justice

Southern Poverty Law Center
PO Box 57089
New Orleans, LA 70157
www.splcenter.org

*Sent via Email*

October 20, 2020

Daniel P. Struck
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 W. Ray Road, Suite 300
Chandler AZ 85226
Tel: 480.420.1601
dstruck@strucklove.com

**Re: *Barrientos v. CoreCivic, Inc.*, 4:18-cv-00070-CDL (M.D. Ga.), Summary of Conferrals Regarding Plaintiffs' First Set of Discovery Requests**

Dear Dan, Jacob, and Rachel,

Thank you for speaking with us on Wednesday, October 14, and on Monday, October 19, regarding Plaintiffs' First Set of Discovery Requests ("Requests") and Defendant's responses and objections. This letter is intended to summarize our discussion.

<u>CoreCivic's General Objections to Plaintiffs' First Set of Discovery Requests</u>

During our discussion we reviewed CoreCivic's general objections to Plaintiffs' Requests. First, we discussed CoreCivic's objections to Plaintiffs' definition of the "Work Program" and "Work Program Participant" as, *inter alia*, vague and overbroad. Def's Resp. to Pls' 1st Disc. Requests ¶ 9. We confirmed that "Work Program" and "Work Program Participant" as defined in the Requests is limited to work performed by participants in the "Voluntary Work Program" at Stewart Detention Center (SDC). We also restated that our proposed class only includes participants in the "Voluntary Work Program," regardless of whether they were compensated for the labor they performed as part of that program.

Second, we discussed CoreCivic's objection to the definition of "CoreCivic" as including attorneys. Def's Resp. to Pls' 1st Disc. Requests ¶ 6. We stated we are not trying to infringe upon attorney-client privilege or attorney work product, and we are amendable to CoreCivic labeling documents as such and including them in the privilege log required by the ESI Order (Doc. 68). We also noted that not every document in the possession of an attorney or involving an attorney is privileged – for example, in instances when outside counsel houses documents for a client-defendant to shield those documents from discovery. You assured us that is not your intent here.

Third, we discussed your objection to the Requests because you thought they seek information from facilities other than SDC. Def's Resp. to Pls' 1st Disc. Requests at 5, 10, 12 14, 17, 21, 24, 26, 29, 31, 38, 39. We explained that our Requests are limited to SDC aside from some financial documents that might be generated at the corporate level and include information related to other facilities.

Fourth, in response to your objection that the Requests are too broad because they include "detainee" in the definition of "employee/agent," we stipulated that any mention of "employee" or "agent" in the Requests does not include detainees. Def's Resp. to Pls' 1st Disc. Requests ¶ 7.

Fifth, you objected to our definition of "Plaintiff" because it includes unidentified future plaintiffs. Def's Resp. to Pls' 1st Disc. Requests ¶ 8. We noted that any new plaintiffs would be identified in Plaintiffs' Amended Complaint, which was filed on October 16, 2020 (Doc. 87). We agreed to work with you to determine a reasonable timeline for producing documents related to those new Plaintiffs and to provide the new Plaintiffs' A-Numbers.

Sixth, we discussed your objection to Plaintiffs' definition of the "relevant period" as beginning in 2008 on the ground that no class has been certified and the earliest any of the named Plaintiffs was detained was July 2015. Def's Resp. to Pls' 1st Disc. Requests at 7. We explained the Court did not bifurcate class and merits discovery, so we are entitled to class wide discovery now. You agreed to withdraw that objection to the extent it relates to Plaintiffs' entitlement to class-wide discovery. You maintained your objection to the relevant period as defined by Plaintiffs on the basis that a 12-year period places an undue burden on CoreCivic. You also stated that CoreCivic's document retention policy might not cover the full period. You agreed to give us that policy.

Finally, we discussed your objection to producing documents that Plaintiffs can obtain from a non-party or via an Open Records Act request or a Freedom of Information Act request. Def's Resp. to Pls' 1st Disc. Requests ¶ 5. We stated that if relevant documents are in the custody and control of CoreCivic, then CoreCivic as a party to this litigation has to produce them. We agreed to coordinate discovery with any third parties we are subpoenaing to avoid placing an additional burden on any party or non-party, but we do not think the availability of a document from a non-party or any other source is a valid basis for CoreCivic to withhold documents or decline to search for documents responsive to the Requests.

