# ATTACHMENT C

# Plaintiffs' SDT to U.S. Dep't of Homeland Security

Plaintiffs' SDT to U.S. Dep't of Homeland Security

ATTACHMENT C

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia

| | |
|---|---|
| Wilhen Barrientos, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| CoreCivic, Inc. | ) |
| | ) |
| _Defendant_ | ) |

Civil Action No.  4:18-cv-00070-CDL

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: U.S. Department of Homeland Security, c/o Chad Mizelle, Senior Official Performing the Duties of General Counsel

_(Name of person to whom this subpoena is directed)_

✔ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached addendum.

| Place: Attn: Jessica Tseng Hasen | Date and Time: |
|---|---|
| JHasen@perkinscoie.com | 09/20/2020 12:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/21/2020

CLERK OF COURT

_____     OR     _Rebecca M. Cawh_
Signature of Clerk or Deputy Clerk                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_  Plaintiffs
Wilhen Hill Barrientos, et al. _____, who issues or requests this subpoena, are:

Rebecca Cassler, P.O. Box 1287, Decatur, GA 30031-1287, 470-217-6010, Rebecca.Cassler@splcenter.org

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:18-cv-00070-CDL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A TO FORM AO88B – SUBPOENA IN A CIVIL CASE

*Wilhen Hill Barrientos et al. v. CoreCivic, Inc.*
Case Number 4:18-cv-00070-CDL
United States District Court for the Middle District of Georgia

In accordance with Fed. R. Civ. P. 45, Plaintiffs Wilhen Hill Barrientos, et al. ("Plaintiffs") by and through their undersigned counsel hereby request and demand that you, the Department of Homeland Security (DHS), produce within thirty (30) days of service hereof all of the documents, electronically stored information (including all metadata described herein), and tangible things in your possession, custody or control reflecting, evidencing, constituting, supporting, referring or relating in any way, directly or indirectly, to those matters addressed below (the "Requests for Production"). All hard copy documents, electronically stored information and tangible things in Defendant's possession, custody or control should be produced at the office of Perkins Coie LLP, Attn: Jessica Tseng Hasen, located at 700 13th Street, NW, Suite 800, Washington, D.C., 20005-3960. In lieu of hard copies, please email the objects to Jessica Tseng Hasen, JHasen@perkinscoie.com.

## DEFINITIONS AND INSTRUCTIONS

A.      All applicable definitions and rules of construction set forth in the Federal Rules of Civil Procedure are hereby incorporated by reference.

B.      "Litigation" shall mean the litigation bearing Civil Action No. 4:18-cv-00070-CDL and pending in the United States District Court for the Middle District of Georgia.

C.      The "Complaint" shall mean the Complaint filed in the Action and any amendments thereto. The currently operative Complaint is attached to these Requests for Production as Exhibit 1.

D.      "CoreCivic" shall refer to CoreCivic, Inc., the Defendant in the Litigation. Any reference to CoreCivic is also a reference to CoreCivic's officers, directors, employees,

1

partners, corporate parents, subsidiaries, agents, attorneys, consultants, and affiliates, and any

other persons acting for it or on its behalf. Any reference to CoreCivic also encompasses any

prior company name or corporate predecessor, including but not limited to Corrections

Corporation of America ("CCA"), as well as the officers, directors, employees, partners,

corporate parents, subsidiaries, and affiliates of any prior company or corporate predecessor

including but not limited to CCA, and any other persons acting for it or on its behalf.

   E.  The terms "named Plaintiffs" and "Plaintiffs" shall refer to all current or future

Plaintiffs named in the Litigation

   F.  The term "Stewart County" refers to Stewart County, Georgia, and any entity or

agency thereof.

   G.  The term "SDC" refers to Stewart Detention Center, located at 146 CCA Road,

Lumpkin, Georgia, 31815, and operated by Defendant pursuant to contracts with U.S.

Immigration and Customs Enforcement ("ICE") and/or Stewart County, Georgia.

   H.  The term "DHS" shall mean the U.S. Department of Homeland Security.

   I.  The term "ICE" shall mean the U.S. Immigration Customs Enforcement.

   J.  The term "OIG" shall mean DHS Office of the Inspector General.

   K.  The term "OCRCL" shall mean the DHS Office of Civil Rights and Civil

Liberties.

