# ATTACHMENT D

# Plaintiffs' SDT to Stewart County Commission

**Plaintiffs' SDT to Stewart County Commission**

**ATTACHMENT D**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Georgia

| | | |
|---|---|---|
| WILHEN HILL BARRIENTOS et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:18-cv-00070-CDL |
| CORECIVIC, INC. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Stewart County Commission, c/o Mac Moye, County Manager, 1764 Broad St., Lumpkin, GA 31815

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: see Appendix A

| Place: PO Box 158, Lumpkin GA 31815 or JHasen@perkinscoie.com | Date and Time: 09/28/2020 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      08/28/2020

*CLERK OF COURT*

_____         OR        _____
*Signature of Clerk or Deputy Clerk*                                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs Wilhen Hill Barrientos, et al.                                                                                 , who issues or requests this subpoena, are:

Caitlin J. Sandley, 400 Washington Ave., Montgomery, AL 36104, cj.sandley@splcenter.org, 334-303-6822

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A TO FORM AO88B – SUBPOENA IN A CIVIL CASE**

*Wilhen Hill Barrientos et al. v. CoreCivic, Inc.*
Case Number 4:18-cv-00070-CDL
United States District Court for the Middle District of Georgia

In accordance with Fed. R. Civ. P. 45, Plaintiffs Wilhen Hill Barrientos, et al. ("Plaintiffs") by and through their undersigned counsel hereby request and demand that you, the Stewart County, Georgia County Commission, produce within thirty (30) days of service hereof all of the documents, electronically stored information (including all metadata described herein), and tangible things in your possession, custody, or control reflecting, evidencing, constituting, supporting, referring or relating in any way, directly or indirectly, to those matters addressed below (the "Requests for Production"). All hard copy documents, electronically stored information, and tangible things in your possession, custody, or control should be produced to Southern Poverty Law Center, Attn: CJ Sandley, PO Box 158, Lumpkin GA 31815. In lieu of hard copies, please email the objects to Jessica Tseng Hasen, JHasen@perkinscoie.com.

**DEFINITIONS AND INSTRUCTIONS**

A.      All applicable definitions and rules of construction set forth in the Federal Rules of Civil Procedure are hereby incorporated by reference.

B.      "Litigation" shall mean the litigation bearing Civil Action No. 4:18-cv-00070-CDL and pending in the United States District Court for the Middle District of Georgia.

C.      The "Complaint" shall mean the Complaint filed in the Litigation and any amendments thereto. The currently operative Complaint is attached to these Requests for Production as Exhibit 1.

D.      "CoreCivic" shall refer to CoreCivic, Inc., the Defendant in the Litigation. Any reference to CoreCivic is also a reference to CoreCivic's officers, directors, employees, partners, corporate parents, subsidiaries, agents, attorneys, consultants, and affiliates, and any other

1

persons acting for it or on its behalf. Any reference to CoreCivic also encompasses any prior company name or corporate predecessor, including but not limited to Corrections Corporation of America ("CCA"), as well as the officers, directors, employees, partners, corporate parents, subsidiaries, and affiliates of any prior company or corporate predecessor including but not limited to CCA, and any other persons acting for it or on its behalf.

E.      The terms "named Plaintiffs" and "Plaintiffs" shall refer to all current or future Plaintiffs named in the Litigation

F.      The term "Stewart County" refers to Stewart County, Georgia, and any entity or agency thereof.

G.      The term "SDC" refers to Stewart Detention Center, located at 146 CCA Road, Lumpkin, Georgia, 31815, and operated by Defendant pursuant to contracts with U.S. Immigration and Customs Enforcement ("ICE") and/or Stewart County, Georgia.

H.      The term "ICE" shall mean the U.S. Immigration Customs Enforcement.

I.      The term "Work Program" is defined as any program CoreCivic operates at SDC involving labor performed by detained individuals of any kind that includes tasks other than the four tasks enumerated in Section 5.8.V.C. of the 2011 ICE Performance-Based National Detention Standard ("PBNDS") (rev. 2016).

J.      The term "Work Program Participant" is defined as any individual who participated or is participating in the Work Program in any way and for any amount of time.

K.      The term "Detained Individual" means any individual who was or is being detained at SDC.

L.      "Policies and Procedures" mean each rule, order, directive, procedure, practice, guideline, guidance, common understanding, or course of conduct, whether formal or informal,

written or unwritten, or recognized or unrecognized by Stewart County and/or CoreCivic or persons acting or purporting to act on Stewart County and/or CoreCivic's behalf, that has been in effect at any time during the period covered by these Requests. These terms include any changes to Policies and Procedures.

