# EXHIBIT 2

# Plaintiff Keysler Ramón Urbina Rojas' Amended Responses and Objections to CoreCivic, Inc.'s First Request for Production of Documents

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| **WILHEN HILL BARRIENTOS, GONZALO BERMUDEZ GUTIÉRREZ,** and **KEYSLER RAMÓN URBINA ROJAS,** individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>     v.<br><br>**CORECIVIC, INC.,**<br><br>                              Defendant. | **Civil Action No. 4:18-cv-00070-CDL** |

<u>**Plaintiff Keysler Ramón Urbina Rojas' Amended Responses and Objections to
CoreCivic, Inc.'s First Request for Production of Documents**</u>

Pursuant to Federal Rules of Civil Procedure 26 and 34, M.D. Ga. LR 34, and M.D. Ga.
Standard of Conduct B.7, Plaintiff Keysler Ramón Urbina Rojas ("Plaintiff") hereby objects and
responds to Defendant CoreCivic, Inc.'s First Request for Production of Documents dated May 5,
2021 (the "Requests") as follows.  Plaintiffs' investigation and discovery are ongoing.  Plaintiff
therefore reserves the right to supplement or amend his responses and objections and to offer such
additional documents or things at hearings, in future filings, or at trial.

Plaintiff states the following General Objections to the Requests, which are hereby
incorporated and made part of each of the following specific responses.

1.  Plaintiff objects to the Requests to the extent that they seek to impose obligations
    greater than or inconsistent with the scope or requirements of the Federal Rules of Civil
    Procedure, the Federal Rules of Evidence, or the Local Civil Rules of the U.S. District
    Court for the Middle District of Georgia.

1

2.  Plaintiff objects to the Requests to the extent that they require disclosures that are not relevant to any party's claims or defenses.

3.  Plaintiff objects to the Requests to the extent that they are ambiguous, vague, or otherwise incomprehensible, require disclosures that are overly broad or without limit in temporal scope with regard to the subject matter sought, or are not proportional to the needs of the case.

4.  Plaintiff objects to the Requests to the extent that they call for disclosures that invade Plaintiff's privacy rights.

5.  Plaintiff objects to the Requests to the extent that they are harassing, intimidating, and/or unduly prejudicial.

6.  Plaintiff objects to the Requests to the extent that they seek responsive documents that have already been provided to CoreCivic or that CoreCivic has previously produced to Plaintiffs.

7.  Plaintiff objects to the Requests to the extent that they seek documents that are not in Plaintiff's possession, custody, or control.

8.  Plaintiff objects to the Requests to the extent that CoreCivic seeks documents that are either already in CoreCivic's possession or are equally or more available to CoreCivic or CoreCivic's counsel, including but not limited to, documents available from government agencies, regulatory bodies, court files, the Internet, or commercial industry sources and documents created and/or maintained by CoreCivic.

9.  Plaintiff objects to the Requests to the extent that they seek documents that are unduly burdensome to obtain, and to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, Requests for "all"

documents or "each" document when all relevant facts can be obtained from fewer than "all" documents or "each" document.

10. Plaintiff objects to the Requests to the extent that they call for, or can be construed to call for, disclosures subject to any applicable privilege, including the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Plaintiff objects to each Request to the extent it seeks documents, tangible things, or electronically stored information ("ESI") prepared in anticipation of litigation or for trial, to the extent those materials are not otherwise discoverable under Rule 26(b)(1) of the Federal Rules of Civil Procedure, and to the extent CoreCivic has not shown that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

11. Plaintiff objects to the Requests because CoreCivic has well exceeded the permitted number of requests for production in this case. (*See* Doc. 63 at 3 (limiting requests for production to "[m]ax. 30 per side directed to any other party")). Between the three sets of Requests served by CoreCivic on the Plaintiffs on May 5, 2021, CoreCivic has propounded a total of fifty-one (51) request for production on the Plaintiffs.

12. Plaintiff objects to the Requests to the extent they seek irrelevant information regarding Plaintiff's immigration status, immigration history, and/or experiences in his country of origin, for the purpose of intimidating and harassing Plaintiff, other Plaintiffs, class members, their family members, their relatives, or third-party witnesses. *Mancha through Martinez v. ICE*, No. 1:06-CV-2650-TWT, 2009 WL 10701798, at *1 (N.D. Ga. Apr. 6, 2009); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 (9th Cir. 2004); *In re Reyes*, 814 F.2d 168, 170-71 (5th Cir. 1987); *EEOC v. DiMare Ruskin, Inc.*, No.

2:11-cv-158-FtM-99SPC, 2012 WL 12067868, at *3-5 (M.D. Fla. Feb. 15, 2012); *Rojas v. China Max of Countryside Mall, Inc.*, No. 8:10-CV-2511-T-23AEP, 2010 WL 11629555, at *1-2 (M.D. Fla. Dec. 28, 2010). Such inquiries are designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants. *See David v. Signal Int'l, LLC*, 257 F.R.D. 114, 119 (E.D. La. 2009) ("[A]ny inquiry into plaintiffs' current immigration status, current residence and/or post-termination employment history will most assuredly strike paralyzing fear in the plaintiffs sufficient to chill any inclination they may have had to prosecute their pending [TVPA] claims"); *see also Mancha through Martinez*, 2009 WL 10701798, at *1; *Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *4-5; *Rojas*, 2010 WL 11629555, at *1-2. Even in cases where information concerning a Plaintiff's immigration status may arguably have been relevant, courts have generally held that the potential for prejudice "far outweighs whatever minimal probative value such information would have." *Rojas*, 2010 WL 11629555, at *1 (internal citation omitted). Furthermore, information about Plaintiff's current or former employment and/or tax history, which are clearly irrelevant to this case, are similarly designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants. *See, e.g.*, *U.S. EEOC v. Sol Mexican Grill*, No. 18-2227 (CKK), 2019 WL 2896933, at *5 (D.D.C. June 11, 2019) ("[A]ny marginal relevance such information may pose is outweighed by the potential for harassment and intimidation. . . . Courts have recognized the chilling effect that inquiries into work histories can have on those bringing claims for unlawful employment practices.); *David*, 257 F.R.D. at 119; *Centeno-Bernuy v. Becker Farms*, 219 F.R.D. 59, 61-62 (W.D.N.Y. 2003); *Francis v.*

