**EXHIBIT 4**

# Plaintiff Gonzalo Bermudez Gutiérrez's Responses and Objections to CoreCivic, Inc.'s First Set of Interrogatories

**EXHIBIT 4**

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| **WILHEN HILL BARRIENTOS, GONZALO BERMUDEZ GUTIÉRREZ,** and **KEYSLER RAMÓN URBINA ROJAS,** individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br> v.<br><br>**CORECIVIC, INC.,**<br><br>      Defendant. | **Civil Action No. 4:18-cv-00070-CDL** |

<u>**Plaintiff Gonzalo Bermudez Gutiérrez's Responses and Objections to CoreCivic, Inc.'s First Set of Interrogatories**</u>

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Gonzalo Bermudez Gutiérrez ("Plaintiff") hereby objects and responds to Defendant CoreCivic, Inc.'s First Set of Interrogatories dated May 5, 2021 (the "Requests") as follows. Plaintiffs' investigation and discovery are ongoing. Plaintiff therefore reserves the right to supplement or amend his responses and objections and to offer additional facts, documents, or things at hearing, in future filings, or at trial.

Plaintiff states the following General Objections to the Interrogatories, which are hereby incorporated and made part of each of the following specific responses.

1. Plaintiff objects to the Interrogatories to the extent that they seek to impose obligations greater than or inconsistent with the scope or requirements of the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Local Civil Rules of the U.S. District Court for the Middle District of Georgia.

2. Plaintiff objects to the Interrogatories to the extent that they require disclosures that are not relevant to any party's claims or defenses.

3. Plaintiff objects to the Interrogatories to the extent that they are ambiguous, vague, or otherwise incomprehensible, require disclosures that are overly broad or without limit in temporal scope with regard to the subject matter sought, or are not proportional to the needs of the case.

4. Plaintiff objects to the Interrogatories to the extent that they call for disclosures that invade Plaintiff's privacy rights.

5. Plaintiff objects to the Interrogatories to the extent that they are harassing, intimidating, and/or unduly prejudicial.

6. Plaintiff objects to the Interrogatories to the extent that they seek information in responsive documents that have already been provided to CoreCivic or that CoreCivic has previously produced to Plaintiffs.

7. Plaintiff objects to the Interrogatories to the extent that they seek information regarding documents that are not in Plaintiff's possession, custody, or control.

8. Plaintiff objects to the Interrogatories to the extent that CoreCivic seeks information and/or documents that CoreCivic is in a better position to know of or ascertain because the information and/or documents sought are either already in CoreCivic's possession or are equally or more available to CoreCivic or CoreCivic's counsel, including but not limited to documents available from government agencies, regulatory bodies, court files, the internet, or commercial industry sources and documents created and/or maintained by CoreCivic.

2

9. Plaintiff objects to the Interrogatories to the extent that they seek information or documents that are unduly burdensome to obtain, and to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, Interrogatories for the identification of "all" documents or "each" document when all relevant facts can be obtained from fewer than "all" documents or "each" document.

10. Plaintiff objects to the Interrogatories to the extent that they call for, or can be construed to call for, disclosures subject to any applicable privilege, including the attorney-client privilege, the attorney work product doctrine, and/or other privileges. Plaintiff objects to each request to the extent it seeks documents, tangible things, or electronically stored information ("ESI") prepared in anticipation of litigation or for trial, to the extent those materials are not otherwise discoverable under Rule 26(b)(1) of the Federal Rules of Civil Procedure, and to the extent CoreCivic has not shown that they have substantial need for the materials to prepare their case and cannot, without undue hardship, obtain their substantial equivalent by other means.

11. Plaintiff objects to the Interrogatories because CoreCivic has well exceeded the permitted number of interrogatories in this case. *See* Doc. 63 at 3 (limiting interrogatories to "[m]ax. 30 per side directed to any other party"). Between the three sets of interrogatories served by CoreCivic on the Plaintiffs on May 5, 2021, CoreCivic has propounded a total of seventy (70) interrogatories on the Plaintiffs. Plaintiffs further object to the extent that the use of subparts is intended or used to further expand the number of Interrogatories beyond the number permitted by order of the Court.

12. Plaintiff objects to the Requests to the extent they seek irrelevant information regarding Plaintiff's immigration status, immigration history, and/or experiences in his country of origin, for the purpose of intimidating and harassing Plaintiff, other Plaintiffs, class members, their family members, their relatives, or third-party witnesses. *Mancha through Martinez v. ICE*, No. 1:06-CV-2650-TWT, 2009 WL 10701798, at *1 (N.D. Ga. Apr. 6, 2009); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1065 (9th Cir. 2004); *In re Reyes*, 814 F.2d 168, 170-71 (5th Cir. 1987); *EEOC v. DiMare Ruskin, Inc.*, No. 2:11-cv-158-FtM-99SPC, 2012 WL 12067868, at *3-5 (M.D. Fla. Feb. 15, 2012); *Rojas v. China Max of Countryside Mall, Inc.*, No. 8:10-CV-2511-T-23AEP, 2010 WL 11629555, at *1-2 (M.D. Fla. Dec. 28, 2010). Such inquiries are designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants. *See David v. Signal Int'l, LLC*, 257 F.R.D. 114, 119 (E.D. La. 2009) ("[A]ny inquiry into plaintiffs' current immigration status, current residence and/or post-termination employment history will most assuredly strike paralyzing fear in the plaintiffs sufficient to chill any inclination they may have had to prosecute their pending [TVPA] claims"); *see also Mancha through Martinez*, 2009 WL 10701798, at *1; *Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *4-5; *Rojas*, 2010 WL 11629555, at *1-2. Even in cases where information concerning a Plaintiff's immigration status may arguably have been relevant, courts have generally held that the potential for prejudice "far outweighs whatever minimal probative value such information would have." *Rojas*, 2010 WL 11629555, at *1 (internal citation omitted). Furthermore, information about Plaintiff's current or former employment and/or tax history, which are clearly irrelevant to this case, are similarly designed to

4

have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants. *See, e.g.*, *EEOC v. Sol Mexican Grill LLC*, No. 18-2227 (CKK), 2019 WL 2896933, at *5 (D.D.C. June 11, 2019) ("[A]ny marginal relevance such information may pose is outweighed by the potential for harassment and intimidation. . . . Courts have recognized the chilling effect that inquiries into work histories can have on those bringing claims for unlawful employment practices.); *David v. Signal, Int'l*, 257 F.R.D. at 119; *Centeno-Bernuy v. Becker Farms*, 219 F.R.D. 59, 61-62 (W.D.N.Y. 2003); *Francis v. Apex USA, Inc.*, No. CIV-18-583-SLP, 2020 WL 548565, at *2-4 (W.D. Okla. Feb. 4, 2020) (barring discovery into plaintiffs' employment history in TVPA forced labor case, concluding that any relevance of the information, which was "attenuated at best," was "outweighed by the in terrorem effect accompanying disclosure of information about Plaintiffs' subsequent employment and the potential disclosure of Plaintiffs' immigration status"); *Silva v. Campbell*, 378 F. Supp. 3d 928, 930-31 (E.D. Wash. 2018) ("Because Plaintiff does not seek damages for lost wages, the Court cannot think of any compelling reason Defendants must have access to Plaintiff's employment and address history over the past decade. Instead, this information appears calculated to reveal information that may indicate Plaintiff's immigration status, which is not a legitimate subject of inquiry.").

13. Plaintiff objects to the definitions of "Plaintiff," "You," and "Your," defined to include "counsel in this matter," to the extent this definition could be construed to cover material that is subject to the attorney-client privilege or the attorney work product doctrine, or material that is not in Plaintiff's possession, custody, or control. *See generally Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984).

14. Plaintiff's responses and objections are made without waiving:

    a. The right to object to the competence, relevance, materiality, or admissibility as evidence of any answer, disclosure, document, file, record, object or information, or the subject matter thereof, in any aspect of this or any other action;

    b. The right to object at any time and upon any grounds to any other discovery requests;

    c. The right at any time and for any reason to revise, supplement, correct, add to, or clarify these responses and to offer such additional facts, documents, or things at hearing, in future filings, or at trial; and

    d. Any applicable privilege, including but not limited to the attorney-client privilege and work product doctrine.

15. Inadvertent disclosure of any information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting with respect to that information, its subject matter, its confidentiality, or Plaintiff's right to object to the use of any such information contained therein during any proceeding in this litigation or otherwise.

### Objections and Responses to Interrogatories

**Interrogatory No. 1:** Identify each processing center, detention center, jail, prison or other facility where you have ever been detained, incarcerated or imprisoned and state the date(s) you were housed at each specific facility.

**Objections and Response to Interrogatory No. 1:**

OBJECTIONS: Plaintiff objects to this interrogatory to the extent it seeks irrelevant information regarding Plaintiff's detention, incarceration, and/or imprisonment unrelated to the claims or defenses in this case, which relate solely to events occurring at Stewart Detention Center.

Plaintiff objects to this interrogatory to the extent it is overbroad and unduly burdensome, for instance, by requesting "*each* processing center, detention center, jail, prison or other facility where you have *ever* been detained, incarcerated or imprisoned." This request is overbroad particularly given the definition of "identify" requiring that with regard to persons other than natural persons, Plaintiff must "state its full name, the address of its principal place of business, and its state of incorporation or filing of its organizational certificates; and to describe the primary business in which such entity is engaged," and requiring that with regard to an event, Plaintiff must "state in detail what took place; the identity of the persons involved in the event; the identity of each person present when the event took place; the date and time the event took place; the manner in which the event occurred (e.g., in a face-to-face meeting, via telephone, etc.); and the identity of each document concerning the event."

Plaintiff objects to this interrogatory to the extent that it is ambiguous, vague, or otherwise incomprehensible, requires disclosures that are overly broad or without limit in temporal or geographic scope with regard to the subject matter sought, or are not proportional to the needs of the case. Specifically, Plaintiff objects to this interrogatory as vague, overbroad, and ambiguous, particularly with respect to the term "other facility."

Plaintiff objects to this interrogatory to the extent it is harassing, intimidating, and/or unduly prejudicial, and subjects Plaintiff to annoyance, embarrassment, oppression, or undue burden or expense.

Plaintiff objects to this Request because it seeks irrelevant information regarding Plaintiff's immigration status, immigration history, and/or experiences in his country of origin, for the purpose of intimidating and harassing Plaintiff, other Plaintiffs, class members, their family members, their relatives, or third-party witnesses. *Mancha through Martinez*, 2009 WL 10701798, at *1 (N.D. Ga. Apr. 6, 2009); *see also Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170-71; *EEOC*, 2012 WL 12067868, at *3-5 (M.D. Fla. Feb. 15, 2012); *Rojas*, 2010 WL 11629555, at *1-2. Such inquiries are designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants. *See David*, 257 F.R.D. at 119 ("[A]ny inquiry into plaintiffs' current immigration status, current residence and/or post-termination employment history will most assuredly strike paralyzing fear in the plaintiffs sufficient to chill any inclination they may have had to prosecute their pending [TVPA] claims"); *see also Mancha through Martinez*, 2009 WL 10701798, at *1; *Rivera*, 364 F.3d at 1065; *In re Reyes*, 814 F.2d at 170; *DiMare Ruskin, Inc.*, 2012 WL 12067868, at *4-5; *Rojas*, 2010 WL 11629555, at *1-2. Even in cases where information concerning a Plaintiff's immigration status may arguably have been relevant, courts have generally held that the potential for prejudice "far outweighs whatever minimal probative value such information would have." *Rojas*, 2010 WL 11629555, at *1 (internal citation omitted).

Plaintiff objects to this interrogatory to the extent it seeks information that CoreCivic is in a better position to know of or ascertain because the information is either already in CoreCivic's possession or equally available to CoreCivic or CoreCivic's counsel, including but not limited to

documents available from government agencies, regulatory bodies, court files, the internet, or commercial industry sources.

