IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| WILHEN HILL BARRIENTOS, GONZALO BERMUDEZ GUTIÉRREZ, and KEYSLER RAMÓN URBINA ROJAS individually and on behalf of all others similarly situated,<br><br>**Plaintiffs,**<br>v.<br><br>**CORECIVIC, INC.,**<br><br>**Defendant.** | Civil Action No. 4:18-cv-00070-CDL |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO CORECIVIC'S MOTION TO CONTINUE DISPOSITIVE MOTION DEADLINE

CoreCivic's motion to extend the summary judgment motion deadline indefinitely, less than a month out from the current deadline, should be denied because CoreCivic has not shown good cause for modifying the scheduling order. CoreCivic has waived its ability to invoke the "one-way intervention rule" at this late juncture. Nevertheless, the Court has discretion to delay decision on CoreCivic's motion for summary judgment until after it has decided Plaintiffs' motion for class certification, without modifying the current motions deadline and unnecessarily delaying the case as a whole. This case is approaching its fourth year; it is well-past time to move towards its conclusion. An extension at this stage would only reward CoreCivic's lack of diligence, prejudice Plaintiffs, and prolong this case indefinitely

**PROCEDURAL BACKGROUND**

On June 19, 2020, the Court entered the initial scheduling order in this matter. The Parties disagreed on whether discovery should be bifurcated with motions for class certification and

1

summary judgment filed at separate times. *See* Doc. 63. The Court adopted Plaintiffs' proposal not to bifurcate discovery and to schedule class certification and dispositive motions to be due at the same time. *Id.* at 3-5. The scheduling order was modified by agreement of the Parties five times, and each time CoreCivic unilaterally filed or joined a motion proposing a single deadline for class certification and dispositive motions. Doc. 113 at 3 (seeking to extend the concurrent deadline for class certification and dispositive motions from May 3, 2021, to November 19, 2021); Doc. 114 (granting joint extension motion, Doc. 113); Doc. 138 at 5 (joint motion seeking to extend the concurrent motions deadline to March 21, 2022); Doc. 140 (granting joint extension motion, Doc. 138); Doc. 159 at 3-4 (joint motion seeking to extend other deadlines and to maintain the March 21, 2022, concurrent motions deadline); Doc. 160 (granting joint extension motion, Doc. 159); Doc. 174 at 2 (CoreCivic's unopposed motion seeking to move the concurrent motions deadline to April 4, 2022); Doc. 175 (granting CoreCivic's extension motion, Doc. 174); Doc. 184 at 1 (joint motion seeking to move the concurrent motions deadline to June 17, 2022); Doc. 185 (granting joint extension motion, Doc. 184).

On May 10, 2022, the Court heard argument on two of CoreCivic's pending discovery motions. At the close of the hearing, the Court asked the Parties if they were prepared to proceed with the June 17, 2022, class certification and dispositive motions deadline. Counsel for both Parties indicated that they were prepared to meet the deadline. Decl. of C. Sandley, Ex. A, May 10, 2022 Hr'g Tr., at 30:12-31:25. Nine days later, CoreCivic's counsel emailed Plaintiffs' counsel indicating its intent to request a status conference regarding the timing of summary judgment and class certification deadlines. Sandley Decl., Ex. B, Emails Between Counsel, at 4. The following day, CoreCivic filed its motion to continue the dispositive motion deadline seeking an "expedited ruling." Doc. 197.

**LEGAL STANDARD**

Though CoreCivic does not cite it in its motion, there is a standard for modifying scheduling orders. Federal Rule of Civil Procedure 16(b)(4) permits modifications to a scheduling order only for good cause and with the judge's consent. Rule 16(b)'s good cause standard "precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed R. Civ. P. 16 advisory committee's note); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent."); *King v. Hutcheson*, No. 4:09-cv-25-CDL, 2009 WL 3299818, at *3-4 (M.D. Ga. Oct. 9, 2009) (denying a motion to amend the scheduling order where the movants "neither cite[d] to Rule 16(b) nor directly argue[d] that they ha[d] good cause for their tardiness in seeking this amendment after the April 30, 2009 Scheduling and Discovery Order deadline" and did not demonstrate that they were "unable, through reasonable diligence" to meet the deadline).

**ARGUMENT**

The Court should deny CoreCivic's motion to extend the dispositive motion deadline "until further notice," Doc. 197-2, because CoreCivic has not demonstrated diligence or otherwise shown good cause for such an extension and because an indefinite extension at this late juncture would prejudice Plaintiffs.

