**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| **WILHEN HILL BARRIENTOS, et al.,** | |
| **Plaintiffs,** | |
| **v.** | |
| **CORECIVIC, INC.,** | **Civil Action No.  4:18-cv-00070-CDL** |
| **Defendant.** | |

**DECLARATION OF MEREDITH B. STEWART IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

1. My name is Meredith B. Stewart. I am a Senior Supervising Attorney at the Immigrant Justice Project of the Southern Poverty Law Center (SPLC) and one of the attorneys for the Plaintiffs in the above-captioned civil action.

2. SPLC, Perkins Coie LLP, and Project South (collective, "Plaintiffs' Counsel") seek appointment as class counsel for the Proposed Classes in this action under Federal Rule of Civil Procedure 23(g).

3. As set forth below, Plaintiffs' Counsel possess the class action and complex litigation experience, knowledge of substantive areas of law, and resources necessary to represent the interests of the Proposed Classes fairly and adequately in this action.

4. Founded in 1971, SPLC is a civil rights organization dedicated to litigation and advocacy that make justice and equal opportunity a reality for all. SPLC provides legal representation and support to noncitizens and detained and incarcerated people in civil rights

1

cases on issues of regional and national importance, including numerous class actions and complex litigation matters.

5.      SPLC is currently engaged in numerous class actions and complex litigation matters involving immigration and the rights of noncitizens, including: *Antonio-Benito v. Lowry Farms, Inc.*, Case No. 1:20-cv-01039-SOH, 2021 WL 6101901 (W.D. Ark. Aug. 9, 2021) (certifying a class of migrant agricultural workers bringing claims under the Fair Labor Standards Act and for breach of contract); *Al Otro Lado v. Wolf*, 336 F.R.D. 494 (S.D. Cal. Aug. 6, 2020) (certifying a border-wide class of asylum seekers challenging the practice by immigration officers of turning back asylum seekers at ports of entry along U.S.-Mexico border); *Zelaya v. Hammer*, No. 3:19-cv-00062 (E.D. Tenn.) (putative class action on behalf of all Latino individuals detained during a workplace immigration raid as part of a conspiracy to violate their equal protection rights); *Innovation Law Lab v. Mayorkas*, No. 3:19-cv-00807 (N.D. Cal.) (challenge to Migrant Protection Protocols); *Immigrant Defenders Law Center v. Mayorkas*, No. 2:20-cv-09893-JGB-SHK (C.D. Cal.) (putative class action challenging the Migrant Protection Protocols); *East Bay Sanctuary Covenant v. Trump*, No. 3:18-cv-06810 (N.D. Cal.) (challenge to interim final rule rendering individuals who entered the United States between ports of entry ineligible for asylum); *East Bay Sanctuary Covenant v. Barr*, No. 3:19-cv-04073 (N.D. Cal.) (challenge to asylum transit rule).

6.      SPLC is also currently engaged in numerous class actions and complex litigation matters involving people who are or have been detained or incarcerated, including: *G.H. v. Tamayo*, 339 F.R.D. 584, 590-91 (N.D. Fla. 2021) (certifying a class of children who are or will be in solitary confinement in a Florida Department of Juvenile Justice detention facility and finding that, "The plaintiffs are represented by attorneys with substantial experience in civil rights

2

and prisoner litigation and in complex class actions. The plaintiffs and their attorneys will adequately represent the class."); *Gayle v. Meade*, No. 20-21553-CIV, 2020 WL 3041326, at \*15 (S.D. Fla. June 6, 2020) (appointing SPLC, among others, as class counsel to "fairly and adequately represent the interest of the class as to conditions of confinement" in part due to counsels' "extensive experience in representing clients in class action suits throughout the United States"); *Heredia Mons v. McAleenan*, No. 19-cv-1593, 2019 WL 4225322 (D. D.C. Sept. 5, 2019) (certifying a provisional class of all arriving asylum-seekers who receive positive credible fear determinations, and who are or will be detained by U.S. Immigration and Customs Enforcement (ICE) after having been denied parole by the New Orleans ICE Field Office); *J.E.C.M. v. Lloyd*, No. 18-cv-903 (E.D. Va. Apr. 23, 2019), ECF No. 138 (certifying classes of unaccompanied minor children detained by the Office of Refugee Resettlement and sponsors of unaccompanied minor children challenging the sharing of information with ICE); *Dunn v. Dunn*, 318 F.R.D. 652, 667, 680 (M.D. Ala. 2016), modified sub nom. *Braggs v. Dunn*, No. 2:14-CV-601-MHT, 2020 WL 2395987 (M.D. Ala. May 12, 2020) ("Lawyers affiliated with the Southern Poverty Law Center [among others] … have substantial experience in litigating class actions and in the complex substantive areas of both prisoners'-rights and disability-rights law"); *Dockery v. Fischer*, 253 F. Supp. 3d 832, 856 (S.D. Miss. 2015) ("The proposed class counsel, which includes attorneys from the Southern Poverty Law Center have extensive experience handling complex litigation and class actions"); *Harvard v. Dixon*, 4:19-cv-212 (N.D. Fla.) (putative class action challenging Florida's use of solitary confinement as cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution and a violation of the Americans with Disabilities Act and the Rehabilitation Act).

