# Exhibit 33

| | |
|---|---|
| **CHAPTER 15:** | **RESIDENT RULES AND DISCIPLINE** |
| **SUBJECT:** | **DETAINEE DISCIPLINE** |
| **SUPERSEDES:** | **NOVEMBER 1, 2013** |
| **EFFECTIVE DATE:** | **AUGUST 16, 2017** |
| **APPROVED:** |   **SIGNATURE ON FILE**<br>**BILL SPIVEY**<br>**FACILITY ADMINSTRATOR** |

---

**15-100.1   POLICY:**

Alleged and confirmed violations of facility rules are managed through established procedures which ensure that detainees are afforded due process rights, and that sanctions are fair, impartially given and appropriate for the offense.  Disciplinary action may not be capricious or retaliatory nor based on race, religion, national origin, sex, sexual orientation, disability, or political beliefs.  Discipline will never be of a nature or administered in a way that degrades or humiliates the detainee. At all steps in the disciplinary process, any sanctions imposed shall be commensurate with the severity of the committed prohibited act and intended to encourage the detainee to conform with rules and regulations in the future.

Detainees shall be subjected to disciplinary sanctions pursuant to a formal disciplinary process following an administrative or criminal finding that the detainee engaged in sexual abuse, consistent with the requirements of ICE PBNDS 3.1 Disciplinary System (and as contained herein).  The facility shall not discipline a detainee for sexual contact with staff unless there is a finding that the staff member did not consent to such contact.  For the purpose of disciplinary action, a report of sexual abuse made in good faith based upon a reasonable belief that the alleged conduct occurred shall not constitute falsely reporting an incident or lying, even if an investigation does not establish evidence sufficient to substantiate the allegation.

**15-100.2   AUTHORITY:**

Facility Policy

Contract

**15-100.3   DEFINITIONS:**

Disciplinary Report – A written report prepared by a staff member that alleges an infraction(s) of institutional rules. A Disciplinary Report may be in the form of the ICE I-884 Incident of Prohibited Acts and Notice of Charges or similar approved form.

Due Process – A course of formal proceedings carried out regularly and in accordance with established rules and principles.

**15-100.4   PROCEDURES:**

    A.    INFORMAL RESOLUTION

        Minor transgressions shall be settled informally and by mutual consent whenever possible.  If, however, it is determined that an informal resolution is inappropriate or unattainable, a Disciplinary Report will be prepared and submitted to the appropriate Shift Supervisor before the end of the assigned shift.

    B.    DISCIPLINARY REPORT

1. Officers/staff who witness a prohibited act, or have reason to suspect one has been committed, shall immediately prepare and submit an Incident Report. All Incident Reports must state facts clearly, precisely and concisely, omitting no details that may prove significant. Reports also shall identify the officer(s), the detainee(s) and all witnesses to the incident.

2. The Disciplinary Report will:

    a. State the facts clearly, precisely and concisely;

    b. Omit no details that may prove significant;

    c. Identify the officer(s), detainee(s) and all witnesses to the incident;

    d. Cite the relevant rule or standard without quoting it in its entirety;

    e. Include anything unusual in the detainee's behavior or demeanor observed by the officer;

    f. Include disposition of any physical evidence (weapons, property, etc.) relating to the incident; and

    g. Include the reporting officer's signature, title, and date and time the report was signed.

3. The Shift Supervisor will review all disciplinary reports before going off duty.

C. MENTAL COMPETENCE

1. For purposes of this policy, a mentally incompetent individual is defined as:

    a. An individual who is unable to appreciate the difference between appropriate and inappropriate behavior or between "right" and "wrong".

    b. An individual who cannot assist in his/her own defense because he/she lacks the ability to understand the nature of the disciplinary proceedings, as determined by a medical authority.

2. Such individuals are not capable of acting in accordance with those norms and therefore, cannot be held responsible for his/her "wrongful" actions.

