## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

WILHEN HILL BARRIENTOS, et al.,

                Plaintiffs,

v.

CORECIVIC, INC.,

                Defendant.

Civil Action No. 4:18-cv-00070-CDL

## DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

CoreCivic's Motion for Partial Summary Judgment ("MPSJ") sought summary judgment on three narrow issues pertaining to Plaintiffs' unjust enrichment claim.[1] Plaintiffs' Response, however, spends more than eight pages discussing irrelevant facts about CoreCivic's alleged violation of the Trafficking Victims Protection Act ("TVPA") in an attempt to litigate this case as a class action despite the denial of their Motion for Class Certification. (Dkt. 285.) But this case is not a class action, and Plaintiffs' TVPA claims are not currently at issue.[2]

---

[1] The MPSJ also sought summary judgment on Plaintiffs' claims for declaratory and injunctive relief. Plaintiffs concede that their individual claims for such relief are moot as a result of their releases from SDC, but then state they are not waiving class-wide rights they do not currently possess. Whether Plaintiffs or the putative class retain any rights to declaratory and injunctive relief based on appeals Plaintiffs may file in the future is too speculative to warrant discussion by CoreCivic or consideration by the Court. The Court should dismiss Plaintiffs' claims for declaratory and injunctive relief with prejudice.

[2] Plaintiffs put these same facts in their Statement of Disputed Materials Facts. (Dkt. 320-2.) Plaintiffs do not cite any of these facts again in the Argument section of their Response, as they are completely irrelevant to the issues raised in the MPSJ and therefore fail to create genuine disputes as to any material facts at issue in the MPSJ. The Court should disregard them in ruling on the MPSJ. Plaintiffs' inclusion of these facts is likely also an improper attempt to bolster their Motion to Unseal Restricted Documents, in which they argued that the presumption of public access to court documents applies to "any material filed in connection with any substantive pretrial motion." (Dkt. 286 at 2.) The Court should reject such gamesmanship.

Plaintiffs' unjust enrichment claim fails as a matter of law; Plaintiffs cannot prove either that they provided a benefit to CoreCivic with the expectation that CoreCivic would be responsible for the cost or the amount of any such benefit; and Plaintiffs are not entitled to disgorgement of any portion of CoreCivic's profits. The Court should dismiss the unjust enrichment claim with prejudice or at least limit the damages available on that claim.[3]

## I.   LEGAL ARGUMENT

### A.   Plaintiff's Unjust Enrichment Claim Fails as a Matter of Law.

Plaintiffs state the standard for an unjust enrichment claim, citing to several Georgia Supreme Court cases that acknowledge that standard. CoreCivic, however, has not argued for a different standard. (*See, e.g.,* Dkt. 304 at 9–10.) Moreover, with one exception, the cases Plaintiffs cite involved contract issues.[4] *See Tuvim v. United Jewish Communities, Inc.*, 680 S.E.2d 827, 828 (Ga. 2009) (the plaintiffs sought "injunctive relief and the cancellation of certain contracts," and the defendant counter-claimed for unjust enrichment in the event the contracts were cancelled); *Engram v. Engram*, 463 S.E.2d 12, 14 (Ga. 1995) (reviewing "the grant of summary judgment … on plaintiff's claims for specific performance of an alleged oral option

---

[3] The Court should deem the statements in ¶¶ 1–11 of its Separate Statement of Facts (Dkt. 304-1) to be undisputed pursuant to Local Rule 56. The disputes Plaintiffs identify in ¶¶ 1 and 8 are not material. Plaintiffs rely on Dr. Schwartz's improper and untimely "supplemental" report to dispute ¶¶ 2, 6, 9, and 11–13; the Court should disregard those responses for the reasons set forth below. Plaintiffs state that ¶¶ 3, 5, 7, and 10 are undisputed, but then cite additional facts that are irrelevant to the statements in those paragraphs; the Court should disregard them. Plaintiffs state ¶ 4 is disputed in part, but the facts they cite do not show that the statement in ¶ 4 is not correct. In fact, Plaintiffs admit that Plaintiff Hill-Barrientos signed a VWP Agreement, which is all the statement says. The Court should consider this fact undisputed.

