**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| **WILHEN HILL BARRIENTOS, GONZALO BERMUDEZ GUTIÉRREZ, and KEYSLER RAMÓN URBINA ROJAS,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 4:18-cv-00070-CDL** |
| **CORECIVIC, INC.,** | |
| **Defendant.** | |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Plaintiffs Wilhen Hill Barrientos, Gonzalo Bermudez Gutiérrez, and Keysler Ramón Urbina Rojas, by and through their counsel of record, hereby submit the following proposed jury instructions. Plaintiffs reserve the right to submit requests for additional or modified instructions in light of Defendant's proposed instructions or to conform to the evidence at trial. Plaintiffs also reserve the right to amend these proposed Jury Instructions pending the resolution of Defendant's Motion for Summary Judgment (ECF No. 304).

Dated: August 23, 2023

Respectfully Submitted:

/s/  *Emily B. Cooper*
Alan B. Howard*
Emily B. Cooper*
PERKINS COIE LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711
Telephone: (212) 262-6900
Facsimile: (212) 977-1649
AHoward@perkinscoie.com
ECooper@perkinscoie.com

Rebecca M. Cassler (GA Bar No. 487886)
Meredith B. Stewart*
SOUTHERN POVERTY LAW CENTER
201 Saint Charles Avenue, Suite 2000
New Orleans, LA 70170
Telephone: (504) 486-8982
Facsimile: (504) 486-8947
rebecca.cassler@splcenter.org
meredith.stewart@splcenter.org

Sharada Jambulapati (GA Bar No. 413477)
Sarah M. Rich (GA Bar No. 281985)
SOUTHERN POVERTY LAW CENTER
150 East Ponce de Leon Avenue
Suite 340
Decatur, GA 30030
Telephone: (404) 521-6700
Facsimile: (877) 349-7039
sharada.jambulapati@splcenter.org
sarah.rich@splcenter.org

*Admitted pro hac vice

Attorneys for Plaintiffs

Azadeh Shahshahani
(GA Bar No. 509008)
Priyanka Bhatt (GA Bar No. 307315)
PROJECT SOUTH
9 Gammon Avenue SE
Atlanta, GA 30315
Telephone: (404) 622-0602
Facsimile: (404) 622-4137
azadeh@projectsouth.org
priyanka@projectsouth.org

John H. Gray*
Jessica L. Everett-Garcia*
PERKINS COIE LLP
2901 N. Central Avenue, Suite 2000
Phoenix, AZ 85012-2788
Telephone: (602) 351-8000
Facsimile: (602) 648-7000
jeverettgarcia@perkinscoie.com
jhgray@perkinscoie.com

Jessica Tseng Hasen*
Christian W. Marcelo*
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: (206) 359-3293
Facsimile: (206) 359-9000
jhasen@perkinscoie.com

Gwyn P. Newsom (GA Bar No. 541450)
GWYN NEWSOM LAW, LLC
P.O. Box 629
Columbus, GA
Telephone: (706) 324-4900
gwyn@gnewsomlaw.com

2

**PLAINTIFFS' REQUEST TO CHARGE NO. 1**

**GENERAL PRELIMINARY INSTRUCTIONS[1]**

Members of the Jury,

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

**A. The jury's duty:**

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

**B. What is evidence:**

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas

---

[1] The General Preliminary Instructions were prepared using the Eleventh Circuit Pattern Jury Instructions, Civil Cases, distributed by the Committee on Pattern Jury Instructions of the Judicial Council of the Eleventh Circuit, as revised on March 10, 2022, and can be found online at: https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCivilPatternJuryInstructionsRevisedMAR2022.pdf.

This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" — simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

**C.  What is not evidence:**

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence.  In their opening statements and closing arguments, the lawyers will discuss the case.  Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence.  Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is.  For example, a lawyer may ask a witness,

"You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did — unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don't permit it.

