IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| WILHEN HILL BARRIENTOS, *et al.*,   * | |
| Plaintiffs,   * | |
| vs.   * | CASE NO. 4:18-CV-70 (CDL) |
| CORECIVIC, INC.   * | |
| Defendant.   * | |

O R D E R

Plaintiffs were immigration detainees at Stewart Detention Center, which is operated by CoreCivic, Inc. Plaintiffs claim that CoreCivic coerced them to work in a detainee work program. Presently pending before the Court is CoreCivic's partial summary judgment motion (ECF No. 304). CoreCivic seeks summary judgment on Plaintiffs' claims for (1) declaratory and injunctive relief and (2) unjust enrichment. Plaintiffs concede that their individual claims for declaratory and injunctive relief are moot because they are no longer in custody at Stewart. The Court thus grants CoreCivic's partial summary judgment motion as to the claims for declaratory and injunctive relief. The Court denies the partial summary judgment motion on the unjust enrichment claims.

I.   **Summary Judgment Standard**

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

## II.  Factual Background

Plaintiffs were immigration detainees at Stewart Detention Center, which is operated by CoreCivic.  Plaintiffs served as kitchen workers in Stewart's detainee work program, and they were paid between $1.00 and $4.00 per day for their work.  At least one of the Plaintiffs entered a written agreement to participate in the program.  There are genuine fact disputes on whether Plaintiffs were coerced to participate in the work program.  CoreCivic does not seriously dispute that if it had not employed detainees like Plaintiffs to work at Stewart, it would have had to hire non-detainee employees at a much higher pay rate to perform the tasks.

## III. Discussion

CoreCivic argues that Plaintiffs' unjust enrichment claims fail because they do not assert there was a failed contract, and they do not have evidence of a contractual agreement between them

and CoreCivic. But they do. CoreCivic acknowledges that at least one Plaintiff signed a written agreement to participate in the program, that all three Plaintiffs agreed to work in the program for certain benefits, that CoreCivic paid Plaintiffs the amount it agreed to pay them, and that Plaintiffs never reasonably expected to be paid more than they received. Plaintiffs assert that they were coerced to agree to participate in the work program and that any contract that arose between them and CoreCivic fails for that reason, so Plaintiffs may recover the value of the benefit they provided to CoreCivic under an unjust enrichment theory.

Genuine fact disputes exist on whether CoreCivic coerced Plaintiffs to participate in the work program. As the Court previously observed, the "concept of unjust enrichment in law is premised upon the principle that a party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received." *Barrientos v. CoreCivic, Inc.*, 332 F. Supp. 3d 1305, 1312–13 (M.D. Ga. 2018), aff'd, 951 F.3d 1269 (11th Cir. 2020) (quoting *Vernon v. Assurance Forensic Accounting, LLC*, 774 S.E.2d 197, 212 (Ga. Ct. App. 2015)). The Court also previously recognized that an unjust enrichment claim can arise where an agreement was formed by coercion. *Id.* (citing *Crook v. Foster*, 775 S.E.2d 286, 287-90 (Ga. Ct. App. 2015)). For these reasons, the Court is satisfied that genuine fact disputes exist on Plaintiffs' unjust enrichment claim.

Defendants argue that even if Plaintiffs may proceed on their unjust enrichment claims, they may not recover the remedy they seek: "disgorgement of CoreCivic's profits . . . necessary to remedy the injustice of CoreCivic's conduct." Pls.' Resp. to Def.'s Mot. Summ. J. 20, ECF No. 318. Defendants believe that Plaintiffs are seeking disgorgement of CoreCivic's profits for the time when Plaintiffs were coerced to work in Stewart's kitchen. Defendants' summary judgment motion on this issue is granted to the extent that Plaintiffs may not recover more than the reasonable value of the benefit they conferred on CoreCivic.

As Plaintiffs recognize, restitution is generally available as a remedy in unjust enrichment cases, and the remedy "typically compels the defendant to restore the benefit in question or its traceable product, or else pay money in the amount necessary to eliminate unjust enrichment." *AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1368 (11th Cir. 2021). Disgorgement is a "species of restitution" that "generally allows a plaintiff to recover the defendant's 'wrongful gain.'" *Id.* (finding that the plaintiff did not have enough evidence to prove non-speculative lost profits caused by the defendant's trade secret misappropriation). "A party cannot receive and retain the benefit of another's labor without the duty to pay for the reasonable value of such work." *Watson v. Sierra Contracting Corp.*, 485 S.E.2d 563, 570 (Ga. Ct. App. 1997). The value of services "must be determined from the perspective of

4

the recipient to determine to what extent the party was benefited or enriched by such services." *Id.* The value of services from the perspective of the recipient is a jury question. *Id.; accord White v. Arthur Enterprises, Inc.*, 464 S.E.2d 225 (Ga. Ct. App. 1995) (affirming jury's unjust enrichment award where the plaintiff pointed to evidence of the value to the defendants of the computer files the defendant stole from plaintiffs). Thus, the Court agrees that the remedy for Plaintiffs' unjust enrichment claim is not the entire profit CoreCivic made while Plaintiffs worked in Stewart's kitchen; instead, it is the reasonable value of the benefit Plaintiffs conferred on CoreCivic.

## CONCLUSION

As discussed above, CoreCivic's partial summary judgment motion (ECF No. 304) is granted as to Plaintiffs' individual claims for declaratory and injunctive relief but denied as to their claims for unjust enrichment, though the remedy shall be the reasonable value of the benefit Plaintiffs conferred on CoreCivic. The Court will handle the other pending motions in separate orders or at the pretrial conference.

IT IS SO ORDERED, this 28th day of August, 2023.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA