```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION

WILHEN HILL BARRIENTOS, et al.,  *

       Plaintiffs,                *

vs.                               *
                                         CASE NO. 4:18-CV-70 (CDL)
CORECIVIC, INC.                   *

       Defendant.                 *
_____
```

## O R D E R

Plaintiffs and CoreCivic, Inc. jointly moved for a protective order to protect confidential, proprietary, and private information from public disclosure. The Court granted the motion and entered the protective order proposed by the parties. Protective Order, ECF No. 67. But the Court also made it clear that "absent compelling circumstances," protective "orders do not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant issue in any hearing or trial." Rules 16/26 Order 9, ECF No. 55. "There is a presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record." *Id.* The Court nonetheless permitted the parties to file under restricted access certain motions and exhibits containing protected information without requiring the parties to go through the process of

challenging and defending the confidentiality designations. Plaintiffs now ask the Court to unseal certain documents that were submitted in connection with substantive motions.[1]  The Court grants in parts and denies in part the motion to unseal (ECF No. 286) to the extent set forth below.

DISCUSSION

Before Plaintiffs filed the motion to unseal, the parties reached an agreement on how most of the documents can be made public, with narrow redactions.  Plaintiffs do not ask that the docket entries be unrestricted; rather, they seek permission to refile the documents on the public docket with narrow redactions. After Plaintiffs filed the motion to unseal, the parties reached an agreement to unseal certain photographs of segregation cells contained in the expert report of Pablo Stewart.  The Court GRANTS Plaintiffs leave to refile the undisputed documents on the public docket with narrow redactions.  Plaintiffs shall work with the clerk's office to ensure that the refiled documents are properly linked to their restricted counterparts.

CoreCivic argues that some documents Plaintiffs want to unseal should remain restricted.  "The operations of the courts and the judicial conduct of judges are matters of utmost public

---

[1] Plaintiffs presented the motion as a motion to unseal restricted documents.  They do not appear to ask the Court to review and decide on whether a document should have been designated "confidential" under the process outlined in the protective order for de-designating confidential documents.

concern." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978)).   The "common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Id.* (quoting *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)).   This right "includes the right to inspect and copy public records and documents." *Id.* (quoting *Chicago Trib.*, 263 F.3d at 1311).   So, motions that are "presented to the court to invoke its powers or affect its decisions" are "subject to the public right of access." *Romero*, 480 F.3d at 1246 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).   In limited circumstances, though, a "party's privacy or proprietary interest in information . . . overcomes the interest of the public in accessing the information." *Id.*

The party seeking to maintain confidentiality must show good cause to keep the documents confidential. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials

or public concerns, and the availability of a less onerous alternative to sealing the documents. *Id.*

The documents Plaintiffs want to unseal fall into two categories: financial information and security information. The Court addresses each type of information in turn.

## I. Financial Information

Plaintiffs want the Court to unseal a handful of documents that contain financial information that CoreCivic contends is confidential. The documents were all filed in connection with Plaintiffs' motion for class certification.

Securus Commission Rate (ECF No. 213-33). Plaintiffs seek the unsealing of an email disclosing the commission Stewart received from its detainee telephone service provider in 2012 (ECF No. 213-33). Although the service provider initially agreed to unseal the document, it has since backtracked. Plaintiffs assert that there is no good cause to retain the seal on the document because the information has not been kept confidential; Plaintiffs independently obtained the commission rate from a non-confidential Immigration and Customs Enforcement ("ICE") document. CoreCivic nonetheless contends that the commission it received more than ten years ago from a telephone service provider CoreCivic contracted with until 2017 is a confidential trade secret. But, based on the Court's review, the 2012 commission rate in ECF No. 213-33 has already been publicly disclosed by ICE. *See* Cassler Decl. ¶ 14,

ECF No. 286-1; Casler Decl. Ex. 1, ICE phone contracts table, ECF No. 286-3.  The Court thus finds that CoreCivic did not establish good cause for maintaining that information as restricted.  It is not clear to the Court whether Plaintiffs agreed to redact other portions of ECF No. 213-33.  Plaintiffs may refile ECF No. 213-33 with the commission rate unredacted, and they shall work with the Clerk's office to ensure that the refiled document is properly linked to its restricted counterpart.

Prices in 2020 Supplier Invoices (ECF No. 221-29).  Plaintiffs want the Court to unseal unit and total prices in a set of 2020 supplier invoices that disclose how much CoreCivic paid its suppliers for things like toothbrushes, toothpaste, shampoo, and deodorant at Stewart in 2020 (ECF No. 221-29).  CoreCivic maintains that this information should be kept confidential because it could allow competitors to interfere with CoreCivic's vendor relationships and cause vendors to raise CoreCivic's prices.