<u>Plaintiffs' First Set of Discovery Requests</u>

During our conferral, we also discussed each of Plaintiffs' Request for Production (RFP). Below is a summary of what we discussed[1]:

- RFP #1: We disagreed with your view that this request is a compound request. We stated we need CoreCivic's policy and training documents related to the Work Program during the relevant period. You stated that you produced a Table of Contents (TOC) of policies at SDC that we can review to determine which policies we need that CoreCivic has not yet produced. You noted it could be burdensome to produce all policy documents from 2008 to present. You also noted that CoreCivic does not have employee training documents specific to the Work Program at SDC. We stated we would provide you with a list of the policies from the TOC that are responsive to our Requests. We also asked you to produce any previous versions of the 2020 Work Program Plan Guidelines (CCBVA000000464), and you agreed to do that to the extent additional versions exist. Additionally, we asked you to produce any meeting notes or minutes related to the Work Program. Finally, we agreed to table the discussion of ESI-related discovery responsive to RFP #1 for a separate ESI-focused call.

- RFP #2: We clarified that we are seeking samples of the orientation materials and handbooks that you provide and have provided to detained individuals during the relevant period. We clarified that we are not seeking every document that has been provided to every individual detained at SDC during the relevant period, only exemplars of each version of a document produced during the relevant period. You stated you would provide us with additional versions of the handbook and forms provided to individuals during intake, to the extent they exist, and

---

[1] Plaintiffs acknowledge that the Parties reserved their objections and rights with respect to the Requests. For purposes of this summary, discussions of those objections are omitted unless relevant to the resolution of or follow up related to the Requests.

2

once you perform an ESI search. We also agreed to look at the intake forms you have produced to determine if we need older versions of any of those forms.

- RFP #3: We noted that you produced organizational charts from 2014 and 2020. You agreed to search for charts from other years during the relevant period and to produce them if they exist. We asked what the reference in your objection to RFP #3 to "designated areas of responsibility" means, and you responded that you would get back to us with that information.

- RFP #4: We clarified that with this request we are seeking contracts related to outside contractors who perform work related to the Work Program. We stated that any contracts related to food service, commissary, or phone services are relevant to this request. You disagreed the latter two contracts are responsive to this request because those are not related to the Work Program. You agreed that the contract between Trinity Services Group, Inc. and CoreCivic is relevant to our claims and responsive to the request.

- RFP #5: We clarified that we are looking for documents related to CoreCivic's original bid for and procurement of the contract with Stewart County and ICE to run SDC. We noted that you produced a document from that process that references a "proposed staffing plan attached," but that the staffing plan was not attached to the document you produced (CCBVA0000004714). We asked you to search for that document and any others relevant to the original bidding process. You stated that you did not intentionally withhold the attachment, and you agreed to search for it.

- RFP #6: We requested that you produce all of the invoices between ICE and CoreCivic/Stewart County for the relevant period. We also requested that you produce the CoreCivic Billing Summaries for the relevant period. We agreed to send you an example of a Billing Summary we have received from Stewart County.[2] You agreed to produce the invoices and the Billing Summaries.

- RFP #7: We explained we are looking for policies related to food, personal hygiene products, and clothing. You referred us to the TOC of policies that you produced. We agreed to review the TOC to identify policies that would be responsive to this request. With respect to policies related to the provision of food (e.g., meal plans, nutritional adequacy statements, menus), you stated that Trinity is in possession of those documents, not CoreCivic, because, pursuant to CoreCivic's contract with Trinity, Trinity is responsible for the provision of food at SDC.

- RFP #8: We clarified that we are looking for documents reflecting CoreCivic's commissary purchases and sales. You produced a sample of Keefe Co. invoices reflecting commissary inventory purchases and Inventory Valuation Reports. We asked if the purchase and sales data was available in aggregate form, and you responded that you did not think it existed but that you would inquire. We noted that production of aggregate data would allow us to narrow this request.

- RFP #9: We asked if CoreCivic tracks hours worked by Work Program participants. You stated that this data is not systematically tracked, but it is sometimes written down on paper. You noted that you are working on a supplemental production of handwritten documents that would include hours information. We also asked what information was redacted from the spreadsheet you produced (CCBVA0000006056 through CCBVA0000006059), and you said that any

---

[2] On October 19, 2020, Plaintiffs produced to Defendant the documents they have received to date in response to Plaintiffs' Document Subpoena to Stewart County. That production includes copies of the Billing Summaries. *E.g.*, STEW0000139-50.

3

information about individuals in U.S. Marshal custody who participated in the Work Program was redacted.

- RFP #10: We clarified that we are seeking payroll documents for CoreCivic employees and agents who perform tasks that are also performed by Work Program participants (e.g., janitors and food service workers). You stated you do not think that CoreCivic employs individuals who regularly perform those tasks, but that CoreCivic employees, such as Detention Officers, might fill temporary staffing needs that overlap with Work Program tasks. You also objected to this request on relevance grounds, stating Plaintiffs do not need payroll information for CoreCivic employees because we already have the U.S. Department of Labor (DOL) wage determinations applicable to the relevant jobs. We stated that RFP#10 is relevant to our unjust enrichment claim, specifically the total amount that CoreCivic pays in labor costs to operate SDC, and to arrive at that total cost we need the number of employees and hours worked, which is not included in the DOL wage determinations. You referred us to the staffing plans, and we noted that we did not think any staffing plans were attached to the IGSAs or modifications that you produced. You said you would send us the bates numbers or produce them if they were not produced. You also said you would confirm whether CoreCivic hires workers to perform maintenance level tasks at SDC without conceding that payroll records of those employees, if they exist, are relevant.

- RFP #11: We reiterated that we need any staffing plans attached to the IGSAs or modifications during the relevant period. You agreed to confirm that you produced them already and to send us the bates numbers. We also requested daily/weekly/monthly staffing schedules and the staffing vacancy reports sent to the Contracting Officer's Technical Representative (COTR). You stated your objection that staffing information related to CoreCivic's employees is not relevant to Plaintiffs' claims. We explained that staffing vacancies are relevant to how CoreCivic responds to decreased participation in the Work Program. You said you would inquire into what information is reflected on CoreCivic employee scheduling documents. You declined to provide us with any information related to the staffing vacancy reports provided to the COTR.

- RFP #12: We noted that we are seeking Commissary Summary by Receipt Number Reports and the Account Summary Reports for a representative sample of individuals. You responded that CoreCivic is producing a representative sample of detained individuals' files in response to discovery requests in *Owino v. CoreCivic*. You stated that this sample would include 2,000 detained individual files from SDC. You stated that the *Owino* parties are still working on the sample selection criteria. We stated that, at this time, we cannot confirm that this sample would satisfy our Requests, and we asserted that our discovery should not limited by what CoreCivic is having to produce in other cases in which Plaintiffs are not parties and Plaintiffs' Counsel are not counsel. We requested that you provide us more information on the *Owino* sample selection as soon as possible.

- RFP #13: We requested inspection reports and audits for the relevant period. You agreed to produce Office of Detention Oversight reports and Nakamoto Group audits for the relevant period. You noted that in your view not all audits or inspections would be relevant to our claims, for example an OCRCL inspection triggered by an excessive force allegation. We requested you produce a list of all audits and inspections performed during the relevant period to allow us to have an informed discussion about relevancy. You stated you would review what is available and get back to us. We also requested audits performed by CoreCivic's Quality Assurance Division (QAD). You disagreed that those audits were responsive to RFP #13 and noted that some might be privileged. You agreed to discuss the QAD audits with your client and get back to us with its position.

- RFP #14: You confirmed again there are no employee training documents related to the Work Program. You suggested we review Policies 15-1 and 15-100, as those relate to corrective action against detained individuals. We said we would review the TOC of policies and include any additional policies from that list that are responsive to this request.

- RFP #15: You provided us with available disciplinary logs from January 2013 to August 2020. You confirmed that these spreadsheets log every disciplinary action taken against any individual at SDC since January 2013. You stated that pre-2013 disciplinary records are not kept in a centralized location but rather are in individual files. We stated that we would like a sample of the underlying documents used to create this log based on infraction code, and we would like that sample to include some documents prior to 2013. You agreed to give us those documents with respect to the Plaintiffs. You stated that Defendant was unlikely to be willing to produce a new sample beyond the 2,000 detention files being produced in *Owino*. You also stated that CoreCivic only has a 3-year record retention policy so retrieving documents that far back would be difficult. We reiterated that we are not parties in *Owino* and thus should not be prejudiced in seeking these documents. We again requested a copy of CoreCivic's document retention policy. We stated we would send you a proposal for a sample of disciplinary documents.

- RFP #16: We requested CoreCivic employee disciplinary documents related to the Work Program. You declined to produce these documents on relevance grounds. We stated these documents are relevant to whether CoreCivic has a policy of punishing detained individuals for refusing to work.

- RFP #17: We requested Housing Plan Guidelines and Unit Plans for the relevant period. You agreed to produce those documents to the extent they exist.

- RFP #18: We stated that we would like a sample of underlying grievances that are reflected in the grievance log that you produced. You stated that these are stored in detained individuals' detention files. You said you could potentially produce them to us, but the sample selection that CoreCivic produces in *Owino* will impact what is produced here. We again asked for information related to the *Owino* sample so we can determine how it might affect our Requests and proposed samples.

- RFP #19: You agreed to produce documents related to the new Plaintiffs. You stated the ESI you plan to produce in response to this request is a result of a search for the Plaintiffs' names and A-numbers. We asked you to provide to us any additional search terms you use and any custodians who you searched. You agreed to give us that information. We also requested video footage of any of the Plaintiffs' disciplinary events or other incidents referenced in the Amended Complaint. You stated it is too burdensome to preserve Milestone surveillance video. We noted that we asked CoreCivic to preserve video in the litigation hold letter we sent to CoreCivic's counsel upon filing this litigation in 2018 and reserved our right to raise the failure to preserve with the Court. You stated that CoreCivic has a policy of burning to a separate disk any video footage of certain types of incidents and that those disks are preserved separately. You agreed to give us a copy of that policy.

- RFP #20: We disagreed with your view that this request is compound. We requested the names and titles of individuals who have supervised Work Program participants or who are decision makers vis-à-vis the Work Program. You stated that this request is overbroad because many, if not all, CoreCivic employees supervise the Work Program participants from time to time. We stated that CoreCivic staffing plans and schedules would allow us to narrow this request to individuals and titles who spend the most time directing or supervising Work Program participants. You declined to provide us with this information on relevance and proportionality

5

grounds. We stated we are also seeking a list of CoreCivic contractors that provided services at SDC during the relevant period. We stated we could narrow this request if you would provide us with a list of contractors or categories of contracted work provided so we can determine which contracts might implicate the Work Program. We provided food service, phone services, and commissary services as examples of contracts we need. You declined to produce any information about CoreCivic's contractors at SDC. You stated you might produce the Trinity contract once Trinity's Motion to Quash is resolved and if Plaintiffs do not get the contract from Trinity. We reiterated our position that CoreCivic cannot withhold relevant and responsive documents on the basis that Plaintiffs might obtain those documents from a non-party. Finally, we requested CoreCivic's revenue and certain expenditure information related to SDC. You declined to provide us with information on CoreCivic's profits from SDC on relevance grounds. As far as expenditures, you agreed to produce purchase orders for personal hygiene items, clothes, and related purchases for the relevant period. You also said you would check on whether that data is available in aggregate form.

Please let us know if I have misstated any portion of our conversation. We appreciate your continued attention to this matter and we look forward to talking about CoreCivic's ESI production soon.

Kind regards,

Meredith B. Stewart
Senior Supervising Attorney
Southern Poverty Law Center
(334) 531.6807
meredith.stewart@splcenter.org

CC:

CJ Sandley, Counsel for Plaintiffs, CJ.Sandley@splcenter.org
Alan Howard, Counsel for Plaintiffs, AHoward@perkinscoie.com
John Gray, Counsel for Plaintiffs, JHGray@perkinscoie.com
Jessica Hasen, Counsel for Plaintiffs, JHasen@perkinscoie.com
Vidhi Bamzai, Counsel for Plaintiffs, Vidhi.Bamzai@splcenter.org

Rachel Love, Counsel for Defendant, rlove@strucklove.com
Jacob Lee, Counsel for Defendant, jlee@strucklove.com
Mike Giardina, mgiardina@strucklove.com