   L.  The term "Work Program" is defined as any program CoreCivic operates at

SDC involving labor performed by detained individuals of any kind that includes tasks other

than the four tasks enumerated in Section 5.8.V.C. of the 2011 ICE Performance-Based

National Detention Standard ("PBNDS") (rev. 2016).

   M.  The term "Work Program Participant" is defined as any individual who

participated or is participating in the Work Program in any way and for any amount of time.

N.     The term "Detained Individual" means any individual who was or is being detained at SDC.

O.     The term "Segregation" includes special management units, restrictive housing, protective custody, administrative segregation, disciplinary segregation, and any other housing placement in which Detained Individuals are confined to a cell for 22 hours or more per day for any purpose other than medical isolation, mental health observation, and suicide watch.

P.     "Policy" or "Policies" mean each rule, procedure, or directive, formal or informal, written or unwritten, and each common understanding or course of conduct that was recognized as such by CoreCivic or persons acting or purporting to act on CoreCivic's behalf, that has been in effect at any time during the period covered by these demands. These terms include any change of policy.

Q.     "Relevant period" means the period from December 23, 2008 through the present for all requests.

R.     "You" and "Your" shall mean the DHS and any of its components or sub-agencies, including their agents, attorneys, consultants, advisors, employees, and all other Persons acting or purporting to act on their behalf.

S.     The term "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including, but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, text message, instant message, internet posting, letter, electronic mail ("email"), WhatsApp, or other written, verbal,

3

or digital medium.

T.      The term "Document" shall have the broadest meaning possible under the
Federal Rules of Civil Procedure, including, but not limited to, all originals, non-identical
copies and drafts of any written, printed, handwritten, recorded or graphic matter of any kind,
however produced or reproduced, and regardless of where located, including, but not limited to,
any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes,
inter-office or intra-office communication, email message, text message, instant message,
WhatsApp message, report, chart, graph, summary, index, diary, desk or pocket calendar,
notebook, any magnetic or other recording tape, computer data (including information or
programs stored in a computer, whether or not ever printed out or displayed), photograph,
microfiche, microfilm, videotape, video file or motion picture, and electronic, mechanical, or
electrical record or representation of any kind, including, but not limited to, tape, cassette, disc,
magnetic card or recording. "Document" shall also include the file folders in which said
documents are maintained and any table of contents or index thereto; and copies of documents
of which the originals have been destroyed pursuant to a document destruction policy or
otherwise.

U.      The terms "relating to" and "referring to" shall be read and applied as
interchangeable and shall be construed in the broadest sense to mean discussing, supporting,
describing, concerning, relating to, referring to, pertaining to, containing, analyzing, evaluating,
studying, recording, memorializing, reporting on, commenting on, reviewed in connection or
conjunction with, evidencing, setting forth, contradicting, refuting, considering, recommending,
or constituting, in whole or in part.

V.      The words "and" and "or" shall be construed to be either conjunctive or

disjunctive as the context requires so that each Request for Production shall be construed broadly rather than narrowly.

W.      Each Request for Production seeks production of each Document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each Document.

X.      The plural shall include the singular and the singular shall include the plural as the context requires so that each Request for Production shall be construed broadly rather than narrowly.

Y.      The word "including" shall have its ordinary meaning and shall mean "including but not limited to," and shall not indicate limitation to the examples or items mentioned.

Z.      If a portion of an otherwise responsive Document contains information subject to a claim of privilege, only that portion of the Document subject to the claim of privilege shall be redacted from the Document and the rest shall be produced.

AA.     If you contend that any materials encompassed by this request are subject to privilege, you must comply with the requirements of Fed. R. Civ. P. 45(d) in responding to this subpoena.

BB.     All Documents are to be produced in compliance with the requirements of Fed. R. Civ. P. 45(e). The method of production of each category is to be identified at the time of production.

CC.     Each Request for Production shall be deemed continuing so as to require prompt supplemental responses, in accordance with the Federal Rules of Civil Procedure, if you obtain or discover additional Documents between the time of initial production and the time of deposition, settlement or trial.

DD.     All Requests for Production are for Documents, Communications, or

information created or in effect during the Relevant Period.

## DOCUMENT REQUESTS

**Request 1:**

Any and all Documents concerning inspections, audits, contracting reports, deficiency reviews, documentation of all formal or informal monitoring efforts, or other evaluations conducted by or used by DHS or its subagencies or its contractors (including but not limited to ICE's Detention Service Manager at SDC and compliance unit personnel at SDC, ICE's Office of Acquisition Management, the Contracting Officer's Technical Representative, ICE Enforcement and Removal Operations, ICE Office of Detention Policy and Planning, ICE Office of Detention Oversight, DHS OIG, DHS OCRCL, and ICE Office of Professional Responsibility) to evaluate or review SDC, its staff, the conditions and treatment of Detained Individuals in that facility, and CoreCivic's compliance with any applicable federal contracts or legal requirements.

**Request 2:**

Any and all Documents concerning DHS's and/or CoreCivic's relationship with all contractors providing telephone services for use by Detained Individuals at SDC (such as Talton Communications and Securus Technologies), including but not limited to contracts and amendments by and between ICE, Stewart County, CoreCivic, and/or any contractors for services at SDC.

**Request 3:**

Any and all Documents relating to ICE Policies regarding, review of, approval of, and/or denial of SDC's placement of Detained Individuals in segregation for reasons relating to the Work Program at SDC, including for refusing to work, participating in a work

stoppage, and encouraging others to participate in a work stoppage or to refuse to work. The requested Documents include but are not limited to segregation placement reviews; notifications to the Field Office Director of segregation placement; confinement watch logs; confinement records; Disciplinary Segregation Orders (ICE Form I-883); Administrative Segregation Reviews (ICE Form I-885); Administrative Segregation Orders (ICE Form I-886); Disciplinary Segregation Reviews (I-887); Special Management Unit Housing Records (ICE Form I-888); Investigation Reports (ICE Form I-890); Unit Disciplinary Committee Reports of Findings & Actions (ICE Form I-891); Notices of Institution of Disciplinary Panel Hearing (ICE Form I-893); and Institution Disciplinary Panel Reports (ICE Form I-894).

**Request 4:**

Any and all Documents concerning formal and informal grievances or complaints received by DHS or any of its subagencies or offices or contractors (including but not limited to ICE's Detention Service Manager at SDC and compliance unit personnel at SDC, ICE's Office of Acquisition Management, the Contracting Officer's Technical Representative, ICE Enforcement and Removal Operations, ICE Office of Detention Policy and Planning, ICE Office of Detention Oversight, DHS OIG, DHS OCRCL, and ICE Office of Professional Responsibility) relating to the Work Program, food, hygiene materials, clothing, bedding, commissary, housing, discipline, and/or segregation at SDC.

**Request 5:**

Any and all Documents summarizing any payments from ICE to CoreCivic and/or Stewart County, including but not limited to funds used to pay Detained Individuals in the Work Program and per diem payments.

**Request 6:**

Any and all Documents regarding the Litigation.

**Request 7:**

Documents and Communications relating to ICE's contracts with CoreCivic and/or Stewart County as they pertain to the labor of Detained Individuals at SDC, including but not limited to negotiation of contract terms, any proposed or actual changes or amendments to contract terms, CoreCivic's and Stewart County's compliance with contract terms, and ICE's understanding, interpretation, or other commentary regarding the contract terms.

**Request 8:**

Any and all Documents identifying ICE's Detention Service Managers and Compliance Unit staff at SDC and setting out or describing the roles, duties, and responsibilities required for each such position.

**Request 9:**

The following Documents concerning the formulation and execution of contract(s) providing for the operation of SDC:

- All bids placed by CoreCivic and Stewart County in relation to the contract(s) and related amendments governing the operation of SDC; and

- All Documents reflecting methods of calculating the per diem rate, or day bed rate, at SDC.

**Request 10:**

Any and all Documents reflecting the Policies in place to classify Detained Individuals and house them according to classification at SDC, as well as Documents reflecting any reviews of these Policies, and reviews of their implementation, by DHS or any of its

8

subagencies or contractors.