M.      "Relevant Period" means the period from December 23, 2008 through the present for all requests.

N.      "You" and "Your" shall mean Stewart County and any of its components or sub-agencies, including their agents, attorneys, consultants, advisors, employees, and all other Persons acting or purporting to act on their behalf.

O.      The term "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including, but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, text message, instant message, internet posting, letter, electronic mail ("email"), WhatsApp, or other written, verbal, or digital medium.

P.      The term "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including, but not limited to, all originals, non-identical copies and drafts of any written, printed, handwritten, recorded or graphic matter of any kind, however produced or reproduced, and regardless of where located, including, but not limited to, any work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communication, email message, text message, instant message, WhatsApp message, report, chart, graph, summary, index, diary, desk or pocket calendar, notebook, any magnetic or other recording tape, computer data (including information or programs stored in a computer,

3

whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, video file or motion picture, and electronic, mechanical, or electrical record or representation of any kind, including, but not limited to, tape, cassette, disc, magnetic card or recording. "Document" shall also include the file folders in which said documents are maintained and any table of contents or index thereto; and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

Q.      The terms "relating to" and "referring to" shall be read and applied as interchangeable and shall be construed in the broadest sense to mean discussing, supporting, describing, concerning, relating to, referring to, pertaining to, containing, analyzing, evaluating, studying, recording, memorializing, reporting on, commenting on, reviewed in connection or conjunction with, evidencing, setting forth, contradicting, refuting, considering, recommending, or constituting, in whole or in part.

R.      The words "and" and "or" shall be construed to be either conjunctive or disjunctive as the context requires so that each Request for Production shall be construed broadly rather than narrowly.

S.      Each Request for Production seeks production of each Document in its entirety, without abbreviation or redaction, and all drafts and non-identical copies of each Document.

T.      The plural shall include the singular and the singular shall include the plural as the context requires so that each Request for Production shall be construed broadly rather than narrowly.

U.      The word "including" shall have its ordinary meaning and shall mean "including but not limited to," and shall not indicate limitation to the examples or items mentioned.

V.      If a portion of an otherwise responsive Document contains information subject to

4

a claim of privilege, only that portion of the Document subject to the claim of privilege shall be redacted from the Document and the rest shall be produced.

W.     If you contend that any materials encompassed by this request are subject to privilege, you must comply with the requirements of Fed. R. Civ. P. 45(d) in responding to this subpoena.

X.     All Documents are to be produced in compliance with the requirements of Fed. R. Civ. P. 45(e). The method of production of each category is to be identified at the time of production.

Y.     Each Request for Production shall be deemed continuing so as to require prompt supplemental responses, in accordance with the Federal Rules of Civil Procedure, if you obtain or discover additional Documents between the time of initial production and the time of deposition, settlement or trial.

Z.     All Requests for Production are for Documents, Communications, or information created or in effect during the Relevant Period.

## **DOCUMENT REQUESTS**

**Request No. 1:**

Please provide any and all DOCUMENTS sufficient to show payments or other financial consideration, including offsets, discounts, or credits, by CORECIVIC to STEWART COUNTY, STEWART COUNTY to CORECIVIC, and ICE to STEWART COUNTY, and the accounting and budgeting of any such payments and other financial consideration for the operation of SDC during the RELEVANT PERIOD.

**Request No. 2:**

Please provide any and all DOCUMENTS and COMMUNICATIONS RELATING TO the negotiation, establishment, and administration of STEWART COUNTY's contract with CORECIVIC for the operation of SDC during the RELEVANT PERIOD.

**Request No. 3:**

Please provide any and all DOCUMENTS and COMMUNICATIONS RELATING TO STEWART COUNTY's oversight, management, and/or control of SDC or of CORECIVIC with respect to its operation of SDC during the RELEVANT PERIOD.

**Request No. 4:**

Please provide any and all DOCUMENTS and COMMUNICATIONS RELATING TO the WORK PROGRAM, including but not limited to payment to DETAINED INDIVIDUALS for work completed, time sheets, punch cards, wage statements, wage deductions, per diem allocations, wage determinations, pay structure, delayed payments, complaints and/or grievances related to payment, and expenditures from CORECIVIC's operating budget.

**Request No. 5:**

Please provide any and all DOCUMENTS and COMMUNICATIONS RELATING TO complaints or grievances about SDC, CORECIVIC or any of CORECIVIC's employees, agents, or representatives during the RELEVANT PERIOD.

**Request No. 6:**

Please provide any and all DOCUMENTS and COMMUNICATIONS regarding the LITIGATION.

6