*Apex USA, Inc.*, No. CIV-18-583-SLP, 2020 WL 548565, at *2-4 (W.D. Okla. Feb. 4, 2020) (barring discovery into plaintiffs' employment history in TVPA forced labor case, concluding that any relevance of the information, which was "attenuated at best," was "outweighed by the in terrorem effect accompanying disclosure of information about Plaintiffs' subsequent employment and the potential disclosure of Plaintiffs' immigration status"); *Silva v. Campbell*, 378 F. Supp. 3d 928, 930-31 (E.D. Wash. 2018) ("Because Plaintiff does not seek damages for lost wages, the Court cannot think of any compelling reason Defendants must have access to Plaintiff's employment and address history over the past decade. Instead, this information appears calculated to reveal information that may indicate Plaintiff's immigration status, which is not a legitimate subject of inquiry.").

13. Plaintiff objects to the definitions of "Plaintiff," "You," and "Your," defined to include "counsel in this matter," to the extent this definition could be construed to cover material that is subject to the attorney-client privilege or the attorney work product doctrine, or material that is not in Plaintiff's possession, custody, or control. *See generally Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).

14. Plaintiff's responses and objections are made without waiving:

   a. The right to object to the competence, relevance, materiality, or admissibility as evidence of any document, disclosure, file, record, object, or information, or the subject matter thereof, in any aspect of this or any other action;

   b. The right to object at any time and upon any grounds to any other discovery requests;

c.   The right at any time and for any reason to revise, supplement, correct, add to, or clarify these responses and to offer such additional facts, documents, or things at hearing, in future filings, or at trial; and

d.   Any applicable privilege, including but not limited to the attorney-client privilege and work product doctrine.

15. Inadvertent disclosure of any information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting with respect to that information, its subject matter, its confidentiality, or Plaintiff's right to object to the use of any such information contained therein during any proceeding in this litigation or otherwise.

16. Plaintiff's investigation and discovery are ongoing and may reveal additional documents or information that support Plaintiff's claims. Plaintiff reserves all rights to supplement his responses and to offer such additional documents or things at hearings, in future filings, or at trial.

## Objections and Responses to Requests for Production

**Request for Production No. 1:** Produce a complete copy of your A-File as maintained by USCIS. (If you elect not to obtain and produce the complete file, please complete and sign under penalty of perjury and produce the executed original of the release attached hereto as Attachment A.)

**Objections and Response to Request for Production No. 1:**

OBJECTIONS: Plaintiff objects to this Request because it seeks sensitive personal information that is irrelevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to this Request because it seeks irrelevant information regarding Plaintiff's immigration status, immigration history, and/or experiences in his country of origin, for the purpose of intimidating and harassing Plaintiff, other Plaintiffs, class members, their family members, their relatives, or third-party witnesses. *Mancha through Martinez*, 2009 WL 10701798, at *1; *Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *3-5; *Rojas*, 2010 WL 11629555, at *1-2. Such inquiries are designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants. *See David*, 257 F.R.D. at 119 ("[A]ny inquiry into plaintiffs' current immigration status, current residence and/or post-termination employment history will most assuredly strike paralyzing fear in the plaintiffs sufficient to chill any inclination they may have had to prosecute their pending [TVPA] claims"); *see also Mancha through Martinez*, 2009 WL 10701798, at *1; *Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *4-5; *Rojas*, 2010 WL 11629555, at *1-2.  Even in cases where information concerning a Plaintiff's immigration status may arguably have been relevant, courts have generally held that the potential for prejudice "far outweighs whatever minimal probative value such information would have." *Rojas*, 2010 WL 11629555, at *1 (internal citation omitted).

Furthermore, information about Plaintiff's current or former employment and/or tax history, which are clearly irrelevant to this case, are similarly designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants. *See, e.g.*, *Sol Mexican Grill*, 2019 WL 2896933, at *5 ("[A]ny marginal relevance such information may pose is outweighed by the potential for harassment and intimidation. . . . Courts have recognized the chilling effect that inquiries into work histories can have on those bringing claims for unlawful employment practices.); *David*, 257 F.R.D. at 119; *Centeno-Bernuy*, 219 F.R.D. at 61-62; *Francis*, 2020 WL

7

548565, at *2-4 (barring discovery into plaintiffs' employment history in TVPA forced labor case, concluding that any relevance of the information, which was "attenuated at best," was "outweighed by the in terrorem effect accompanying disclosure of information about Plaintiffs' subsequent employment and the potential disclosure of Plaintiffs' immigration status"); *Silva*, 378 F. Supp. 3d at 930-31 ("Because Plaintiff does not seek damages for lost wages, the Court cannot think of any compelling reason Defendants must have access to Plaintiff's employment and address history over the past decade. Instead, this information appears calculated to reveal information that may indicate Plaintiff's immigration status, which is not a legitimate subject of inquiry.").

RESPONSE: On the basis of the foregoing objections, Plaintiff will not produce documents in response to this Request.

**Request for Production No. 2:** Produce a complete copy of all applications (I-765), supporting required initial evidence, fee waiver requests (I-912), correspondence relating to any application or request, determination letters, and Employment Authorization Documents (I-766) for any initial, renewal, or replacement requests for employment authorization you have submitted, whether ultimately approved or not.

**Objections and Response to Request for Production No. 2:**

OBJECTIONS: Plaintiff objects to this Request because it seeks sensitive personal information that is irrelevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks production of "all applications," "initial evidence," and "fee waiver requests," and

correspondence "relating to any application or request, determination letters, and Employment Authorization Documents (I-766) for any initial, renewal, or replacement requests for employment authorization."

Plaintiff objects to this Request as vague and ambiguous, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to "supporting required initial evidence" and "correspondence relating to."

Plaintiff objects to this Request because it seeks irrelevant information regarding Plaintiff's immigration status, immigration history, and/or experiences in his country of origin, for the purpose of intimidating and harassing Plaintiff, other Plaintiffs, class members, their family members, their relatives, or third-party witnesses. *Mancha through Martinez*, 2009 WL 10701798, at *1; *see also Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170-71 ; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *3-5; *Rojas*, 2010 WL 11629555, at *1-2. Such inquiries are designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants. *See David*, 257 F.R.D. at 119 ("[A]ny inquiry into plaintiffs' current immigration status, current residence and/or post-termination employment history will most assuredly strike paralyzing fear in the plaintiffs sufficient to chill any inclination they may have had to prosecute their pending [TVPA] claims"); *see also Mancha through Martinez*, 2009 WL 10701798, at *1; *Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *4-5; *Rojas*, 2010 WL 11629555, at *1-2.   Even in cases where information concerning a Plaintiff's immigration status may arguably have been relevant, courts have generally held that the potential for prejudice "far outweighs whatever minimal probative value such information would have." *Rojas*, 2010 WL 11629555, at *1 (internal citation omitted). Furthermore, information about Plaintiff's current or former employment and/or tax history, which are clearly irrelevant to this

case, are similarly designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants. *See, e.g.*, *Sol Mexican Grill*, 2019 WL 2896933, at *5 ("[A]ny marginal relevance such information may pose is outweighed by the potential for harassment and intimidation. . . . Courts have recognized the chilling effect that inquiries into work histories can have on those bringing claims for unlawful employment practices.); *David*, 257 F.R.D. at 119; *Centeno-Bernuy*, 219 F.R.D. at 61-62; *Francis*, 2020 WL 548565, at *2-4 (barring discovery into plaintiffs' employment history in TVPA forced labor case, concluding that any relevance of the information, which was "attenuated at best," was "outweighed by the in terrorem effect accompanying disclosure of information about Plaintiffs' subsequent employment and the potential disclosure of Plaintiffs' immigration status"); *Silva*, 378 F. Supp. 3d at 930-31 ("Because Plaintiff does not seek damages for lost wages, the Court cannot think of any compelling reason Defendants must have access to Plaintiff's employment and address history over the past decade. Instead, this information appears calculated to reveal information that may indicate Plaintiff's immigration status, which is not a legitimate subject of inquiry.").

CoreCivic cannot show that Plaintiff's employment background, or any information regarding work authorization or any current or former employer has any bearing on his claims against CoreCivic or any possible defenses thereto. *See, e.g.*, *Sol Mexican Grill LLC*, 2019 WL 2896933, at *5 (granting protective order barring discovery into plaintiff's current employer and employment history in a Title VII case where plaintiff brought claims "only for actions taken by Defendants while [plaintiff was] working for Defendants," such that "employment histories with other employers, who are not party to this suit, are . . . not relevant to whether or not the [plaintiff was] subjected to unlawful employment practices while working for Defendants"); *Pineda v. Berry*, Case No. 1:15-cv-693, 2018 WL 1794371, at *3 (S.D. Ohio Apr. 16, 2018) (finding

Plaintiff's employment "*completely unrelated* to whether she was a victim of excessive force and a lack of medical assistance.") (emphasis in original)). In addition, information about Plaintiff's current and former employment is not relevant to damages issues in this case, given that Plaintiff does not seek any damages that CoreCivic could plausibly argue should be offset by income earned before or after they were detained at SDC. *See, e.g.*, *Sol Mexican Grill*, 2019 WL 2896933, at *4-5 (barring discovery into employment history because this information was not relevant to plaintiff's damages claim, since plaintiff sought only compensatory and punitive damages and not back pay, front pay, or reinstatement); *Williams v. Bd. of Cnty Comm'rs of Unified Gov't of Wyandotte Cnty & Kansas City*, 192 F.R.D. 698, 705 (D. Kan. 2000) (similar).

RESPONSE:  Subject to and without waiving the above objections and limitations, Plaintiff has no documents that are responsive to this request.


**Request for Production No. 3:** Produce all documents issued or submitted in any proceeding before an Immigration Judge relating to your fear(s) of returning to Nicaragua, your detention at SDC, or your detention at any other immigration detention facility.

**Objections and Response to Request for Production No. 3:**

OBJECTIONS: Plaintiff objects to this Request because it seeks sensitive personal information that is irrelevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks production of "all documents issued or submitted in any proceeding."

Plaintiff objects to this Request because it seeks irrelevant information regarding Plaintiff's immigration status, immigration history, and/or experiences in his country of origin, for the purpose of intimidating and harassing Plaintiff, other Plaintiffs, class members, their family members, their relatives, or third-party witnesses. *Mancha through Martinez*, 2009 WL 10701798, at \*1; *see also Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170-71 ; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at \*3-5; *Rojas*, 2010 WL 11629555, at \*1-2. Such inquiries are designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants. *See David*, 257 F.R.D. at 119 ("[A]ny inquiry into plaintiffs' current immigration status, current residence and/or post-termination employment history will most assuredly strike paralyzing fear in the plaintiffs sufficient to chill any inclination they may have had to prosecute their pending [TVPA] claims"); *see also Mancha through Martinez*, 2009 WL 10701798, at \*1; *Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at \*4-5; *Rojas*, 2010 WL 11629555, at \*1-2. Even in cases where information concerning a Plaintiff's immigration status may arguably have been relevant, courts have generally held that the potential for prejudice "far outweighs whatever minimal probative value such information would have." *Rojas*, 2010 WL 11629555, at \*1 (internal citation omitted).

RESPONSE: On the basis of the foregoing objections, Plaintiff will not produce documents in response to this Request.

**Request for Production No. 4:** Produce all documents issued or submitted in any proceeding before the Bureau of Immigration Appeals relating to your fear(s) of returning to Nicaragua, your detention at SDC, or your detention at any other immigration detention facility.

**Objections and Response to Request for Production No. 4:**

OBJECTIONS: Plaintiff objects to this Request because it seeks sensitive personal information that is irrelevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks production of "all documents issued or submitted in any proceeding."

Plaintiff objects to this Request because it seeks irrelevant information regarding Plaintiff's immigration status, immigration history, and/or experiences in his country of origin, for the purpose of intimidating and harassing Plaintiff, other Plaintiffs, class members, their family members, their relatives, or third-party witnesses. *Mancha through Martinez*, 2009 WL 10701798, at *1; *see also Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170-71 ; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *3-5; *Rojas*, 2010 WL 11629555, at *1-2. Such inquiries are designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants.  *See David*, 257 F.R.D. at 119 ("[A]ny inquiry into plaintiffs' current immigration status, current residence and/or post-termination employment history will most assuredly strike paralyzing fear in the plaintiffs sufficient to chill any inclination they may have had to prosecute their pending [TVPA] claims"); *see also Mancha through Martinez*, 2009 WL 10701798, at *1; *Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *4-5; *Rojas*, 2010 WL 11629555, at *1-2.   Even in cases where information concerning a Plaintiff's immigration status may arguably have been relevant, courts have generally held that the potential for prejudice "far outweighs whatever minimal probative value such information would have." *Rojas*, 2010 WL 11629555, at *1 (internal citation omitted).

RESPONSE: On the basis of the foregoing objections, Plaintiff will not produce documents in response to this Request.

**Request for Production No. 5:** Produce all documents issued or submitted in any proceeding before the Executive Office of Immigration Review relating to your fear(s) of returning to Nicaragua, your detention at SDC, or your detention at any other immigration detention facility.

**Objections and Response to Request for Production No. 5:**

OBJECTIONS: Plaintiff objects to this Request because it seeks sensitive personal information that is irrelevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks production of "all documents issued or submitted in any proceeding."

Plaintiff objects to this Request because it seeks irrelevant information regarding Plaintiff's immigration status, immigration history, and/or experiences in his country of origin, for the purpose of intimidating and harassing Plaintiff, other Plaintiffs, class members, their family members, their relatives, or third-party witnesses. *Mancha through Martinez*, 2009 WL 10701798, at *1; *see also Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170-71 ; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *3-5; *Rojas*, 2010 WL 11629555, at *1-2. Such inquiries are designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants.  *See David*, 257 F.R.D. at 119 ("[A]ny inquiry into plaintiffs' current immigration status, current residence and/or post-termination employment history will most assuredly strike paralyzing fear in the plaintiffs sufficient to chill any inclination they may have had to prosecute their pending

[TVPA] claims"); *see also Mancha through Martinez*, 2009 WL 10701798, at *1; *Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *4-5; *Rojas*, 2010 WL 11629555, at *1-2.   Even in cases where information concerning a Plaintiff's immigration status may arguably have been relevant, courts have generally held that the potential for prejudice "far outweighs whatever minimal probative value such information would have." *Rojas*, 2010 WL 11629555, at *1 (internal citation omitted).

RESPONSE: On the basis of the foregoing objections, Plaintiff will not produce documents in response to this Request.

**Request for Production No. 6:** Produce all communications, documents, recordings, or articles pertaining to any statement or interview you or anyone acting on your behalf gave to any media outlet relating to your detention at the SDC or your fear of returning to Nicaragua.

**Objections and Response to Request for Production No. 6:**

OBJECTIONS: Plaintiff objects to this Request to the extent it calls for, or can be construed to call for, information protected by any applicable privilege, including the attorney-client privilege, the attorney work product doctrine, and/or other privileges.

Plaintiff objects to this Request because it seeks sensitive personal information that is irrelevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence, particularly by seeking documents, recordings, or articles related to Plaintiff's fear of returning to Nicaragua.

Plaintiff objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence

because it seeks production of "<u>all</u> communications, documents, recordings, or articles pertaining to <u>any</u> statement or interview you or <u>anyone</u> acting on your behalf gave to <u>any</u> media outlet."

Plaintiff objects to this Request because it seeks irrelevant information regarding Plaintiff's immigration status, immigration history, and/or experiences in his country of origin, for the purpose of intimidating and harassing Plaintiff, other Plaintiffs, class members, their family members, their relatives, or third-party witnesses. *Mancha through Martinez*, 2009 WL 10701798, at *1; *see also Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170-71 ; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *3-5; *Rojas*, 2010 WL 11629555, at *1-2. Such inquiries are designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants. *See David*, 257 F.R.D. at 119 ("[A]ny inquiry into plaintiffs' current immigration status, current residence and/or post-termination employment history will most assuredly strike paralyzing fear in the plaintiffs sufficient to chill any inclination they may have had to prosecute their pending [TVPA] claims"); *see also Mancha through Martinez*, 2009 WL 10701798, at *1; *Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *4-5; *Rojas*, 2010 WL 11629555, at *1-2.  Even in cases where information concerning a Plaintiff's immigration status may arguably have been relevant, courts have generally held that the potential for prejudice "far outweighs whatever minimal probative value such information would have." *Rojas*, 2010 WL 11629555, at *1 (internal citation omitted).

Plaintiff objects to this Request to the extent that the information sought is publicly available, equally available or readily ascertainable by CoreCivic from other sources or is already in CoreCivic's possession, custody, or control.

Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it could be construed to seek each and every document in

Plaintiffs' counsel's possession "all communications, documents, recordings, or articles pertaining to any statement or interview [Plaintiff] or anyone acting on [Plaintiff's] behalf gave to any media outlet relating to [Plaintiff's] detention at the SDC" in Plaintiffs' counsel's possession, custody, or control Plaintiffs' counsel includes organizations that have as part of their missions public education on issues of national importance, such as this lawsuit. It would be incredibly burdensome and far exceed the needs of this case for Plaintiffs' counsel to undertake organization-wide searches to all documents sought in this Request.

Plaintiff reserves the right to supplement his response at a future date.

RESPONSE: Subject to and without waiving the above objections and limitations, Plaintiff has no "communications, documents, recordings, or articles pertaining to any statement or interview [he] or anyone acting on [his] behalf gave to any media outlet relating to [his] detention at SDC" in his possession, custody, or control. On the basis of the foregoing objections, Plaintiff will not produce other documents in response to this request.


**Request for Production No. 7:** Produce all income records, including but not limited to income tax withholding reports and paystubs, relating to any and all jobs you have held during the period from three years before your first admission at SDC through the present.

**Objections and Response to Request for Production No. 7:**

OBJECTIONS: Plaintiff objects to this Request because it seeks sensitive personal information that is irrelevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.

17

Plaintiff objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks production of "all income records" "relating to any and all jobs."

CoreCivic cannot show that Plaintiff's employment background or any information regarding any current or former employer has any bearing on his claims against CoreCivic or any possible defenses thereto. *See, e.g.*, *Sol Mexican Grill LLC*, 2019 WL 2896933, at *5 (granting protective order barring discovery into plaintiff's current employer and employment history in a Title VII case where plaintiff brought claims "only for actions taken by Defendants while [plaintiff was] working for Defendants," such that "employment histories with other employers, who are not party to this suit, are . . . not relevant to whether or not the [plaintiff was] subjected to unlawful employment practices while working for Defendants"); *Pineda*, 2018 WL 1794371, at *3 (finding Plaintiff's employment "*completely unrelated* to whether she was a victim of excessive force and a lack of medical assistance.") (emphasis in original)). In addition, information about Plaintiff's current and former employment is not relevant to damages issues in this case, given that Plaintiff does not seek any damages that CoreCivic could plausibly argue should be offset. *See, e.g.*, *Sol Mexican Grill*, 2019 WL 2896933, at *4-5 (barring discovery into employment history because this information was not relevant to plaintiff's damages claim, since plaintiff sought only compensatory and punitive damages and not back pay, front pay, or reinstatement); *Williams*, 192 F.R.D. at 705 (similar).

Plaintiff objects to this Request because it indirectly seeks irrelevant information regarding Plaintiff's immigration status, immigration history, and/or experiences in his country of origin, for the purpose of intimidating and harassing Plaintiff, other Plaintiffs, class members, their family members, their relatives, or third-party witnesses. *Mancha through Martinez*, 2009 WL 10701798,

at *1; *see also Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170-71 ; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *3-5; *Rojas*, 2010 WL 11629555, at *1-2. Such inquiries are designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants.  *See David*, 257 F.R.D. at 119 ("[A]ny inquiry into plaintiffs' current immigration status, current residence and/or post-termination employment history will most assuredly strike paralyzing fear in the plaintiffs sufficient to chill any inclination they may have had to prosecute their pending [TVPA] claims"); *see also Mancha through Martinez*, 2009 WL 10701798, at *1; *Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *4-5; *Rojas*, 2010 WL 11629555, at *1-2.   Even in cases where information concerning a Plaintiff's immigration status may arguably have been relevant, courts have generally held that the potential for prejudice "far outweighs whatever minimal probative value such information would have." *Rojas*, 2010 WL 11629555, at *1 (internal citation omitted).

Furthermore, information about Plaintiff's current or former employment and/or tax history, which are clearly irrelevant to this case, are similarly designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants. *See, e.g.*, *Sol Mexican Grill*, 2019 WL 2896933, at *5 ("[A]ny marginal relevance such information may pose is outweighed by the potential for harassment and intimidation. . . . Courts have recognized the chilling effect that inquiries into work histories can have on those bringing claims for unlawful employment practices.); *David*, 257 F.R.D. at 119; *Centeno-Bernuy*, 219 F.R.D. at 61-62; *Francis*, 2020 WL 548565, at *2-4 (barring discovery into plaintiffs' employment history in TVPA forced labor case, concluding that any relevance of the information, which was "attenuated at best," was "outweighed by the in terrorem effect accompanying disclosure of information about Plaintiffs' subsequent employment and the potential disclosure of Plaintiffs' immigration status"); *Silva*, 378 F. Supp. 3d

at 930-31 ("Because Plaintiff does not seek damages for lost wages, the Court cannot think of any compelling reason Defendants must have access to Plaintiff's employment and address history over the past decade. Instead, this information appears calculated to reveal information that may indicate Plaintiff's immigration status, which is not a legitimate subject of inquiry.").

Plaintiff objects to this Request to the extent that the information sought is publicly available, equally available or readily ascertainable by CoreCivic from other sources or is already in CoreCivic's possession, custody, or control.

RESPONSE: On the basis of the foregoing objections, Plaintiff will not produce documents in response to this Request, other than noting that Plaintiff's pay records for work performed in SDC's Work Program are already in CoreCivic's possession.

**Request for Production No. 8:** Produce any and all diaries, journals, notes, videotapes, DVDs, daily logs, blog entries, web pages, Twitter, Facebook, and/or other social media accounts or pages owned, maintained, and/or operated by you, or on your behalf, pertaining to the incident, this lawsuit, the allegations in the Complaint, your alleged damages, or the pursuit of a potential claim against any entity or person arising out of your detention at SDC, whether prepared prior to or following the date of the incident, in their native format. Produce and authenticate the contents of all Facebook accounts by using Facebook's "Download Your Information" tool, accessible through the "Account Settings" drop down menu, and produce the information in the format which contains all metadata.

**Objections and Response to Request for Production No. 8:**

OBJECTIONS: Plaintiff objects to this Request to the extent it calls for, or can be construed to call for, information protected by any applicable privilege, including the attorney-client privilege, the attorney work product doctrine, and/or other privileges.

Plaintiff objects to this Request because it seeks information that is irrelevant to any party's claim or defense and not reasonably calculated to lead to the discovery of admissible evidence, particularly by seeking "diaries, journals, notes, videotapes, DVDs, daily logs, blog entries, web pages, Twitter, Facebook, and/or other social media accounts or pages" pertaining to "the pursuit of a potential claim against any entity or person arising out of your detention at SDC."

Plaintiff objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks production of "<u>any and all</u> diaries, journals, notes, videotapes, DVDs, daily logs, blog entries, web pages, Twitter, Facebook, and/or other social media accounts or pages owned, maintained, and/or operated by you, or on your behalf," to the extent it seeks such documents "pertaining to . . . the pursuit of a potential claim against <u>any</u> entity or person," and to the extent it requires Plaintiff to "[p]roduce and authenticate the contents of <u>all</u> Facebook accounts."

Plaintiff objects to this Request as vague and ambiguous, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to the use of the term "the incident."

Plaintiff objects to this Request to the extent that the information sought is publicly available, equally available or readily ascertainable by CoreCivic from other sources or is already in CoreCivic's possession, custody, or control.

Plaintiff objects to this Request on the ground that the phrase "social media accounts" is vague and overbroad.

**Plaintiff objects to this Request on the ground that it could be construed to seek all information contained within his "Twitter, Facebook, and/or other social media accounts or pages" as opposed to merely the specific portions of Plaintiff's Twitter, Facebook, or other social media accounts that contain information relevant to the claims and defenses in this case.**

Plaintiff reserves the right to supplement his response at a future date.

RESPONSE: Subject to and without waiving the above objections and limitations, Plaintiff **has no "diaries, journals, notes, videotapes, DVDs, daily logs, blog entries, web pages, Twitter, Facebook, and/or other social media accounts or pages owned, maintained, and/or operated by [Plaintiff], or on [Plaintiff's] behalf, pertaining to the incident, this lawsuit, the allegations in the Complaint, [or Plaintiff's] alleged damages" in his possession, custody, or control. Plaintiff maintains his objection to producing materials related to "the pursuit of a potential claim against any entity or person arising out of [his] detention at SDC," but at this time is not aware of any materials responsive to this request.**

**Request for Production No. 9:** Produce any and all journals, diaries, chronologies, notes, memos, letters, correspondence, emails, text messages, instant messages, or other documents drafted by you, or anyone on your behalf, that refer to, describe, or document this lawsuit or any events that are the subject of this lawsuit, including descriptions of the incident itself or that support any of the claims made in this lawsuit against CoreCivic.

22

**Objections and Response to Request for Production No. 9:**

OBJECTIONS: Plaintiff objects to this Request to the extent it calls for, or can be construed to call for, information protected by any applicable privilege, including the attorney-client privilege, the attorney work product doctrine, and/or other privileges.

Plaintiff objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks production of "any and all journals, diaries, chronologies, notes, memos, letters, correspondence, emails, text messages, instant messages, or other documents drafted by you, or anyone on your behalf that refer to, describe, or document this lawsuit or any events that are the subject of this lawsuit."

Plaintiff objects to this Request as vague and ambiguous, unduly burdensome, and not proportional to the needs of the case, particularly as it relates to "refer to, describe, or document" and "the incident."

Plaintiff objects to this Request to the extent it prematurely seeks expert discovery. Plaintiff will disclose experts' names and reports in a manner and at a time consistent with the Court's Amended Scheduling Order (Doc. 140).

Plaintiff objects to this Request to the extent the information sought is equally available or readily ascertainable by CoreCivic from other sources including publicly available press reports, or is already in CoreCivic's possession, custody, or control.

**Plaintiff objects to this Request to the extent that it seeks irrelevant information regarding Plaintiff's immigration status, immigration history, and/or experiences in his country of origin, for the purpose of intimidating and harassing Plaintiff, other Plaintiffs, class members, their family members, their relatives, or third-party witnesses. *Mancha***

*through Martinez*, 2009 WL 10701798, at *1; *Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *3-5; *Rojas*, 2010 WL 11629555, at *1-2. Such inquiries are designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants. *See David*, 257 F.R.D. at 119 ("[A]ny inquiry into plaintiffs' current immigration status, current residence and/or post-termination employment history will most assuredly strike paralyzing fear in the plaintiffs sufficient to chill any inclination they may have had to prosecute their pending [TVPA] claims"); *see also Mancha through Martinez*, 2009 WL 10701798, at *1; *Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *4-5; *Rojas*, 2010 WL 11629555, at *1-2. Even in cases where information concerning a Plaintiff's immigration status may arguably have been relevant, courts have generally held that the potential for prejudice "far outweighs whatever minimal probative value such information would have." *Rojas*, 2010 WL 11629555, at *1 (internal citation omitted).

Furthermore, information about Plaintiff's current or former employment and/or tax history, which are clearly irrelevant to this case, are similarly designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants. *See, e.g.*, *Sol Mexican Grill*, 2019 WL 2896933, at *5 ("[A]ny marginal relevance such information may pose is outweighed by the potential for harassment and intimidation. . . . Courts have recognized the chilling effect that inquiries into work histories can have on those bringing claims for unlawful employment practices.); *David*, 257 F.R.D. at 119; *Centeno-Bernuy*, 219 F.R.D. at 61-62; *Francis*, 2020 WL 548565, at *2-4 (barring discovery into plaintiffs' employment history in TVPA forced labor case, concluding that any relevance of the information, which was "attenuated at best," was "outweighed by the in terrorem effect accompanying

**disclosure of information about Plaintiffs' subsequent employment and the potential disclosure of Plaintiffs' immigration status"); *Silva*, 378 F. Supp. 3d at 930-31 ("Because Plaintiff does not seek damages for lost wages, the Court cannot think of any compelling reason Defendants must have access to Plaintiff's employment and address history over the past decade. Instead, this information appears calculated to reveal information that may indicate Plaintiff's immigration status, which is not a legitimate subject of inquiry.").**

Plaintiff reserves the right to supplement his response at a future date.

RESPONSE: Subject to and without waiving the above objections and limitations, Plaintiff **has produced all** non-privileged, responsive documents in Plaintiff's possession, custody, or control, **at Bates numbers PLS_0000938 through PLS_0000951 and PLS_0000957 through PLS_0000959. All redactions are made pursuant to Plaintiff's *in terrorem* objections asserted above.**

**Request for Production No. 10:** Produce all documents relied upon by you in preparing your responses to CoreCivic's First Set of Interrogatories, served concurrently with these requests, and all supplements thereto.

**Objections and Response to Request for Production No. 10:**

OBJECTIONS: Plaintiff objects to this Request to the extent it calls for, or can be construed to call for, information protected by any applicable privilege, including the attorney-client privilege, the attorney work product doctrine, and/or other privileges.

Plaintiff objects to this Request as overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks production of "all documents relied upon by you."

25

Plaintiff objects to this Request to the extent that the information sought is equally available or readily ascertainable by CoreCivic from other sources or is already in CoreCivic's possession, custody, or control.

Plaintiff reserves the right to supplement his response at a future date.

RESPONSE: Subject to and without waiving the above objections and limitations, Plaintiff **has no non-privileged, responsive documents in his possession, custody, or control, with the exception of documents listed by Bates number in the interrogatory responses themselves.**

**Request for Production No. 11:** Produce a complete copy of your medical files created and maintained by IHSC. (If you elect not to obtain and produce the complete file, please complete and sign under penalty of perjury and produce the executed original of the release attached hereto as Attachment B.)

**Objections and Response to Request for Production No. 11:**

OBJECTIONS: Plaintiff objects to this Request because it seeks highly sensitive personal information that is neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to this Request to the extent it calls for, or can be construed to call for, information protected by any applicable privilege, including the doctor-patient privilege, and/or other privileges.

Plaintiff objects to this Request because it calls for disclosures that invade Plaintiff's privacy rights.

Plaintiff objects to this Request because it is harassing, intimidating, and/or unduly prejudicial, and subjects Plaintiff to annoyance, embarrassment, oppression, or undue burden or expense.

Plaintiff objects to this Request because it is overbroad, unduly burdensome, and exceeds the scope of the requirements set forth in Rule 34 of the Federal Rules of Civil Procedure, including but not limited to the formulation and scope of the documents requested as well as the demand for overly broad release.

Plaintiff reserves the right to supplement his response at a future date.

RESPONSE: Subject to and without waiving the above objections and limitations, Plaintiff responds that he has requested medical records from IHSC. After receiving and reviewing the requested records, Plaintiff will produce the portions of the records that contain information relevant to the claims or defenses in this case. **IHSC records for Plaintiff were produced pursuant to a third party subpoena and subsequently provided to CoreCivic in documents with starting Bates numbers ICE-Barrientos-8082 and ICE-Barrientos-8164.**


**Request for Production No. 12:** Produce a complete copy of your detention or institutional files maintained by each facility identified in response to Interrogatory No. 1. (If you elect not to obtain and produce the complete file, please copy as necessary, complete and sign under penalty of perjury and produce the executed original of the release attached hereto as Attachment C, one for each facility.)

**Objections and Response to Request for Production No. 12:**

OBJECTIONS: Plaintiff objects to this Request because it seeks irrelevant information regarding Plaintiff's detention, incarceration, and/or imprisonment unrelated to the claims or defenses in this case, which relate solely to events occurring at Stewart Detention Center.

Plaintiff objects to this Request because it is overbroad, unduly burdensome, and exceeds the scope of the requirements set forth in Rule 34 of the Federal Rules of Civil Procedure, including but not limited to the formulation and scope of the documents requested as well as the demand for overly broad release.

Plaintiff objects to this Request to the extent it seeks information that is already in the possession of CoreCivic, including the detention or institutional files maintained by SDC.

Plaintiff objects to this Request because it is overly broad and without limit in temporal or geographic scope with regard to the subject matter sought, and is not proportional to the needs of the case.

Plaintiff objects to this Request because it seeks irrelevant information regarding Plaintiff's immigration status, immigration history, and/or experiences in his country of origin, for the purpose of intimidating and harassing Plaintiff, other Plaintiffs, class members, their family members, their relatives, or third-party witnesses. *Mancha through Martinez*, 2009 WL 10701798, at *1; *see also Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170-71 ; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *3-5; *Rojas*, 2010 WL 11629555, at *1-2. Such inquiries are designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants. *See David*, 257 F.R.D. at 119 ("[A]ny inquiry into plaintiffs' current immigration status, current residence and/or post-termination employment history will most assuredly strike paralyzing fear in the plaintiffs sufficient to chill any inclination they may have had to prosecute their pending

[TVPA] claims"); *see also Mancha through Martinez*, 2009 WL 10701798, at *1; *Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *4-5; *Rojas*, 2010 WL 11629555, at *1-2. Even in cases where information concerning a Plaintiff's immigration status may arguably have been relevant, courts have generally held that the potential for prejudice "far outweighs whatever minimal probative value such information would have." *Rojas*, 2010 WL 11629555, at *1 (internal citation omitted).

Plaintiff reserves the right to supplement his response at a future date.

RESPONSE: Subject to and without waiving the above objections and limitations, Plaintiff directs CoreCivic to Plaintiffs' Document Request No.19, August 21, 2020, in which Plaintiff requested the detention files for all named Plaintiffs. To date, CoreCivic has not produced Plaintiff's detention file from SDC. On the basis of the foregoing objections, Plaintiff will not produce other documents in response to this request.


**Request for Production No. 13:** Produce a complete copy of your medical files maintained by each medical provider or practice identified in your response to Interrogatory No. 21. (If you elect not to obtain and produce the complete file, please copy as necessary, complete and sign under penalty of perjury and produce the executed original of the release attached hereto as Attachment D, one for each provider.)

**Objections and Response to Request for Production No. 13:**

OBJECTIONS: Plaintiff objects to this Request because it seeks highly sensitive personal information that is neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to this Request to the extent it calls for, or can be construed to call for, information protected by any applicable privilege, including the doctor-patient privilege, and/or other privileges.

Plaintiff objects to this Request because it calls for disclosures that invade Plaintiff's privacy rights.

Plaintiff objects to this Request because it is harassing, intimidating, and/or unduly prejudicial, and subjects Plaintiff to annoyance, embarrassment, oppression, or undue burden or expense.

Plaintiff objects to this Request because it is overbroad, unduly burdensome, and exceeds the scope of the requirements set forth in Rule 34 of the Federal Rules of Civil Procedure, including but not limited to the formulation and scope of the documents requested as well as the demand for overly broad release.

Plaintiff objects to this Request to the extent it seeks information that is already in the possession of CoreCivic including, by way of example, records prepared by medical and mental health professionals concerning evaluations, assessments, and treatment of Plaintiff while he was in CoreCivic's custody.

Plaintiff reserves the right to supplement his response at a future date.

RESPONSE: Subject to and without waiving the above objections and limitations, Plaintiff's responds that he has requested medical records that may contain information responsive to Interrogatory 21. After receiving and reviewing the requested records, Plaintiff will produce the portions of the records that contain information relevant to the claims or defenses in this case. **Plaintiff has received records and has produced all portions of those records containing**

**height, weight, and/or BMI information, as requested in Interrogatory 21, at Bates numbers PLS_0000814 through PLS_0000937.**

Dated: August 30, 2021

/s/ Rebecca M. Cassler
Rebecca Cassler (GA Bar No. 487886)
**SOUTHERN POVERTY LAW CENTER**
150 E. Ponce de Leon Avenue, Suite 340
Decatur, GA, 30030
Telephone: (404) 521-6700
Facsimile: (404) 221-5857
rebecca.cassler@splcenter.org

Meredith B. Stewart*
**SOUTHERN POVERTY LAW CENTER**
201 Saint Charles Avenue, Suite 2000
New Orleans, LA 70170
Telephone: (504) 486-8982
Facsimile: (504) 486-8947
meredith.stewart@splcenter.org

Vidhi Bamzai*
**SOUTHERN POVERTY LAW CENTER**
111 East Capitol St., Suite 280
Jackson, MS 39201
Telephone: (601) 948-8882
Facsimile: (601) 948-8885
vidhi.bamzai@splcenter.org

Caitlin J. Sandley (GA Bar No. 610130)
**SOUTHERN POVERTY LAW CENTER**
400 Washington Ave.
Montgomery, AL 36104
Telephone: (334) 303-6822
Facsimile: (334) 956-8481
cj.sandley@splcenter.org

R. Andrew Free*
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221x1
Facsimile: (615) 829-8959
andrew@immigrantcivilrights.com

Respectfully submitted,

Alan B. Howard*
John T. Dixon*
Emily B. Cooper*
**PERKINS COIE LLP**
1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711
Telephone: (212) 262-6900
Facsimile: (212) 977-1649
ahoward@perkinscoie.com
johndixon@perkinscoie.com
ecooper@perkinscoie.com

Jessica Tseng Hasen*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-3293
Facsimile: (206) 359-9000
jhasen@perkinscoie.com

Jessica L. Everett-Garcia*
John H. Gray*
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
jeverettgarcia@perkinscoie.com
jhgray@perkinscoie.com

Azadeh Shahshahani (GA Bar No. 509008)
Priyanka Bhatt (GA Bar No. 307315)
**PROJECT SOUTH**
9 Gammon Avenue SE
Atlanta, A 30315
Telephone: (404) 622-0602
Facsimile: (404) 622-4137
azadeh@projectsouth.org
priyanka@projectsouth.org

Daniel H. Charest*
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
dcharest@burnscharest.com

*Admitted *pro hac vice*

***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2021, I served a copy of the foregoing to the following

counsel of record via electronic mail:

Daniel P. Struck *(pro hac vice)*
Lead Counsel
Rachel Love *(pro hac vice)*
Nicholas D. Acedo *(pro hac vice)*
Ashlee B. Hesman *(pro hac vice)*
Jacob B. Lee *(pro hac vice)*
Eden G. Cohen *(pro hac vice)*
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com

Jacob D. Massee (GA Bar No. 551890)
David Bobo Mullens (GA Bar No. 258029)
OLIVER MANER LLP
PO Box 10186
Savannah, Georgia 31412
Phone: (912) 236-3311
Fax: (912) 236-8725
jmassee@olivermaner.com
dbmullens@olivermaner.com
Attorneys for Defendant CoreCivic, Inc.

/s/ Rebecca M. Cassler
Rebecca M. Cassler
Attorney for Plaintiffs

34