RESPONSE: Subject to and without waiving the above objections and limitations, the dates of Plaintiff's detention at Stewart Detention Center, located at 146 CCA Road, Lumpkin, GA 31815, are listed in documents provided by CoreCivic in response to Plaintiffs' Requests for Production Nos. 19 and 20. On the basis of the foregoing objections, Plaintiff will not further respond to this Interrogatory as written. Plaintiffs' counsel are willing to meet and confer with CoreCivic's counsel to narrow the scope of this request to the extent CoreCivic establishes that information beyond that provided herein is relevant to the claims or defenses in this case.


**Interrogatory No. 2:** Identify each statement or representation made by any CoreCivic employee that you would be compensated at a rate higher than $4 per day for each day you attended your scheduled shift as a participant in the Voluntary Work Program at SDC.

**Objections and Response to Interrogatory No. 2:**

OBJECTIONS: Plaintiff objects to this interrogatory as overly burdensome and disproportional to the needs of the case to the extent it requires Plaintiff to identify "each" time an employee or agent of CoreCivic made such a statement or representation to Plaintiff. *See, e.g.*, *WNE Cap. Holdings Corp. v. Rockwell Automation, Inc.*, No. CA 09-0733-WS-C, 2011 WL 13254691, at *12-13 (S.D. Ala. Aug. 4, 2011) ("[S]even interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11 or Rule 56.' ' . . . While it is not clear that further discovery

is contemplated, it is clear to the undersigned that the information sought by these interrogatories may be better obtained through other means; namely, depositions and document requests."); *Brook v. Sistema Universitario Ana G. Mendez*, No. 8:17-CV-171-T-30AAS, 2017 WL 5573960, at *4 (M.D. Fla. Nov. 20, 2017) ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff claims] constitutes a violation"); *IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321 (D. Kan. 1998) ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome.  An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs. v. Am. Int'l Grp., Inc.*, 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases).

This interrogatory is also overbroad particularly given the definition of "identify" requiring Plaintiff "to state the substance of the communication; the identity of the persons between or among whom the communication took place; the identity of each person present when the communication took place; the date and time the communication took place; the manner in which it occurred (e.g., in a face-to-face meeting, via telephone, etc.); and the identity of each document in which said communication was recorded, described, or otherwise referred to, in whole or in part."

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff.

Plaintiff objects to this interrogatory to the extent it seeks information that CoreCivic is in a better position to know of or ascertain because the information relates to statements and representations made by CoreCivic's employees while Plaintiff was detained at SDC.

Plaintiff reserves the right to supplement his response at a future date.

RESPONSE: Subject to and without waiving the above objections and limitations, Plaintiff does not possess information responsive to this interrogatory.


**Interrogatory No. 3:** Describe each and every act you took based upon your expectation that CoreCivic was responsible and would pay you more than $4 per day for each day you attended your scheduled shift as a participant in the Voluntary Work Program at SDC.

**Objections and Response to Interrogatory No. 3:**

OBJECTIONS: Plaintiff objects to this interrogatory because it seeks information irrelevant to any claim or defense in this case, as Plaintiffs' claims do not relate to or rely upon actions taken by Plaintiffs in reliance upon representations made by CoreCivic employees regarding rate of pay above $4 per day for participation in the Work Program.

Plaintiff objects to this interrogatory as overly burdensome and disproportional to the needs of the case to the extent it requires Plaintiff to identify "each and every" act he took based upon CoreCivic's representations. *See, e.g.*, *WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *12-13 ("[S]even interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11 or Rule 56.' ' . . . While it is not clear that further discovery is contemplated, it is clear to the undersigned

that the information sought by these interrogatories may be better obtained through other means; namely, depositions and document requests."); *Brook*, 2017 WL 5573960, at *4 ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff claims] constitutes a violation"); *IBP, Inc.*, 179 F.R.D. at 321 (D. Kan. 1998) ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome.  An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs.*, 245 F.R.D. at 141 ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases).

This interrogatory is also overbroad particularly given the definition of "describe" requiring Plaintiff "to describe in detail, answering completely and accurately, with specificity, using factual statements, the subject matter to which the interrogatory refers; to identify all documents, communications, and events relating to the discovery request; and to identify all persons with knowledge of facts relevant to the discovery request and the nature and substance of their knowledge and/or expected testimony."

Plaintiff reserves the right to supplement his response at a future date.

RESPONSE: Subject to and without waiving the above objections and limitations, Plaintiff does not possess information responsive to this interrogatory.

**Interrogatory No. 4:** For each date you participated in the Voluntary Work Program in the kitchen during your detention at SDC, state the total amount of time you worked in the kitchen, exclusive of any and all breaks, meals, or other non-working time, such as for institutional counts.

**Objections and Response to Interrogatory No. 4:**

OBJECTIONS: Plaintiff objects to this interrogatory as overly burdensome and disproportional to the needs of the case to the extent it requires Plaintiff to identify the total amount of time he worked for "each date" he worked in the Work Program, particularly given the request for Plaintiff to identify and deduct any non-working time. *See, e.g.*, *WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *12-13 ("[S]even interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11 or Rule 56.' ' . . . While it is not clear that further discovery is contemplated, it is clear to the undersigned that the information sought by these interrogatories may be better obtained through other means; namely, depositions and document requests."); *Brook*, 2017 WL 5573960, at *4 ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff claims] constitutes a violation"); *IBP, Inc.*, 179 F.R.D. at 321 ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome. An

interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs.*, 245 F.R.D. at 141 ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases).

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff.

Plaintiff objects to this interrogatory to the extent it seeks information that CoreCivic is in a better position to know of or ascertain because the information relates to the management of CoreCivic's Work Program at SDC and the best records of hours worked by Plaintiff are already in CoreCivic's possession.

Plaintiff objects to this interrogatory to the extent this interrogatory prematurely requests expert discovery. Plaintiff intends to supplement this response with expert reports and testimony in a manner and at a time consistent with the Court's Amended Scheduling Order (Doc. 140).

Plaintiff reserves the right to supplement his response at a future date.

RESPONSE: Subject to and without waiving the above objections and limitations, pursuant to Fed. R. Civ. P. 33(d), please see documents produced by CoreCivic in response to Plaintiffs' Requests for Production Nos. 9 and 19, from which some information about dates worked can be just as easily compiled by CoreCivic as by Plaintiffs, to the extent those records are accurate. In general, Plaintiff's shifts in the kitchen lasted between five and six hours, though occasionally shifts may have ended earlier or extended longer than five to six hours. In general, Plaintiff received a break to eat following his shift, lasting approximately thirty minutes or less. In general, Plaintiff was not afforded other breaks, unless required for facility operations (i.e. institutional count).

**Interrogatory No. 5:** Identify and describe in detail each specific instance where you contend that any CoreCivic employee or agent knowingly obtained your labor or services by means of physical restraint and/or threats of physical restraint while you were detained at SDC, and identify all documents relating to and persons with knowledge of each identified instance.

**Objections and Response to Interrogatory No. 5:**

OBJECTIONS: Plaintiff objects to this interrogatory as overly burdensome and disproportional to the needs of the case to the extent it requires Plaintiff to identify "each specific instance" where an employee of CoreCivic coerced Plaintiff through physical restraint or a threat of physical restraint. and to identify "all documents" relating to and "all" persons with knowledge of each identified instance. *See, e.g.*, *WNE Cap. Holdings Corp. v*, 2011 WL 13254691, at *12-13 ("[S]even interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11 or Rule 56.' ' . . . While it is not clear that further discovery is contemplated, it is clear to the undersigned that the information sought by these interrogatories may be better obtained through other means; namely, depositions and document requests."); *Brook*, 2017 WL 5573960, at *4 ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff claims] constitutes a violation"); *IBP, Inc.*, 179 F.R.D. at 321 ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court

finds them overly broad and unduly burdensome.  An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs.*, 245 F.R.D. at 141 ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases).

This interrogatory is also overbroad particularly given the definition of "describe," requiring Plaintiff to "to describe in detail, answering completely and accurately, with specificity, using factual statements, the subject matter to which the interrogatory refers; to identify all documents, communications, and events relating to the discovery request; and to identify all persons with knowledge of facts relevant to the discovery request and the nature and substance of their knowledge and/or expected testimony." This interrogatory is also overbroad given the definition of "identify," requiring that with regard to a document, Plaintiff must "a. state the exact name and title by which YOU refer to it; b. state the date of the document and all other serial or identifying numbers thereon; c. identify each and every person who wrote, signed, initialed, dictated, or otherwise participated in the creation of said document; d. state its general subject matter; e. identify each and every addressee, if any, of the document; f. identify each and every person having custody or control of the document; g. specify the location and any file or files where the document is normally or presently kept, and identify the custodian thereof; and h. briefly summarize the contents of the document"; and requiring that with regard to an event, Plaintiff must "state in detail what took place; the identity of the persons involved in the event; the identity of each person present when the event took place; the date and time the event took place; the manner in which the event occurred (e.g., in a face-to-face meeting, via telephone, etc.); and the identity of each document concerning the event," and requiring that with regard to an act or omission, Plaintiff must "describe in detail the act or omission, including but not limited to: the date it

occurred; the place where it occurred; the identity of the person(s) performing such acts, or in the case of an omission, the identity of the person(s) failing to act; and the identity of all person(s) who have knowledge of the act or omission"; and requiring that with regard to a natural person, Plaintiff must "state the full legal name, aliases, current address, current home phone number, current cellular phone number, last-known place of employment, employer, job title, and work phone number."

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff.

Plaintiff objects to this interrogatory to the extent it seeks information that CoreCivic is in a better position to know of or ascertain because the information relates to statements and representations made by CoreCivic's employees while Plaintiff was detained at SDC.

Plaintiff objects to this interrogatory to the extent this interrogatory prematurely requests expert discovery. Plaintiff intends to supplement this response with expert reports and testimony in a manner and at a time consistent with the Court's Amended Scheduling Order (Doc. 140).

Plaintiff reserves the right to supplement his response at a future date.

RESPONSE: Subject to and without waiving the above objections and limitations, Plaintiff provides the following fair and accurate description of Plaintiff's allegations on this topic (as opposed to an exhaustive description of "each" such instance): All individuals detained at SDC in the Work Program during the period Plaintiff was detained at SDC were generally aware of CoreCivic's ability to physically restrain individuals for refusing to work. Plaintiff does not possess the names or contact information of all individuals who participated in the Work Program at SDC. CoreCivic already possesses the names of all individuals who participated in the Work

Program at SDC; those names are included in the documents produced by CoreCivic in response to Plaintiffs' Requests for Production Nos. 9 and 19.

**Interrogatory No. 6:** Identify and describe in detail each specific instance where you contend that any CoreCivic employee or agent knowingly obtained your labor or services by means of serious harm and/or threats of serious harm by withholding basic necessities while you were detained at SDC, and identify all documents relating to and persons with knowledge of each identified instance.

**Objections and Response to Interrogatory No. 6:**

OBJECTIONS: Plaintiff objects to this interrogatory as overly burdensome and disproportional to the needs of the case to the extent it requires Plaintiff to identify "each specific instance" where an employee or agent of CoreCivic coerced Plaintiff by means of serious harm and/or threats of serious harm by withholding basic necessities, and "all documents relating to and persons with knowledge of each identified instance." *See, e.g.*, *WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *12-13 ("[S]even interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11 or Rule 56.' ' . . . While it is not clear that further discovery is contemplated, it is clear to the undersigned that the information sought by these interrogatories may be better obtained through other means; namely, depositions and document requests."); *Brook*, 2017 WL 5573960, at *4 ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every

detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff claims] constitutes a violation"); *IBP, Inc.*, 179 F.R.D. at 321 ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome.  An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs.*, 245 F.R.D. at 141 ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases).

This interrogatory is also overbroad particularly given the definition of "identify," requiring that with regard to a document, Plaintiff must "a. state the exact name and title by which YOU refer to it; b. state the date of the document and all other serial or identifying numbers thereon; c. identify each and every person who wrote, signed, initialed, dictated, or otherwise participated in the creation of said document; d. state its general subject matter; e. identify each and every addressee, if any, of the document; f. identify each and every person having custody or control of the document; g. specify the location and any file or files where the document is normally or presently kept, and identify the custodian thereof; and h. briefly summarize the contents of the document"; and requiring that with regard to an event, Plaintiff must "state in detail what took place; the identity of the persons involved in the event; the identity of each person present when the event took place; the date and time the event took place; the manner in which the event occurred (e.g., in a face-to-face meeting, via telephone, etc.); and the identity of each document concerning the event," and requiring that with regard to an act or omission, Plaintiff must "describe in detail the act or omission, including but not limited to: the date it occurred; the

place where it occurred; the identity of the person(s) performing such acts, or in the case of an omission, the identity of the person(s) failing to act; and the identity of all person(s) who have knowledge of the act or omission"; and requiring that with regard to a natural person, Plaintiff must "state the full legal name, aliases, current address, current home phone number, current cellular phone number, last-known place of employment, employer, job title, and work phone number."

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff, particularly because the interrogatory seeks information regarding CoreCivic's employees' states of mind (i.e., regarding acts the employees "knowingly" took).

Plaintiff objects to this interrogatory to the extent it seeks information that CoreCivic is in a better position to know of or ascertain because the information relates to statements and representations made by CoreCivic's employees while Plaintiff was detained at SDC.

Plaintiff objects to this interrogatory to the extent this interrogatory prematurely requests expert discovery. Plaintiff intends to supplement this response with expert reports and testimony in a manner and at a time consistent with the Court's Amended Scheduling Order (Doc. 140).

Plaintiff reserves the right to supplement his response at a future date.

RESPONSE: Subject to and without waiving the above objections and limitations, Plaintiff provides the following fair and accurate description of Plaintiff's allegations on this topic (as opposed to an exhaustive description of "each" such instance): Certain basic necessities were not provided to Plaintiff, or were not provided in sufficient quantities, during his detention at SDC. Plaintiff recalls not having enough necessities such as toilet paper, soap, toothpaste, food, and clothes throughout his detention at SDC, and Plaintiff would buy these items from the commissary when he could. Plaintiff recalls purchasing supplemental food items from commissary because he

was otherwise not given enough to eat. Plaintiff also recalls purchasing hygiene items from commissary because the provided products would run out or were very low quality. Plaintiff used his work pay to buy the items, and he would participate in the Work Program, among other reasons, to earn money to use at the commissary. CoreCivic produced Plaintiff's commissary purchase records in response to Plaintiffs' Request for Production No. 8. CoreCivic's failure to provide basic necessities, giving rise to the need to purchase them from the commissary, coerced participation in the Work Program.

In addition, CoreCivic did not provide Plaintiff with sufficient access to telephones through which he could contact loved ones, given that the telephone services contracted by CoreCivic charged exorbitant prices for phone time. Plaintiff used his Work Program earnings to purchase overpriced phone cards from the commissary. The need to pay for phone cards, and at such high prices, coerced participation in the Work Program.

Plaintiff does not know of other documents related to the withholding of basic necessities. CoreCivic and Trinity staff involved in the provision of basic necessities or who operated the commissary presumably have knowledge of the failure to provide basic necessities. Plaintiff does not know the names or contact information of specific officers who possess this information. In addition, all individuals detained at SDC were generally aware of CoreCivic's failure to provide basic necessities. Plaintiff does not possess the names or contact information of all individuals detained at SDC. CoreCivic already possesses the names of all such individuals; those names are included in the documents produced by CoreCivic in response to Plaintiffs' Request for Production No. 20.

**Interrogatory No. 7:** Identify and describe in detail each specific instance where you contend that any CoreCivic employee or agent knowingly obtained your labor or services by means of serious harm and/or threats of serious harm by threatening or imposing disciplinary sanctions while you were detained at SDC, and identify all documents relating to and persons with knowledge of each identified instance.

**Objections and Response to Interrogatory No. 7:**

OBJECTIONS: Plaintiff objects to this interrogatory as overly burdensome and disproportional to the needs of the case to the extent it requires Plaintiff to identify "each specific instance" where an employee or agent of CoreCivic coerced Plaintiff by means of serious harm and/or threats of serious harm by imposing disciplinary sanctions, and "all documents relating to and persons with knowledge of each identified instance." *See, e.g.*, *WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *12-13 ("[S]even interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11 or Rule 56.' ' . . . While it is not clear that further discovery is contemplated, it is clear to the undersigned that the information sought by these interrogatories may be better obtained through other means; namely, depositions and document requests."); *Brook*, 2017 WL 5573960, at *4 ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff claims] constitutes a violation"); *IBP, Inc.*, 179 F.R.D. at 321 ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports

the identified allegations, the court finds them overly broad and unduly burdensome.   An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs.*, 245 F.R.D. at 141 ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases).

This interrogatory is also overbroad particularly given the definition of "identify," requiring that with regard to a document, Plaintiff must "a. state the exact name and title by which YOU refer to it; b. state the date of the document and all other serial or identifying numbers thereon; c. identify each and every person who wrote, signed, initialed, dictated, or otherwise participated in the creation of said document; d. state its general subject matter; e. identify each and every addressee, if any, of the document; f. identify each and every person having custody or control of the document; g. specify the location and any file or files where the document is normally or presently kept, and identify the custodian thereof; and h. briefly summarize the contents of the document"; and requiring that with regard to an event, Plaintiff must "state in detail what took place; the identity of the persons involved in the event; the identity of each person present when the event took place; the date and time the event took place; the manner in which the event occurred (e.g., in a face-to-face meeting, via telephone, etc.); and the identity of each document concerning the event," and requiring that with regard to an act or omission, Plaintiff must "describe in detail the act or omission, including but not limited to: the date it occurred; the place where it occurred; the identity of the person(s) performing such acts, or in the case of an omission, the identity of the person(s) failing to act; and the identity of all person(s) who have knowledge of the act or omission"; and requiring that with regard to a natural person, Plaintiff must "state the full legal name, aliases, current address, current home phone number, current

cellular phone number, last-known place of employment, employer, job title, and work phone number."

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff, particularly because the interrogatory seeks information regarding CoreCivic's employees' states of mind (i.e., regarding acts the employees "knowingly" took).

Plaintiff objects to this interrogatory to the extent it seeks information that CoreCivic is in a better position to know of or ascertain because the information relates to statements and representations made by CoreCivic's employees while Plaintiff was detained at SDC.

Plaintiff objects to this interrogatory to the extent this interrogatory prematurely requests expert discovery. Plaintiff intends to supplement this response with expert reports and testimony in a manner and at a time consistent with the Court's Amended Scheduling Order (Doc. 140).

Plaintiff reserves the right to supplement his response at a future date.

RESPONSE: Subject to and without waiving the above objections and limitations, Plaintiff provides the following fair and accurate description of Plaintiff's allegations on this topic (as opposed to an exhaustive description of "each" such instance): Plaintiff witnessed CoreCivic officers discipline detained immigrants who declined to work by moving them to different housing units or threatening to do so. Sometimes, these people would be moved the very next day after a missed day of work. Plaintiff knows of no documents relating to these threats. On at least one occasion, Plaintiff witnessed Case Manager Evans threaten to send detained individuals to other housing units if they worked a few days and then did not attend work.

The officers who made the threats have knowledge of each instance, as do the other detained individuals present when the threats were made. Officers with knowledge include Case Manager Evans.  In addition, all individuals detained at SDC were generally aware of CoreCivic's

ability to punish detained individuals for failing to do as they were told by CoreCivic employees. Plaintiff does not possess the names or contact information of all individuals detained at SDC. CoreCivic already possesses the names of all individuals who were detained at SDC.

**Interrogatory No. 8:** Identify and describe in detail each specific instance where you contend that any CoreCivic employee or agent knowingly obtained your labor or services by means of abuse and/or threatened abuse of legal process while you were detained at SDC, and identify all documents relating to and persons with knowledge of each identified instance.

**Objections and Response to Interrogatory No. 8:**

OBJECTIONS: Plaintiff objects to this interrogatory as overly burdensome and disproportional to the needs of the case to the extent it requires Plaintiff to identify "each specific instance" where an employee or agent of CoreCivic coerced Plaintiff by means of abuse or threatened abuse of the legal process, and "all documents relating to and persons with knowledge of each identified instance." *See, e.g.*, *WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *12-13 ("[S]even interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11 or Rule 56.' ' . . . While it is not clear that further discovery is contemplated, it is clear to the undersigned that the information sought by these interrogatories may be better obtained through other means; namely, depositions and document requests."); *Brook*, 2017 WL 5573960, at *4 ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged

unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff claims] constitutes a violation"); *IBP, Inc.*, 179 F.R.D. at 321 ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome.  An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs.*, 245 F.R.D. at 141 ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases).

This interrogatory is also overbroad particularly given the definition of "identify," requiring that with regard to a document, Plaintiff must "a. state the exact name and title by which YOU refer to it; b. state the date of the document and all other serial or identifying numbers thereon; c. identify each and every person who wrote, signed, initialed, dictated, or otherwise participated in the creation of said document; d. state its general subject matter; e. identify each and every addressee, if any, of the document; f. identify each and every person having custody or control of the document; g. specify the location and any file or files where the document is normally or presently kept, and identify the custodian thereof; and h. briefly summarize the contents of the document"; and requiring that with regard to an event, Plaintiff must "state in detail what took place; the identity of the persons involved in the event; the identity of each person present when the event took place; the date and time the event took place; the manner in which the event occurred (e.g., in a face-to-face meeting, via telephone, etc.); and the identity of each document concerning the event," and requiring that with regard to an act or omission, Plaintiff must "describe in detail the act or omission, including but not limited to: the date it occurred; the place where it occurred; the identity of the person(s) performing such acts, or in the case of an omission, the identity of the person(s) failing to act; and the identity of all person(s) who have

knowledge of the act or omission"; and requiring that with regard to a natural person, Plaintiff must "state the full legal name, aliases, current address, current home phone number, current cellular phone number, last-known place of employment, employer, job title, and work phone number."

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff, particularly because the interrogatory seeks information regarding CoreCivic's employees' states of mind (i.e., regarding acts the employees "knowingly" took).

Plaintiff objects to this interrogatory to the extent it seeks information that CoreCivic is in a better position to know of or ascertain because the information relates to statements and representations made by CoreCivic's employees while Plaintiff was detained at SDC.

Plaintiff objects to this interrogatory to the extent this interrogatory prematurely requests expert discovery. Plaintiff intends to supplement this response with expert reports and testimony in a manner and at a time consistent with the Court's Amended Scheduling Order (Doc. 140).

Plaintiff reserves the right to supplement his response at a future date.

RESPONSE: Subject to and without waiving the above objections and limitations, to the best of Plaintiff's recollection, it was widely understood among detained people at SDC that CoreCivic had the power to initiate a process leading to criminal consequences against detained individuals. This constant, implicit threat that CoreCivic—which had complete power over detained individuals—could do them even more harm coerced participation in the Work Program.

The SDC Handbook mentions CoreCivic's ability to initiate criminal proceedings against detained individuals. Plaintiff knows of no other documents relating to this request.

The officers who made the threats have knowledge of each instance, as do the other detained individuals present when the threats were made. Plaintiff does not know the names or

contact information of the officers or other detained individuals who engaged in or witnessed these threats. In addition, all individuals detained at SDC in the Work Program were generally aware of CoreCivic's ability to punish detained individuals. CoreCivic already possesses the names of all individuals who participated in the Work Program at SDC; those names are included in the documents produced by CoreCivic in response to Plaintiffs' Requests for Production Nos. 9 and 19.

**Interrogatory No. 9:** State each and every fact which supports your contention that CoreCivic knowingly obtained your labor or services by means of a scheme, plan, or pattern intended to cause you to believe that if you did not provide such services you would suffer serious harm or physical restraint, as alleged in ¶ 121 of your Complaint, and identify all documents relating to and persons with knowledge that you may or will use to support that claim.

**Objections and Response to Interrogatory No. 9:**

OBJECTIONS: Plaintiff objects this interrogatory as overbroad and unduly burdensome to the extent that it requires the recitation of all facts relevant to Plaintiff's case-in-chief. Such interrogatories, "insofar as they seek every fact, every piece of evidence, every witness, and every application of fact to law—rather than, for example, certain principal or material facts, pieces of evidence, witnesses and legal applications—supporting the identified allegations, are overly broad and unduly burdensome." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 273 F.R.D. 367, 369 (S.D.N.Y. 2010); *see also Megdal Assocs., LLC v. La-Z-Boy, Inc.*, No. 14-81476-CIV, 2016 WL 4503337, at *6 (S.D. Fla. Jan. 29,, 2016) ("[C]ommentators have often suggested that contention interrogatories—like the one here—are 'unduly broad if they ask in an undifferentiated way for 'all' facts or witnesses that support an opposing party's case.' . . . As for

28

the interrogatory at issue here, which seeks the factual and legal bases for all allegations in Plaintiff's Complaint, the Court finds that it is an improper use of that discovery tool. . . . The Court finds that based on the record before it, Defendant's interrogatory is overly broad and unduly burdensome."); *WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *12-13 ("[S]even interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11 or Rule 56.' ' . . . While it is not clear that further discovery is contemplated, it is clear to the undersigned that the information sought by these interrogatories may be better obtained through other means; namely, depositions and document requests."); *Brook*, , 2017 WL 5573960, at *4 ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff claims] constitutes a violation"); *IBP, Inc.*, 179 F.R.D. at 321 ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome.  An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs.*, 245 F.R.D. at 141 ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases); *Grynber v. Total S.A.*, No. 03-cv-01280-WYD-BNB, 2006 WL 1186836, at *6-7 (D. Colo. May 3, 2006) (noting that "blockbuster interrogatories" that seek all facts related to a theory of liability have been "repeatedly condemned by the trial courts" because they constitute an unduly burdensome request

as a matter of law and are an abuse of the discovery process); *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186-87 (D. Kan. 1997) ("Whatever may be said for the virtues of discovery and the liberty of the federal rules, which perhaps all courts recognize, there comes at some point a reasonable limit against indiscriminately hurling interrogatories at every conceivable detail and fact which may relate to a case. . . . Indiscriminate use of blockbuster interrogatories, such as these, do not comport with the just, speedy, and inexpensive determination of the action.  To require answers for them would more likely cause delay and unreasonable expense of time, energy, and perhaps money.").

This interrogatory is also overbroad particularly given the definition of "identify" requiring that with regard to an oral statement or communication, Plaintiff must " state the substance of the communication; the identity of the persons between or among whom the communication took place; the identity of each person present when the communication took place; the date and time the communication took place; the manner in which it occurred (e.g., in a face-to-face meeting, via telephone, etc.); and the identity of each document in which said communication was recorded, described, or otherwise referred to, in whole or in part"; and requiring that with regard to a document, Plaintiff must "a. state the exact name and title by which YOU refer to it; b. state the date of the document and all other serial or identifying numbers thereon; c. identify each and every person who wrote, signed, initialed, dictated, or otherwise participated in the creation of said document; d. state its general subject matter; e. identify each and every addressee, if any, of the document; f. identify each and every person having custody or control of the document; g. specify the location and any file or files where the document is normally or presently kept, and identify the custodian thereof; and h. briefly summarize the contents of the document"; and requiring that with regard to an event, Plaintiff must "state in detail what took place; the identity of the persons involved in the event; the identity of each person present when the event took place; the date and

time the event took place; the manner in which the event occurred (e.g., in a face-to-face meeting, via telephone, etc.); and the identity of each document concerning the event," and requiring that with regard to an act or omission, Plaintiff must "describe in detail the act or omission, including but not limited to: the date it occurred; the place where it occurred; the identity of the person(s) performing such acts, or in the case of an omission, the identity of the person(s) failing to act; and the identity of all person(s) who have knowledge of the act or omission"; and requiring that with regard to a natural person, Plaintiff must "state the full legal name, aliases, current address, current home phone number, current cellular phone number, last-known place of employment, employer, job title, and work phone number."

Plaintiff objects to this interrogatory to the extent that it seeks premature disclosure of Plaintiffs' contentions prior to the completion of discovery, and particularly before the completion of document production and review and depositions. *See* Fed. R. Civ. P. 33(a)(2) ("[T]he court may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."); Fed. R. Civ. P. 33(b) advisory committee's note to 1970 amendment (noting that Rule 33(b), now codified as Rule 33(a)(2), contemplates that contention interrogatories "involv[e] mixed questions of law and fact [and] may create disputes between the parties which are best resolved after much or all of the other discovery has been completed . . . ."). A response to this contention interrogatory now, "without the benefit of more discovery[,] would do little to further the defense." *In re Domestic Air Transp. Antitrust Litig.*, No. 1:90-CV-2485-MHS, 1992 WL 120351, at *1 (N.D. Ga. Apr. 8, 1992); *see also WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *13 ("Compelling parties to respond partially to such interrogatories early in the litigation when they will likely simply be asked to respond again, upon

31

completion of document review or other phases of discovery, lacks finality and compounds the time, effort and cost of the litigation." (citation omitted)).

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff.

Plaintiff objects to this interrogatory to the extent it calls for pretrial disclosures prior to the date required under the Court's Amended Scheduling Order (Doc. 140).

Plaintiff objects to this interrogatory to the extent it prematurely requests expert discovery. Plaintiff will provide expert reports and testimony in a manner and at a time consistent with the Court's Amended Scheduling Order (Doc. 140).

RESPONSE: Subject to and without waiving the above objections and limitations, given that this is a contention interrogatory, Plaintiff will respond to this Interrogatory near or at the end of the discovery period.

**Interrogatory No. 10:** If you contend that CoreCivic is not the primary perpetrator of, but instead knowingly benefited from participating in, a venture which obtained your labor or services while you were detained at SDC by any one, or any combination of, the following: (1) by means of force, threats of force, physical restraint, or threats of physical restraint to you or another person; (2) by means of serious harm or threats of serious harm to you or another person; (3) by means of abuse of threatened abuse of law or legal process; or, (4) by means of any scheme, plan, or pattern intended to cause you to believe that, if you did not perform such labor or services, that you or another person would suffer serious harm of physical restraint, describe in detail the venture and each specific instance where you contend your labor or services were obtained, identify all

individuals who engaged in the venture and the primary perpetrator, and identify all documents relating to and third persons with knowledge of each identified instance.

**Objections and Response to Interrogatory No. 10:**

OBJECTIONS: Plaintiff objects this interrogatory as overbroad and unduly burdensome to the extent that it requires the recitation of all facts relevant to Plaintiff's case-in-chief. Such interrogatories, "insofar as they seek every fact, every piece of evidence, every witness, and every application of fact to law—rather than, for example, certain principal or material facts, pieces of evidence, witnesses and legal applications—supporting the identified allegations, are overly broad and unduly burdensome." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd.*, 273 F.R.D. at 369; *see also Megdal Assocs., LLC*, 2016 WL 4503337, at *6 ("[C]ommentators have often suggested that contention interrogatories—like the one here—are 'unduly broad if they ask in an undifferentiated way for 'all' facts or witnesses that support an opposing party's case.' . . . As for the interrogatory at issue here, which seeks the factual and legal bases for all allegations in Plaintiff's Complaint, the Court finds that it is an improper use of that discovery tool. . . . The Court finds that based on the record before it, Defendant's interrogatory is overly broad and unduly burdensome."); *WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *12-13 ("[S]even interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11 or Rule 56.' ' . . . While it is not clear that further discovery is contemplated, it is clear to the undersigned that the information sought by these interrogatories may be better obtained through other means; namely,

depositions and document requests."); *Brook*, 2017 WL 5573960, at *4 ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff claims] constitutes a violation"); *IBP, Inc.*, 179 F.R.D. at 321 ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome.  An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs.*, 245 F.R.D. at 141 ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases); *Grynber*, 2006 WL 1186836, at *6-7 (noting that "blockbuster interrogatories" that seek all facts related to a theory of liability have been "repeatedly condemned by the trial courts" because they constitute an unduly burdensome request as a matter of law and are an abuse of the discovery process); *Hilt*, 170 F.R.D. at 186-87 ("Whatever may be said for the virtues of discovery and the liberty of the federal rules, which perhaps all courts recognize, there comes at some point a reasonable limit against indiscriminately hurling interrogatories at every conceivable detail and fact which may relate to a case. . . . Indiscriminate use of blockbuster interrogatories, such as these, do not comport with the just, speedy, and inexpensive determination of the action.  To require answers for them would more likely cause delay and unreasonable expense of time, energy, and perhaps money.").

This interrogatory is also overbroad particularly given the definition of "describe" requiring Plaintiff "to describe in detail, answering completely and accurately, with specificity, using factual statements, the subject matter to which the interrogatory refers; to identify all documents, communications, and events relating to the discovery request; and to identify all

persons with knowledge of facts relevant to the discovery request and the nature and substance of their knowledge and/or expected testimony." In addition, this interrogatory is also overbroad particularly given the definition of "identify" requiring that with regard to an oral statement or communication, Plaintiff must " state the substance of the communication; the identity of the persons between or among whom the communication took place; the identity of each person present when the communication took place; the date and time the communication took place; the manner in which it occurred (e.g., in a face-to-face meeting, via telephone, etc.); and the identity of each document in which said communication was recorded, described, or otherwise referred to, in whole or in part"; and requiring that with regard to a document, Plaintiff must "a. state the exact name and title by which YOU refer to it; b. state the date of the document and all other serial or identifying numbers thereon; c. identify each and every person who wrote, signed, initialed, dictated, or otherwise participated in the creation of said document; d. state its general subject matter; e. identify each and every addressee, if any, of the document; f. identify each and every person having custody or control of the document; g. specify the location and any file or files where the document is normally or presently kept, and identify the custodian thereof; and h. briefly summarize the contents of the document"; and requiring that with regard to an event, Plaintiff must "state in detail what took place; the identity of the persons involved in the event; the identity of each person present when the event took place; the date and time the event took place; the manner in which the event occurred (e.g., in a face-to-face meeting, via telephone, etc.); and the identity of each document concerning the event," and requiring that with regard to an act or omission, Plaintiff must "describe in detail the act or omission, including but not limited to: the date it occurred; the place where it occurred; the identity of the person(s) performing such acts, or in the case of an omission, the identity of the person(s) failing to act; and the identity of all person(s)

who have knowledge of the act or omission"; and requiring that with regard to a natural person, Plaintiff must "state the full legal name, aliases, current address, current home phone number, current cellular phone number, last-known place of employment, employer, job title, and work phone number."

Plaintiff objects to this interrogatory to the extent that it seeks premature disclosure of Plaintiffs' contentions prior to the completion of discovery, and particularly before the completion of document production and review and depositions. *See* Fed. R. Civ. P. 33(a)(2) ("[T]he court may order that [a contention] the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."); Fed. R. Civ. P. 33(b) advisory committee's note to 1970 amendment (noting that Rule 33(b), now codified as Rule 33(a)(2), contemplates that contention interrogatories "involv[e] mixed questions of law and fact [and] may create disputes between the parties which are best resolved after much or all of the other discovery has been completed"). A response to this contention interrogatory now, "without the benefit of more discovery[,] would do little to further the defense." *In re Domestic Air Transp. Antitrust Litig.*, 1992 WL 120351, at *1; *see also WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *13 ("Compelling parties to respond partially to such interrogatories early in the litigation when they will likely simply be asked to respond again, upon completion of document review or other phases of discovery, lacks finality and compounds the time, effort and cost of the litigation." (citation omitted)).

Plaintiff further objects to this interrogatory to the extent it implicitly forces Plaintiff to choose between either (a) contending that CoreCivic is not the primary perpetrator of forced labor, or (b) contending that CoreCivic is not the primary perpetrator of forced labor and instead knowingly benefited from participating in a forced labor venture. Plaintiff alleges that CoreCivic

both perpetrated forced labor *and* knowingly benefited from participating in a forced labor venture; Plaintiff's response to this interrogatory does not imply that Plaintiff will forgo either one of these complementary theories.

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff.

Plaintiff objects to this interrogatory to the extent it seeks information that CoreCivic is in a better position to know of or ascertain because the information relates to the management of CoreCivic's Work Program at SDC and CoreCivic's employees while Plaintiff was detained at SDC.

Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion regarding illegal "ventures" under the TVPA.

Plaintiff objects to this interrogatory to the extent it prematurely requests expert discovery. Plaintiff will provide expert reports and testimony in a manner and at a time consistent with the Court's Amended Scheduling Order (Doc. 140).

RESPONSE: Subject to and without waiving the above objections and limitations, given that this is a contention interrogatory, Plaintiff will respond to this Interrogatory near or at the end of the discovery period.

**Interrogatory No. 11:** For each instance identified and described in your response to Interrogatory No. 10, state each fact which you contend supports your contention that CoreCivic either had specific knowledge of, or acted in reckless disregard of, the fact that the venture was engaged in obtaining your labor or services by any such means, and identify all documents relating to and persons with knowledge of those facts.

37

**Objections and Response to Interrogatory No. 11:**

OBJECTIONS: Plaintiff objects to this interrogatory as overly burdensome and disproportional to the needs of the case to the extent it requires Plaintiff to state "each fact" that shows CoreCivic had knowledge or reckless disregard of the illegal venture and identify "all documents relating to" those facts and "all persons with knowledge of those facts." *See, e.g.*, *WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *12-13 ("[S]even interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11 or Rule 56.' ' . . . While it is not clear that further discovery is contemplated, it is clear to the undersigned that the information sought by these interrogatories may be better obtained through other means; namely, depositions and document requests."); *Brook*, 2017 WL 5573960, at *4 ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff claims] constitutes a violation"); *IBP, Inc.*, 179 F.R.D. at 321 ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome.  An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs.*, 245 F.R.D. at 141 ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases).

This interrogatory is also overbroad particularly given the definition of "identify," requiring that with regard to a document, Plaintiff must "a. state the exact name and title by which YOU refer to it; b. state the date of the document and all other serial or identifying numbers thereon; c. identify each and every person who wrote, signed, initialed, dictated, or otherwise participated in the creation of said document; d. state its general subject matter; e. identify each and every addressee, if any, of the document; f. identify each and every person having custody or control of the document; g. specify the location and any file or files where the document is normally or presently kept, and identify the custodian thereof; and h. briefly summarize the contents of the document"; and requiring that with regard to an event, Plaintiff must "state in detail what took place; the identity of the persons involved in the event; the identity of each person present when the event took place; the date and time the event took place; the manner in which the event occurred (e.g., in a face-to-face meeting, via telephone, etc.); and the identity of each document concerning the event," and requiring that with regard to an act or omission, Plaintiff must "describe in detail the act or omission, including but not limited to: the date it occurred; the place where it occurred; the identity of the person(s) performing such acts, or in the case of an omission, the identity of the person(s) failing to act; and the identity of all person(s) who have knowledge of the act or omission"; and requiring that with regard to a natural person, Plaintiff must "state the full legal name, aliases, current address, current home phone number, current cellular phone number, last-known place of employment, employer, job title, and work phone number."

Plaintiff objects to this interrogatory to the extent that it seeks premature disclosure of Plaintiffs' contentions prior to the completion of discovery, and particularly before the completion of document production and review and depositions. *See* Fed. R. Civ. P. 33(a)(2) ("[T]he court

may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."); Fed. R. Civ. P. 33(b) advisory committee's note to 1970 amendment (noting that Rule 33(b), now codified as Rule 33(a)(2), contemplates that contention interrogatories "involv[e] mixed questions of law and fact [and] may create disputes between the parties which are best resolved after much or all of the other discovery has been completed"). A response to this contention interrogatory now, "without the benefit of more discovery[,] would do little to further the defense." *In re Domestic Air Transp. Antitrust Litig.*, 1992 WL 120351, at *1; *see also WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *13 ("Compelling parties to respond partially to such interrogatories early in the litigation when they will likely simply be asked to respond again, upon completion of document review or other phases of discovery, lacks finality and compounds the time, effort and cost of the litigation." (citation omitted)).

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff.

Plaintiff objects to this interrogatory to the extent it seeks information that CoreCivic is in a better position to know of or ascertain because the information relates the management of CoreCivic's Work Program at SDC and CoreCivic's employees while Plaintiff was detained at SDC.

Plaintiff objects to this interrogatory to the extent that it calls for a legal conclusion regarding illegal "ventures" under the TVPA and acts that qualify as "reckless disregard" under applicable law.

40

RESPONSE: Subject to and without waiving the above objections and limitations, given that this is a contention interrogatory, Plaintiff will respond to this Interrogatory near or at the end of the discovery period.

**Interrogatory No. 12:** State each and every fact which supports your contention that CoreCivic maintains a "corporate scheme, plan, and pattern at Stewart of depriving detained immigrants with basic necessities" as alleged and referenced in ¶¶ 36, 40, 41, 81, 82, and 83 of your Complaint, and identify all documents relating to and persons with knowledge of each fact.

**Objections and Response to Interrogatory No. 12:**

OBJECTIONS: Plaintiff objects to this interrogatory as overly burdensome and disproportional to the needs of the case to the extent it requires Plaintiff to state "each and every fact" supporting the referenced allegations, and to identify "all documents relating to and persons with knowledge of each identified fact." *See, e.g.*, *WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *12-13 ("[S]even interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11 or Rule 56.' ' . . . While it is not clear that further discovery is contemplated, it is clear to the undersigned that the information sought by these interrogatories may be better obtained through other means; namely, depositions and document requests."); *Brook*, 2017 WL 5573960, at *4 ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff

claims] constitutes a violation"); *IBP, Inc.*, 179 F.R.D. at 321 ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome.  An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs.*, 245 F.R.D. at 141 ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases).

This interrogatory is also overbroad particularly given the definition of "identify" requiring that with regard to a document, Plaintiff must "a. state the exact name and title by which YOU refer to it; b. state the date of the document and all other serial or identifying numbers thereon; c. identify each and every person who wrote, signed, initialed, dictated, or otherwise participated in the creation of said document; d. state its general subject matter; e. identify each and every addressee, if any, of the document; f. identify each and every person having custody or control of the document; g. specify the location and any file or files where the document is normally or presently kept, and identify the custodian thereof; and h. briefly summarize the contents of the document"; and requiring that with regard to a natural person, Plaintiff must "state the full legal name, aliases, current address, current home phone number, current cellular phone number, last-known place of employment, employer, job title, and work phone number."

Plaintiff objects to this interrogatory to the extent that it seeks premature disclosure of Plaintiffs' contentions prior to the completion of discovery, and particularly before the completion of document production and review and depositions. *See* Fed. R. Civ. P. 33(a)(2) ("[T]he court may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."); Fed. R. Civ. P. 33(b) advisory

committee's note to 1970 amendment (noting that Rule 33(b), now codified as Rule 33(a)(2), contemplates that contention interrogatories "involv[e] mixed questions of law and fact [and] may create disputes between the parties which are best resolved after much or all of the other discovery has been completed"). A response to this contention interrogatory now, "without the benefit of more discovery[,] would do little to further the defense." *In re Domestic Air Transp. Antitrust Litig.*, 1992 WL 120351, at *1; *see also WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *13 ("Compelling parties to respond partially to such interrogatories early in the litigation when they will likely simply be asked to respond again, upon completion of document review or other phases of discovery, lacks finality and compounds the time, effort and cost of the litigation." (citation omitted)).

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff.

Plaintiff objects to this interrogatory to the extent it calls for pretrial disclosures prior to the date required under the Court's Scheduling Order.

Plaintiff objects to this interrogatory to the extent it prematurely requests expert discovery. Plaintiff will provide expert reports and testimony in a manner and at a time consistent with the Court's Amended Scheduling Order (Doc. 140).

RESPONSE: Subject to and without waiving the above objections and limitations, given that this is a contention interrogatory, Plaintiff will respond to this Interrogatory near or at the end of the discovery period.

**Interrogatory No. 13:** State each and every fact which supports your contention that CoreCivic maintains a "corporate scheme, plan, and pattern at Stewart of depriving detained immigrants" of

"outside contact with loved ones" as alleged and referenced in ¶¶ 36, 45, and 83 of your Complaint, and identify all documents relating to and persons with knowledge of each fact.

**Objections and Response to Interrogatory No. 13:**

OBJECTIONS: Plaintiff objects to this interrogatory as overly burdensome and disproportional to the needs of the case to the extent it requires Plaintiff to state "each and every fact" supporting the referenced allegations, and to identify "all documents relating to and persons with knowledge of each identified fact." *See, e.g.*, *WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *12-13 ("[S]even interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11 or Rule 56.' ' . . . While it is not clear that further discovery is contemplated, it is clear to the undersigned that the information sought by these interrogatories may be better obtained through other means; namely, depositions and document requests."); *Brook*, 2017 WL 5573960, at *4 ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff claims] constitutes a violation"); *IBP, Inc.*, 179 F.R.D. at 321 ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome.  An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs.*, 245 F.R.D. at 141 ("a number of cases have held that interrogatories seeking

identification of all facts supporting a particular allegation are inherently improper") (collecting cases).

This interrogatory is also overbroad particularly given the definition of "identify" requiring that with regard to a document, Plaintiff must "a. state the exact name and title by which YOU refer to it; b. state the date of the document and all other serial or identifying numbers thereon; c. identify each and every person who wrote, signed, initialed, dictated, or otherwise participated in the creation of said document; d. state its general subject matter; e. identify each and every addressee, if any, of the document; f. identify each and every person having custody or control of the document; g. specify the location and any file or files where the document is normally or presently kept, and identify the custodian thereof; and h. briefly summarize the contents of the document"; and requiring that with regard to a natural person, Plaintiff must "state the full legal name, aliases, current address, current home phone number, current cellular phone number, last-known place of employment, employer, job title, and work phone number."

Plaintiff objects to this interrogatory to the extent that it seeks premature disclosure of Plaintiffs' contentions prior to the completion of discovery, and particularly before the completion of document production and review and depositions. *See* Fed. R. Civ. P. 33(a)(2) ("[T]he court may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."); Fed. R. Civ. P. 33(b) advisory committee's note to 1970 amendment (noting that Rule 33(b), now codified as Rule 33(a)(2), contemplates that contention interrogatories "involv[e] mixed questions of law and fact [and] may create disputes between the parties which are best resolved after much or all of the other discovery has been completed"). A response to this contention interrogatory now, "without the benefit of more discovery[,] would do little to further the defense." *In re Domestic Air Transp. Antitrust*

*Litig.*, 1992 WL 120351, at *1; *see also WNE Cap. Holdings Corp. v.*, 2011 WL 13254691, at *13 ("Compelling parties to respond partially to such interrogatories early in the litigation when they will likely simply be asked to respond again, upon completion of document review or other phases of discovery, lacks finality and compounds the time, effort and cost of the litigation." (citation omitted)).

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff.

Plaintiff objects to this interrogatory to the extent it calls for pretrial disclosures prior to the date required under the Court's Scheduling Order.

Plaintiff objects to this interrogatory to the extent it prematurely requests expert discovery. Plaintiff will provide expert reports and testimony in a manner and at a time consistent with the Court's Amended Scheduling Order (Doc. 140).

RESPONSE: Subject to and without waiving the above objections and limitations, given that this is a contention interrogatory, Plaintiff will respond to this Interrogatory near or at the end of the discovery period.

**Interrogatory No. 14:** State each and every fact which supports your contention that CoreCivic maintains a "corporate scheme, plan, and pattern of threatening detained immigrants who refuse to work, organize a work stoppage, or participate in a work stoppage with 'segregation' (i.e, solitary confinement)" as alleged and referenced in ¶¶ 36, 49, 50 of your Complaint, and identify all documents relating to and persons with knowledge of each fact.

**Objections and Response to Interrogatory No. 14:**

OBJECTIONS: Plaintiff objects to this interrogatory as overly burdensome and disproportional to the needs of the case to the extent it requires Plaintiff to state "each and every fact" supporting the referenced allegations, and to identify "all documents relating to and persons with knowledge of each identified fact." *See, e.g.*, *WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *12-13 ("[S]even interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11 or Rule 56.' ' . . . While it is not clear that further discovery is contemplated, it is clear to the undersigned that the information sought by these interrogatories may be better obtained through other means; namely, depositions and document requests."); *Brook*, 2017 WL 5573960, at *4 ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff claims] constitutes a violation"); *IBP, Inc.*, 179 F.R.D. at 321 ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome.  An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs.*, 245 F.R.D. at 141 ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases).

This interrogatory is also overbroad particularly given the definition of "identify" requiring that with regard to a document, Plaintiff must "a. state the exact name and title by which YOU refer to it; b. state the date of the document and all other serial or identifying numbers thereon; c. identify each and every person who wrote, signed, initialed, dictated, or otherwise participated in the creation of said document; d. state its general subject matter; e. identify each and every addressee, if any, of the document; f. identify each and every person having custody or control of the document; g. specify the location and any file or files where the document is normally or presently kept, and identify the custodian thereof; and h. briefly summarize the contents of the document"; and requiring that with regard to a natural person, Plaintiff must "state the full legal name, aliases, current address, current home phone number, current cellular phone number, last-known place of employment, employer, job title, and work phone number."

Plaintiff objects to this interrogatory to the extent that it seeks premature disclosure of Plaintiffs' contentions prior to the completion of discovery, and particularly before the completion of document production and review and depositions. *See* Fed. R. Civ. P. 33(a)(2) ("[T]he court may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."); Fed. R. Civ. P. 33(b) advisory committee's note to 1970 amendment (noting that Rule 33(b), now codified as Rule 33(a)(2), contemplates that contention interrogatories "involv[e] mixed questions of law and fact [and] may create disputes between the parties which are best resolved after much or all of the other discovery has been completed"). A response to this contention interrogatory now, "without the benefit of more discovery[,] would do little to further the defense." *In re Domestic Air Transp. Antitrust Litig.*, 1992 WL 120351, at *1 (N.D. Ga. Apr. 8, 1992); *see also  WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *13 ("Compelling parties to respond partially to such interrogatories early in the

litigation when they will likely simply be asked to respond again, upon completion of document review or other phases of discovery, lacks finality and compounds the time, effort and cost of the litigation." (citation omitted)).

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff.

Plaintiff objects to this interrogatory to the extent it calls for pretrial disclosures prior to the date required under the Court's Scheduling Order.

Plaintiff objects to this interrogatory to the extent it prematurely requests expert discovery. Plaintiff will provide expert reports testimony in a manner and at a time consistent with the Court's Amended Scheduling Order (Doc. 140).

RESPONSE: Subject to and without waiving the above objections and limitations, given that this is a contention interrogatory, Plaintiff will respond to this Interrogatory near or at the end of the discovery period.


**Interrogatory No. 15:** State each and every fact which supports your contention that CoreCivic maintains a "corporate scheme, plan, and pattern of threatening detained immigrants who refuse to work, organize a work stoppage, or participate in a work stoppage with" "criminal prosecution" as alleged and referenced in ¶¶ 49, 51, 86 of your Complaint, and identify all documents relating to and persons with knowledge of each fact.

**Objections and Response to Interrogatory No. 15:**

OBJECTIONS: Plaintiff objects to this interrogatory as overly burdensome and disproportional to the needs of the case to the extent it requires Plaintiff to state "each and every fact" supporting the referenced allegations, and to identify "all documents relating to and persons

with knowledge of each identified fact." *See, e.g.*, *WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *12-13 ("[S]even interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11 or Rule 56.' ' . . . While it is not clear that further discovery is contemplated, it is clear to the undersigned that the information sought by these interrogatories may be better obtained through other means; namely, depositions and document requests."); *Brook*, 2017 WL 5573960, at *4 ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff claims] constitutes a violation"); *IBP, Inc.*, 179 F.R.D. at 321 ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome.  An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs.*, 245 F.R.D. at 141 ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases).

This interrogatory is also overbroad particularly given the definition of "identify" requiring that with regard to a document, Plaintiff must "a. state the exact name and title by which YOU refer to it; b. state the date of the document and all other serial or identifying numbers thereon; c. identify each and every person who wrote, signed, initialed, dictated, or otherwise participated in the creation of said document; d. state its general subject matter; e. identify each and every

addressee, if any, of the document; f. identify each and every person having custody or control of the document; g. specify the location and any file or files where the document is normally or presently kept, and identify the custodian thereof; and h. briefly summarize the contents of the document"; and requiring that with regard to a natural person, Plaintiff must "state the full legal name, aliases, current address, current home phone number, current cellular phone number, last-known place of employment, employer, job title, and work phone number."

Plaintiff objects to this interrogatory to the extent that it seeks premature disclosure of Plaintiffs' contentions prior to the completion of discovery, and particularly before the completion of document production and review and depositions. *See* Fed. R. Civ. P. 33(a)(2) ("[T]he court may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."); Fed. R. Civ. P. 33(b) advisory committee's note to 1970 amendment (noting that Rule 33(b), now codified as Rule 33(a)(2), contemplates that contention interrogatories "involv[e] mixed questions of law and fact [and] may create disputes between the parties which are best resolved after much or all of the other discovery has been completed"). A response to this contention interrogatory now, "without the benefit of more discovery[,] would do little to further the defense." *In re Domestic Air Transp. Antitrust Litig.*, 1992 WL 120351, at *1; *see also WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *13 ("Compelling parties to respond partially to such interrogatories early in the litigation when they will likely simply be asked to respond again, upon completion of document review or other phases of discovery, lacks finality and compounds the time, effort and cost of the litigation." (citation omitted)).

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff.

Plaintiff objects to this interrogatory to the extent it calls for pretrial disclosures prior to the date required under the Court's Scheduling Order.

Plaintiff objects to this interrogatory to the extent it prematurely requests expert discovery. Plaintiff will provide expert reports and testimony in a manner and at a time consistent with the Court's Amended Scheduling Order (Doc. 140).

RESPONSE: Subject to and without waiving the above objections and limitations, given that this is a contention interrogatory, Plaintiff will respond to this Interrogatory near or at the end of the discovery period.

**Interrogatory No. 16:** State each and every fact which supports your contention that CoreCivic maintains a "corporate scheme, plan, and pattern of threatening detained immigrants who refuse to work, organize a work stoppage, or participate in a work stoppage with" "downgrading the detained immigrants' housing" as alleged and referenced in ¶¶ 49, 55, 85 of your Complaint, and identify all documents relating to and persons with knowledge of each fact.

**Objections and Response to Interrogatory No. 16:**

OBJECTIONS: Plaintiff objects to this interrogatory as overly burdensome and disproportional to the needs of the case to the extent it requires Plaintiff to state "each and every fact" supporting the referenced allegations, and to identify "all documents relating to and persons with knowledge of each identified fact." *See, e.g.*, *WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *12-13 ("[S]even interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11

or Rule 56.' ' . . . While it is not clear that further discovery is contemplated, it is clear to the undersigned that the information sought by these interrogatories may be better obtained through other means; namely, depositions and document requests."); *Brook*, 2017 WL 5573960, at *4 ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff claims] constitutes a violation"); *IBP, Inc.*, 179 F.R.D. at 321 ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome.  An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs.*, 245 F.R.D. at 141 ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases).

This interrogatory is also overbroad particularly given the definition of "identify" requiring that with regard to a document, Plaintiff must "a. state the exact name and title by which YOU refer to it; b. state the date of the document and all other serial or identifying numbers thereon; c. identify each and every person who wrote, signed, initialed, dictated, or otherwise participated in the creation of said document; d. state its general subject matter; e. identify each and every addressee, if any, of the document; f. identify each and every person having custody or control of the document; g. specify the location and any file or files where the document is normally or presently kept, and identify the custodian thereof; and h. briefly summarize the contents of the document"; and requiring that with regard to a natural person, Plaintiff must "state the full legal

name, aliases, current address, current home phone number, current cellular phone number, last-known place of employment, employer, job title, and work phone number."

Plaintiff objects to this interrogatory to the extent that it seeks premature disclosure of Plaintiffs' contentions prior to the completion of discovery, and particularly before the completion of document production and review and depositions. *See* Fed. R. Civ. P. 33(a)(2) ("[T]he court may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."); Fed. R. Civ. P. 33(b) advisory committee's note to 1970 amendment (noting that Rule 33(b), now codified as Rule 33(a)(2), contemplates that contention interrogatories "involv[e] mixed questions of law and fact [and] may create disputes between the parties which are best resolved after much or all of the other discovery has been completed"). A response to this contention interrogatory now, "without the benefit of more discovery[,] would do little to further the defense." *In re Domestic Air Transp. Antitrust Litig.*, 1992 WL 120351, at *1; *see also WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *13 ("Compelling parties to respond partially to such interrogatories early in the litigation when they will likely simply be asked to respond again, upon completion of document review or other phases of discovery, lacks finality and compounds the time, effort and cost of the litigation." (citation omitted)).

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff.

Plaintiff objects to this interrogatory to the extent it calls for pretrial disclosures prior to the date required under the Court's Scheduling Order.

Plaintiff objects to this interrogatory to the extent it prematurely requests expert discovery. Plaintiff will provide expert reports and testimony in a manner and at a time consistent with the Court's Amended Scheduling Order (Doc. 140).

RESPONSE: Subject to and without waiving the above objections and limitations, given that this is a contention interrogatory, Plaintiff will respond to this Interrogatory near or at the end of the discovery period.

**Interrogatory No. 17:** State each and every fact which supports your contention that CoreCivic maintains a "corporate scheme, plan, and pattern of threatening detained immigrants who refuse to work, organize a work stoppage, or participate in a work stoppage with" "revoking access to commissary" as alleged and referenced in ¶¶ 49, 58, 85 of your Complaint, and identify all documents relating to and persons with knowledge of each fact.

**Objections and Response to Interrogatory No. 17:**

OBJECTIONS: Plaintiff objects to this interrogatory as overly burdensome and disproportional to the needs of the case to the extent it requires Plaintiff to state "each and every fact" supporting the referenced allegations, and to identify "all documents relating to and persons with knowledge of each identified fact." *See, e.g.*, *WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *12-13 ("[S]even interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11 or Rule 56.' ' . . . While it is not clear that further discovery is contemplated, it is clear to the undersigned that the information sought by these interrogatories may be better obtained through

other means; namely, depositions and document requests."); *Brook*, 2017 WL 5573960, at \*4 ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff claims] constitutes a violation"); *IBP, Inc.*, 179 F.R.D. at 321 ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome.  An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs.*, 245 F.R.D. at 141 ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases).

This interrogatory is also overbroad particularly given the definition of "identify" requiring that with regard to a document, Plaintiff must "a. state the exact name and title by which YOU refer to it; b. state the date of the document and all other serial or identifying numbers thereon; c. identify each and every person who wrote, signed, initialed, dictated, or otherwise participated in the creation of said document; d. state its general subject matter; e. identify each and every addressee, if any, of the document; f. identify each and every person having custody or control of the document; g. specify the location and any file or files where the document is normally or presently kept, and identify the custodian thereof; and h. briefly summarize the contents of the document"; and requiring that with regard to a natural person, Plaintiff must "state the full legal name, aliases, current address, current home phone number, current cellular phone number, last-known place of employment, employer, job title, and work phone number."

Plaintiff objects to this interrogatory to the extent that it seeks premature disclosure of Plaintiffs' contentions prior to the completion of discovery, and particularly before the completion of document production and review and depositions. *See* Fed. R. Civ. P. 33(a)(2) ("[T]he court may order that [a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."); Fed. R. Civ. P. 33(b) advisory committee's note to 1970 amendment (noting that Rule 33(b), now codified as Rule 33(a)(2), contemplates that contention interrogatories "involv[e] mixed questions of law and fact [and] may create disputes between the parties which are best resolved after much or all of the other discovery has been completed"). A response to this contention interrogatory now, "without the benefit of more discovery[,] would do little to further the defense." *In re Domestic Air Transp. Antitrust Litig.*, 1992 WL 120351, at *1 (N.D. Ga. Apr. 8, 1992); *see also WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *13 ("Compelling parties to respond partially to such interrogatories early in the litigation when they will likely simply be asked to respond again, upon completion of document review or other phases of discovery, lacks finality and compounds the time, effort and cost of the litigation." (citation omitted)).

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff.

Plaintiff objects to this interrogatory to the extent it calls for pretrial disclosures prior to the date required under the Court's Scheduling Order.

Plaintiff objects to this interrogatory to the extent it prematurely requests expert discovery. Plaintiff will provide expert reports and testimony in a manner and at a time consistent with the Court's Amended Scheduling Order (Doc. 140).

RESPONSE: Subject to and without waiving the above objections and limitations, given that this is a contention interrogatory, Plaintiff will respond to this Interrogatory near or at the end of the discovery period.

**Interrogatory No. 18:** Identify each job you have had in the United States either before or after your detention at SDC, including the name and address of your employer, description of your job duties, and rate and frequency by which you were paid.

**Objections and Response to Interrogatory No. 18:**

Plaintiff objects to this Interrogatory because it seeks information that is irrelevant. CoreCivic cannot show that Plaintiff's employment background or any information regarding any current or former employer has any bearing on his claims against CoreCivic or any possible defenses thereto. *See, e.g.*, *Dickson v. Wilkinson*, No. 1:05-CV-2700-CAP, 2006 WL 8433057, at *3 (N.D. Ga. May 5, 2006) (granting a motion to quash where a defendant's employment history was not a relevant to a property sale contract claim because there were "no allegations in the case concerning the defendant's employment, nor is the defendant's employment history immediately relevant to any cause of action asserted by the plaintiff in this case"); *Sol Mexican Grill*, 2019 WL 2896933, at *5 (granting protective order barring discovery into plaintiff's current employer and employment history in a Title VII case where plaintiff brought claims "only for actions taken by Defendants while [plaintiff was] working for Defendants," such that "employment histories with other employers, who are not party to this suit, are . . . not relevant to whether or not the [plaintiff was] subjected to unlawful employment practices while working for Defendants"); *Pineda v. Berry*, Case No. 1:15-cv-693, 2018 WL 1794371, at *3 (S.D. Ohio Apr. 16, 2018) (finding Plaintiff's employment "*completely unrelated* to whether she was a victim of excessive force and

a lack of medical assistance.") (emphasis in original)). In addition, information about Plaintiff's current and former employment is not relevant to damages issues in this case, given that Plaintiff does not seek any damages that CoreCivic could plausibly argue should be offset by income earned from a different job. *See, e.g.*, *Sol Mexican Grill*, 2019 WL 2896933, at *4-5 (barring discovery into employment history because this information was not relevant to plaintiff's damages claim, since plaintiff sought only compensatory and punitive damages and not back pay, front pay, or reinstatement); *Williams v. Bd. of Cnty Comm'rs of Unified Gov't of Wyandotte Cnty & Kansas City*, 192 F.R.D. 698, 705 (D. Kan. 2000) (similar). Furthermore, such inquiries into this type of irrelevant information are designed to have an *in terrorem* effect on Plaintiff, the other Plaintiffs in this case, and future litigants. *See David*, 257 F.R.D. at 119 ("[A]ny inquiry into plaintiffs' current immigration status, current residence and/or post-termination employment history will most assuredly strike paralyzing fear in the plaintiffs sufficient to chill any inclination they may have had to prosecute their pending claims"); *Sol Mexican Grill*, 2019 WL 2896933, at *5 ("[A]ny marginal relevance such information may pose is outweighed by the potential for harassment and intimidation. . . . Courts have recognized the chilling effect that inquiries into work histories can have on those bringing claims for unlawful employment practices."); *Centeno-Bernuy*, 219 F.R.D. at 61-62; *Francis*, 2020 WL 548565, at *2-4 (barring discovery into plaintiffs' employment history in TVPA forced labor case, concluding that any relevance of the information, which was "attenuated at best," was "outweighed by the in terrorem effect accompanying disclosure of information about Plaintiffs' subsequent employment and the potential disclosure of Plaintiffs' immigration status"); *Silva*, 378 F. Supp. 3d at 930-31 ("Because Plaintiff does not seek damages for lost wages, the Court cannot think of any compelling reason Defendants must have access to Plaintiff's employment and address history over the past decade. Instead, this information appears

calculated to reveal information that may indicate Plaintiff's immigration status, which is not a legitimate subject of inquiry.").

Plaintiff further objects to this interrogatory to the extent it is overbroad and unduly burdensome, for instance, by requesting that Plaintiff identify "each job" he had before after his detention, the name and address of *all* his employers, *all* his job duties, and the rate and frequency of payment for *each* job. This request is overbroad particularly given the definition of "identify" requiring that with regards to persons other than natural persons, Plaintiff must "state its full name, the address of its principal place of business, and its state of incorporation or filing of its organizational certificates; and to describe the primary business in which such entity is engaged," and requiring that with regard to an event, Plaintiff must "state in detail what took place; the identity of the persons involved in the event; the identity of each person present when the event took place; the date and time the event took place; the manner in which the event occurred (e.g., in a face-to-face meeting, via telephone, etc.); and the identity of each document concerning the event," and requiring that with regard to an act or omission, Plaintiff must "describe in detail the act or omission, including but not limited to: the date it occurred; the place where it occurred; the identity of the person(s) performing such acts, or in the case of an omission, the identity of the person(s) failing to act; and the identity of all person(s) who have knowledge of the act or omission."

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff.

RESPONSE: On the basis of the foregoing objections, Plaintiff will not respond to this interrogatory.

**Interrogatory No. 19:** If you contend that the meals served to you during your detention at SDC were nutritionally deficient to the point that you felt compelled to work in order to purchase additional food items from the commissary, identify each doctor, mid-level provider, nurse, medical assistant, or other provider or healing arts practitioner who, during the period from three years prior to your first admission at SDC through the present, recorded your weight, height, or Body Mass Index (BMI), and state the date, time, and specific recorded weight, height, and BMI each provider recorded.

**Objections and Response to Interrogatory No. 19:**

OBJECTIONS: Plaintiff objects to this interrogatory to the extent it seeks irrelevant, information regarding Plaintiff's past and present medical services.

Plaintiff objects to this Request to the extent it calls for, or can be construed to call for, information protected by any applicable privilege, including the doctor-patient privilege, and/or other privileges.

Plaintiff objects to this interrogatory to the extent it is overbroad and unduly burdensome, for instance, by requesting that Plaintiff "identify each" health professional that recorded his weight, height, and BMI, the date and time of each recording, and all recorded weight, height, and BMI, from three years prior to his detention to the present. *See, e.g.*, *WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *12-13 ("[S]even interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11 or Rule 56.' ' . . . While it is not clear that further discovery is contemplated, it is clear to the undersigned that the information sought by these interrogatories

may be better obtained through other means; namely, depositions and document requests."); *Brook*, 2017 WL 5573960, at *4 ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff claims] constitutes a violation"); *IBP, Inc.*, 179 F.R.D. at 321 ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome. An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs.*, 245 F.R.D. at 141 ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases).

This interrogatory is also overbroad particularly given the definition of "identify" requiring that with regard to a natural person, Plaintiff must "state the full legal name, aliases, current address, current home phone number, current cellular phone number, last-known place of employment, employer, job title, and work phone number"; and requiring that with regard to persons other than natural persons, Plaintiff must "state its full name, the address of its principal place of business, and its state of incorporation or filing of its organizational certificates; and to describe the primary business in which such entity is engaged."

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff, including the exact dates and times of treatment, the exact names of medical providers, and the exact heights, weights, and BMIs recorded by those providers, if such information was recorded at all.

Plaintiff objects to this interrogatory to the extent it seeks information regarding healthcare providers who provided treatment or services to Plaintiff while in the custody of the United States and detained at SDC. This information is either not in Plaintiff's possession, custody or control and/or is equally or more available to Defendant.

Plaintiff objects to this interrogatory to the extent it prematurely requests expert discovery about nutritional deficiency and CoreCivic's coercive scheme, plan, and pattern. Plaintiff will provide expert reports and testimony in a manner and at a time consistent with the Court's Amended Scheduling Order (Doc. 140).

Plaintiff reserves the right to supplement his response at a future date.

RESPONSE: Subject to and without waiving the above objections and limitations, Plaintiff does not know which medical providers, if any, recorded his weight, height, or BMI within the period specified by the request, let alone the precise date and time that such information may have been recorded. Furthermore, Plaintiff does not know the name or other identifying information, of every "doctor, mid-level provider, nurse, medical assistant, or other provider or healing arts practitioner" involved in providing him care during the period specified by the request. Plaintiff has requested medical records from the medical providers that he knows of who could possibly possess information responsive to this request in this interrogatory and will supplement this response if and when he receives responsive and relevant information.

**Interrogatory No. 20:** Identify each document or statement which you or your attorneys contend is an admission or adoptive admission of CoreCivic that Plaintiffs may or will use in this matter at trial or any hearing or deposition, for purposes of class certification, or otherwise, and state in

detail the substance of each such purported admission, the date it was made, and the identity of the person who made it.

**Objections and Response to Interrogatory No. 20:**

OBJECTIONS: Plaintiff objects to this interrogatory to the extent it calls for, or can be construed to call for, information protected by any applicable privilege, including the attorney-client privilege, the attorney work product doctrine, and/or other privileges.

Plaintiff objects to this interrogatory as overly burdensome and disproportional to the needs of the case to the extent it requires Plaintiff to identify "each" document or statement he or his attorneys contend is an admission or adoptive admission of CoreCivic that Plaintiffs may or will use for any purpose in the case, and to state detail the substance and date "each" admission was made and the person who made "each" admission. This interrogatory is overbroad and unduly burdensome to the extent that it requires the recitation of all facts relevant to Plaintiff's case-in-chief. Such interrogatories, "insofar as they seek every fact, every piece of evidence, every witness, and every application of fact to law—rather than, for example, certain principal or material facts, pieces of evidence, witnesses and legal applications—supporting the identified allegations, are overly broad and unduly burdensome." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd.*, 273 F.R.D. at 369; *see also Megdal Assocs., LLC*, 2016 WL 4503337, at *6 ("[C]ommentators have often suggested that contention interrogatories—like the one here—are 'unduly broad if they ask in an undifferentiated way for 'all' facts or witnesses that support an opposing party's case.' . . . As for the interrogatory at issue here, which seeks the factual and legal bases for all allegations in Plaintiff's Complaint, the Court finds that it is an improper use of that discovery tool. . . . The Court finds that based on the record before it, Defendant's interrogatory is overly broad and unduly burdensome."); *WNE Cap. Holdings Corp.*, 2011 WL 13254691, at *12-13 ("[S]even

interrogatories . . . that require [the plaintiff] to provide 'all facts' in its response to each . . . are neither 'limited [nor] specifically crafted,' nor do they 'seek[ ] responses that would 'contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or [lead to the filing of] a motion under Rule 11 or Rule 56.' ' . . . While it is not clear that further discovery is contemplated, it is clear to the undersigned that the information sought by these interrogatories may be better obtained through other means; namely, depositions and document requests."); *Brook*, 2017 WL 5573960, at *4 ("The Court agrees with Plaintiff's contention that Plaintiff need not provide 'each and every detail' in support of each claim" to adequately respond to interrogatory seeking "each and every alleged unconscionable act or practice, and unfair or deceptive act or practice, which [plaintiff claims] constitutes a violation"); *IBP, Inc.*, 179 F.R.D. at 321 ("To the extent [the interrogatories] ask for every fact and every application of law to fact which supports the identified allegations, the court finds them overly broad and unduly burdensome.  An interrogatory may reasonably ask for the material or principal facts which support a contention."); *Clean Earth Remediation & Constr. Servs.*, 245 F.R.D. at 141 ("a number of cases have held that interrogatories seeking identification of all facts supporting a particular allegation are inherently improper") (collecting cases); *Grynber*, 2006 WL 1186836, at *6-7 (noting that "blockbuster interrogatories" that seek all facts related to a theory of liability have been "repeatedly condemned by the trial courts" because they constitute an unduly burdensome request as a matter of law and are an abuse of the discovery process); *Hilt*, 170 F.R.D. at 186-87 ("Whatever may be said for the virtues of discovery and the liberty of the federal rules, which perhaps all courts recognize, there comes at some point a reasonable limit against indiscriminately hurling interrogatories at every conceivable detail and fact which may relate to a case. . . . Indiscriminate use of blockbuster interrogatories, such as these, do not comport with the

just, speedy, and inexpensive determination of the action.  To require answers for them would more likely cause delay and unreasonable expense of time, energy, and perhaps money.").

This interrogatory is also overbroad particularly given the definition of "identify" requiring that with regard to a document, Plaintiff must "a. state the exact name and title by which YOU refer to it; b. state the date of the document and all other serial or identifying numbers thereon; c. identify each and every person who wrote, signed, initialed, dictated, or otherwise participated in the creation of said document; d. state its general subject matter; e. identify each and every addressee, if any, of the document; f. identify each and every person having custody or control of the document; g. specify the location and any file or files where the document is normally or presently kept, and identify the custodian thereof; and h. briefly summarize the contents of the document"; and requiring that with regard to a natural person, Plaintiff must "state the full legal name, aliases, current address, current home phone number, current cellular phone number, last-known place of employment, employer, job title, and work phone number"; and requiring that with regard to an oral statement or communication, Plaintiff must " state the substance of the communication; the identity of the persons between or among whom the communication took place; the identity of each person present when the communication took place; the date and time the communication took place; the manner in which it occurred (e.g., in a face-to-face meeting, via telephone, etc.); and the identity of each document in which said communication was recorded, described, or otherwise referred to, in whole or in part";

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff.

Plaintiff objects to this interrogatory to the extent it calls for pretrial disclosures prior to the date required under the Court's Scheduling Amended Order (Doc. 140).

Plaintiff objects to this interrogatory to the extent it is duplicative of and/or in conflict with applicable Rules regarding initial and pretrial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(C), (e)(1)(A) (requiring initial disclosures be made "within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order," and that initial disclosures be supplemented thereafter "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect"); Fed. R. Civ. P. 26(a)(3)(B) ("Unless the court orders otherwise,  [pretrial] disclosures must be made at least 30 days before trial."); *see also, e.g.*, *Pellegrino v. Genuine Parts Co.*, No. 8:17-cv-1824-T-23AAS, 2018 WL 573494, at *2 (M.D. Fla. Jan. 26, 2018) (finding Plaintiffs' answer stating, "[t]rial decisions have not been made at this time," as sufficient and denying defendant's motion to compel response to interrogatory seeking all lay witnesses who Plaintiffs contended "have knowledge of the allegation in [the] Complaint and/or whom [they would] or may call to testify at trial" and to include a description of "the issues(s) and facts to which each lay witness' testimony will relate," because it was "premature" at that stage in litigation). Plaintiffs are and intend to remain in compliance with the requirements of Rule 26.

Plaintiff objects to this interrogatory to the extent it prematurely requests expert discovery attorney work product before the deadlines set by the Court. Plaintiff will provide expert reports and testimony and any exhibits in support of future motions in a manner and at a time consistent with the Court's Scheduling Amended Order (Doc. 140) and any applicable Rules.

RESPONSE: On the basis of the foregoing objections, Plaintiff will not respond to this interrogatory and will instead disclose evidence in support of its claims and defenses at the time and in the manner set forth in the Federal Rules and the Court's orders.

**Interrogatory No. 21:** Identify each person Plaintiffs intend to use as an expert witness in this matter for purposes of class certification or otherwise.

**Objections and Response to Interrogatory No. 21:**

OBJECTIONS: Plaintiff objects to this interrogatory to the extent it calls for, or can be construed to call for, information protected by any applicable privilege, including the attorney-client privilege, the attorney work product doctrine, and/or other privileges.

Plaintiff objects to this interrogatory because it imposes obligations greater than or inconsistent with the scope or requirements of Federal Rules of Civil Procedure 26(a)(2). Plaintiffs have and will continue to comply with Rule 26. Plaintiff further objects to this Request to the extent it is cumulative of the disclosures required under Federal Rules of Civil Procedure 26(a)(2)(B).

Plaintiff objects to this interrogatory to the extent it prematurely requests expert discovery. Plaintiff intends to supplement this response with expert reports and testimony in a manner and at a time consistent with the Court's Amended Scheduling Order (Doc. 140).

RESPONSE: On the basis of the foregoing objections, Plaintiff will not respond to this interrogatory, and instead will disclose experts' names and reports in a manner and at a time consistent with the Court's Amended Scheduling Order (Doc. 140).

**Interrogatory No. 22:** Identify by full name, A#, address, and phone number each person whose participation in the Voluntary Work Program at SDC after December 23, 2008 was not voluntary, but instead was solely obtained by CoreCivic by means of (1) force, threats of force, physical restraint, or threats of physical restraint to them or another person; (2) serious harm or threats of serious harm to them or another person; (3) abuse or threated abuse of law or legal process; and/or,

(4) any scheme, plan, or pattern intended to cause them to believe that, if they did not perform such labor or services, that they or another person would suffer serious harm of physical restraint.

**Objections and Response to Interrogatory No. 22:**

OBJECTIONS: Plaintiff objects to this interrogatory because it seeks sensitive personal information that is neither relevant to any party's claim or defense nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff objects to this interrogatory to the extent it seeks information beyond the scope of knowledge of the Plaintiff.

Plaintiff objects to this interrogatory because it seeks information from third parties and information not within Plaintiff's possession, custody, control, or personal knowledge.

Plaintiff objects to this interrogatory to the extent it is overbroad and unduly burdensome, for instance, by requesting that Plaintiff identify the "full name, A#, address, and phone number each person" CoreCivic has coerced into the Work Program at SDC, particularly given the overbroad definition of "identify" requiring that with regard to a natural person, Plaintiff must "state the full legal name, aliases, current address, current home phone number, current cellular phone number, last-known place of employment, employer, job title, and work phone number."

Plaintiff objects to this interrogatory to the extent that it implicitly creates two categories that are mutually exclusive—those whose work was "voluntary" and those whose work was "solely" obtained by one of the means listed in the request. Plaintiff's response identifies individuals whose labor was obtained by CoreCivic by one of the means listed in the request.

Plaintiff objects to this interrogatory to the extent it seeks information that CoreCivic is in a better position to know of or ascertain because the information relates to participants in CoreCivic's Work Program at SDC.

Plaintiff objects to this interrogatory to the extent it prematurely requests expert discovery. Plaintiff will provide expert reports and testimony in a manner and at a time consistent with the Court's Scheduling Order.

Plaintiff reserves the right to supplement his response at a future date.

RESPONSE: Subject to and without waiving the above objections and limitations, pursuant to Fed. R. Civ. P. 33(d), please see documents produced by CoreCivic in response to Plaintiffs' Requests for Production Nos. 9 and 19. Plaintiff understands this interrogatory as a request for information about whom Plaintiffs believe are in the Forced Labor Class defined in the Amended Complaint (Doc. 87 ¶ 105(a)), and Plaintiff's response therefore represents a list of individuals whom Plaintiffs believe, based on information produced by Defendant, to be members of the alleged forced labor class.

<u>VERIFICATION</u>

I certify under penalty of perjury under the law of the United States that the answers I have given to Defendant's First Interrogatories are true and correct to the best of my knowledge and memory.

Signed this __5__ day of July, 2021

Gonzalo Bermudez Gutiérrez

71

Dated: July 6, 2021

Respectfully submitted,

/s/ Meredith B. Stewart
Meredith B. Stewart*
**SOUTHERN POVERTY LAW CENTER**
201 Saint Charles Avenue, Suite 2000
New Orleans, LA 70170
Telephone: (504) 486-8982
Facsimile: (504) 486-8947
meredith.stewart@splcenter.org

Rebecca Cassler (GA Bar No. 487886)
**SOUTHERN POVERTY LAW CENTER**
150 E. Ponce de Leon Avenue, Suite 340
Decatur, GA, 30030
Telephone: (404) 521-6700
Facsimile: (404) 221-5857
rebecca.cassler@splcenter.org

Vidhi Bamzai*
**SOUTHERN POVERTY LAW CENTER**
111 East Capitol St., Suite 280
Jackson, MS 39201
Telephone: (601) 948-8882
Facsimile: (601) 948-8885
vidhi.bamzai@splcenter.org

Caitlin J. Sandley (GA Bar No. 610130)
**SOUTHERN POVERTY LAW CENTER**
400 Washington Ave.
Montgomery, AL 36104
Telephone: (334) 303-6822
Facsimile: (334) 956-8481
cj.sandley@splcenter.org

R. Andrew Free*
**LAW OFFICE OF R. ANDREW FREE**
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221x1
Facsimile: (615) 829-8959
andrew@immigrantcivilrights.com

Alan B. Howard*
John T. Dixon*
Emily B. Cooper*
**PERKINS COIE LLP**
1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711
Telephone: (212) 262-6900
Facsimile: (212) 977-1649
ahoward@perkinscoie.com
johndixon@perkinscoie.com
ecooper@perkinscoie.com

Jessica Tseng Hasen*
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-3293
Facsimile: (206) 359-9000
jhasen@perkinscoie.com

Jessica L. Everett-Garcia*
John H. Gray*
**PERKINS COIE LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
jeverettgarcia@perkinscoie.com
jhgray@perkinscoie.com

Azadeh Shahshahani (GA Bar No. 509008)
Priyanka Bhatt (GA Bar No. 307315)
**PROJECT SOUTH**
9 Gammon Avenue SE
Atlanta, A 30315
Telephone: (404) 622-0602
Facsimile: (404) 622-4137
azadeh@projectsouth.org
priyanka@projectsouth.org

Daniel H. Charest*
**BURNS CHAREST LLP**
900 Jackson St., Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
dcharest@burnscharest.com

*Admitted *pro hac vice*

***Attorneys for Plaintiffs***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 6, 2021, I served a copy of the foregoing to the following counsel of record via electronic mail:

Daniel P. Struck *(pro hac vice)*
Lead Counsel
Rachel Love *(pro hac vice)*
Nicholas D. Acedo *(pro hac vice)*
Ashlee B. Hesman *(pro hac vice)*
Jacob B. Lee *(pro hac vice)*
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com

Jacob D. Massee (GA Bar No. 551890)
David Bobo Mullens (GA Bar No. 258029)
OLIVER MANER LLP
PO Box 10186
Savannah, Georgia 31412
Phone: (912) 236-3311
Fax: (912) 236-8725
jmassee@olivermaner.com
dbmullens@olivermaner.com
Attorneys for Defendant CoreCivic, Inc.

/s/ Meredith B. Stewart
Meredith B. Stewart