**I.   CoreCivic Has Not Demonstrated Good Cause for an Extension**

    **A. CoreCivic Has Not Been Diligent, and Its Dilatory Behavior Should Not Be Rewarded**

Most importantly, CoreCivic cannot establish good cause for its requested extension because the record demonstrates an utter lack of diligence. The Court already considered and

rejected CoreCivic's preference to sequence class certification proceedings before dispositive motions. That decision was entered nearly two years ago, before discovery commenced. Doc. 63 at 2-5. Critically, CoreCivic did not argue that the "one-way intervention rule," which it now relies on, was a basis for scheduling the class certification motion deadline before the dispositive motions deadline. *See id.* Since then, CoreCivic has never indicated an intention to seek reconsideration of the Court's decision not to bifurcate class and merits proceedings, despite the Parties' repeated negotiated extensions of the case schedule. Docs. 113, 114, 138, 140, 159, 160, 174, 175, 184, 185. CoreCivic's counsel never raised the "one-way intervention rule" with Plaintiffs' counsel prior to filing CoreCivic's May 20, 2022, extension motion. Sandley Decl. at ¶¶ 3-5. CoreCivic declined to deviate from this path as recently as two weeks ago, when, in a hearing on discovery motions, the Court asked the Parties if they were prepared to move forward with the existing case deadlines, and counsel for CoreCivic affirmed that it was and agreed that the case is now at the dispositive motion stage. Ex. A at 30:12-31:5[1]

---

[1] The relevant discussion at the hearing was as follows:

> THE COURT: **And are we on schedule to have this discovery all completed by the current scheduling deadline and dispositive motions filed in a timely manner so that we can get this case that's been pending way too long either resolved by summary judgment or set down for trial? Are y'all on schedule?**
> MS. CASSLER: Your Honor, plaintiffs are prepared to move forward with the schedule as written. Discovery has closed under that schedule, and dispositive motions are due mid next month, and we're prepared to move forward with that.
> THE COURT: Okay. Discovery has closed. **And I assume, then, you agree with that, Mr. Lee, that we're at the dispositive motion stage?**
> MR. LEE: **Yeah.** There's a couple document categories that the parties have resolved before the hearing today on our motion to compel that we need to get a status update from plaintiffs as far as where they are at in terms of producing those, **but we are preparing to meet that mid-June dispositive motion deadline.**

Ex. A at 30:12-31:5 (emphasis added).

In addition to being woefully untimely and in conflict with CoreCivic's prior representations to Plaintiffs and the Court, CoreCivic's request for extension is not based on any new facts or changed circumstances making concurrent scheduling any less practicable than it was when originally ordered back in June 2020. CoreCivic asserts, "Now that discovery has closed, it has become apparent that a unison deadline is unworkable and impractical." Doc. 197-1 at 1. Yet, fact discovery closed in this case on December 3, 2021, and expert discovery concluded on April 14, 2022. CoreCivic does not explain what exactly about discovery made it clear that the unison deadline was unworkable and impractical, or why it took CoreCivic months to realize this. *See* Doc. 197-1. In short, CoreCivic has known for two years that its summary judgment motion would be due at the same time as Plaintiffs' motion for class certification, apparently with no intention of apprising Plaintiffs or the Court of its desire to seek a different arrangement until now.

CoreCivic asserts, without citing any legal authority, that its request is not untimely because it "raised this issue with Plaintiffs 30 days in advance of the dispositive motion deadline." *Id.* at 5. CoreCivic emailed Plaintiffs' counsel on May 19, 2022, exactly 30 days before the current motions deadline, without mentioning the one-way intervention rule. Sandley Decl. at ¶ 5; Ex. B at 2-4. The fact that CoreCivic reached out to Plaintiffs exactly 30 days prior to the deadline, when it has known about the concurrent deadlines for almost two years, suggests a calculated decision to delay the case. CoreCivic, through its current counsel, has even litigated the one-way intervention issue in at least one other related case during the pendency of this action, further suggesting that CoreCivic's decision to delay raising the issue was a matter of strategy. *See Owino v. CoreCivic, Inc.*, No. 17-CV-1112 JLS (NLS), 2020 WL 1550218, at *3-4, *30 (S.D. Cal. Apr. 1, 2020) (granting class certification in part and applying Ninth Circuit precedent on one-way intervention to conclude, in a case where merits discovery was ongoing and there was no set

dispositive motions deadline, that the court would not decide plaintiffs' early partial motion for summary judgment filed while plaintiffs' class certification motion was pending, where CoreCivic had not waived the issue of one-way intervention). The one-way intervention rule "is designed to benefit a defendant." *Breines v. Pro Custom Solar LLC*, No. 3:19-cv-353-J-39PDB, 2019 WL 7423522, at *2 (M.D. Fla. Aug. 22, 2019). As the knowing beneficiary of the one-way intervention rule, to the extent it even applies here, CoreCivic simply should have raised it sooner. This conduct displays, at best, a carelessness, and more likely, a deliberate dilatory strategy and should not be rewarded.

### B. CoreCivic Waived the One-Way Intervention Rule, and the Rule Does Not Limit the Court's Discretion to Sequence Its Decisions or Set Concurrent Deadlines

CoreCivic's "one-way intervention rule" argument is, in any event, a red herring. First, CoreCivic has waived any argument about the one-way intervention rule by solely or jointly moving the Court for a new schedule that included concurrent motions deadlines, not once, but *five times*. Doc. 113 at 3; Doc. 138 at 5; Doc. 159 at 4; Doc. 174 at 2; Doc. 184 at 1. Each time the Parties negotiated the motions to extend the schedule, CoreCivic gave no indication of concern about concurrent deadlines, let alone any mention of one-way intervention. Sandley Decl. at ¶ 4. Nor did CoreCivic raise one-way intervention in its initial opposition to a concurrent motions deadline filed June 17, 2020. Doc. 63 at 4. And just the week before it filed its motion for extension, the Court directly asked the Parties if they were prepared to meet the June 17, 2022, motions deadline. Counsel for CoreCivic stated that CoreCivic was, in fact, prepared to move forward with the existing deadline. Ex. A at 31:25-32:5. Despite CoreCivic's characterization of this assent as mere "acknowledge[ment]" of the deadline, it is unclear how Plaintiffs and the Court could have understood CoreCivic's assent as anything other than a statement that "a unison deadline was appropriate [and] that the current dispositive motion deadline should remain fixed." Doc. 197-1 at

6

6 n.8. CoreCivic's failure to raise one-way intervention in all of these instances amounts to waiver. *See, e.g.*, *Reyes v. BCA Fin. Servs, Inc.*, No. 16-24077-CIV-GOODMAN, 2018 WL 5004864, at *2-3 (S.D. Fla. Oct. 15, 2018) (finding waiver of the one-way intervention rule when the defendant "did not take advantage of multiple opportunities to raise the doctrine previously").

CoreCivic's waiver aside, the one-way intervention rule does not prevent the Court from sequencing its decisions on summary judgment, class certification, and class notice as it sees fit, regardless of the sequencing of briefing deadlines. Even the cases CoreCivic cites note that the sequencing of class certification and dispositive motions is a matter squarely within the Court's discretion. *Telfair v. First Union Mortg. Corp.*, 216 F.3d 1333, 1343 (11th Cir. 2000) (explaining that it is "within the [district] court's discretion to consider the merits of the claims before their amenability to class certification" and citing, *inter alia*, *Wright v. Schock*, 742 F.2d 541, 543-44 (9th Cir. 1984)); *Wright*, 742 F.2d at 543-44 (concluding that Rule 23(c)(1)'s requirement that class certification be decided "as soon as practicable" does not require a district court to decide class certification before merits rulings, in part because the drafting history of Rule 23 "shows that its framers considered and rejected a provision imposing just such a requirement") (citing Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, *Preliminary Draft of Proposed Amendments to Rules of Civil Procedure for the United States District Courts*, 34 F.R.D. 325, 386 (1964); *see also Kehoe v. Fid. Fed. Bank & Tr.*, 421 F.3d 1209, 1211 n.1 (11th Cir. 2005) (concluding it was not error for the district court enter final summary judgment without deciding the pending summary judgment motion); *Sos v. State Farm Mut. Auto. Ins. Co.*, No. 6:17-cv-890-ORL-40LRH, 2019 WL 3854761, at *6 (M.D. Fla. May 2, 2019) ("[T]he Eleventh Circuit permits district courts to rule on certification after summary judgment."); *Reyes*, 2018 WL 5004864, at *4 (rejecting defendant's one-way intervention

7

argument because even if there had been no waiver, the one-way intervention doctrine is a matter of discretion in the Eleventh Circuit); *Rivell v. Private Healthcare Sys., Inc.*, No. CV 106-176, 2007 WL 1221315, at *2–3 (S.D. Ga. Apr. 20, 2007) (deferring motion for class certification until decision on defendants' motion to dismiss, and briefly discussing background of the rule, explaining that "[t]he possibility of one-way intervention, however, does not mandate the deferral of a dispositive motion. In fact, many courts have considered dispositive motions before class certification motions"), *vacated on other grounds*, 520 F.3d 1308 (11th Cir. 2008).[2]

And, even if the Court were to delay *decision* on summary judgment, the one-way intervention rule certainly does not bar a concurrent *deadline* for the motions. To the contrary, it is not uncommon for class certification and summary judgment motions to be pending concurrently, including in this Court. *See, e.g.*, *Cox v. Cmty. Loans of Am., Inc.*, No. 4:11-cv-177-CDL, 2014 WL 1216511, at *2 (M.D. Ga. Mar. 24, 2014) ("Moreover, due to the nature of the issues presented by the motions for class certification, the Court, with the consent of the parties, permitted class certification discovery and some merits discovery to proceed simultaneously in an attempt to maximize judicial economy. This scheduling approach resulted in motions for class certification and summary judgment becoming ripe at the same time."); *Lifestar Ambulance Serv.*,

---

[2] The breadth of caselaw describing application of the one-way intervention rule as "discretionary" and permitting its waiver also shows that concurrently pending motions for summary judgment and class certification do not pose a problem with regard to Article III standing. The cases CoreCivic cites on this point, *see* Doc. 197-1 at 2, dealt not with the run-of-the-mill situation the Court finds itself in today, but rather procedural oddities in which courts were tasked with deciding truly hypothetical matters. *See Hall v. Beals*, 396 U.S. 45, 48-49 (1969) (holding voters who were not actually disenfranchised under state election law could not represent purported class of disenfranchised voters in a challenge to enjoin the law's operation); *In re Checking Acc. Overdraft Litig.*, 780 F.3d 1031 (11th Cir. 2015) (holding it was error to entertain defendant's motion to dismiss regarding whether in the future defendant could assert its contractual right to arbitration against unnamed putative class members, where the motion was explicitly styled as "conditional" on the outcome of the pending class certification motion).

*Inc. v. United States*, 211 F.R.D. 688 (M.D. Ga. 2003) (granting class certification and summary judgment in the same order), *reversed on other grounds*, 365 F.3d 1293 (11th Cir. 2004); *Slade v. Chrysler Corp.*, 36 F. Supp. 2d 1370 (M.D. Ga. 1998) (granting summary judgment for defendant and, as a result, denying as moot plaintiffs' motion for class certification); *Collins v. Int'l Dairy Queen, Inc.*, 168 F.R.D. 668, 672-73 (M.D. Ga. 1996) (deciding class certification motion after briefing and arguments completed on class certification and summary judgment motions); *Craft v. N. Seattle Cmty. Coll. Found.*, 3:07-cv-00132-CDL (M.D. Ga.) (ultimately settled, but class certification and summary judgment motions were pending at the same time). The Court has discretion to decide the motions in whichever order it sees fit but need not change the filing deadlines at this late juncture.[3] At bottom, CoreCivic has failed to demonstrate any particular reason why this case is unlike other cases where the class certification and dispositive motions were considered together and points to no caselaw, binding or otherwise, calling into question the Court's discretion to schedule the filing of class certification and dispositive motions simultaneously.

---

[3] The potential for prejudice to CoreCivic as a result of one-way intervention is theoretical at best, as there is no indication that there are purported class members waiting in the wings to opt out if Plaintiffs were to receive an adverse summary judgment decision. *See Alhassid v. Bank of Am., N.A.*, No. 14-CIV-20484-BLOOM/Valle, 2015 WL 11216720, at *1 (S.D. Fla. May 29, 2015). But even if the Court finds CoreCivic has not waived this issue, the fact that CoreCivic has raised the one-way intervention rule prior to moving for summary judgment provides a path for the Court to ensure there is no prejudice to CoreCivic and to avoid any of the potential jurisdictional problems raised by CoreCivic. *See* Doc. 197-1 at 1-2. The Court may, if it chooses, simply delay decision on CoreCivic's motion for summary judgment until after it has decided Plaintiffs' motion for class certification. *Alhassid*, 2015 WL 11216720, at *2. Moving the motions deadline, on the other hand, will unnecessarily delay the case as a whole.

### C. CoreCivic Has Fair Notice of Plaintiffs' Class Claims

CoreCivic also argues, with no legal support, that moving for summary judgment on Plaintiffs' class claims "is impossible because neither the Parties nor the Court knows what they are." Doc. 197-1 at 4. But it is not uncommon for summary judgment motions to be due before a class certification motion has been decided. *See, e.g.*, *Cox,* 2014 WL 1216511, at *2 (M.D. Ga. Mar. 24, 2014); *Lifestar Ambulance Serv., Inc.* 211 F.R.D. 688; *Slade*, 36 F. Supp. 2d 1370; *Collins*, 168 F.R.D. at 672-73; *Craft*, 3:07-cv-00132-CDL. Not only that, but CoreCivic knows full well what Plaintiffs' class claims are: they are laid out in the operative complaint, and Plaintiffs also provided detailed responses to CoreCivic's extensive contention interrogatories. Sandley Decl. at ¶ 6. CoreCivic has not pointed out any difference between Plaintiffs' individual and class claims that might actually affect their summary judgment motion. Nor could it without undermining its (presumed) opposition to class certification since this is not a case where the individual Plaintiffs assert individual claims that are different in substance than the class claims.

## II. Any Further Delay Will Prejudice Plaintiffs

Not only has CoreCivic failed to show good cause to extend the dispositive motion deadline, but given the length of time this matter has been pending, at this point any further delay will prejudice Plaintiffs. Plaintiffs filed this case four years ago; through no fault of their own, discovery did not commence until two years later. The discovery period lasted another two years.

Granting CoreCivic's motion and postponing summary judgment briefing until some time after class certification is decided would delay the case further for an unspecified period of months or years, with the evidence aging all the while. Aging evidence is of particular concern given Plaintiffs' claim for injunctive relief based on ongoing violations.

Plaintiffs have been preparing for briefing in the coming months based on the existing motions deadline. Any further delay at this point would be prejudicial.

## CONCLUSION

For the reasons stated herein, the Court should deny CoreCivic's Motion to Continue Dispositive Motion Deadline (Doc. 197) because CoreCivic has not shown good cause for modifying the scheduling order and an indefinite extension at this late juncture would prejudice the Plaintiffs.

Dated: May 25, 2022                                         Respectfully Submitted,

/s/ Rebecca M. Cassler

| | |
|---|---|
| Rebecca M. Cassler (GA Bar No. 487886) | Alan B. Howard* |
| Meredith B. Stewart* | John T. Dixon* |
| SOUTHERN POVERTY LAW CENTER | Emily B. Cooper* |
| 201 Saint Charles Avenue, Suite 2000 | PERKINS COIE LLP |
| New Orleans, LA 70170 | 1155 Avenue of the Americas |
| Telephone: (504) 486-8982 | 22nd Floor |
| Facsimile: (504) 486-8947 | New York, NY 10036-2711 |
| rebecca.cassler@splcenter.org | Telephone: (212) 262-6900 |
| meredith.stewart@splcenter.org | Facsimile: (212) 977-1649 |
| | AHoward@perkinscoie.com |
| Caitlin J. Sandley (GA Bar No. 610130) | JohnDixon@perkinscoie.com |
| Jaqueline Aranda Osorno* | ECooper@perkinscoie.com |
| SOUTHERN POVERTY LAW CENTER | |
| 400 Washington Ave. | Jessica L. Everett-Garcia* |
| Montgomery, AL 36104 | John H. Gray* |
| Telephone: (334) 303-6822 | PERKINS COIE LLP |
| Facsimile: (334) 956-8481 | 2901 N. Central Avenue, Suite 2000 |
| cj.sandley@splcenter.org | Phoenix, AZ 85012-2788 |
| jackie.aranda@splcenter.org | Telephone: (602) 351-8000 |
| | Facsimile: (602) 648-7000 |
| Vidhi Bamzai* | jeverettgarcia@perkinscoie.com |
| SOUTHERN POVERTY LAW CENTER | jhgray@perkinscoie.com |
| 111 East Capitol St., Suite 280 | |
| Jackson, MS 39201 | Jessica Tseng Hasen* |
| Telephone: (601) 948-8882 | PERKINS COIE LLP |
| Facsimile: (601) 948-8885 | 1201 Third Avenue, Suite 4900 |

vidhi.bamzai@splcenter.org

Azadeh Shahshahani
(GA Bar No. 509008)
Priyanka Bhatt (GA Bar No. 307315)
PROJECT SOUTH
9 Gammon Avenue SE
Atlanta, GA 30315
Telephone: (404) 622-0602
Facsimile: (404) 622-4137
azadeh@projectsouth.org
priyanka@projectsouth.org

R. Andrew Free*
LAW OFFICE OF R. ANDREW FREE
P.O. Box 90568
Nashville, TN 37209
Telephone: (844) 321-3221x1
Facsimile: (615) 829-8959
andrew@immigrantcivilrights.com

Seattle, WA 98101
Telephone: (206) 359-3293
Facsimile: (206) 359-9000
jhasen@perkinscoie.com

Daniel H. Charest*
BURNS CHAREST LLP
900 Jackson St., Suite 500
Dallas, TX 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
dcharest@burnscharest.com

\*Admitted pro hac vice

Attorneys for Plaintiffs