7.     Over the decades, SPLC has been deemed to be adequate class counsel in a number of cases on a range of issues, including: *Alexander v. Sandoval*, 532 U.S. 275 (2001); *Paradise v. Allen*, 480 U.S. 149 (1987); *Dothard v. Rawlinson*, 433 U.S. 321 (1977); *Pugh v. Locke*, 559 F.2d 283 (11th Cir. 1977); *Smith v. YMCA*, 462 F.2d 634 (5th Cir. 1972); *Johnson v. Jessup*, 381 F. Supp. 3d 619, 637–38 (M.D. N.C.2019) (appointing SPLC, among others as "well qualified to represent the two classes"); *Wilson v. Gordon*, No. 3-14-1492, 2014 WL 4347585 (M.D. Tenn. Sept. 2, 2014); *J.W. Birmingham Board of Education*, No. 2:10-CV-03314-AKK, 2012 WL 3849032, at *9-10 (N.D. Ala. Aug. 31, 2012); *Nuñag-Tanedo v. E. Baton Rouge Parish Sch. Bd.*, No. 10-cv-01172, 2011 WL 7095434 (C.D. Cal. Dec. 12, 2011) (certifying classes of Filipino nationals with various claims, including under the Trafficking Victims Protection Act); *Recinos-Recinos v. Express Forestry*, 233 F.R.D. 472 (E.D. La. 2006); *Gaddis v. Campbell*, 03-T-390-N (M.D. Ala. 2003); *Baker v. Campbell*, CV-03-114-M (N.D. Ala. 2003); *S.S. v. Wood*, No. 01-M-224-N (M.D. Ala. 2001); *Brown v. James*, No. 98-T-663-N (M.D. Ala. 1998); *Austin v. James*, 15 F. Supp. 2d 1220 (M.D. Ala. 1998); *Harris v. James*, 94-1422-N (M.D. Ala. 1994); *Southern Christian Leadership Conference v. Evans*, 785 F. Supp. 1469 (M.D. Ala. 1992); *Bradley v. Haley*, No. 92-A-70-N (M.D. Ala. 1992); *R.C. v. Fuller*, 88-D-1170-N (M.D. Ala. 1988); and *Nowak v. Foster*, 84-0057-P (W.D. Ky. 1984).

8.     I received my J.D. from the University of Memphis in May 2011. Since then, I have dedicated my legal career to high-impact civil rights and employment litigation and other advocacy on behalf of immigrant workers.

9.     I have been a member of the Louisiana bar since 2011. I am also admitted to practice law before the Louisiana Supreme Court, the U.S. District Courts for the Western, Eastern, and Middle Districts of Louisiana, and the U.S. District Court for the Northern District

of Florida. I am also admitted to practice in the U.S. Court of Appeals for the Eleventh Circuit, Third Circuit, Fourth Circuit, and Fifth Circuit. I am admitted to the Middle District of Georgia *pro hac vice*.

10.    I am a Senior Supervising Attorney at the SPLC, where I have worked since 2011. I have personally served as part of the class counsel team appointed by the court in *Fuentes Cordova, et al. v. R & A Oysters, Inc., et al*, No. 14-cv-0462 (S.D. Ala.) (wage and contract case brought by class of non-citizen migrant workers). I am currently lead counsel for SPLC on *Zelaya v. Hammer*, No. 3:19-cv-00062 (E.D. Tenn.), a putative class action seeking damages on behalf of a putative class of approximately 100 Latino individuals detained by law enforcement during a workplace immigration raid as part of a conspiracy to violate the putative class members' rights under 42 U.S.C. §§ 1985(3) and 1986.

11.    I have also served as counsel on numerous federal cases involving constitutional and/or statutory claims on behalf of non-citizens, including *Aguirre-Sanchez, et al. v. Webb's Seafood, Inc*., No. 14-14579 (4th Cir. 2015) (challenging wage and hour practices of company on behalf of non-citizen migrant workers); *Farm Labor Organizing Committee, et al. v. Stein*, 1:17-cv-01037 (M.D.N.C. 2019) (challenging state law limiting collective bargaining rights of union members on First Amendment and equal protection grounds); *EEOC v. Wayne Farms, Inc*., 5:16-cv-01347 (N.D. Ala. 2016) (challenging poultry company's employment practices under the Americans with Disabilities Act); *Gonzalez-Aviles, et al. v. Thomas E. Perez, et al.*, No. MJG-15-3463 (D. Md. 2016) (challenging federal agency rulemaking under the Administrative Procedure Act on behalf of noncitizen migrant workers); *Comite de Apoyos a los Trabajadores Agrícolas, et al. v. Solis, et al.*, Civil Action No. 14-2657 (E.D. Pa. 2013) (challenging federal

agency rulemaking under the Administrative Procedure Act on behalf of noncitizen migrant workers); and *La. Forestry Ass'n, Inc. v. Solis*, Civil Action No. 11-7687 (E.D. Pa. 2012) (same).

12.    I was co-counsel on the matter of *David v. Signal International, LLC, et al.*, Civil Action No. 08-01220 (E.D. La.), a Trafficking Victims Protection Act (TVPA) and Fair Labor Standards Act collective action case on behalf of H-2B temporary workers from India that led to the largest-ever jury verdict on a labor trafficking case. In *Signal*, I worked on the novel and complex claims filed on behalf of over 300 opt-in plaintiffs. I also participated on the team that won the trial in that matter. For our work on this case, we were awarded Public Justice's 2015 Trial Lawyer of the Year Award.

13.    I am fluent in Spanish and regularly communicate with Spanish-speaking clients and witnesses in developing and litigating cases, including through my work on this case.

14.    I supervise the team of SPLC attorneys litigating the instant case, which includes Senior Staff Attorneys Caitlin J. Sandley, Jaqueline Aranda Osorno, Rebecca Cassler, all of whom are fluent in Spanish, and Staff Attorney Vidhi Bamzai, who is fluent in Hindi and Urdu. In litigating this case, I have worked closely with these attorneys and numerous non-attorney SPLC staff to investigate the facts surrounding the Work Program at Stewart Detention Center that gave rise to this case, to conduct discovery related to class certification, to research legal theories and arguments, and to draft and respond to significant motions.

15.    Ms. Sandley is licensed to practice law in Georgia and Alabama and has been admitted to practice in the United States Court of Appeals for the Eleventh Circuit and the U.S. District Courts for the Northern, Middle, and Southern Districts of Georgia, the Northern and Middle Districts of Alabama. Ms. Sandley has served as lead counsel defending the constitutional rights of noncitizens detained by ICE in numerous habeas matters filed in this Court and in the

U.S. District Courts for the Southern District of Georgia and the Northern District of Alabama. Ms. Sandley has also served as lead counsel defending the constitutional and statutory rights of people incarcerated in Alabama prisons in *Braggs v. Hamm* (formerly *Braggs v. Dunn* and *Dunn v. Dunn*), No. 2:14-cv-601 (M.D. Ala.), in which she represented, along with other class counsel, thousands of incarcerated people who were class members of four separate certified classes, and in *Luther v. Jones*, No. 2:18-cv-438 (M.D. Ala.). Prior to joining SPLC, Ms. Sandley clerked for the Honorable W. Louis Sands in the Albany Division of this Court.

16.     Ms. Aranda Osorno is licensed to practice law in Alabama and California and is admitted to practice in the U.S. District Courts of the Middle District of Alabama, Middle District of Georgia (*pro hac vice*), and Central, Northern, and Southern Districts of California. Ms. Aranda Osorno has served as class counsel defending the constitutional and statutory rights of people incarcerated in Alabama prisons in *Braggs v. Hamm* (formerly *Braggs v. Dunn* and *Dunn v. Dunn*), No. 2:14-cv-601 (M.D. Ala.), in which she represented, along with other class counsel, thousands of incarcerated people who were class members of four separate certified classes. Prior to joining SPLC, Ms. Aranda Osorno provided legal representation to indigent non-citizens in immigration removal proceedings as a Staff Attorney at Public Counsel and monitored conditions of confinement in jails and immigration detention centers as a Staff Attorney at Disability Rights California.

17.     Ms. Cassler is licensed to practice law in Georgia, Texas, and Minnesota and is admitted to practice in the U.S. Courts of Appeals for the Fifth, Ninth, and Eleventh Circuits and the U.S. District Courts for the Northern, Middle, and Southern Districts of Georgia and the District of Minnesota. Ms. Cassler serves as class counsel in *Al Otro Lado v. Mayorkas*, No. 17-02366 (S.D. Cal.), representing a class of tens of thousands of individuals seeking access to

humanitarian protection at ports of entry along the U.S.-Mexico border as a matter of statutory and constitutional right. Ms. Cassler has also served as counsel defending the constitutional rights of noncitizens detained by ICE in numerous habeas matters filed in this Court. Prior to joining SPLC, Ms. Cassler clerked for the Honorable John R. Tunheim in the U.S. District Court for the District of Minnesota and the Honorable Diana E. Murphy in the U.S. Court of Appeals for the Eighth Circuit.

18.     Ms. Bamzai is licensed to practice law in Mississippi and is admitted to practice in the U.S. District Courts of the Northern and Southern Districts of Mississippi. Ms. Bamzai has served as lead counsel defending the constitutional rights of children incarcerated at Henley-Young Juvenile Justice Center in Hinds County, Mississippi, in *J.H., et al. v. Hinds Cty., Miss.*, 3:11-cv-327 (S.D. Miss.), in which she represented, along with other class counsel, all incarcerated youth at the facility. Ms. Bamzai has also served as counsel defending the constitutional rights of noncitizen detained by ICE in habeas matters. Ms. Bamzai graduated from Boston University School of Law in 2018 and has practiced at the SPLC since graduation.

19.     SPLC does not charge its clients for its services. We are representing the clients in this case, as in all of our cases, on a *pro bono* basis.  SPLC has the resources and organizational commitment necessary to litigate the claims of Plaintiffs and class members vigorously and effectively.

20.     Perkins Coie LLP (Perkins Coie) is an international law firm that provides corporate, commercial litigation, intellectual property, and regulatory legal advice to a broad range of clients, including many of the world's most innovative companies and industry leaders as well as public and not-for-profit organizations. Perkins Coie is also frequently recognized for its pro bono work, a sampling of which is listed here: https://www.perkinscoie.com/en/about-

us/firm/pro-bono/recognitions.html. In 2021, Perkins Coie attorneys worked over 66,000 hours on pro bono legal matters. Further, Perkins Coie has represented class action plaintiffs in pro bono matters around the country, including in *Parsons v. Ryan*, a certified class action of over 33,000 prisoners in the Arizona Department of Corrections relating to prisoner rights, adverse to the same defense counsel in this case. The three Perkins Coie partners leading the Perkins Coie team bring decades of litigation experience. Alan Howard has represented clients for nearly 35 years in complex commercial disputes, including, for example, in shareholder class actions. Mr. Howard has also been recognized by the American Bar Association, Public Justice, The American Lawyer, and the Financial Times for his pro bono work. Mr. Howard won Public Justice's Trial Lawyer of the Year Award in 2015 for his work on *David v. Signal International, LLC, et al.*, Civil Action No. 08-01220 (E.D. La.), a TVPA forced labor case. Jessica Everett-Garcia is Perkins Coie's firmwide chair of Commercial Litigation and has been litigating complex cases for nearly 25 years. John Gray has over a decade of experience litigating complex commercial and intellectual property disputes and has been involved in multiple, high-stakes, class-action pro bono cases.

21. Project South is a non-profit organization, founded as the Institute to Eliminate Poverty & Genocide in 1986. Project South's Legal & Advocacy department of Project South connects legal and advocacy work and movement lawyers with grassroots organizations with a focus on immigrants' rights. This work includes educating the public with know-your-rights workshops and releasing toolkits for advocacy and organizing. It also includes conducting scores of legal interviews with detained immigrants and documenting constitutional violations and human rights violations occurring inside ICE prisons in Georgia with a focus on the Stewart Detention Center, the Atlanta City Detention Center, and the Irwin County Detention Center. In the last five years, Project South has published the following reports that detail the violations in depth: "Imprisoned

Justice: Inside Two Georgia Immigrant Detention Centers" (May 2017); "Inside Atlanta's Immigrant Cages" (August 2018); "Deliberate Indifference: Records Show ICE's systematic failures at Georgia Detention Facility at the Center of Gynecological Abuse Investigations" (June 2021); and "Violence and Violation: Medical Abuse of Immigrants Detained at the Irwin County Detention Center" (September 2021). In addition, Project South has filed Freedom of Information Act (FOIA) lawsuits to gather more in-depth information about violations that detained immigrants face in ICE custody. For example, Project South is co-counsel in *Citizens for Responsibility and Ethics in Washington et al v. ICE*, No. 1:20-cv-03120 (D. D.C.), a FOIA lawsuit against ICE with the aim of acquiring records relating to non-consensual medical procedures performed on individuals in ICE custody; *Project South et al v. United States Immigration and Customs Enforcement et al*, No. 1:21-cv-08440 (S.D. N.Y.), a FOIA lawsuit against ICE with the aim of acquiring records relating to U.S. government deportation of Cameroonian migrants; and *Project South v. ICE*, No. 1:22-cv-00979 (D. D.C.), a FOIA lawsuit against ICE with the aim of acquiring records relating to the death of Santiago Baten-Oxlaj, an immigrant who died in ICE custody while detained at the Stewart Detention Center. In addition, Project South worked with detained immigrants, and a whistleblower nurse to file a complaint with the DHS Office of Inspector General regarding the Irwin County Detention Center in September 2020 that uncovered gynecological abuses on immigrant women. Project South is also Co-Counsel in *Oldaker v. Giles*, No. 7:20-cv-00224-WLS-MSH (M.D. Ga.), a class action lawsuit filed in this Court on behalf of the immigrant women who faced gynecological abuse and retaliation while detained at the Irwin County Detention Center. Attorneys Azadeh Shahshahani, Legal and Advocacy Director of Project South, and Priyanka Bhatt, Senior Staff Attorney at Project South are licensed to practice law in Georgia. They bring years of experience advocating

10

on behalf of detained immigrants in ICE custody and are both listed as counsel in all the above-named lawsuits.

22.     In addition to Plaintiffs' Counsel's experience, Plaintiffs' Counsel also has more than sufficient resources to vigorously prosecute this case in the interests of the Proposed Classes. Plaintiffs' Counsel began investigating the Work Program at Stewart Detention Center at issue in 2017. Since that time, and throughout the pendency of this litigation, Plaintiffs' Counsel has committed substantial time and resources to prosecute Plaintiffs' claims. To date, Plaintiffs' Counsel has defeated CoreCivic's motion to dismiss Plaintiffs' claims, defended the Court's order denying that motion on appeal before the Eleventh Circuit Court of Appeals, retained four experts to provide opinions to the Court, conducted an inspection of Stewart Detention Center, filed and responded to multiple discovery motions, served and answered 80 interrogatories and 74 requests for production, served multiple document subpoenas on third parties, conducted 13 individual depositions, one expert deposition, and two Federal Rule of Civil Procedure 30(b)(6) depositions, and defended their expert Dr. Pablo Stewart's deposition.

23.     The current team dedicated to this lawsuit includes twelve attorneys of record, supported by three paralegals, interns, and other institutional supports available to SPLC, Perkins Coie, and Project South.

24.     I am aware of no circumstance or condition that would in any way impair Plaintiffs' Counsel's ability to continue with vigorous litigation in this matter.

25.     Further, I am aware of no conflicts of interest between any of Plaintiffs' counsel and any members of the Proposed Classes.

26.     Plaintiffs' Counsel stands ready for appointment to represent the Proposed Classes adequately and fairly throughout the lifetime of this litigation.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: June 17, 2022

Meredith B. Stewart