3. If at any stage of the disciplinary process there is reason to believe that the detainee is mentally ill or mentally incompetent, the facility shall provide for an assessment by qualified medical personnel.

    a. When a detainee has a diagnosed mental illness or mental disability, or demonstrates symptoms of mental illness or mental disability, a mental health professional, preferably the treating clinician, shall be consulted to provide input as to the detainee's competence to participate in the disciplinary hearing, any impact the detainee's mental illness may have had on his or her responsibility for the charged behavior, and information about any known mitigating factors in regard to the behavior.

4. Disciplinary proceedings against such a detainee shall be postponed until such time as the detainee is able to understand the nature of the disciplinary proceedings and to assist in his/her own defense.

5. If the detainee's mental status does not improve within a reasonable amount of time, the disciplinary report shall find the detainee incompetent to assist in his/her defense, and note such finding on the Disciplinary Report. Under such circumstance, disciplinary proceedings cannot move forward.

D. INVESTIGATIONS

**Proprietary Information – Not For Distribution – Copyrighted - Property of CoreCivic**

1. Each incident will be objectively and impartially investigated and reported.

2. The investigator will be appointed by the Facility Administrator or designee.

   a. The investigator will normally be a person of supervisory rank.

   b. The investigator will be a person who was not involved in the incident.

3. The investigator is responsible for completing the necessary interviews, collecting evidence, and submitting the written reports to the Unit Disciplinary Committee (UDC). The investigator shall:

   a. To ensure that all incident report are investigated within twenty-four (24) hours of the incident, commence with the investigation within twenty-four (24) hours of receipt of the Disciplinary Report;

   b. Advise the detainee of the right to remain silent at every stage of the disciplinary process, and ensure he/she has a completed listing of the detainee rights (I-892);

   c. Advise the detainee that, although silence may not be used to support a finding of guilt, silence is rarely interpreted in the detainee's favor;

   d. Complete the investigation within seventy-two (72) hours of receipt of the Incident Report, barring exceptional circumstances;

   e. Provide the detainee(s) with a copy of the Disciplinary Report immediately after the conclusion of the investigation;

   f. Advise the detainee of his/her right, if applicable, to an initial hearing before the Unit Disciplinary Committee (UDC) within twenty-four (24) hours of his/her notification of charges;

   g. Advise the detainee in writing of his/her due process rights before the UDC, or before the Institution Disciplinary Panel (IDP) if the case is being referred directly to the IDP;

   h. Terminate the investigation if the incident is under investigation elsewhere, e.g., on criminal grounds, unless and until the agency with primary jurisdiction concludes its investigation or indicates that it will not pursue the matter;

   i. Record personal observances and other potentially material information;

   j. Prepare a factual report (I-890 Investigation Report or similar approved form) of the investigation, including the location or disposition of any physical evidence; and

   k. Forward to the UDC or directly to the IDP all reports relevant to the disciplinary hearing.

   l.

E. UNIT DISCIPLINARY COMMITTEE (UDC)

The UDC further investigates and adjudicates the incident and may impose minor sanctions or refer the matter to a higher disciplinary level.

1. The UDC shall be comprised of one (1) to three (3) members, at least one (1) of whom is a supervisor.

2. The UDC shall **no**t include the reporting officer, the investigating officer, or an officer who witnessed or was directly involved in the incident.

Proprietary Information – Not For Distribution – Copyrighted - Property of CoreCivic

CCBVA0000003886

NOTE: Exceptions may occur only if the number of staff persons required for the panel cannot be filled due to their direct involvement in the incident.

3. The UDC will conduct hearings and, to the extent possible, informally resolve cases involving "high moderate" or "low moderate" charges, in accordance with the listed charges and related sanctions.

   i. Unresolved cases and cases involving serious charges are forwarded to the Institutional Disciplinary Panel, and may be referred to the IDP without a hearing.

4. Unresolved cases and cases involving serious charges are forwarded to the Institutional Disciplinary Panel.

5. All hearings held will be documented on 15-100A Hearing Docket via the current FSC/CoreCivic electronic database."

5. UDC Authority

   a. Conduct hearings and informally resolve incidents involving high moderate or low moderate charges;

   b. Consider written reports, statements, and physical evidence;

   c. Hear pleadings on the part of the detainee;

   d. Make findings that a detainee did or did not commit the rule violation(s) or prohibited act(s) as charged, based on the preponderance of evidence; and

   e. Impose minor sanctions in accordance with the table of prohibited acts and associated sanctions; minor sanctions are those listed sanctions other than initiation of criminal proceedings, recommended disciplinary transfer, disciplinary segregation, or monetary restitution.

6. A detainee in UDC proceedings shall have the right to due process, which includes the rights to:

   a. Remain silent at any stage of the disciplinary process;

   b. Have a UDC hearing within twenty-four (24) hours after the conclusion of the investigation, unless the detainee:

      i. Waives the notification period and requests an immediate hearing; or

      ii. Requests more time to gather evidence or otherwise prepare a defense;

   c. Attend the entire hearing (excluding committee deliberations); or

   d. Waive the right to appear.

      NOTE: If security considerations prevent detainee attendance, the committee must document the security considerations and, to the extent possible, facilitate the detainee's participation in the process via telephonic testimony, document submission, written statements or questions to be asked of witnesses.

   e. Present statements and evidence, including witness testimony on his/her own behalf; and

   f. Appeal the committee's determination through the detainee grievance process.

Proprietary Information – Not For Distribution – Copyrighted - Property of CoreCivic

CCBVA0000003887

8. UDC Responsibilities

   The UDC shall:

   a. Verify that the detainee has been advised of and afforded of his/her due process rights as provided above;

   b. Refer to the IDP any incident involving a serious violation that may result in the following sanctions:

      i. Initiation of criminal proceedings;
      ii. Recommended disciplinary transfer;
      iii. Disciplinary segregation; or
      iv. Monetary restitution.

      This includes all code violations in the "greatest" and "high" categories (100s and 200s), and must include code violations in the "high moderate" category (300s) in order for any of the sanctions listed above to be imposed.

   c. Serve the detainee with:

      i. A copy of the UDC decision which must contain the reason for the disposition and sanctions imposed; or
      ii. Written notification of charges and hearing before the IDP.

   d. If the detainee's case is being referred to the IDP, advise the detainee, in writing, of his/her due process rights as outlined above in section E.7.

F. INSTITUTIONAL DISCIPLINARY PANEL (IDP)

All facilities that house ICE/ERO detainees shall have a higher level disciplinary panel to adjudicate detainee Incident Reports. Only the disciplinary panel may place a detainee in disciplinary segregation. The IDP conducts formal hearings on Incident Reports referred from investigations or UDCs and may impose higher level sanctions for "greatest" and "high" level prohibited acts.

1. Only the Institutional Disciplinary Panel can place a detainee in disciplinary segregation.

2. The IDP will consist of either a three-person panel appointed by the facility administrator, or a one-person disciplinary hearing officer.

3. The panel shall **not** include the reporting officer, the investigating officer, member of the referring UDC, or anyone who witnessed or was directly involved in the incident.

   NOTE: Exceptions may occur only if the number of staff persons required for the panel cannot be filled due to their direct involvement in the incident.

4. The IDP may receive incident reports following a referral from the UDC or directly from the investigative officer following the conclusion of the investigation.

5. IDP Authority

   The IDP shall have authority to:

   a. Conduct hearings on all charges and allegations referred by the UDC or sent directly from the investigating officer;

   b. Call witnesses to testify;

Proprietary Information – Not For Distribution – Copyrighted - Property of CoreCivic

CCBVA0000003888

    c.  Consider written reports, statements, physical evidence, and oral testimony;

    d.  Hear pleadings by detainee and staff representative;

    e.  Make findings that the detainee did or did not commit the rule violation(s) or prohibited acts(s) as charged, based on the preponderance of evidence; and

    f.  Impose sanctions as listed and authorized in each category.

6. A detainee in IDP proceedings shall have the right to due process, which includes the rights to:

    a.  Remain silent at any stage of the disciplinary process;

    b.  Have an IDP hearing within 48 hours after the conclusion of the investigation or the conclusion of the UDC hearing, unless the detainee:

        i.  Waives the notification period and requests an immediate hearing, or

        ii.  Requests more time to gather evidence or otherwise prepare a defense;

        iii.  Attend the entire hearing (excluding committee deliberations), or waive the right to appear; or

        iv.  Waive the right to appear.

    NOTE:  If security considerations prevent detainee attendance, the committee must document the considerations and, to the extent possible, facilitate the detainee's participation in the process via telephonic testimony, document submission, written statements or questions to be asked of witnesses.

    c.  Present statements and evidence, including witness testimony on his/her behalf;

    d.  Have a staff representative; and

    e.  Appeal the committee's determination through the detainee grievance process.

7. IDP Responsibilities

    The IDP shall:

    a.  Verify that the detainee has been advised of, and afforded his/her due process rights, as outlined above.

    b.  Remind the detainee of his/her right to a staff representative, providing one if requested and verify that a staff representative us assigned when requested.

    c.  Advise the detainee of his/her right to waive the hearing and admit to having committed the offense.

    d.  Conduct the hearing within forty-eight (48) hours after the conclusion of the investigation or the conclusion of the UDC hearing, unless the detainee requests more time to gather evidence or otherwise prepare a defense.

        i.  In cases where a hearing is delayed, the reason(s) must be documented (e.g. a continuing investigation of facts, the unavailability of one or more essential witnesses, etc.) and,

**Proprietary Information – Not For Distribution – Copyrighted - Property of CoreCivic**

CCBVA0000003889

                    unless the detainee has requested the delay, approved by the Facility Administrator.

            ii.    If the detainee is being held in segregation, the delay shall not exceed seventy-two (72) hours, barring an emergency.

      e.    Prepare a written record of any hearing that includes, at a minimum, the following:

            i.    Verification that the detainee was advised of his/her rights;

            ii.    Documentation of the evidence considered by the Panel and the subsequent findings;

            iii.    The decision and sanctions imposed, along with a brief explanation;

      f.    Forward the entire record to the Facility Administrator (OIC) who may (a) concur; (b) terminate the proceedings; or (c) impose more sever or more lenient sanctions; and

      g.    Serve the detainee with written notification of the decision, which must contain the reason for the decision.

G.    STAFF REPRESENTATION FOR THE IDP

    1.    The Facility Administrator or designee shall, upon the detainee's request, assign a staff representative to help prepare a defense.

        a.    A representative will be automatically provided for illiterate detainees, detainees with limited English-language skills; detainees without means of collecting and presenting essential evidence and detainees in administrative or disciplinary segregation.

    2.    The staff representative must be a full-time employee.

    3.    Because of the potential conflict of interest, the Facility Administrator, members of the IDP and the UDC initially involved in the case, eyewitnesses, the reporting and investigating officers, and anyone else with a stake in the outcome shall not act as staff representative.

    4.    The detainee may select his/her staff representative, barring anyone identified in b above.

    5.    The IDP shall arrange for the presence of the staff representative selected by the detainee. If that staff member declines or is unavailable, the detainee has three (3) choices. He/she may select a different representative; wait for the available staff member to become available (within a reasonable period); or proceed without a staff representative.

    6.    A staff member declining to serve as a detainee's representative must state the reason on the staff representative section of the form.

    7.    If several officers decline, the Facility Administrator or designee shall assign a staff member to serve as that detainee's staff representative.

    8.    The staff representative shall be free to speak to witnesses and present evidence in the detainee's behalf, including any mitigating circumstances.

    9.    The IDP shall allow the staff representative enough time to speak with the detainee and interview witnesses. The standard pre-hearing preparation time will suit most cases. However, the IDP may grant a delay if required for an adequate defense.

**Proprietary Information – Not For Distribution – Copyrighted - Property of CoreCivic**

CCBVA0000003890

10. The IDP shall establish the reliability of information provided by a confidential informant before considering it in the disciplinary proceedings.

11. The IDP may withhold the confidential informant's identity from the staff representative. While the staff representative may challenge the substance of any confidential information the IDP discloses, he/she may not question its reliability (pre-established by the IDP).

12. When the detainee cannot effectively present his/her own case, the Facility Administrator or designee shall appoint a staff representative, even if not requested by the detainee.

H. POSTPONEMENT OF DISCIPLINARY PROCEEDINGS

1. Postponements or continuances are permitted under certain circumstances.

2. Circumstances justifying the postponement or continuances of a hearing might include but are not limited to:

    a. Defense preparation;

    b. Physical or mental illness;

    c. Security;

    d. Escape;

    e. Disciplinary transfer; AND

    f. Removal or pending criminal prosecution.

3. An uncooperative detainee may also cause a delay in the proceedings, either because of inappropriate behavior during the hearing process or a refusal to participate in a productive manner.

I. SANCTIONS

Any sanction imposed shall be approved by the facility administrator and reviewed by the Field Office Director.

1. Duration

    a. The duration of sanctions shall be within established limits. Neither the panel recommending sanctions nor the Facility Administrator (OIC) making the final decision shall impose sanctions arbitrarily, outside these limits.

    b. Sanctions range from the withholding of privilege(s) to segregation.

        i. Disciplinary segregation shall only be ordered when alternative dispositions may inadequately regulate the detainee's behavior.

        ii. Time in segregation, or the withholding of privileges after a hearing, shall generally not exceed thirty (30) days per incident, except in extraordinary circumstances such as violations of offenses 100 through 109 listed in the "Greatest" offense category in Appendix 3.1.A.

        iii. While a detainee may be charged with multiple prohibited acts and may receive multiple sanctions for one incident, sanctions arising from a single incident shall run concurrently.

        iv. Time served in segregation pending the outcome of the proceedings shall be accredited to the number of days to be spent in the segregation unit after the decision is announced.

Proprietary Information – Not For Distribution – Copyrighted - Property of CoreCivic

CCBVA0000003891

- Time served in pre-disciplinary hearing detention shall be deducted from any time ordered by the Institution Disciplinary Panel (IDP).

v. The detainee's good behavior subsequent to the rule violation or prohibited act should be given consideration when determining the appropriate penalty.

vi. The disciplinary report and accompanying documents are not placed in the file of a detainee who is found not guilty. The facility, however, may retain the material in its own files for Institution statistical or historical purposes.

2. Prohibited Sanctions

Staff will not impose or allow imposition of the following sanctions, unless such activity would create a documented unsafe condition within the facility:

a. Corporal punishment;
b. Deprivation of food services (to include use Nutraloaf or "food loaf";
c. Deprivation of clothing, bedding or hygiene items;
d. Deprivation of correspondence privileges;
e. Deprivation of legal access and legal materials; and
f. Deprivation of indoor or outdoor recreation.

3. Sanctions Involving the Mentally Ill

If a detainee has a mental disability or mental illness but is competent, the disciplinary process shall consider whether the detainee's mental disabilities or mental illness contributed to his or her behavior when determining what type of sanction, if any, should be imposed. A mental health professional should also be consulted as to whether certain types of sanctions, (e.g. placement in disciplinary segregation, loss of visits, or loss of phone calls) may be inappropriate because they would interfere with supports that are a part of the detainee's treatment or recovery plan.

J. DISCIPLINARY SEVERITY SCALE AND PROHIBITED ACTS

1. At all steps in the disciplinary process, any sanctions imposed shall be commensurate with the severity of the committed prohibited act and intended to encourage the detainee to conform with rules and regulations in the future.

a. Sanctions shall be in accordance with Immigration and Customs Enforcement (ICE) Performance-Based National Detentions Standards (PBNDS) 3.1.A Offense Categories (see Appendix).

2. Prohibited acts are divided into four categories: "Greatest," "High," "High Moderate," and "Low Moderate." The sanctions authorized for each category will be imposed only if the detainee is found to have committed a prohibited act.

a. Greatest Offenses

i. The IDP shall impose and execute at least one sanction in the 1 through 5 range.

ii. Additional sanctions may be imposed and either executed or suspended, at the discretion of the panel.

b. High Offenses

    i. The IDP shall impose and execute at least one sanction in the 1 through 12 range.

    ii. Additional sanctions (1 through 12) may be imposed, or may be suspended at the discretion of the panel.

  c. High Moderate Offenses

    i. The IDP shall impose at least one sanction in the 1 through 13 range, but may suspend any or all, once imposed.

    ii. The UDC shall impose at least one sanction in the 7 through 13 range, but may suspend any or all, once imposed.

  d. Low Moderate Offenses

    i. The IDP shall impose at least one sanction in the 1 through 9 range, but may suspend any or all, once imposed.

    ii. Similarly, the UDC shall impose at least one sanction in the 3 through 9 range, but may suspend any or all, once imposed.

K. DOCUMENTS

 1. At all steps in the disciplinary process, accurate and complete records shall be maintained.

  a. Disciplinary Report

    i. Immediately after an incident takes place, the officer shall prepare and submit a report to the area Supervisor.

    ii. If the incident is resolved informally, the officer will so note on the original report, which will then be forwarded to the Chief of Security or Chief of Unit Management.

    iii. If the UDC is to be involved, the supervisor shall serve the detainee with a copy of the Disciplinary upon completion of the investigation, no less than twenty-four (24) hours before the UDC hearing.

    NOTE: The UDC receives the original copy.

    iv. If the UDC hears the matter, the ranking member of that committee shall serve the detainee with a copy of Disciplinary Report indicating their decision.

    v. The UDC, upon conclusion of its proceedings, will forward the entire record to either the Chief of Security/Chief of Unit Management or the IDP (Disciplinary Hearing Officer), as appropriate.

  b. Investigation Report

    i. Original – submitted to the UDC

    ii. Detainee does not receive a copy

  c. UDC Report of Findings and Action

    • Original – served on the detainee after the committee issues its findings

    • Copy – to the detainee detention file (guilty finding only)

**Proprietary Information – Not For Distribution – Copyrighted - Property of CoreCivic**

CCBVA0000003893

    d.    Notice of IDP Hearing

- Original – served on detainee
- Copy –detainee detention file

    e.    Detainee Rights at IDP Hearing

        i.    Original – served on detainee

        ii.    Copy –detainee detention file

    f.    IDP Report

        i.    Original – detainee detention file

        ii.    Copy – detainee

2.    The detainee shall receive copies of all reports, exhibits, and other documents considered or generated in the hearing process, unless the disclosure of such documents would pose a threat to the safety, security, and orderly operation of the facility, or if the document/evidence is protected from disclosure.

3.    The disciplinary report and accompanying documents are not placed in the file of a detainee who is found not guilty. However, the facility will retain the material in its own files for institutional uses (statistical, historical, etc.).

L.    CONFIDENTIAL SOURCE

When a decision relies on information from a confidential source, the UDC or IDP shall disclose as much of the confidential information as may be disclosed without jeopardizing the safety and security of facility staff and other persons, and shall include in the hearing record the factual basis for finding the information reliable.

1.    The IDP shall establish the reliability of information provided by a confidential source before considering it in the disciplinary proceedings.

2.    The IDP may withhold the confidential source's identity from the staff representative. While the staff representative may challenge the substance of any confidential information the IDP discloses, he or she may not question its reliability (which is pre-established by the IDP).

M.    NOTICE TO DETAINEES

1.    All written materials provided to detainees shall generally be translated into Spanish.

2.    Copies of the rules of conduct, rights and disciplinary sanctions shall be provided to all detainees and posted in English, Spanish, and other languages spoken by significant segments of the population with limited English proficiency. Information to be provided and posted is, at a minimum, the following:

    a.    Disciplinary Severity Scale;

    b.    Prohibited Acts; and

    c.    Sanctions.

3.    The facility shall provide communication assistance to detainees with disabilities and detainees who are limited in their English proficiency (LEP). The facility will provide detainees with disabilities with effective communication, which may include the provision of auxiliary aids, such as readers, materials in Braille, audio recordings, telephone handset amplifiers, telephones compatible with hearing aids, telecommunications devices for deaf persons (TTYs), interpreters, and note-takers, as needed. The facility will also provide detainees who are LEP with

**Proprietary Information – Not For Distribution – Copyrighted - Property of CoreCivic**

language assistance, including bilingual staff or professional interpretation and translation services, to provide them with meaningful access to its programs and activities.

4. Detainees with limited English proficiency (LEP) shall receive translation or interpretation services, and detainees with disabilities shall receive appropriate accommodations in order to meaningfully participate in the investigative, disciplinary, and appeal process.

5. Where practicable, provisions for written translation shall be made for other significant segments of the population with limited English proficiency.

6. Detainees will receive accommodation for the hearing impaired.

7. Oral interpretation or assistance shall be provided to any detainee who speaks another language in which written material has not be translated or who is illiterate.

8. The detainee handbook or supplement will be issued to each detainee upon admittance and will provide notice of the following:

    a. The facility's rules of conduct and prohibited acts;

    b. The sanctions imposed for violations of the rules;

    c. The disciplinary severity scale;

    d. The disciplinary process;

    e. The procedure for appealing the disciplinary finding; and

    f. Detainee rights:

        i. The right to protection from personal abuse, corporal punishment, unnecessary or excessive use of force, personal injury, disease, property damage and harassment;

        ii. The right of freedom from discrimination based on race, religion, national origin, gender, sexual orientation, physical or mental disability, or political beliefs;

        iii. The right to pursue a grievance, in accordance with procedures provided in the detainee handbook, without fear of retaliation;

        iv. The right to pursue a grievance in accordance with standard 6.2 Grievance System and procedures provided in the detainee handbook;

        v. The right to correspond with persons or organizations, consistent with safety, security, and the orderly operations of the facility; and

        vi. The right to due process, including the prompt resolution of a disciplinary matter.

N. CRIMINAL MISCONDUCT

Facilities, in coordination with the Field Office Director, shall work with prosecutors and other law enforcement officials to ensure that detainees who engage in serious criminal activity, including violence against staff and other detainees, face criminal prosecution when appropriate.

Proprietary Information – Not For Distribution – Copyrighted - Property of CoreCivic

CCBVA0000003895

      a.    If the designated supervisor reviewing the report or UDC/IDP suspects the conduct for which the detainee is being disciplined is a crime, he/she will notify the Facility Administrator or Administrative Duty Officer who will contact the appropriate law enforcement agency.

      b.    Administrative investigations shall be suspended pending the outcome of the referral to law enforcement.

      c.    Any UDC/IDP hearing for this alleged offense will be conducted following the procedure set out herein and the detainee will be advised that they have the right to remain silent in the hearing and that anything they say during the course of the disciplinary hearing may be used against them in any subsequent criminal proceeding.

O.    APPEAL PROCESS

Detainee may appeal decisions of the UDC and IDP/DHO through the formal grievance process.

**15-100.5 REVIEW:**

The Disciplinary Hearing Officer and Chief of Security will review this policy on an annual basis with recommended revisions as necessary to the Facility Administrator.

**15-100.6 APPLICABILITY:**

All Staff and Detainees

**15-100.7 APPENDICES:**

3.1.A.    ICE PBNDS Offense Categories

**15-100.8 ATTACHMENTS:**

| I-883 | U.S. Department of Justice (USDOJ)/Disciplinary Segregation Order |
| I-884 | USDOJ/Incident of Prohibited Acts and Notice of Charges |
| I-890 | USDOJ/Investigation Report |
| I-891 | USDOJ/Unit Disciplinary Committee Report of Findings & Actions |
| I-892 | USDOJ/Detainee Rights |
| I-893 | USDOJ/Notice of Institution Disciplinary Panel Hearing |
| I-894 | USDOJ/Institution Disciplinary Panel Report |

**15-100.9 REFERENCES:**

Contract

ICE 2011 Performance-Based National Detention Standards (with 2013 Errata and 2016 Revisions)
- 3.1 Detainee Discipline
- 2.11 Sexual Abuse and Assault Prevention and Intervention
- 2.12 Special Management Units

ACA Standards:

4-ALDF-3A-01

4-ALDF-3A-02

4-ALDF-6C-01

4-ALDF-6C-02
4-ALDF-6C-03
4-ALDF-6C-04
4-ALDF-6C-05
4-ALDF-6C-06
4-ALDF-6C-07
4-ALDF-6C-08
4-ALDF-6C-09
4-ALDF-6C-10
4-ALDF-6C-11
4-ALDF-6C-12
4-ALDF-6C-13
4-ALDF-6C-14
4-ALDF-6C-15
4-ALDF-6C-16
4-ALDF-6C-17
4-ALDF-6C-18