[4] *Eastside Recovery, LLC v. Calhoun*, A23A0615, 2023 WL 4199463, at *4 (Ga. Ct. App. June 26, 2023), did not involve contract issues or claims, but it appears that no party challenged the unjust enrichment claim on that basis. The Georgia Court of Appeals did, however, affirm the dismissal of the claim because the plaintiff "had an adequate and complete statutory remedy." *Id.*

agreement to purchase real property, and, alternatively, for unjust enrichment"); *St. Paul Mercury Ins. Co. v. Meeks*, 508 S.E.2d 646, 647 (Ga. 1998) (insurance company that insured bank sued former bank employee convicted of embezzlement and her husband); *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1120 (11th Cir. 2010) (reviewing an order denying arbitration despite a provision in the subscriber agreement requiring it).[5]

Plaintiffs argue that "[t]he Georgia Supreme Court has never required alternative pleading of a failed contract with an unjust enrichment claim," citing to *St. Paul Mercury Ins. Co.*, 508 S.E.2d at 648. (Dkt. 318 at 12.) That case, however, involved a contract of insurance that did not extend to the civil defendants, and the Georgia Supreme Court was not asked to, and did not, discuss whether the claim was appropriate as a matter of law and/or was improperly plead and prosecuted as a tort claim. *St. Paul Mercury Ins. Co.*, 508 S.E.2d at 647. Rather, after citing the standard, the Court held that there was evidence supporting the verdict because "there was evidence … that [the defendant's] debts were not paid with embezzled funds, and hence he was not unjustly enriched as claimed." *Id.* at 648. In other words, the plaintiff failed to prove an essential element of its claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The cases CoreCivic cited in its MPSJ therefore do not conflict with *St. Paul Mercury Ins. Co.* or any other Georgia Supreme Court case. They are all good law, and Plaintiffs' attempts to distinguish them fail, as the plaintiffs in each case attempted to—like Plaintiffs

---

[5] *See also AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1356–57 (11th Cir. 2021) (misappropriation of trade secrets and breach of contract); *Sitterli v. Csachi*, 811 S.E.2d 454, 457 (Ga. 2018) (alleged oral agreement to pass the house at issue to the plaintiff upon the defendant's death); *Estate of Crook v. Foster*, 775 S.E.2d 286, 289–90 (Ga. App. 2015) (mortgage and deed securing the mortgage); *Morris v. Britt*, 620 S.E.2d 422, 424 (Ga. App. 2005) (lease-purchase agreement); *Yoh v. Daniel*, 497 S.E.2d 392, 640–41 (Ga. App. 1998) (reneged contract to sell a house).

here—prosecute unjust enrichment claims as tort claims. *See Tidikis v. Network for Med. Communications & Research LLC*, 619 S.E.2d 481, 485 (Ga. App. 2005) ("In his complaint, Tidikis alleges that the defendants, '[b]y terminating [him], divesting [him] of his options and Clawback Shares, and denying [him] the full value of his membership units, ... unjustly enriched themselves in an amount to be proven at trial.' In phrasing the complaint in this manner, Tidikis apparently is treating the unjust enrichment claim like a tort—e.g., the defendants violated his legal right to property interests. However, a claim for unjust enrichment is not a tort, but an alternative theory of recovery if a contract claim fails.") (alterations in original; internal citations omitted); *Wachovia Ins. Services, Inc. v. Fallon*, 682 S.E.2d 657, 665 (Ga. App. 2009) ("'[A] claim for unjust enrichment is not a tort, but an alternative theory of recovery if a contract claim fails.' Because Wachovia Insurance asserts unjust enrichment as a separate tort and not an alternative theory of recovery for a failed contract, this claim fails as a matter of law.") (alterations in original; internal citations omitted); *Tolson Firm, LLC v. Sistrunk*, 789 S.E.2d 265, 271 (Ga. App. 2016) ("In its claim for unjust enrichment, the Cochran Firm alleged that it 'provided overhead, advertising, and significant money to obtain [its] clients'; that it 'provided thousands of dollars in expenses to prosecute the cases on behalf of these clients'; 'paid the salaries of secretaries and paralegals to work on these cases for the benefit of [the firm], not Tolson'; 'the knowledge, funds and resources Tolson gathered as an employee of [the firm] were used and benefitted Tolson as she litigated and continues to litigate each case'; Tolson 'has received a benefit and an advantage by [the firm]'s funding and her work on these cases while she was employed by [the firm].' Because [the Cochran Firm] asserts unjust enrichment as a

separate tort and not an alternative theory of recovery for a failed contract, this claim fails as a matter of law.") (alterations in original; internal citations omitted).[6]

Plaintiffs also fail to address *Rollins v. LOR, Inc.*, 815 S.E.2d 169, 177 & n.10 (Ga. App. 2018), which noted that claims for unjust enrichment are subject to a four-year limitation period under Ga. Code Ann., § 9-3-26, which provides that "All other actions upon contracts express or implied not otherwise provided for shall be brought within four years from the accrual of the right of action." Plaintiffs further ignore the title of § 93-26, which is "Other actions ex contractu," meaning "arising from or based on a contract." (See https://www.law.cornell.edu/wex/ex_contractu, last accessed July 17, 2023.) Plaintiffs therefore concede that unjust enrichment is a contract-type claim.

Nevertheless, Plaintiffs confusingly argue that CoreCivic's cases "all involve tortious—not quasi-contractual—conduct," but also that "Plaintiffs have never argued [an enforceable

---

[6] The issue is not, as Plaintiffs attempt to spin it, merely that they should have plead a breach of contract claim. It is that Plaintiffs' allegations are of the same type that the *Tidikis*, *Wachovia Ins. Co.*, and *Tolson Firm, LLC* courts held showed that the unjust enrichment claims were being prosecuted as independent tort claims rather than alternative theories of recovery on failed contract claims. (*See* Dkt. 87 at ¶ 129 [CoreCivic allegedly reduced its labor costs and increased its profits by "obtaining undercompensated labor from Plaintiffs"], ¶ 130 [Plaintiffs allegedly conferred benefits on CoreCivic by "performing work for $1 to $4 per day, and up to $8 per day for kitchen workers under certain circumstances, for which CoreCivic would otherwise have had to pay at least the applicable minimum wage or more, thereby significantly and materially increasing CoreCivic's profits and unjustly enriching CoreCivic and the expense of and detriment to Plaintiffs"], ¶¶ 131–133 [CoreCivic's retention of these benefits allegedly "violated principles of justice, equity, and good conscience," causing them "concrete harm and injury, including physical and emotional injury, and the unlawful violation of their rights," for which they are "entitled to recover from CoreCivic all amounts that CoreCivic has wrongfully and improperly obtained"].) Given that Plaintiffs now, after having completed extensive discovery, concede that there is no evidence of *any* type of contractual claim between them and CoreCivic, the only reasonable inference that remains is that Plaintiffs have prosecuted their unjust enrichment claim as an improper tort claim that cannot stand as a matter of law. *Tolson Firm, LLC*, 789 F.2d at 271 (quoting *Wachovia Ins. Services*, 682 S.E.2d at 665).

contract] exists, and CoreCivic agrees." (Dkt. 318 at 12–13.) CoreCivic argued in its Motion that "Plaintiffs have no evidence of any type of contractual arrangement between them and CoreCivic." (Dkt. 304 at 9.) "[A]ny type" would necessarily include failed or implied contracts or other "quasi-contractual" relationship. Plaintiffs present no evidence of any type of contractual or quasi-contractual relationship between them and CoreCivic. To the contrary, they ask the Court to reject any attempt by CoreCivic to argue that a contract exists. (Dkt. 318 at 15 n.4.) It is therefore undisputed that they have improperly asserted and prosecuted their unjust enrichment claim "as a separate tort and not an alternative theory of recovery for a failed contract," such that "this claim fails as a matter of law." *Tolson Firm, LLC*, 789 S.E.2d at 271 (citing *Wachovia Ins. Services*, 682 S.E.2d at 665).

### B.     Plaintiffs Cannot Prove Essential Elements of Their Unjust Enrichment Claim.

Plaintiffs attempt to avoid CoreCivic's argument that they cannot establish that they reasonably expected to be paid any more than what they received by arguing that this is an untimely request for the Court to reconsider its ruling on CoreCivic's Motion to Dismiss. (Dkt. 38.) But that ruling was made on arguments based solely on the pleadings. (Id.) CoreCivic is not asking the Court to reconsider that ruling here, but is instead arguing that after extensive discovery, Plaintiffs have no evidence to support their claim that they provided a benefit to CoreCivic with the expectation that CoreCivic would be responsible for the cost and that CoreCivic knew of the benefit being bestowed on it and either affirmatively chose to accept it or failed to reject it. *See Campbell v. Ailion*, 790 S.E.2d 68, 73 (Ga. App. 2016).

Again, this is not a case in which Plaintiffs were paid nothing for the tasks they performed. Nor is it a case in which they were paid less than what they were promised. By making these arguments, however, CoreCivic is not confusing the standards for unjust

enrichment and quantum meruit, as Plaintiffs suggest. Rather, the only amount Plaintiffs could have reasonably expected CoreCivic to be responsible for, and the only amount CoreCivic could be said to have known it would be responsible for, is the amount CoreCivic stated it would pay Plaintiffs when they volunteered to participate in the VWP—i.e., $1.00 to $4.00 per day depending on the assignment. (Dkt. 304-1 at ¶¶ 2–4, 6–7, 9–10.)

But even if the Court finds that issues of fact remain as to that element of the claim, there is no dispute as to Plaintiffs' inability to prove the amount of the benefit they conferred on CoreCivic. They cannot rely on Dr. Schwartz's untimely and improper "supplemental" report, which was only prepared and submitted after CoreCivic pointed out the gaping hole in his original report—his complete failure to address the named Plaintiffs' claims. (Dkt. 304-1 at ¶ 13.)[7] "Courts have broad discretion to exclude untimely-disclosed expert witness testimony — even when they are designated as 'supplemental' reports." *Companhia Energetica Potiguar v. Caterpillar Inc.*, 2016 WL 3102225, at *5 (S.D. Fla. June 2, 2016) (citing cases). Rule 26(e) cannot be used to "cover failures of omission because the expert did an inadequate or incomplete preparation," *Goodbys Creek, LLC v. Arch Ins. Co.*, 2009 WL 1139575, at *2 (M.D. Fla. Apr.

---

[7] Plaintiffs "dispute" this fact by citing only to the "supplemental" report, an implicit concession that Dr. Schwartz's original report is deficient. (Dkt. 318-1 at ¶ 13.) Plaintiffs further dispute the facts in ¶¶ 2, 6, 9, and 11–13 by citing to Dr. Schwartz's "supplemental" report. Plaintiffs' attempt to argue (Dkt. 320-1 at ¶¶ 11–13) that Dr. Schwartz characterized his analysis as "ongoing" and reserved the right to supplement his report and opinions if additional information became available to him was rejected by the court in *Jones Creek Investors, LLC v. Columbia County, Ga.*, 98 F. Supp. 3d 1279, 1287, 1289–90 (2015) (affirming the magistrate judge's ruling that allegations that an issue was "ongoing" did not justify new opinions served after summary judgment briefing was underway where there was "nothing preventing [the expert] from taking the second measurement earlier during discovery (and, notably, before Defendants pointed out its absence in their motion for summary judgment)"). The Court should consider these facts undisputed. *See* Local Rule 56 (all facts in the movant's statement which are not properly controverted are deemed admitted).

27, 2009) (internal citations and quotations omitted) (denying the plaintiff's request to be allowed to supplement its expert's report if the court were to find it was insufficient in ruling on the defendant's motion to strike and exclude), or "to merely bolster a defective or problematic expert witness report," *Companhia Energetica Potiguar,* 2016 WL 3102225 at *5 (rejecting the plaintiff's attempt to "supplement" its expert's report with new opinions filling holes identified by the defendant's experts after the defendant filed its summary judgment and *Daubert* motions). The rule "does not permit supplementation to add points that could have been made in the original expert report or to otherwise shore up weaknesses or inadequacies"—i.e., "to avert summary judgment by 'supplementing' an expert report with a 'new and improved' expert report." *Jones Creek Investors, LLC*, 98 F. Supp. 3d at 1289–90 (S.D. Ga. 2015) (internal citations and quotations omitted) (affirming the magistrate judge's ruling excluding new opinions submitted by two of the plaintiff's experts after the defendant had filed motions to exclude and for summary judgment); *see also Mitchell v. Fort Motor Co.*, 318 Fed. App'x 821, 823–25 (11th Cir. 2009) (affirming the district court's order striking all opinions that were disclosed for the first time during or after the *Daubert* hearing); *U.S. v. Alabama Power Co.*, 274 F.R.D. 686, 689–91 (2011) (granting the defendant's motion to strike and exclude new opinions from the plaintiff's expert disclosed after the defendant filed its motion for summary judgment).

Plaintiffs' initial expert reports were due by December 22, 2021. (Dkt. 160.) Expert discovery closed on March 8, 2022. (Dkt. 175.) The information Dr. Schwartz relies on in his "supplemental" report was available to him prior to one or both of those deadlines. At a minimum, it was available to him well before CoreCivic filed its MPSJ. Either way, his attempt to shore up his inadequate report after CoreCivic pointed out the flaws in its MPSJ is too little,

too late. The Court should reject the "supplemental" report, find that Plaintiffs cannot prove damages on their unjust enrichment claim, and grant CoreCivic summary judgment as a result.[8]

### C.     Alternatively, the Court Should Limit the Damages Available to Plaintiffs on the Unjust Enrichment Claim.

As they have throughout this litigation, Plaintiffs rely almost entirely on a comment in dicta in *AcryliCon USA, LLC*, 985 F.3d at 1368, to support their request for disgorgement of profits if they prevail on their unjust enrichment claim. Plaintiffs ignore CoreCivic's extensive analysis of that case, and cite instead *Beranger v. Harris*, 2021 WL 4254940, at *5 (N.D. Ga. Feb. 12, 2021), for the proposition that "[o]ther district courts have similarly recognized disgorgement as a remedy for unjust enrichment." *Beranger*, however, was a securities law case. *Id*. at *1. Plaintiffs conveniently omit the rest of the district court's statement: "A district court has broad equity powers to order the disgorgement of 'ill-gotten gains' <u>obtained through the violation of the securities laws</u>." *Id*. at *5 (citing cases) (emphasis added). The court went on to state that: "Disgorgement is designed to deprive a wrongdoer of unjust enrichment, <u>and to deter others from violating securities laws by making violations unprofitable</u>." *Id*. (emphasis added) (citing *SEC v. First Pacific Bancorp*, 142 F.3d 1186, 1191 (9th Cir. 1998)). This case is not a misappropriation of trade secrets/breach of contract claim like *AcryliCon USA, LLC* or a securities law case like *Beranger*. Those cases therefore do nothing to support Plaintiffs' claims.

Ignoring their own expert's position that the value of any benefit Plaintiffs allegedly conferred on CoreCivic "derives from the difference between the wages paid to detainees … and the wages … that it would have paid to employees hired to perform those same tasks" (Dkt. 304-

---

[8] CoreCivic reserves the right to move separately to strike Dr. Schwartz's untimely report and/or exclude testimony as to any opinions stated therein.

1 at ¶ 12), Plaintiffs argue that they do not need to rely on Dr. Schwartz's "report or expertise to calculate disgorgement of CoreCivic's profits." (Dkt. 318 at 20.) Their reason? "[E]vidence exists of CoreCivic's revenues, expenses, profits, and profit margins from the time period when Plaintiffs were forced to work." (Id.)

In other words, Plaintiffs appear to believe—without citing to any authority—that they are entitled to all profits CoreCivic earned during the months they were at SDC! After making such an outlandish statement, Plaintiffs attempt to walk it back somewhat by acknowledging that—at most—only "some portion of these funds is attributable to Plaintiffs' [allegedly] coerced work. (Id.) Even so, Plaintiffs believe the jury could somehow "determine how much disgorgement of CoreCivic's profits would be necessary to remedy the injustice of CoreCivic's conduct" without any expert testimony as to what percentage of those profits could be attributed to the work of three individuals who participated in the VWP at different times over a period of a few years. (Id; Dkt. 304-1 at ¶¶ 1–9.)

This, even though they then cite *White v. Arthur Enter., Inc.*, 464 S.E.2d 225, 226 (Ga. Ct. App. 1995), for the proposition that an award of damages for unjust enrichment must "be supported by evidence from which it can be determined to a reasonable certainty that the defendants in fact realized such a gain." CoreCivic agrees with the proposition, but not the application. There is no evidence as to the percentage of CoreCivic's profits that could allegedly be attributed to Plaintiffs' participation in the VWP. The only damages evidence Plaintiffs have put forward (assuming they are allowed to present it at trial) pertains to the difference between what they were paid and what CoreCivic would have had to pay a regular employee to perform the same tasks for the same number of hours. Plaintiffs have therefore failed to show that they are entitled to disgorgement of profits at trial; the Court should rule now that they are not.

**II.     CONCLUSION**

For the reasons set forth above and in CoreCivic's MPSJ, the Court should dismiss with prejudice Plaintiffs' claims for declaratory and injunctive relief and unjust enrichment. At a minimum, the Court should rule that, should the unjust enrichment claim survive, and should Plaintiffs prevail on it at trial, their damages are limited to the difference between what they were paid and what CoreCivic would have had to pay a regular employee to perform the same tasks for the same number of hours, and they are not entitled to any portion of CoreCivic's profits at SDC beyond that amount.

Dated: August 21, 2023

Respectfully submitted,

s/ Jacob B. Lee
Daniel P. Struck *(pro hac vice)*
   Lead Counsel
Rachel Love *(pro hac vice)*
Nicholas D. Acedo *(pro hac vice)*
Ashlee B. Hesman *(pro hac vice)*
Jacob B. Lee *(pro hac vice)*
Eden G. Cohen *(pro hac vice)*
STRUCK LOVE BOJANOWSKI & ACEDO, PLC
3100 West Ray Road, Suite 300
Chandler, Arizona 85226
Phone: (480) 420-1600
Fax: (480) 420-1695
dstruck@strucklove.com
rlove@strucklove.com
nacedo@strucklove.com
ahesman@strucklove.com
jlee@strucklove.com
ecohen@strucklove.com

Jacob D. Massee (GA Bar No. 551890)
Amelia Stevens (GA Bar No. 758771)
OLIVER MANER LLP
PO Box 10186
Savannah, Georgia 31412
Phone: (912) 236-3311
Fax: (912) 236-8725
jmassee@olivermaner.com
astevens@olivermaner.com

Attorneys for Defendant CoreCivic, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st day of August, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Priyanka Bhatt | priyanka@projectsouth.org |
| Meredith B. Stewart | meredith.stewart@splcenter.org |
| Rebecca M. Cassler | rebecca.cassler@splcenter.org |
| Sharada Jambulpati | sharada.jambulpati@splcenter.org |
| Azadeh Shahshahani | azadeh@projectsouth.org |
| Jessica Hasen | jhasen@perkinscoie.com |
| Emily B. Cooper | ecooper@perkinscoie.com |
| Alan B. Howard | ahoward@perkinscoie.com |
| John H. Gray | jhgray@perkinscoie.com |
| Jessica L. Everett-Garcia | jeverettgarcia@perkinscoie.com |
| Gwyn Newsom | gwyn@gnewsomlaw.com |
| Sarah M. Rich | sarah.rich@splcenter.org |
| Christian W. Marcelo | CMarcelo@perkinscoie.com |
| Jacob D. Massee | jmassee@olivermaner.com |
| Amelia Stevens | astevens@olivermaner.com |

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

N/A

s/ Jacob B. Lee