If I overrule the objection, then the witness may answer the question or the court may receive the exhibit.  If I sustain the objection, then the witness cannot answer the question, and the

court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence — this is also called "striking" evidence — and order you to disregard or ignore it.  That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose.  When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

### D.  Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- · the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- · the witness's memory;

- · the witness's manner while testifying;

- · any interest the witness has in the outcome of the case;

- · any bias or prejudice the witness may have;

- · any other evidence that contradicts the witness's testimony;

- · the reasonableness of the witness's testimony in light of all the evidence; and

- · any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

**E.  Description of the case:**

To help you follow the evidence, I'll summarize the parties' positions.

This is a civil case brought by three individuals who were detained in Stewart Detention Center in Lumpkin, GA between 2015 and 2020.  Stewart Detention Center (SDC) houses individuals for U.S. Immigration and Customs Enforcement (ICE) who are awaiting resolution of civil immigration proceedings.  The Defendant, CoreCivic, Inc., a private company, owns and operates Stewart Detention Center for ICE.  The three Plaintiffs accuse CoreCivic of forcing them to work at SDC in violation of the federal Trafficking Victims Protection Act.   Plaintiffs also allege that CoreCivic was unjustly enriched by Plaintiffs' coerced labor in violation of Georgia law.   Plaintiffs seek money damages, punitive damages, and disgorgement of a portion of CoreCivic's profits for these alleged violations.  CoreCivic denies the allegations and claims in the lawsuit.

**F.  Burden of proof:**

Plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence."  That means each Plaintiff must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring each Plaintiff and the evidence favoring CoreCivic on opposite sides of balancing scales, Plaintiffs need to make the scales tip to their side.  If Plaintiffs fail to meet this burden, you must find in favor of Defendant.

To decide whether any fact has been proved by a preponderance of the evidence, you may — unless I instruct you otherwise — consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

### G. Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything — all the evidence, the lawyers' closing arguments, and my instructions on the law — before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair

to the parties if you base your decision in any way on information you acquire outside the courtroom.  For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source.  Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair — no one else is so qualified.

### H.  Taking notes:

If you wish, you may take notes to help you remember what the witnesses said.  If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses.  When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory.  They're not entitled to greater weight than your memory or impression about the testimony.

### I.   Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiffs will present their witnesses and ask them questions. After Plaintiffs question the witness, Defendant may ask the witness questions – this is called "cross-examining" the witness.  Then Defendant will present its witnesses, and Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.  You will then go to the jury room to deliberate.

### J.  Official English Translation/Interpretation:

You may hear or see languages other than English during this trial. You must consider evidence provided through only the official court interpreters and/or translators.  It is important that all jurors consider the same evidence.

So even if some of you know Spanish, you must accept the English interpretation and/or translation provided and disregard any different meaning.

### K.  Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning.  Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions.  If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence.  Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case.  If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness.  I may modify the form or phrasing of a question so that it's allowed under the evidence rules.

Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question.  If I can't

allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**L.  Interim Statements:**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments.  Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented.  These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be.  They are not evidence themselves.

**PLAINTIFFS' REQUEST TO CHARGE NO. 2**

**TRIAL INSTRUCTIONS[2]**

### A.  Stipulations[3]

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

### B.  Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court. [Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

### C.  Interim Statement

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement.

---

[2] The Trial Instructions were prepared using the Eleventh Circuit Pattern Jury Instructions, Civil Cases, distributed by the Committee on Pattern Jury Instructions of the Judicial Council of the Eleventh Circuit, as revised on March 10, 2022, and can be found online at: https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCivilPatternJuryInstructionsRevisedMAR2022.pdf In some instances, Plaintiffs have left bracketed language from the model instructions, as that language will have to be adapted depending on the ultimate use of the instruction.

[3] Plaintiffs' and Defendant's Joint Proposed Undisputed Facts are attached as Exhibit A to the Joint Proposed Pretrial order, which was submitted to the Clerk of Court on August 23, 2023.

Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

### D. Use of Interrogatories

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath. You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

### E. In-Trial Instructions on News Coverage

Reports about this trial may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.  You must not read, listen to, or watch anything about this trial.  It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

<u>**PLAINTIFFS' REQUEST TO CHARGE NO. 3**</u>

**BASIC INSTRUCTIONS[4]**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**A. Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you. You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts. Your own recollection and interpretation of the evidence is what matters. In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and

---

[4] The Basic Instructions were prepared using the Eleventh Circuit Pattern Jury Instructions, Civil Cases, distributed by the Committee on Pattern Jury Instructions of the Judicial Council of the Eleventh Circuit, as revised on March 10, 2022, and can be found online at : https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCivilPatternJuryInstructionsRevisedMAR2022.pdf

circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

### B. Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter. To decide whether you believe any witness I suggest that you ask yourself a few questions: 1. Did the witness impress you as one who was telling the truth? 2. Did the witness have any particular reason not to tell the truth? 3. Did the witness have a personal interest in the outcome of the case? 4. Did the witness seem to have a good memory? 5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about? 6. Did the witness appear to understand the questions clearly and answer them directly? 7. Did the witness's testimony differ from other testimony or other evidence?

### C. Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial. But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your

decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### D.  Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.  But that doesn't mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

### E.  Responsibility for Proof – Plaintiffs' Claims – Preponderance of the Evidence

In this case it is the responsibility of Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."  A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claims are more likely true than not true.  If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.  When more than one claim is involved, you should consider each claim separately.  In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

### F.  Duty to Deliberate When Only the Plaintiffs Claim Damages

Of course, the fact that I will give you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case. Your verdict must be unanimous – in other words, you

must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone. Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with. Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### G. Election of Foreperson Explanation of Verdict Form

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court. A verdict form has been prepared for your convenience. Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom. If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible — either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**PLAINTIFFS' REQUEST TO CHARGE NO. 4**

**Corporation is a Person under the Law[5]**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

---

[5] This instruction is adopted from Eleventh Circuit Model Instruction 3.2.2, and can be found online at : https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCivilPatternJuryInstructionsRevisedMAR2022.pdf

17

**PLAINTIFFS' REQUEST TO CHARGE NO. 5**

**Civil Detention**

As I said earlier this case concerns Plaintiffs who were in detention, but who were not being detained pursuant to any criminal conviction or even any criminal charges. Instead, detention at the Stewart Detention Center is a civil matter and the persons detained are in these sites while they await the conclusion of administrative and judicial proceedings that will determine whether they may remain in this country. The fact that the Plaintiffs were detained, pending an administrative hearing, should in no way affect your decision in this case.

And because these Plaintiffs were not held at the Stewart Detention Center as punishment for a crime, in rendering your service as jurors you must guard against viewing them as criminals or judging their actions (or the standards CoreCivic must meet) based on any comparison to those of a prison or other penal facility such as a jail.  Plaintiffs have not broken any law and are not accused of breaking any law and should not be judged or regarded as if they have.[6]

---

[6] *Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199, 1210 (11th Cir. 2016), ("The Supreme Court stated that immigration proceedings and detention 'are civil, not criminal, and nonpunitive in purpose and effect.'" (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001))), *vacated on other grounds*, 890 F.3d 952 (11th Cir. 2018).

## PLAINTIFFS' REQUEST TO CHARGE NO. 6

### Forced Labor[7]

I will now instruct you on Plaintiffs' claims. Plaintiffs bring four claims against CoreCivic pursuant to the Trafficking Victims Protection Act (TVPA), 15 U.S.C § 1589: a claim for Forced Labor, a claim for Attempted Forced Labor, a claim for a Forced Labor Venture, and a claim for Attempted Forced Labor Venture. I will refer to these four claims collectively as "Forced Labor Claims."

CoreCivic denies these claims. I will now instruct you on the law applicable to these claims.

In order to prevail on their claim for forced labor, Plaintiffs must prove by a preponderance of the evidence that the Defendant knowingly obtained the labor or services of Plaintiffs through at least one, or a combination of, the following means:

(a) physical restraint or threats of physical restraint to that person or another person;

(b) serious harm or threats of serious harm to that person or another person;

(c) the abuse or threatened abuse of law or legal process; or

(d) any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

---

[7] This instruction is adapted from the Jury Instructions in *Kurian David, et al. v. Signal International LLC et. al.*, No. 2:08-cv-01220 (E.D. La. Feb. 10, 2015) ECF. No. 2309 ("Signal Instructions") at 17-20 and 18 U.S.C. § 1589, as well as the other authorities cited herein.

In considering this instruction, I instruct you that the word "obtain" is to be given its ordinary meaning.[8]  "Obtain" means to gain, acquire, or attain.[9]

The term "physical restraint" includes segregation, restricted housing, special management unit, and lockdown.[10]

The term "serious harm" means any harm, whether physical or non-physical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.[11]  You must determine whether the serious harm was sufficient to cause Plaintiffs reasonably to believe that they had no choice but to work or to remain working for the Defendant to avoid serious harm to themselves or to another person.[12]  Serious harm could involve physical restraint, but Plaintiffs need not prove physical restraint, such as the use of chains, barbed wire, or locked doors, in order to establish serious harm or the offense of forced labor.[13]

"Abuse or threatened abuse of law or legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose

---

[8] *See U.S. S.E.C. v. Big Apple Consulting USA, Inc.*, 783 F.3d 786, 796–97 (11th Cir. 2015) ("When a word is not defined by statute, we normally construe it in accord with its ordinary or natural meaning.") (citing *Smith v. United States*, 508 U.S. 223, 228 (1993)); *see also* Signal Instructions at 17-18.

[9] *Id.*

[10] *Barrientos v. CoreCivic, Inc.*, No. 4:18-CV-70 (CDL), 2023 WL 2666852, at *2 (M.D. Ga. Mar. 28, 2023) ("Both lockdown and segregation are forms of physical restraint.")

[11] *Id.* at 18.

[12] *Id.*

[13] Signal Instructions at 19-20.

for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.[14]  This may include but is not limited to threat of deportation, threat of adverse consequences in civil immigration proceedings, and/or restricting access to immigration or civil remedies.[15]

To determine whether plaintiffs reasonably believed they had to perform or to continue performing labor or services in order to avoid incurring that harm, you may consider the cumulative effect of the conduct of the defendant and its employees and agents on Plaintiffs.[16] You may also consider Plaintiffs' background, physical and mental condition, experience, education, socioeconomic status, age, any inequalities between them and the Defendant with respect to these considerations, including their relative stations in life, immigration status, cultural background, ethnicity, ability to speak the language spoken in the region of the country where Plaintiffs were performing the labor or services, background, social isolation, and social status.[17]

The words "scheme," "plan," and "pattern" are to be given their ordinary meanings.[18]  A "scheme, plan, or pattern intended to cause a person to believe that nonperformance of labor or

---

[14] Signal Instructions at 18.

[15] *Id.*

[16] *Id.*; 18 U.S.C. § 1589(c)(2); Jury Instructions in *U.S. v. Dann*, No. 4:08-cr-00390 (N.D. Cal. Oct. 6, 2009) ECF No. 92 ("Dann Instructions") at 10-11.

[17] Signal Instructions; Court's Proposed Concluding Instructions #3 in *U.S. v. Kalu*, No. 12-cr-00106 (D. Col. 2013) ECF No. 255 ("Kalu Instructions") at Instruction No. 32 (jury can consider the age, knowledge, and experience of the person providing the labor); *U.S. v. Bradley*, 390 F.3d 145, 150 (1st Cir. 2004), *vacated on other grounds* 545 U.S. 1101, 125 S. Ct. 2543, 162 L.Ed. 2d 271 (2005) (immigrant status may make individual particularly vulnerable to pressure); *United States v. Nnaji*, 447 Fed. App'x. 558, 559 (5th Cir. Tex. 2011) (highlighting the inability of Plaintiff to speak English in ways Defendants took advantage of her vulnerabilities to coerce her to perform work).

[18] *Big Apple Consulting USA, Inc.*, 783 F.3d at 796–97; Signal Instructions at 19.

21

services will result in serious harm" need not involve actual threats of serious harm, but may involve any other means including deception or psychological coercion used to cause the worker to reasonably believe that he or any other person would suffer serious harm if he refused to continue providing labor or services.[19]

Whether Plaintiffs were actually disciplined with segregation or subjected to lesser (or no) sanctions is irrelevant, as the TVPA covers threats, schemes, plans, and patterns as improper means of coercion.

Whether CoreCivic paid Plaintiffs a salary or a wage may be considered but does not determine whether Plaintiffs were subjected to forced labor.[20]

Whether a Plaintiff may have initially agreed, voluntarily, to render the service or perform the work, may be considered but does not determine whether CoreCivic subjected the Plaintiffs to forced labor.[21]

If CoreCivic subjected a Plaintiff to forced labor for a period of time, but it improved conditions to the extent that CoreCivic was no longer subjecting a Plaintiff to forced labor, CoreCivic still may be liable for forced labor for the period of time when the forced labor occurred.[22]

---

[19] *Id.*; *Nnaji*, 447 Fed. App'x. at 559 (5th Cir. 2011) ("serious harm can include psychological coercion") (citations omitted).

[20] Signal Instructions at 20; Dann Instructions at 11.

[21] Signal Instructions at 20.

[22] *Id.*

**PLAINTIFFS' REQUEST TO CHARGE NO. 7**

**Attempted Forced Labor[23]**

Plaintiffs assert that CoreCivic engaged not only in forced labor, but also the separate offense of attempted forced labor. You may find that CoreCivic violated the TVPA even if you do not find that CoreCivic completed the offense of forced labor, so long as you find that CoreCivic attempted to compel forced labor from the Plaintiffs. If you find that CoreCivic is liable for forced labor, you need not consider whether CoreCivic is also liable for attempt.

As with the forced labor claims, in order to prevail on their claim for attempted forced labor, Plaintiffs must prove by a preponderance of the evidence that the Defendant attempted to obtain the labor or services of Plaintiffs through at least one, or a combination of, the following means:

(a) physical restraint or threats of physical restraint to that person or another person;

(b) serious harm or threats of serious harm to that person or another person;

(c) the abuse or threatened abuse of law or legal process; or

(d) any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

---

[23] This instruction is adapted from the authorities cited in the Forced Labor instruction, as well as 18 USC §§ 1594 and 1595.

In considering this instruction, I instruct you that the word "attempt" is to be given its ordinary meaning. The term "attempt" means "to make an effort to do, accomplish, solve, or effect." [24]

You should use the same guidance from the "Forced Labor" instruction on the definition of the words "obtain," "serious harm," "abuse or threatened abuse of law or legal process," "scheme," "plan," "pattern," and "physical restraint" in considering this instruction. You should also use the same guidance on determining whether Plaintiffs reasonably believed they had to perform or to continue performing labor or services and whether Plaintiffs were subjected to forced labor as provided in the "Forced Labor" instruction.

---

[24]    *See* Merriam Webster's Collegiate Dictionary https://unabridged.merriam-webster.com/unabridged/attempt; *see Catalyst Pharms., Inc. v. Becerra*, 14 F.4th 1299, 1307-08 (11th Cir. 2021) (using Merriam Webster Collegiate Dictionary to in statutory interpretation analysis to determine definition of words).

**PLAINTIFFS' REQUEST TO CHARGE NO. 8**

**Forced Labor Venture[25]**

Plaintiffs also assert claims against CoreCivic for knowingly benefitting or from participation in a venture that engages in the providing or obtaining of labor in violation of the TVPA.

To prevail on their venture claim, Plaintiffs must prove by a preponderance of the evidence that:

(a) Defendant knowingly benefitted, either financially or by receiving anything of value, from participation in a venture;

(b) The venture engaged in the providing or obtaining of labor through at least one or a combination of the following means:

1. Physical restraint, or threats of physical restraint to that person or another person;

2. Serious harm or threats of harm to Plaintiff or another person:

3. Abuse or threatened abuse of law or legal process; and/or

4. A scheme, plan, or pattern of acts intended to cause Plaintiff to believe that, if Plaintiff did not perform such labor or services, he or another person would suffer serious harm.

(c) Defendant knew or recklessly disregarded the fact that the venture had engaged in the providing or obtaining of labor or services by any of the above means.

---

[25] *See* Jury Instructions in *Echon v. Sackett*, No. 1:14-cv-03420 (D. Colo. Feb. 14, 2018) ECF No. 201("Echon Instructions") at Instruction No. 15; 18 U.S.C. § 1589(b).

25

The term "venture" means a common undertaking involving risk or profit.[26]

The term "provide" means to supply something or make something available.

You should use the same guidance on the definition of the words "obtain," "serious harm," "abuse or threatened abuse of law or legal process," "scheme," "plan," "pattern," and "physical restraint" from the "Forced Labor" instruction in considering this instruction. You should also use the same guidance on determining whether Plaintiffs reasonably believed they had to perform or to continue performing labor or services and whether Plaintiffs were subjected to forced labor as provided in the "Forced Labor" instruction.

---

[26] *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 725 (11th Cir. 2021)

**PLAINTIFFS' REQUEST TO CHARGE NO. 9**

**Attempted Forced Labor Venture[27]**

Plaintiffs not only assert that CoreCivic engaged in a forced labor venture, but also the separate offense of an attempted forced labor venture. You may find that CoreCivic violated the TVPA even if you do not find that CoreCivic completed the offense of forced labor venture, so long as you find that CoreCivic attempted to benefit from participation in a venture that engages in the providing or obtaining of labor in violation of the TVPA. If you find that CoreCivic is liable for forced labor venture, you need not consider whether CoreCivic is also liable for attempted forced labor venture.

As with the forced labor venture claims, in order to prevail on their claim for attempted forced labor venture, Plaintiffs must prove by a preponderance of the evidence that:

(a) Defendant attempted to benefit, either financially or by receiving anything of value, from participation in a venture;

(b) The venture engaged in the providing or obtaining of labor through at least one or a combination of the following means:

1. Physical restraint, or threats of physical restraint to that person or another person;

2. Serious harm or threats of harm to Plaintiff or another person:

3. Abuse or threatened abuse of law or legal process; and/or

---

[27] This instruction is adapted from the authorities cited in the Forced Labor instruction, as well as 18 USC §§ 1594 and 1595.

    4.   A scheme, plan, or pattern of acts intended to cause Plaintiff to believe that, if Plaintiff did not perform such labor or services, he or another person would suffer serious harm.

(c)   Defendant knew or recklessly disregarded the fact that the venture had engaged in the providing or obtaining of labor or services by any of the above means.

You should use the same guidance from the "Forced Labor," "Attempted Forced Labor," and "Forced Labor Venture" instructions on the definition of the words "obtain," "serious harm," "abuse or threatened abuse of law or legal process," "scheme," "plan," "pattern," "physical restraint," "attempt," and "venture" in considering this instruction. You should also use the same guidance on determining whether Plaintiffs reasonably believed they had to perform or to continue performing labor or services and whether Plaintiffs were subjected to forced labor as provided in the "Forced Labor" instruction.

28

**PLAINTIFFS' REQUEST TO CHARGE NO. 10**

**The Relevance of the PBNDS[28]**

The fact that the U.S. Immigration & Customs Enf't, Performance-Based National Detention Standards ("PBNDS") require CoreCivic to operate a work program for detainees does not mean that such a program can never be operated in a manner that violates the TVPA. If CoreCivic forced Plaintiffs to work, or attempted to do so, through any of the illegal coercive means explicitly listed by the TVPA, it has violated the TVPA.

---

[28] *See Barrientos v. CoreCivic, Inc.*, 951 F.3d 1269, 1277-78 (11th Cir. 2020).

## PLAINTIFFS' REQUEST TO CHARGE NO. 11

### Forced Labor Compensatory Damages[29]

If you find that Plaintiffs proved each of the requirements listed above with respect to forced labor, attempted forced labor, forced labor venture, or attempted forced labor venture, you may award damages.  Plaintiffs seek compensatory and punitive damages for their forced labor claims.

You may award compensation for any damages proximately caused by Defendant's violation of the laws against forced labor.  You may consider the following elements of damage:

The full amount of the Plaintiffs' actual and future losses, which may include, but is not limited to:

(i) The value of Plaintiffs' labor to CoreCivic calculated as the contractual wages and benefits that CoreCivic would have paid non-detained individuals to perform the same labor;

(ii) Any other losses suffered by Plaintiffs as a proximate result of Defendant's legal violation.

---

[29] *See* Signal Instructions at 21-22; *see also* 18 U.S.C. § 1595(a); *Arreguin v. Sanchez*, 398 F. Supp. 3d 1314, 1326-1329 (S.D. Ga. 2019).

## PLAINTIFFS' REQUEST TO CHARGE NO. 12

### Forced Labor Punitive Damages[30]

If you find in favor of any of the Plaintiffs on their Forced Labor Claims, you must consider whether to award punitive damages in addition to compensatory damages.  Punitive damages are awarded in order to punish the wrongdoer for some grossly wrong misconduct and to serve as an example or warning to others not to engage in such conduct.  If you find that Defendant's conduct causing injury or damages to any of the Plaintiffs was malicious or with reckless indifferent to any Plaintiff's rights, then you may award punitive damages.[31]

Once you have decided that punitive damages should be awarded, you may also take into account the financial resources, circumstances, conditions and/or net worth of Defendant.[32]  You may also take into consideration whether the target of the conduct was financially vulnerable.[33]

---

[30] *See* Echon Instructions at Instruction No. 23; *see also Arreguin v. Sanchez*, 398 F. Supp. 3d 1314, 1326-1329 (S.D. Ga. 2019).

[32]*Crisostomo v. Kuhn Mgmt., Inc.,* No. 606-CV-1914-ORL-22-UAM, 2008 WL 11336638, at *3 (M.D. Fla. Sept. 25, 2008) ("It is settled law that the jury may consider the financial resources of Defendant in fixing the amount of punitive damages) (internal citations omitted).

[33] *McGinnis v. Am. Home Mortg. Servicing, Inc*., 901 F.3d 1282, 1288 (11th Cir. 2018) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003) (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 576 (1996)).

## **PLAINTIFFS' REQUEST TO CHARGE NO. 13**

### **Unjust Enrichment[34]**

Plaintiffs assert claims against CoreCivic for being unjustly enriched by Plaintiffs' coerced labor.  I will now instruct you on the law applicable to this claim.

Unjust enrichment occurs when one party has received a benefit at the expense of another. The essential inquiry in any action for unjust enrichment is whether it is against equity and good conscience to permit the Defendant to retain what is sought to be recovered. In order to establish unjust enrichment, Plaintiffs must establish by a preponderance of the evidence that defendant was enriched or benefitted at Plaintiffs' expense, and that equity and good conscience require compensation to Plaintiff.

Unjust enrichment may occur not only where a party receives money or property, but also where it derives some other type of benefit, such as avoiding an expense or incurring savings.

An unjust enrichment claim does not require a morally culpable act on the part of the defendant enriched. What is required generally is that the defendant has received a benefit that, in equity and good conscience, it ought not to retain.

If you find that Plaintiffs have proved by a preponderance of the evidence that, under principles of equity and good conscience, CoreCivic was unjustly enriched by coercing Plaintiffs' labor, then you must enter a verdict in favor of Plaintiffs.

---

[34] *See Crook v. Foster*, 333 Ga. App. 36, 39 (2015)

## PLAINTIFFS' REQUEST TO CHARGE NO. 14

### Unjust Enrichment Damages

You may award compensation for any damages due to CoreCivic being unjustly enriched by coercing Plaintiffs' labor.  The compensation for unjust enrichment is disgorgement, which allows Plaintiffs to recover the amounts that Defendant wrongfully gained at their expense. The measure of disgorgement is based on the benefit Plaintiffs conferred on the Defendant. That benefit may exceed the value of Plaintiffs' labor.[35]  Disgorgement may include wrongfully gained profits.

---

[35] *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1368 (11th Cir. 2021) (remedy for unjust enrichment is disgorgement, which enables allows a plaintiff to recover the defendant's "wrongful gain," even if that gain exceeds the plaintiff's provable loss) (internal quotations omitted); 7 Ga. Jur. § 2:21 (*citing Zampatti v. Tradebank Intern. Franchising Corp.*, 235 Ga. App. 333, 508 S.E.2d 750 (1998)) ("[t]he measure of damages under unjust enrichment is based upon the benefit conferred upon the defendant and not upon the cost to render the service or cost of the goods.").

## PLAINTIFFS' REQUEST TO CHARGE NO. 15

### Derivative Sovereign Immunity[36]

Derivative sovereign immunity protects private government contractors from legal liability when their actions giving rise to an injury were directed by the government. CoreCivic argues that its actions at issue in this case were required by Immigration and Customs Enforcement (ICE) or at least consistent with ICE's detention standards, or Performance-Based National Detention Standards (PBNDS), and therefore there was no violation of the TVPA or Georgia unjust enrichment law.

To win on this defense at trial, CoreCivic bears the burden of proving by a preponderance of the evidence all of the following:

    i.    ICE authorized CoreCivic's actions amounting to forced labor or unjust enrichment;

---

[36] *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 167 (2016) (explaining that derivative sovereign immunity may attach only when a federal agency authorized and directed the specific action(s) by a contractor giving rise to liability, and only so long as the federal agency's "authority to carry out the project was validly conferred," and conversely, that if a contractor's challenged actions were (a) not specifically directed by its contract with the federal government or (b) not in conformity with the contract, derivative sovereign immunity does not attach (quoting *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18, 20-21 (1940)); *Badilla v. Midwest Air Traffic Control Serv., Inc.*, 8 4th 105, 125 n.8 (2d Cir. 2021) (explaining a key question for derivative sovereign immunity is "did the government dictate the actions, or did the government leave them to the contractor's discretion?") (quoting Kate Sablosky Elengold & Jonathan D. Glater, The Sovereign Shield, 73 STAN. L. REV. 969, 987–92 (2021)); *Cabalce v. Thomas E. Blanchard & Assocs., Inc.*, 797 F.3d 720, 732 (9th Cir. 2015) (holding derivative sovereign immunity was inapplicable because it was undisputed that the federal contractor had discretion in devising the plan to carry out the challenged action, and rejecting the contractor's argument that the defense could attach merely because the contractor "performed delegated governmental functions pursuant to its federal contract"); *In re KBR, Inc., Burn Pit Litig.*, 744 F.3d 326, 345 (4th Cir. 2014) (explaining that under *Yearsley*, merely "staying within the thematic umbrella of the work that the government authorized is not enough to render the contractor's activities 'the act[s] of the government,'" but rather, the contractor must have been adhering to specific government instructions when engaging in the challenged conduct, and explaining that immunity does not protect a contractor that takes steps "over and beyond acts required to be performed by it under the contract") (quoting *Yearsley*, 309 U.S. at 22); *McMahon v. Presidential Airways, Inc.*, 502 F.3d 1331, 1343-46 (11th Cir. 2007) (explaining that common law agency is necessary but not sufficient to entitle a contractor to derivative sovereign immunity, and that courts must also "exercise . . . vigilance" to ensure that the policies underlying sovereign immunity extend to the private contractor agent); *Menocal v. GEO Grp., Inc.*, 635 F. Supp. 3d 1151, 1176 (D. Colo. 2022) (explaining that a contractor cannot assert derivative immunity "simply because ICE officials 'reviewed and cleared' its policies").

There are no Federal pattern instructions on this affirmative defense.

ii.   ICE's authorization of CoreCivic's actions was legally valid;

iii.  ICE specifically directed or required CoreCivic's actions amounting to forced labor or unjust enrichment;

iv.   CoreCivic was acting as ICE's common law agent; and

v.    The policies underlying sovereign immunity for the federal government apply to CoreCivic.

An action that is merely within the thematic umbrella of work authorized by CoreCivic's contract with ICE is not "specifically directed or required" by ICE. An action is also not "specifically directed or required" by ICE if ICE granted a contractor discretion to determine how to act. Instead, CoreCivic is entitled to derivative sovereign immunity only if it was adhering to specific government instructions when engaging in the action.

CoreCivic is not entitled to win on this defense if you determine any of the following is true:

(1) CoreCivic's challenged actions were not authorized by ICE;

(2) CoreCivic's challenged actions were not specifically directed or required by ICE;

(3) ICE authorized or directed the challenged actions but ICE did not have the power to lawfully do so; or

(4) CoreCivic exercised discretion when taking the challenged actions;

(5) CoreCivic violated its contract with ICE;

(6) CoreCivic was not acting as ICE's agent; or

(7) The policies underlying sovereign immunity for the federal government do not apply to CoreCivic.