The document, ECF No. 221-29, was attached as Exhibit 29 to one of the sealed depositions Plaintiffs filed in support of their motion for class certification.  Based on the Court's review, Plaintiffs did not rely on this exhibit in their class certification motion, and they did not rely on the portions of the deposition that addressed this exhibit.  *See* Mot. for Class Certification Attach. 4, List of Exs. in Supp. Mot. for Class Certification, ECF No. 213-4; Mot. for Class Certification Ex. 4,

Brazier Dep. Excerpts, ECF No. 213-8.  Accordingly, it does not appear that this document was presented to the Court to affect its decisions.  Thus, the public does not have a strong interest in accessing the information, and the Court finds that ECF No. 221-29 should be kept confidential.  Plaintiffs' motion to unseal is DENIED as to ECF No. 221-29.

Stewart Detention Center's Financials (ECF No. 250-4 ¶¶ 52, 54; ECF Nos. 213-12 & 221-10).  First, Plaintiffs want to unseal two paragraphs from a declaration CoreCivic submitted as Exhibit 2 to its response to Plaintiffs' motion for class certification. Paragraph 52 summarizes the annual total expenses and revenue at Stewart, and Paragraph 54 discloses Stewart's net income for 2009 and 2020.  Based on the Court's review, neither side cited paragraph 52 or paragraph 54 in support of or opposition to the class certification motion.  Accordingly, it does not appear that this portion of the declaration was presented to the Court to affect its decisions.  Thus, the public does not have a strong interest in accessing the information, and the Court finds that ECF No. 250-4 ¶¶ 52 and 54 should be kept confidential. Plaintiffs' motion to unseal these paragraphs is DENIED.

Second, Plaintiffs want to unseal Stewart-specific expense-revenue spreadsheets, which Plaintiffs attached as Exhibit 8 to their motion for class certification (ECF No. 213-12) and are also on the docket as Exhibit 10 to a sealed deposition (ECF No. 221-

10).  Based on the Court's review, Plaintiffs cited a snippet of
data from two pages of this 35-page spreadsheet once in their class
certification brief, to describe how CoreCivic's annual earnings
from the operation of Stewart increased between 2009 and 2020.
The spreadsheet also contains information about CoreCivic's
revenue, certain expenditures, and detainee wages.  But Plaintiffs
did not clearly rely on any of this information in support of its
motion for class certification; rather, they only relied on the
"EBITDA" lines on pages 4 and 29 (ECF No. 213-12 at 5, 30).  Those
two lines are not included in the disputed spreadsheet lines that
Plaintiffs now seek to unseal.  So, it does not appear that any
portion of the spreadsheet other than the two EBITDA lines was
presented to the Court to affect its decisions, and the public
thus does not have a strong interest in accessing this confidential
information.  Plaintiffs note that CoreCivic publicly disclosed
some information about topics captured on the spreadsheet, but
they did not establish that CoreCivic's public disclosures amount
to a waiver for data in the confidential spreadsheet.  For these
reasons, the Court DENIES Plaintiffs' motion to unseal certain
lines of ECF Nos. 213-12 and 221-10.

## II. Security Information

In addition to the financial information, Plaintiffs want the
Court to unseal certain documents that CoreCivic asserts contain
confidential security information about staffing at Stewart.

CoreCivic argues that publicly disclosing the staffing patterns Plaintiffs want to unseal—including how many detention officers are on each shift and how many detention officers are assigned to each post—could create significant security concerns.  The Court agrees with CoreCivic that sensitive information about management, security operations, and unit management at a detention center should not be made available to the public under the precise factual circumstances of this case.[2]  The motion to unseal is thus denied on this ground.

The Court notes, though, that the disputed documents contain staffing information for certain maintenance and services positions like maintenance workers, janitors, and food service workers.  Plaintiffs contend that CoreCivic hired relatively few non-detainee employees for these positions and instead used far cheaper detainee workers.  At first blush, it does not appear that such information is sensitive security information.  It is not clear from the present record whether the attorneys conferred in good faith on the narrow disclosure of the non-security positions like maintenance worker, janitor, and food service worker.  They should certainly be able to reach an agreement on these issues.  The Court thus orders the parties to confer in good faith on

---

[2] If this case focused on dangerous conditions caused by detention personnel shortages and if Plaintiffs specifically relied on all of the detention staff numbers in a substantive motion, that might support unsealing the staffing patterns.  But this is not such a case.

whether any non-security portions of the disputed staffing documents can be unsealed. When they reach an agreement, they shall be permitted to refile the documents with the agreed-upon portions unredacted; they should work with the Clerk to ensure that the refiled documents are properly linked to their restricted counterparts.

CONCLUSION

The motion to unseal (ECF No. 286) is granted in part and denied in part to the extent set forth above. Plaintiffs may refile the documents with the agreed-upon narrow redactions. Plaintiffs shall work with the Clerk to ensure that the refiled documents are properly linked to their restricted counterparts.

IT IS SO ORDERED, this 28th day of August, 2023.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA